The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

CLEARWIRE CORPORATION,

Defendant.

Case No. C10-1859-JLR

CLEARWIRE'S MOTION TO STAY PENDING SUPREME COURT RULING IN *AT&T MOBILITY LLC v. CONCEPCION*

*Note on Motion Calendar*: April 15, 2011

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR)
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  LEGAL ARGUMENT ..........................................................................................................2

    A.   The Decision in *Concepcion* Might Materially Affect Whether Some Plaintiffs Must Arbitrate Their Claims on an Individual Basis. .............................. 2

    B.   The Court Should Stay this Action Pending *Concepcion*....................................... 4

        1.   Clearwire Will Be Irreparably Harmed if the Court Denies a Stay. .............5

        2.   A Stay Will Not Prejudice Plaintiffs. ............................................................6

        3.   A Stay Conserves Judicial Resources and Promotes Judicial Efficiency. ....................................................................................................6

    C.   Other Courts Overwhelmingly Have Stayed Similar Actions Pending the Outcome in *Concepcion*......................................................................................... 7

III. CONCLUSION......................................................................................................................9

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — i
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# I. INTRODUCTION

Clearwire Corporation has concurrently filed a Motion to Compel Arbitration and Stay Claims, which asks the Court to order ten plaintiffs to arbitrate their claims on an individual basis pursuant to their contracts with Clearwire. Clearwire has not moved to compel arbitration against the other five plaintiffs (Alyson Burn, Steven Cockayne, Brian Crawford, Elaine Powell, and Kyle Williams) because applicable state law currently renders their mandatory individual arbitration agreements unenforceable. By this Motion, Clearwire requests that the Court stay this case until the U.S. Supreme Court decides *AT&T Mobility LLC v. Concepcion*, No. 09-893, which may make Clearwire's arbitration agreement enforceable in states that currently would not enforce it. The Supreme Court heard argument in *Concepcion* on November 9, 2010, and will decide the case before the end of its current term, i.e., no later than June 2011.[1] Docket, *AT&T Mobility LLC v. Concepcion*, No. 09-893, http://www.supremecourt.gov/oral_arguments/argument_transcripts/09-893.pdf (last visited March 23, 2011). The Court should stay this litigation until after the Supreme Court renders its decision for the following reasons:

*First*, the Supreme Court's ruling in *Concepcion* might materially affect whether some plaintiffs must arbitrate their claims on an individual basis. The Supreme Court is considering whether the Federal Arbitration Act ("FAA") preempts state law from conditioning enforcement of an arbitration clause on the availability of a class action. If the Supreme Court holds in favor of FAA preemption, the mandatory arbitration provisions to which Ms. Burn, Mr. Cockayne, Mr. Crawford, Ms. Powell, and Mr. Williams agreed would become enforceable under the FAA, notwithstanding any Washington or Oregon appellate decisions to the contrary. Further, a preemption ruling by the Supreme Court would also overrule any finding that Ms. Tsang's, Mr. Dazell's, Mr. Prior's, and Ms. Koskinen's *optional* arbitration agreements are unenforceable under California, Missouri, and Washington law.

*Second*, the relevant factors all favor a stay. Clearwire would be irreparably harmed if the Supreme Court later issues a ruling that makes all plaintiffs' arbitration agreements enforceable:

---

[1] Clearwire files this Motion subject to and without waiving its Motion to Compel Arbitration and Stay Claims.

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 1
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Clearwire would irretrievably lose the benefit of its arbitration agreements if it is forced to litigate and endure greater discovery and other burdens in court than in arbitration. Plaintiffs, in contrast, will suffer no harm from a short stay. Moreover, granting a stay furthers judicial efficiency by allowing this Court to use the up-to-date legal standard in determining the enforceability of the class action waiver and to do so before both parties waste time on potentially unnecessary class certification or other briefing and litigation activities.

*Third*, other courts considering these factors overwhelmingly have stayed similar actions pending the outcome in *Concepcion*. This Court should do the same.

## II. LEGAL ARGUMENT

### A. The Decision in *Concepcion* Might Materially Affect Whether Some Plaintiffs Must Arbitrate Their Claims on an Individual Basis.

Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the ***revocation*** of any contract." 9 U.S.C. § 2 (emphasis added). The Supreme Court has indicated that this language means courts must examine an arbitration agreement's alleged unconscionability under the same standards governing the validity, revocability, and enforceability of contracts generally, not by applying rules specific to enforceability of arbitration agreements. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) (court cannot "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable"). Although the Ninth Circuit held in *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213 (9th Cir. 2008), that application of Washington law to invalidate mandatory arbitration agreements in consumer contracts does not violate the FAA, the U.S. Supreme Court will resolve this issue in *Concepcion*, which could materially affect Mr. Crawford's and Ms. Powell's obligation to arbitrate under Washington law. Camacho Decl., Exs. A & B. The *Concepcion* decision also could materially affect Ms. Burn's, Mr. Cockayne's, and Mr. Williams's obligations to arbitrate, because Oregon law governing their mandatory arbitration agreements closely resembles Washington law.[2]

---

[2] The version of the TOS to which these Oregon plaintiffs assented chooses Delaware law. Camacho Decl., Exs. C-E. Clearwire acknowledges, however, that Washington courts likely would not enforce the Delaware choice-of-law clause in their agreements under the choice-of-law analysis in *McKee v. AT&T Corp.*, 164 Wn.2d 372 (2008), and

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 2
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

In *Lowden*, the Ninth Circuit followed *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976 (9th Cir. 2007), in holding the FAA did not preempt Washington unconscionability law as reflected in *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007). *Lowden*, 512 F.3d at 1221 (citing *Shroyer*, 498 F.3d at 990-93). *Lowden* held that "*Shroyer*'s conclusion with respect to California unconscionability law applies equally here:  Just as the FAA does not preempt California's unconscionability law, it does not preempt Washington's unconscionability law." *Lowden*, 512 F.3d at 1221.  The court in *Lowden* applied *Shroyer* for two reasons.  First, *Shroyer* applied because the class action waivers in *Lowden* and *Shroyer* were identical "in all material respects." *Id.*  Second, the Washington Supreme Court's unconscionability decision in *Scott* rested on the same considerations underpinning the California Supreme Court's decision on the unconscionability of class action waivers, upon which *Shroyer* rested. *Id.* (citing *Discover Bank v. Sup. Ct.*, 36 Cal. 4th 148, 113 P.3d 1100 (2005)). *See Scott*, 160 Wn.2d at 855.

The Ninth Circuit again followed *Shroyer*'s preemption holding in *Laster v. AT&T Mobility LLC*, 584 F.3d 849, 857 (9th Cir. 2009) ("*Shroyer* controls this case because AT&T makes the same [preemption] arguments we rejected there.").  On May 24, 2010, however, the United States Supreme Court granted a Petition for Writ of Certiorari in *Laster*, under the name *AT&T Mobility Inc. v. Concepcion*, 130 S. Ct. 3322 (2010).  The Petition asks:

> Whether the FAA preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures—here class-wide arbitration—when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims.

2010 WL 304265 (Petition for Writ of Certiorari, filed Jan. 25, 2010).

If the Supreme Court reverses the Ninth Circuit in *Concepcion* and holds that the FAA preempts California law to the extent it bars enforcement of arbitration agreements with class action waivers, that holding will necessarily overrule *Lowden* as well.  The arbitration provisions

---

would apply Oregon law instead, since Delaware courts routinely enforce class action waivers, but Oregon does not. *Compare Edelist v. MBNA Am. Bank*, 760 A.2d 1249, 1261 (Del. Super. Ct. 2001) ("The surrender of that class action right was clearly articulated in the arbitration amendment.  The Court finds nothing unconscionable about it and finds the bar on class actions enforceable."), *with Chalk v. T-Mobile USA, Inc.*, 2009 WL 792517 (9th Cir. Mar. 27, 2009) (following *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940 (Or. App. 2007), and holding class action waiver in consumer agreement unconscionable under Oregon law).

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 3
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

to which Mr. Crawford and Ms. Powell agreed in this case would then be enforceable under the FAA with respect to all their claims, and Clearwire would be entitled to compel arbitration of their claims. Clearwire likewise would be entitled to compel arbitration of Ms. Burn's, Mr. Cockayne's, and Mr. Williams's claims, notwithstanding any Oregon appellate decisions to the contrary. Further, an FAA preemption ruling by the Supreme Court would also necessarily overrule any finding that Ms. Tsang's, Mr. Dazell's, or Mr. Prior's optional arbitration agreements are unenforceable under California or Washington law, and effectively overrule any finding that Ms. Koskinen's optional arbitration agreement is unenforceable under Missouri law. Camacho Decl., Exs. J-I.

### B.    The Court Should Stay this Action Pending *Concepcion*.

Under the proper circumstances—which exist here—a court may stay one case pending the outcome of another case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "'[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule … does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Before granting a stay, a court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three factors that must be weighed: (1) the hardship or inequity that a party may suffer in being required to go forward; (2) the possible damage that may result from the granting of a stay; and (3) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. Each factor weighs in favor of granting a stay here.

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 4
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**1.     Clearwire Will Be Irreparably Harmed if the Court Denies a Stay.**

Requiring the parties to litigate any plaintiff's claims in this Court despite the parties' arbitration agreement will irreparably harm Clearwire should the Supreme Court reverse the Ninth Circuit in *Concepcion*. Clearwire entered arbitration agreements with plaintiffs to avoid the expense and burden of litigation. Requiring Clearwire to litigate in court a case that should be arbitrated would irretrievably deprive Clearwire of the benefits of its arbitration agreements. *See generally Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration – speed and economy – are lost forever. We find this consequence 'serious, perhaps irreparable'…."); *Gaspar v. AT&T Mobility, LLC*, 2010 WL 4643277, *1 (C.D. Cal. June 28, 2010) (defendant would suffer irreparable harm if forced to litigate claim later found to be arbitrable).

This would cause significant harm to Clearwire. The burden associated with discovery is substantially greater in a putative class action in court than in an individual arbitration. *See Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, *2 (N.D. Cal. June 21, 2010) ("[T]he nature and extent of discovery permissible in private arbitration is fundamentally different from that allowed in class-action litigation.");[3] *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, *4 (S.D. Cal. Aug. 26, 2010) ("The difference in litigation expenses between a two-party case and a class action is substantial."). In addition to the heightened costs of discovery, Clearwire would have to incur the costs associated with class certification briefing, dispositive motions, and trial preparation – costs that generally do not exist or are minimal in individual arbitration. *See Lopez v. Am. Express Bank*, 2010 WL 3637755, *4 (C.D. Cal. Sept. 17, 2010); *Carney*, 2010 WL 3058106, at *3. As the *Lopez* court recently explained:

> These costs may be unnecessary if the Supreme Court finds that the FAA preempts state law from conditioning enforcement of an arbitration clause on the availability

---

[3] Although the June 21 *Kaltwasser* opinion was originally designated as uncitable, the *Kaltwasser* court later granted permission for the June 21 decision to be cited. *McArdle*, 2010 WL 2867305, at *2 n.2.

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 5
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

of class action, thereby requiring this action to be arbitrated. It would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year.

*Lopez*, 2010 WL 3637755, at *4. The same is true here.

### 2. A Stay Will Not Prejudice Plaintiffs.

The Court will decide *Concepcion* within the next few months, so any delay caused by the stay will be brief. "A resolution of *Concepcion* will come no later than June 2011 (the end of the current Supreme Court term), and may well come sooner." *Stoican v. Cellco P'ship*, 2010 WL 5769125, *2 (W.D. Wash. Dec. 10, 2010) (granting stay pending decision in *Concepcion* given likely impact on arbitrability of class plaintiff's claims under Washington law). Moreover, any harm to plaintiffs as a result of a stay could be compensated through their claims for money damages if their claims proceed. *See Lopez*, 2010 WL 3637755, at *5 (finding that any harm to plaintiffs arising from defendant's actions could be remedied by money damages); *Carney*, 2010 WL 3058106, at *3 (same); *Del Rio*, 2010 WL 3418430, at *4 (same).

Because the harm to Clearwire from denying the stay outweighs the harm to plaintiffs if the stay is granted, this Court should exercise its discretion and stay this litigation.

### 3. A Stay Conserves Judicial Resources and Promotes Judicial Efficiency.

By staying this action, the Court will conserve its judicial resources and increase judicial efficiency. *Stoican*, 2010 WL 5769125, at *2 ("In this case, given a significant possibility that the arbitrability of Ms. Stoican's claims will turn on the Supreme Court's opinion in *Concepcion*, the court finds it inefficient to proceed with litigation of this case."); *Carney*, 2010 WL 3058106, at *3 (finding it would be efficient to wait until after Supreme Court's decision in *Concepcion* to decide arbitration issues). Clearwire has not moved to compel arbitration against Ms. Burn, Mr. Cockayne, Mr. Crawford, Ms. Powell, or Mr. Williams because current law likely renders their agreements to arbitrate and class waivers unenforceable. But the continued viability of that law is in question. Here, as in *Carney*, "[a]rguably, the Supreme Court's decision in *Concepcion* will simplify the present issue in this case, namely, whether the Arbitration Clause in [defendant's] Agreement is valid and enforceable." 2010 WL 3058106, at *3. Similarly, if this Court were to

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 6
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

deny Clearwire's Motion to Compel Arbitration as to any other plaintiff under existing California, Missouri, or Washington law, then the Court's resources would have been wasted if those arbitration agreements and class action waivers are enforceable under *Concepcion*. Accordingly, the interests of judicial economy also weigh in favor of a stay.

### C. Other Courts Overwhelmingly Have Stayed Similar Actions Pending the Outcome in *Concepcion*.

Applying these factors, many courts confronting the enforceability of arbitration agreements with class action waivers have stayed litigation pending a decision in *Concepcion*. The Ninth Circuit has stayed two appeals in light of *Concepcion*. *See Coneff v. AT&T Corp.*, No. 09-35563 (9th Cir. Jun. 2, 2010); *Knudtson v. AT&T Mobility LLC*, No. 10-35242 (9th Cir. Jun. 2, 2010). And the Third Circuit stayed an action pending defendant's request for certiorari in light of *Concepcion*—even after the Third Circuit ruled that the FAA did not preempt the class action waiver in that case. *Litman v. Cellco P'ship*, No. 08-4103 (3d Cir. July 7, 2010). Given the material effect *Concepcion* might have on the viability of Washington law declaring certain arbitration agreements in consumer contracts to be unconscionable, a court in this district recently granted a motion to stay—including consideration of a motion to compel arbitration under Washington law—pending the Supreme Court's resolution of *Concepcion*. *See Stoican*, 2010 WL 5769125, at *2 ("[G]iven the significant possibility that the arbitrability of Ms. Stoican's claims [under Washington law] will turn on the Supreme Court's opinion in *Concepcion*, the court finds it inefficient to proceed with litigation of this case…. The court grants Verizon's motion and stays this action pending the Supreme Courts resolution of *Concepcion*.").

District courts in more than a dozen cases in other states within and without this Circuit have stayed proceedings in consumer class action cases to await the Supreme Court's decision in *Concepcion*. *See, e.g.*, *Cardenas v. AmeriCredit Fin. Servs.*, 2011 WL 846070, *5 (N.D. Cal. Mar. 7, 2011); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, 2 (C.D. Cal. Jan. 21, 2011); *In re Apple & ATTM Antitrust Litig.*, No. C07-05152 JW (N.D. Cal. Dec. 9, 2010); *In re Apple iPhone 3G Products Liab. Litig.*, No. C09-02045 JW (N.D. Cal. Dec. 9, 2010); *Alvarez v. T-

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 7
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Mobile USA, Inc.*, 2010 WL 5092971, *3 (E.D. Cal. Dec.7, 2010); *McArdle v. AT&T Mobility LLC*, 2010 WL 2867305, *4 (N.D. Cal. July 20, 2010); *Gaspar v. Cellco P'ship*, No. CV 10-2139 DSF (C.D. Cal. July 2, 2010); *Gaspar v. AT&T Mobility, LLC*, 2010 WL 4643277, *1 (C.D. Cal. June 28, 2010); *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, *3 (N.D. Cal. June 21, 2010) (deferring consideration of class certification motion); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790 (C.D. Cal. Sept. 27, 2010); *Lopez v. Am. Express Bank*, 2010 WL 3637755, *5 (C.D. Cal. Sept. 17, 2010); *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, *3 (S.D. Cal. Aug. 26, 2010); *Burtescu v. AT&T Mobility LLC*, No. 10-58569 (C.D. Cal. Aug. 25, 2010); *Carney v. Verizon Wireless Telecom, Inc.*, 2010 WL 3058106, *3 (S.D. Cal. Aug. 2, 2010); *Homa v. Am. Express Co.*, 2010 WL 4116481, *9 (D.N.J., Oct. 18, 2010); *Litman v. Cellco P'ship*, No. 3-07-04886 (D.N.J. May 21, 2010).

These courts recognized that the prejudice from possibly unnecessary litigation costs far outweighs the minimal imposition on plaintiffs opposing the stays. *Carney*, 2010 WL 3058106, at *3 ("In contrast to the minimal damage suffered by Plaintiff and the individual members of her proposed class, Defendants would suffer more substantial hardships if a stay is not entered."); *McArdle*, 2010 WL 2867305, at *4 ("The litigation expenses that Defendants would incur in defending this action outweigh Plaintiff's unsubstantiated fear concerning the wrongful destruction of call records."); *Cardenas*, 2011 WL 846070, at *4 ("[T]here can be no legitimate dispute that conducting further proceedings, up to and including preparing for and conducting a trial that *may ultimately be unnecessary*, would result in significant litigation costs—as well as the expenditure of judicial resources.").

As these courts have explained, arbitration agreements exist "to free contracting parties from the burden of litigation." *Gaspar*, 2010 WL 4643277, at *1; *see also Carney*, 2010 WL 3058106, at *3 ("Defendants will have to defend against Plaintiff's claims in this litigation, presumably by engaging in fact and expert discovery, motion practice and trial preparation, all of which are absent from the arbitration process."); *Kaltwasser*, 2010 WL 2557379, at *2 (noting "the nature and extent of discovery permissible in private arbitration is fundamentally different

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 8
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

from that allowed in class-action litigation"). And these courts have noted that the grant of certiorari in *Concepcion*, combined with the Supreme Court's recent arbitration jurisprudence, raises the real possibility that the Supreme Court will find FAA preemption in *Concepcion*. "[T]he Supreme Court's practice when granting certiorari and oral argument is typically not to affirm the lower court." *Stoican*, 2010 WL 5769125, at *2 (granting motion to stay pending *Concepcion* decision); *see also Gaspar*, 2010 WL 4643277, at *1 ("[I]t appears at least somewhat likely that the Ninth Circuit's decision will be reversed."); *McArdle*, 2010 WL 2867305, at *3 ("Plaintiff acknowledges that the Supreme Court's recent actions have raised substantial questions regarding whether this case can proceed as a class action, if at all."); *Cardenas*, 2011 WL 846070, at *3 (noting "*Concepcion* will address the interplay between state laws concerning unconscionability and the enforceability of arbitration clauses").

### III. CONCLUSION

For the foregoing reasons, Clearwire respectfully requests that the Court stay this case until after the Supreme Court issues its decision in *Concepcion*.

DATED this 31st day of March, 2011.

          Davis Wright Tremaine LLP
          Attorneys for Defendant Clearwire Corporation

          By *s/ Kenneth Payson*
              Stephen M. Rummage, WSBA #11168
              Kenneth E. Payson, WSBA #26369
              John A. Goldmark, WSBA 40980
              1201 Third Avenue, Suite 2200
              Seattle, Washington 98101-3045
              Telephone: (206) 622-3150
              Fax: (206) 757-7700
              E-mail: steverummage@dwt.com
                      kenpayson@dwt.com
                      johngoldmark@dwt.com

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 9
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties listed to receive electronic notice.

DATED this 31st day of March, 2011.

By: s/*Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com

CLEARWIRE'S MOT. TO STAY
(No. C10-1859-JLR) — 10
DWT 16775633v4 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700