The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated, | Case No. C10-1859-JLR |
| | PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF SETTLEMENT NOTICE |
| Plaintiffs, | |
| | NOTE ON MOTION CALENDAR: Friday, August 24, 2012 |
| v. | |
| CLEARWIRE CORPORATION, | ORAL ARGUMENT: IF REQUESTED BY COURT |
| Defendant. | |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .................................................................. 1

II.  PERTINENT PROCEDURAL HISTORY AND FACTS.................................. 3

III. TERMS OF THE SETTLEMENT.......................................................... 4

IV.  ARGUMENT ................................................................................... 7

     A.   The Settlement Should Be Preliminarily Approved ............................... 7

          1.   The Agreement Resulted From Arm's-Length Negotiations..................... 9

          2.   The Settlement Has No Obvious Deficiencies, Such as Preferential
               Treatment of Class Representatives or Segments of the Class or
               Excessive Compensation for Attorneys.................................... 10

          3.   The Settlement Falls within the Possible Range of Approval .................. 12

     B.   The Proposed Notices and Claim Form Should Be Approved ............................ 13

     C.   The Class Should be Conditionally Certified ....................................... 16

          1.   The Settlement Class Satisfies the Requirements of Federal Rule of
               Civil Procedure 23(a)................................................ 16

               a.   Numerosity.................................................... 16

               b.   Commonality................................................... 17

               c.   Typicality .................................................... 18

               d.   Adequacy of Representation ...................................... 18

          2.   The Settlement Class Satisfies The Requirements of Rule 23(b)(3) ........ 19

               a.   Common Questions Predominate Over Individual Issues ........... 19

               b.   A Class Action is the Superior Method to Settle this
                    Controversy.................................................. 20

V.   PROPOSED SCHEDULE OF EVENTS........................................... 21

VI.  CONCLUSION................................................................... 22

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.          - i -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997).................................................................16, 21

*Anthony v. Yahoo., Inc.*,
  376 Fed. Appx. 775 (9th Cir. 2010)..........................................16

*In re Apple Computer Sec. Litig.*,
  No. 84-cv-20148, 1991 U.S. Dist. Lexis 15608 (N.D. Cal. Sept. 6, 1991) ............12

*Arthur v. Sallie Mae, Inc.*,
  No. C10-198, 2012 U.S. Dist. Lexis 3313 (W.D. Wash. Jan. 10, 2012) ..................8

*Charlebois v. Angels Baseball, LP*,
  No. 10-cv-0853, 2011 U.S. Dist. Lexis 71452 (C.D. Cal. Jun. 30, 2011) ..............17

*Churchill Village, L.L.C., v. General Elec.*,
  361 F.3d 566 (9th Cir. 2004) .....................................................13

*Collins v. Cargill Meat Solutions Corp.*,
  274 F.R.D. 294 (E.D. Cal. 2011) ..................................................14

*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980)...............................................................21

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)...............................................................15

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) .......................9

*In re Emulex Corp. Sec. Litig.*,
  210 F.R.D. 717 (C.D. Cal. 2002) .................................................19

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
  No. MDL 901, 1992 U.S. Dist. Lexis 14337 (C.D. Cal. Jun. 10, 1992).................9

*Gonzales v. Comcast Corp.*,
  No. 10-cv-01010, 2012 U.S. Dist. Lexis 196 (E.D. Cal. Jan. 3, 2012)...................17

*Grayson v. 7-Eleven, Inc.*,
  No. 09-cv-1353, 2012 U.S. Dist. Lexis 42880 (S.D. Cal. Mar. 28, 2012)...............20

*Greko v. Diesel U.S.A.*,
  277 F.R.D. 419 (N.D. Cal. 2011).................................................17

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- ii -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................................15, 19

*Hicks v. Morgan Stanley & Co.*,
  No. 01-cv-10071, 2005 U.S. Dist. Lexis 24890 (S.D.N.Y. Oct. 24, 2005) ...........................10

*In re HP Laser Printer Litig.*,
  No. 07-cv-667, 2011 U.S. Dist. Lexis 98759 (C.D. Cal. Aug. 31, 2011)...............................11

*In re Integra Realty Res., Inc.*,
  262 F.3d 1089 (10th Cir. 2001) .......................................................................................14

*In re JDS Uniphase Corp. Sec. Litig.*,
  No. 02-cv-1486, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) .............................................12

*Keilholtz v. Lennox Health Prods., Inc.*,
  268 F.R.D. 330 (N.D. Cal. 2010)......................................................................................18

*Konstantinos Moshogiannis v. Sec. Consult. Group, Inc.*,
  No. 10-cv-05971, 2012 U.S. Dist. Lexis 16287 (N.D. Cal. Feb. 8, 2012).............................18

*Kyne v. Ritz-Carlton Hotel Co., L.L.C.*,
  No. 08-cv-530, 2011 U.S. Dist. Lexis 77814 (D. Haw. Jun. 27, 2011)..................................17

*Linney v. Cellular Alaska P'ship*,
  No. 96-cv-3008, 1997 WL 450064 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234
  (9th Cir. 1998) ..............................................................................................................9

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
  244 F.3d 1152 (9th Cir. 2001) .........................................................................................19

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ...........................................................................................11

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) ...........................................................................................11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)........................................................................................................15

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................................9

*O'Donovan v. Cashcall, Inc.*,
  No. 08-cv-03174, 2011 U.S. Dist. Lexis 131868 (N.D. Cal. Nov. 15, 2011)..........................20

*Riker v. Gibbons*,
  No. 08-cv-00115, 2010 U.S. Dist. Lexis 120841 (D. Nev. Oct. 28, 2010)..............................9

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

*Robbins v. Koger Props.*,
   116 F.3d 1441 (11th Cir. 1997) ...................................................................12

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ..................................................................11, 15, 18

*Satchell v. Federal Express Corp.*,
   No. 03-cv-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).....................10

*Shaffer v. Cont'l Cas. Co.*,
   362 Fed. Appx. 627 (9th Cir. 2010).............................................................16

*Simon v. Toshiba Am.*,
   No. 07-cv-06202, 2010 U.S. Dist. Lexis 42501 (N.D. Cal. Apr. 30, 2010) ............11

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ....................................................................19

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ........................................................9

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ....................................................................21

*Vedachalam v. Tata Consult. Servs.*,
   No. 06-cv-0963, 2012 U.S. Dist. Lexis 46429 (N.D. Cal. Apr. 2, 2012) ...............20

*Wal-Mart Stores, Inc. v. Dukes*,
   ___ U.S. ___, 131 S. Ct. 2541 (2011)........................................................17

*Wiener v. Dannon Co., Inc.*,
   255 F.R.D. 658 (C.D. Cal. 2009) ...............................................................21

*Williams v. Costco Wholesale Corp.*,
   No. 02-cv-2003, 2010 U.S. Dist. Lexis 19674 (S.D. Cal. Mar. 4, 2010).............8, 9

*Williams v. Costco Wholesale Corp.*,
   No. 02-cv-2003 2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ...............................11

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ...................................................................21

**OTHER AUTHORITIES**

2 Herbert Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 11.41 (3d ed. 1992)..............9

5 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 23.102 (3d ed. 2012) ...............................14

Fed. R. Civ. P. 23 .......................................................................................... *passim*

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- iv -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

MANUAL FOR COMPLEX LITIGATION, THIRD (1995) ...................................................................8, 9

MANUAL FOR COMPLEX LITIGATION, FOURTH (2004) ..........................................................7, 8, 19

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  Representative Plaintiffs (a) Michael Bobowski; (b) Alyson Burn; (c) Steven Cockayne;

2  (d) Brian Crawford; (e) Dan Dazell; (f) Angelo Dennings; (g) Cheyenne Fegan; (h) Sharon

3  Floyd; (i) Gregory Guerrier; (j) Johanna Koskinen; (k) Elena Munoz-Alazazi; (l) Elaine Powell;

4  (m) Alia Tsang; (n) Kyle Williams; (o) Chad Minnick; (p) Linda Stephenson; (q) Stephen

5  Reimers; (r) Donald Schultz; (s) Corey Jelinski; (t) Victoria Bartley; (u) Christopher Cuhel; (v)

6  Karen Pepper; (w) Rita McVicker; (x) Glenn Reynolds; and (y) Sharon Newton (collectively,

7  "Representative Plaintiffs") respectfully submit this unopposed motion for preliminary approval

8  of the settlement of this action and approval of the form and manner of giving notice of the

9  settlement.

10 **I.      PRELIMINARY STATEMENT**

11          Representative Plaintiffs respectfully move this Court for an order granting preliminary

12 approval of the proposed settlement (the "Settlement") described in the Settlement Agreement

13 and Release of Claims (the "Agreement"), attached as Exhibit 1 to this motion.[1]  The Settlement,

14 if approved, will resolve Representative Plaintiffs' claims against Clearwire in three Actions

15 under the captions *Dennings v. Clearwire Corp.*, C10-1859 JLR (W.D. Wash.) (*Dennings*

16 Action), *Minnick v. Clearwire US, LLC*, No. C09-912 MJP (W.D. Wash.) (*Minnick* Action), and

17 *Newton v. Clearwire Corp.*, No. 2:11-cv-00783-WBS-DAD (E.D. Cal.) (*Newton* Action)

18 (collectively, the "Actions").  For efficiency's sake, the Settlement is intended to be evaluated

19 and administered in just one court: this Court, in the *Dennings* Action.  The Agreement has been

20 entered into by and among (a) Representative Plaintiffs, individually and as representatives of

21 the proposed Plaintiff Settlement Class; and (b) Clearwire Corporation and Clearwire US, LLC

22 (by its successor) (collectively, "Clearwire"), through their respective counsel.

23

24

25

26 [1]    The defined terms in the Agreement have the same meaning in this motion.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

The proposed Plaintiff Settlement Class consists of all persons and entities who (a) purchased Clearwire's retail services between November 14, 2004, and February 27, 2012, and (b) provided Clearwire with a billing address in the United States.[2]

The parties, having conducted arm's-length negotiations with the assistance of a well-respected mediator, have settled the Actions, subject to Court approval, on the terms provided in the Agreement.  The Settlement represents an excellent result for the Class.  If approved, the Settlement will conclude the Actions, which have been hard-fought and vigorously litigated.

By this motion, Representative Plaintiffs seek entry of an order[3] providing:

1.     Preliminary approval of the Settlement;

2.     Approval of the forms of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") (attached as Exhibits B and C to the Agreement) describing: (a) the terms of the Settlement; (b) Class Members' rights with respect thereto; (c) the proposed Released Claims and the Released Parties; (d) the proposed Plan of Allocation; (e) the request for an award of attorneys' fees and reimbursement of litigation expenses to Plaintiffs' Counsel; and (f) the procedures for submitting a Claim; and the manner of giving such Notice;

3.     Conditional certification of a Class consisting of all persons and entities who (i) purchased Clearwire's retail services between November 14, 2004, and February 27, 2012, and (ii) provided Clearwire with a billing address in the United States; and

4.     Setting the date for the hearing to consider final approval of the Settlement and the foregoing matters.

---

[2]     Excluded from the Plaintiff Settlement Class are any would-be Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

[3]     A proposed Preliminary Approval Order is attached as Exhibit A to the Agreement.  The proposed order is also separately filed with this motion and emailed to chambers, as required.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Representative Plaintiffs and Class Counsel believe that the proposed Settlement is a favorable result under the circumstances, as Clearwire continued to maintain that Representative Plaintiffs would not be able to establish liability or damages, that Individual Defendants were willing and able to vigorously defend the litigation, and that Clearwire believed that they had valid defenses to the claims alleged.  Representative Plaintiffs and Class Counsel believe that the claims asserted in the Actions have merit.  However, Representative Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against Clearwire through trial and through appeals.   For the Representative Plaintiffs, the principal reasons for the Settlement are: (a) the substantial benefits Class Members will receive from settlement of the Actions; (b) the attendant risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Agreement.

## II.    PERTINENT PROCEDURAL HISTORY AND FACTS

The Actions involve allegations that Clearwire promised to provide consumers Internet and/or telephone service that would perform at a very high level—e.g., "Unlimited 4G Internet." The Actions allege that, after committing to Clearwire, subscribers did not receive the level of Internet and/or telephone service Clearwire promised.  Instead, Clearwire intentionally limits its subscribers' Internet speeds—called "throttling" in common parlance or "managing" or "shaping" in industry terminology—which the Actions allege sometimes makes subscribers' Internet connections unusably slow.   In addition, when a subscriber cancelled his or her Clearwire term subscription because of poor service, Clearwire charged that subscriber an allegedly wrongful Early Termination Fee ("ETF").  The Actions allege Clearwire therefore gave subscribers the choice of (1) paying a monthly fee for a service that is not what was promised, (2) paying a lump sum in advance to cancel that service, or (3) not paying anything and facing collection actions and damaged credit.

In the *Dennings* Action, plaintiff Angelo Dennings filed his complaint in this District on November 15, 2010.   On January 13, 2011, Clearwire moved to dismiss and to compel

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 3 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

arbitration by plaintiff Dennings.  On March 3, 2011, fifteen plaintiffs from a number of states filed an amended and supplemented complaint.  On March 31, 2011, Clearwire moved to compel arbitration as to ten of the fifteen plaintiffs, moved to dismiss all plaintiffs' claims, and also moved to stay all proceedings pending a decision in *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S. Ct. 1740 (2011).  By stipulation and order, the case was stayed.  After the Supreme Court's *Concepcion* ruling, the case remained stayed by stipulated orders and the parties began to discuss the possibility of a settlement.

In the *Newton* Action, plaintiff Sharon Newton filed her original complaint in the Eastern District of California on March 22, 2011.  The parties then stipulated to stay the *Newton* Action pending ruling in *Concepcion.*  After the ruling in *Concepcion*, Clearwire moved to compel arbitration and stay claims.  In response, plaintiff Newton served discovery on Clearwire relevant to the formation and validity of the arbitration clause.  After discovery, plaintiff Newton opposed Clearwire's motion to compel arbitration and Clearwire replied.  On December 12, 2011, the parties agreed to stay the *Newton* Action to discuss the possibility of a settlement.

In the *Minnick* Action, the plaintiffs filed a complaint in King County Superior Court on April 12, 2009.  After an amended complaint was filed, the *Minnick* Action was removed to federal court.  On February 5, 2010, the district court dismissed the *Minnick* Action based largely on a ruling that Clearwire's ETFs are not "liquidated damages," but are instead a form of "alternative performance" and therefore not subject to a claim that they are wrongful penalties.

Plaintiffs appealed to the Ninth Circuit.  Oral argument was held in November 2010.  On March 29, 2011, the Ninth Circuit issued an order certifying to the Washington Supreme Court the question of whether the ETFs are "liquidated damages" or "alternative performance."  On May 3, 2012, the Washington Supreme Court held that the ETFs are an alternative performance. The appeal before the Ninth Circuit remains pending and has not yet been decided.

## III.   TERMS OF THE SETTLEMENT

In full settlement of the Actions and in consideration of the releases outlined in Section VI of the Agreement, Clearwire will make payments (to former customers) and provide credits

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 4 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

(to current customers) to each person submitting a valid claim form (an "Eligible Claimant") that meets the requirements for Groups 1, 2, and/or 3.

- Group 1. For Eligible Claimants who timely submit a claim form attesting that they paid an ETF to Clearwire after cancellation due to concerns over service quality, 50% of the amount of the ETF paid by the Eligible Claimant;

- Group 2. For Eligible Claimants who initiated Clearwire service before September 1, 2010, and who timely submit a claim form attesting that they experienced impaired Internet speeds and have reason to believe Clearwire was responsible, (i) $14.00 plus (ii) the following amounts for each month of service prior to February 27, 2012, during which Clearwire's records show it managed the Eligible Claimant's speed at one of the following specified levels for at least one hour in the aggregate for the month: (A) 0.25 Mbps:  $5.00; (B) 0.60 Mbps: $3.00; and (C) 1.0 Mbps:  $2.00.  Internet customers for whom Clearwire's records show that Clearwire managed their Internet speed in a particular month, but for whom Clearwire's records do not specify the speeds or duration at which they were managed, will be treated as having been managed in that month for at least one hour at 0.6 Mbps.  In the event Clearwire managed an Eligible Claimant's Internet speeds to different levels in a single month, the Eligible Claimant will receive only one payment for that month, calculated at the highest amount applicable for that month.

- Group 3. For Eligible Claimants who initiated Clearwire service on or after September 1, 2010, and who timely submit a claim form attesting that they experienced impaired Internet speeds and have reason to believe Clearwire was responsible, the following amounts for each month of service prior to February 27, 2012, during which Clearwire's records show it managed the Eligible Claimant's speed at one of the specified levels for at least one hour in the aggregate for the month: (A) 0.25 Mbps: $5.00; (B) 0.60 Mbps: $3.00; (C) 1.0 Mbps: $2.00.  Internet customers for whom Clearwire's records show that Clearwire managed their Internet speed in a particular month, but for whom Clearwire's records do not specify the speeds or duration at which they were managed, will be treated as having been managed in that month for at least one hour at 0.6 Mbps.  In the event Clearwire managed an Eligible Claimant's Internet speeds to different levels in a single month, the Eligible Claimant will receive only one payment for that month, calculated at the highest amount applicable for that month.  Group 3 claimants will receive no less than $7.00, without regard to the number of months (if any) during which Clearwire managed their Internet speed.

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

If Clearwire managed an Eligible Claimant's Internet speeds to different levels in a single month, the Eligible Claimant will receive only one payment for that month, calculated at the highest dollar amount applicable for that month.

To the extent a former customer has unpaid past due balances owing to Clearwire, Clearwire may offset past due amounts and issue a check for only the net amount due, if any; but billing disputes previously brought to Clearwire's attention concerning arithmetic errors will be preserved even if the amount is offset.

The Agreement has no cap on the amount for which Clearwire could be liable as a result of claims made.

In addition, as to its future conduct, Clearwire has agreed to the following disclosures about its network management policies and changes to its ETF policies.

- **Network Management.** Plaintiffs acknowledge Clearwire manages and will continue to manage its network to maintain network service and integrity, among other things.  Clearwire will (i) make available more conspicuous and complete disclosures regarding its network management policy; (ii) modify advertising materials at the next revision in the ordinary course of business to clarify conspicuously that any advertised Internet speeds are subject to network management; and (iii) make readily available disclosures online of a range or examples of Internet speeds to which customers may be managed.  In this context, "conspicuous" means the disclosures or a reference to the disclosures (such as an asterisk) will occur not just in Clearwire's Terms of Service or Acceptable Use Policy but in reasonable proximity to statements in which Clearwire advertises particular Internet speeds or uses the word "unlimited."

- **ETF Reinstatement.** Clearwire currently does not offer fixed term contracts with ETFs and has no plans to reinstate its use of fixed term contracts.  If Clearwire elects to reinstate fixed term contracts within the two years following February 27, 2012, it will at the time of reinstatement instruct its customer service representatives not to charge customers an ETF if they withdraw from their contract for reasons related to quality or speed of service.  Clearwire will refund any ETF charged to a customer in violation of Clearwire's instructions to its customer service representatives.

- **ETF Waiver.** For at least the two years following February 27, 2012, Clearwire will instruct its customer service representatives to waive the ETF for current

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 6 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

customers on fixed term contracts who seek to withdraw from their contracts for reasons related to quality or speed of service.  Clearwire will refund any ETF charged to a customer in violation of Clearwire's instructions to its customer service representatives.

### Notice and Administration Costs and Attorneys' Fees and Expenses

As the Settlement Agreement provides, the *Dennings* Action Court will supervise settlement evaluation and administration.  Clearwire will pay for class notice and claims administration.  Class Counsel will be given the opportunity to participate in the planning and implementation of settlement administration.  For the sake of brevity, further details of the notice program, including the methodology underlying its design, are explained in the Settlement Agreement at pages 6-7 at ¶¶ 3.03.01-3.03.04

Clearwire agrees not to oppose Representative Plaintiffs' Counsel's application for reasonable attorneys' fees, reimbursement of expenses, and Representative Plaintiffs' service awards (up to $2,000 per class representative) not to exceed $2 million in total.

## IV.   ARGUMENT

### A.   The Settlement Should Be Preliminarily Approved

In determining whether to grant preliminary approval to the Agreement, the issue before the Court is simply whether the settlement is within the *range* of what might be found fair, reasonable, and adequate, such that notice of the settlement should be given to Class Members and a hearing scheduled to consider final settlement approval.  The Court is not required at this point to make a final determination as to the fairness of the settlement.  As stated in the Manual for Complex Litigation, Fourth:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation.
>
> *    *    *
>
> Once the judge is satisfied as to … the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members.

§§ 21.632-21.633 (2004) (the "MANUAL").

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR
- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

The Manual for Complex Litigation, Third, defines the Court's duty at the preliminary approval stage as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

§ 30.41 (1995).

Rule 23(e) provides that any settlement of a class action must receive court approval. "First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing.  If so, the final decision on approval is made after the hearing." MANUAL at § 13.14.  "At the preliminary approval stage, the court need only determine whether the proposed settlement is within the range of possible approval." *Arthur v. Sallie Mae, Inc.*, No. C10-198, 2012 U.S. Dist. Lexis 3313, at *27 (W.D. Wash. Jan. 10, 2012) (internal quotations and citations omitted).  "Essentially, the court is only concerned with whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation for attorneys." *Id*. at *28 (internal quotation and citation omitted).  This analysis is all that is required at this stage because some of the factors used to determine whether a settlement is fundamentally fair, adequate and reasonable "cannot be fully assessed until the Court conducts the Final Approval Hearing …." *Williams v. Costco Wholesale Corp.*, No. 02-cv-2003, 2010 U.S. Dist. Lexis 19674, at *14 (S.D. Cal. Mar. 4, 2010) (citing *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008)).

> [A]t the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible range of possible judicial approval and thus, whether the notice to the class and the scheduling of the formal fairness hearing is

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR
- 8 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

appropriate. Therefore, at this time, the Court need only determine whether the proposed settlement appears on its face to be fair.

Preliminary approval of a settlement and notice to the proposed class is appropriate if [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval.

*Id.* at *15 (internal quotations and citations omitted); *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (citation omitted) (finding a proposed settlement "substantively fair" where "court cannot say that the proposed settlement is obviously deficient or is not 'within the range of possible approval.'").

Here, the proposed Settlement clearly satisfies the standard for preliminary approval, as there is no question as to its fairness, reasonableness, and adequacy; it is well within the range of possible approval.

### 1.    The Agreement Resulted From Arm's-Length Negotiations

There is an initial presumption that a proposed settlement is fair, reasonable and adequate when it is the result of arm's-length negotiations. *See Linney v. Cellular Alaska P'ship*, No. 96-cv-3008, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998) ("the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery [has] taken place create[s] a presumption that the agreement is fair"); *Riker v. Gibbons*, No. 08-cv-00115, 2010 U.S. Dist. Lexis 120841, at *16 (D. Nev. Oct. 28, 2010); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981); *see also* 2 Herbert Newberg & Alba Conte, Newberg on Class Actions § 11.41 at 11-88 (3d ed. 1992); Manual For Complex Litigation, Third § 30.42 (1995).

Absent collusion, a court should give significant weight to the judgment of counsel. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation"); *see also In re First Capital Holdings Corp. Fin. Prods. Sec.*

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 9 -

**Law Offices of
Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Litig.*, No. MDL 901, 1992 U.S. Dist. Lexis 14337, at *12 (C.D. Cal. Jun. 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class a compelling factor in approving settlement).

The proposed Settlement here was the product of discussions and arm's-length negotiations between Class Counsel and counsel for Defendants. Class Counsel has extensive experience in class actions and conducted these lengthy negotiations with a view to the issues in dispute and achieving the best relief for the Class. Moreover, these negotiations were conducted as part of a two-day mediation under the supervision of the former Chief Magistrate Judge of the Northern District of California, Edward A. Infante, an experienced mediator. *See Satchell v. Federal Express Corp.*, No. 03-cv-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Hicks v. Morgan Stanley & Co.*, No. 01-cv-10071, 2005 U.S. Dist. Lexis 24890, at *14-15 (S.D.N.Y. Oct. 24, 2005) ("[t]he participation of a respected and neutral mediator gives [the court] confidence that [the negotiations] were conducted in an arms-length, non-collusive manner.") (brackets in original) (internal citations omitted). After considering the strengths and weaknesses of the Action and considering pre-mediation discovery provided by Clearwire to Representative Plaintiffs, Representative Plaintiffs agreed in principle to settle the Action at the conclusion of that mediation. Counsel for the parties spent many additional months thereafter to document the specific settlement provisions, which are contained in the Agreement. Drafting the Agreement was an extensive process with counsel for each party advocating for the best interests of their client. During this process, the parties regularly filed status reports with the Court to keep it apprised of the parties' progress.

## 2. The Settlement Has No Obvious Deficiencies, Such as Preferential Treatment of Class Representatives or Segments of the Class or Excessive Compensation for Attorneys

The proposed Settlement has no "obvious deficiencies." The settlement provides no preferential treatment to Representative Plaintiffs or other Class Members. Representative

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 10 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    Plaintiffs will receive distributions from the settlement proceeds calculated in the same manner

2    as the distributions to other Class Members.   Additionally, the settlement does not mandate

3    excessive compensation for Class Counsel.   Class Counsel will apply to the Court for an award

4    of attorneys' fees, costs and expenses and for Representative Plaintiff service awards.   The total

5    amount sought will not exceed $2 million Dollars, including service awards of up to $2,000 each

6    for the Representative Plaintiffs.   The Representative Plaintiffs' motion for attorneys' fees and

7    reimbursement of expenses, and for service awards to the Representative Plaintiffs will be filed

8    and will be posted on the settlement website well in advance of the objection deadline.   The

9    Email and Postcard Notices direct Class Members to the settlement website.   The fee request

10   therefore complies with Rule 23(h)(1) ("[n]otice of the [fee] motion must be ... directed to class

11   members in a reasonable manner") and *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988

12   (9th Cir. 2010).

13         As for the service award request for the Representative Plaintiffs, the award will have no

14   impact on the amount available for all Class Members.   To account for their willingness to step

15   forward and represent other consumers, and to compensate them for their contributions of

16   significant time and effort devoted to prosecuting the common claims, the Settlement provides

17   for service awards of up to $2,000 for each Representative Plaintiff.   Such service awards are

18   "fairly typical in class actions," and the amounts requested is well within the range of such

19   awards for recoveries of this size.   *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir.

20   2009); *see, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (incentive

21   awards of $5,000 each to two class representatives in a settlement of $1.725 million); *In re HP

22   Laser Printer Litig.*, No. 07-cv-667, 2011 U.S. Dist. Lexis 98759, at *13 (C.D. Cal. Aug. 31,

23   2011) (incentive awards of $2,500 to one class representative and $1,000 to another for a $5

24   million recovery); *Simon v. Toshiba Am.*, No. 07-cv-06202, 2010 U.S. Dist. Lexis 42501, at *4

25   (N.D. Cal. Apr. 30, 2010) ($4,000 incentive award to class representative for a maximum

26   recovery value of $10.8 million); *Williams v. Costco Wholesale Corp.*, No. 02-cv-2003 IEG,

27   2010 WL 761122, at *3 (S.D. Cal. Mar. 4, 2010) ("Although [plaintiff] seeks a $5,000 service

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 11 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    fee for himself which is not available to other Class members, the fee appears to be reasonable in

2    light of [plaintiff's] efforts on behalf of the class members.").

3              **3.      The Settlement Falls within the Possible Range of Approval**

4              Representative Plaintiffs' Counsel carefully evaluated the merits of the Actions and the

5    proposed Settlement.  Although Representative Plaintiffs' Counsel believe this is a strong case,

6    their belief is no guarantee that Representative Plaintiffs will prevail at the motion-to-dismiss

7    phase, or (in the *Minnick* case) on appeal.  Nor is there any guarantee that a class would be

8    certified in the Actions; or that Representative Plaintiffs would prevail at the summary judgment

9    phase or trial, following extensive and expensive fact and expert discovery.  This is especially

10   true because Defendant is represented by sophisticated counsel.  Furthermore, even if

11   Representative Plaintiffs were to obtain a judgment against Defendant at trial, experience has

12   shown that the recovery might be no greater, and indeed might be substantially less, than the

13   proposed Settlement.  *See In re JDS Uniphase Corp. Sec. Litig.*, No. 02-cv-1486, 2007 WL

14   4788556 (N.D. Cal. Nov. 27, 2007) (after a lengthy trial, jury returned a verdict against plaintiffs

15   and the action was dismissed).  Even a favorable jury verdict does not eliminate the risk to the

16   class.  *See In re Apple Computer Sec. Litig.*, No. 84-cv-20148, 1991 U.S. Dist. Lexis 15608

17   (N.D. Cal. Sep. 6, 1991) (court entered judgment notwithstanding the verdict for the individual

18   defendants and ordered a new trial with respect to the corporation); *Robbins v. Koger Props.*, 116

19   F.3d 1441 (11th Cir. 1997) (reversing $81 million jury verdict for securities fraud).

20            Substantively, the terms of the proposed Settlement are eminently fair.  The Settlement

21   provides for a cash payment or a credit to Eligible Claimants and 50 percent of ETFs paid by

22   certain Eligible Claimant.  *See* Settlement Agreement at ¶¶ 1.03, 2.01.  In addition, Clearwire

23   will provide more full disclosures of its network management policy, which is the policy the

24   Actions contend is not adequately disclosed.  Moreover, for at least the two years following

25   February 27, 2012, Clearwire will instruct its customer service representatives to waive the ETF

26   (or will reimburse an ETF that has been paid after February 25, 2012) for customers on fixed

27   term contracts withdrawing their contracts for reasons related to quality or speed of service.

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR                                  - 12 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

The Settlement provides these remedies without the risks and delays of continued litigation, trial, and appeal.  The expense, complexity, and duration of litigation are significant factors considered in evaluating the reasonableness of a settlement.  *Churchill Village, L.L.C., v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).  Litigating this class action through trial would be time-consuming and expensive.  The question of whether Clearwire adequately disclosed its network management policy to consumers is a risky proposition for both sides.  Moreover, whether Representative Plaintiffs, in light of *Concepcion*, must arbitrate their claims against Clearwire is a risk.  If Clearwire successfully moves to compel arbitration, the Actions would be effectively over, and Clearwire would have prevailed, regardless of the merits of the Actions.  At minimum, absent settlement, this litigation would likely continue for years before Representative Plaintiffs or the Class sees any recovery.  That a settlement would eliminate the delay and expenses strongly weighs in favor of approval.

In light of the above considerations, the proposed Settlement falls within the range of final approval.  The Court should therefore grant preliminary approval of the settlement and direct that notice of it be given to members of the Class.

**B.     The Proposed Notices and Claim Form Should Be Approved**

Rule 23(e) governs notice requirements for settlements in class actions.  A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. Fed. R. Civ. P. 23(e).  Rule 23(e)(1) similarly says, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."

Here, notice will be disseminated to all persons who fall within the definition of the Class and whose names and addresses can be identified from Clearwire's customer records.  *See* Agreement § 3.03.  Notice will be sent by email to the Class Members' last known email addresses as they appear in Clearwire's records.  *See* Agreement § 3.03.01.  For those Class Members for whom Clearwire has no email address and for any Class Members whose email notice is returned to Clearwire as undeliverable without any updated contact information,

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    Clearwire will mail a postcard Notice containing text substantially in the same form as the Email

2    Notice.  *See* Agreement § 3.03.02.  The postcard Notice is attached to the Agreement as Exhibit

3    B.  The full Notice and Claim Form, substantially in the form of <u>Exhibit C</u> to the Agreement,

4    will by posted on the settlement website.

5            As required by Rule 23(c)(2), the Notice describes the nature of the Action; sets forth the

6    definition of the Class; states the Class' claims; discloses the right of Class Members to exclude

7    themselves from the Class, as well as the deadline and procedure for doing so and warns of the

8    binding effect of the settlement approval proceedings on Class Members who do not exclude

9    themselves.  The Notice also discloses the date, time, and place of the formal fairness hearing,

10   and the procedures for objecting to the Settlement and appearing at the hearing.  The contents of

11   the Notice therefore satisfy all applicable requirements.  *See* MANUAL at § 21.312 (settlement

12   notice "should announce the terms of a proposed settlement and state that, if approved, it will

13   bind all class members.").  Courts in other cases have found that notice substantially equivalent

14   to this constituted the "best notice practicable," satisfying the requirements of Rule 23(c)(2)(B).

15   *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011); *see generally*,

16   MANUAL § 21.633; 5 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 23.102, 23-433 - 38

17   (3d ed. 2012).  Trial courts are given substantial latitude to determine fair and expedient

18   procedures to effectuate notice.  *See, e.g., In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1111

19   (10th Cir. 2001).  The parties have carefully drafted the notice provisions of the Settlement to

20   provide the best notice practicable to the Class and respectfully submit that the proposed notice

21   is adequate.

22           Lastly, as part of the preliminary approval of the settlement, Representative Plaintiffs also

23   request the appointment as settlement administrator the Garden City Group.  The Garden City

24   Group will be responsible for, among other things, mailing the notices to the Class, and

25   reviewing claims from Class Members.  The Garden City Group has extensive experience in

26   settlement administration and will adequately fulfill its duties in this case.  *See*

27   http://www.gcginc.com.

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    The threshold requirement concerning the sufficiency of class notice is whether the

2    means employed to distribute the notice is reasonably calculated to apprise the class of the

3    pendency of the action, of the proposed settlement, and of the Class members' rights to opt out

4    or object.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974); *Mullane v. Cent.*

5    *Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950).  The mechanics of the notice process are

6    best left to the discretion of the court, subject only to the broad "reasonableness" standards

7    imposed by due process.  In this Circuit, it has long been the case that a notice of settlement will

8    be adjudged satisfactory if it "'generally describes the terms of the settlement in sufficient detail

9    to alert those with adverse viewpoints to investigate and to come forward and be heard.'"

10   *Rodriguez*, 563 F.3d at 962 (quoting *Churchill*, 361 F.3d at 575); *Hanlon v. Chrysler Corp.*, 150

11   F.3d 1011, 1025 (9th Cir. 1998) (notice should provide each absent class member with the

12   opportunity to opt-out and individually pursue any remedies that might provide a better

13   opportunity for recovery).

14   The proposed Notice—i.e., the Long-Form Notice plus the email and postcard Notice, the

15   latter two of which direct the reader to the Long-Form Notice—satisfies these content

16   requirements.  *See* Settlement Agreement, Exs. B (Postcard Notice) & C (Long-Form Notice).

17   The Notice is written in simple, straightforward language and includes: (1) basic information

18   about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation

19   of how Class Members can obtain settlement benefits; (4) an explanation of how Class Members

20   can exercise their right to opt-out or object to the settlement; (5) an explanation that any claims

21   against Clearwire that could have been litigated in this action will be released if the Class

22   Member does not opt out of the Settlement; (6) the names of Class Counsel and information

23   regarding attorneys' fees and expenses, as well as Plaintiffs' incentive awards; (7) the Fairness

24   Hearing date; (8) an explanation of eligibility for appearing at the Fairness Hearing; and (9) the

25   Settlement Website and a toll free number where additional information can be obtained.  *Id.*

26   The Notice also informs Class Members that Plaintiffs' final approval papers and request for

27   attorneys' fees will be filed prior to the objection deadline.

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR                                    - 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

The Notice provides Class Members with sufficient information to make an informed and intelligent decision about the settlement.  As such, it satisfies the content requirements of Rule 23.  Additionally, the proposed dissemination of the Notice satisfies all due process requirements.

In sum, the contents and dissemination of the proposed Notice constitute the best notice practicable under the circumstances and fully comply with the requirements of Rule 23.

**C.      The Class Should be Conditionally Certified**

The Ninth Circuit recognizes the propriety of certifying of a Class for the purpose of settling a consumer protection action.  *See, e.g.*, *Anthony v. Yahoo., Inc.*, 376 Fed. Appx. 775 (9th Cir. 2010); *Shaffer v. Cont'l Cas. Co.*, 362 Fed. Appx. 627 (9th Cir. 2010).  Where a court is evaluating the certification question in the context of a proposed settlement class, questions regarding the manageability of the case for trial purposes are not considered.  *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

**1.      The Settlement Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)**

Rule 23(a) enumerates four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  Each of these requirements is met here.

**a.      Numerosity**

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The threshold to establish numerosity is low.  *See Gonzales v. Comcast Corp.*, No. 10-cv-01010, 2012 U.S. Dist. Lexis 196, at *31 (E.D. Cal. Jan. 3, 2012).  Furthermore, "where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Charlebois v. Angels Baseball, LP*, No. 10-cv-0853, 2011 U.S. Dist. Lexis 71452, at *13 (C.D. Cal. Jun. 30,

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    2011) (citations omitted).  Here, Clearwire provides Internet service to customers across the

2    country.  Indeed, according to Clearwire's form 10-Q for quarter ending March 31, 2012,

3    Clearwire's "ending retail subscribers increased from 1.2 million at March 31, 2011 to 1.3

4    million at March 31, 2012."  Accordingly, the numerosity requirement is met here.

5                        **b.    Commonality**

6            "Commonality requires the plaintiff to demonstrate that the class members have suffered

7    the same injury . . . Their claims must depend upon a common contention . . . That common

8    contention, moreover, must be of such a nature that it is capable of classwide resolution – which

9    means that determination of its truth or falsity will resolve an issue that is central to the validity

10   of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct.

11   2541, 2551 (2011) (internal citations and quotations omitted).  Still, to meet this requirement,

12   "the existence of shared legal issues or common facts need only be 'minimal.'"  *Greko v. Diesel*

13   *U.S.A.*, 277 F.R.D. 419, 426 (N.D. Cal. 2011).  It is "not necessary that all questions of law or

14   fact be common." *Kyne v. Ritz-Carlton Hotel Co., L.L.C.*, No. 08-cv-530, 2011 U.S. Dist. Lexis

15   77814, at *8 (D. Haw. Jun. 27, 2011).

16           Here, Class Members' claims involve significant common questions of law and fact.

17   Plaintiffs' allegations focus on advertising claims related to the Clearwire's Internet service

18   made during the Class Period.  The questions of law and fact common to the Class include: (1)

19   whether Clearwire's representations regarding its Internet service were materially false and/or

20   misleading; (2) whether Clearwire has engaged in unfair, deceptive, untrue, or misleading

21   conduct in making certain representations about the quality of its Internet service; (3) whether it

22   is unconscionable for Clearwire to charge users service fees for Internet service that was not as

23   advertised and for Internet service that was not worth the service fees paid; and (4) whether it is

24   unconscionable, or otherwise unlawful, for Clearwire to charge users an ETF when users are not

25   provided the Internet service promised to them by Clearwire.  Resolution of each of those

26   questions determines issues central to all Class Members' claims, and such resolution is capable

27   of determination in one common stroke.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    Accordingly, the commonality requirement is satisfied.

2                    **c.        Typicality**

3    The typicality requirement is "satisfied when each class member's claim arises from the

4    same course of events, and each class member makes similar legal arguments to prove the

5    defendant's liability." *Rodriguez*, 591 F.3d at 1124 (quotation omitted).   And "'[u]nder this

6    rule's permissive standards, representative claims are typical if they are reasonably co-extensive

7    with those absent class members; they need not be substantially identical.'" *Konstantinos*

8    *Moshogiannis v. Sec. Consult. Group, Inc.*, No. 10-cv-05971, 2012 U.S. Dist. Lexis 16287, at *9

9    (N.D. Cal. Feb. 8, 2012) (quoting *Hanlon*, 150 F.3d at 1020); *see, e.g.*, *Keilholtz v. Lennox*

10   *Health Prods., Inc.*, 268 F.R.D. 330, 338 (N.D. Cal. 2010) (finding typicality where "[p]laintiffs'

11   claims are all based on [d]efendants' sale of allegedly dangerous fireplaces without adequate

12   warnings.").

13   Here, Clearwire exposed Representative Plaintiffs and the other Class Members to the

14   same message to regarding the quality of its Internet service to induce Representative Plaintiffs

15   and other Class Members to subscribe to that Internet service.   Representative Plaintiffs seek to

16   obtain the same relief pursuant to the same legal theories as those of the other Class Members.

17   Plaintiffs' claims are the same as those of other Class Members.   Therefore, the typicality

18   requirement is met.

19                   **d.        Adequacy of Representation**

20   Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect

21   the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy is satisfied where (i) counsel for

22   the class is qualified and competent to vigorously prosecute the action, and (ii) the interests of

23   the proposed class representatives are not antagonistic to the interests of the Class.  *See, e.g.*,

24   *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hanlon*, 150 F.3d at 1020.   The

25   adequacy requirement is met here.   First, the proposed Class Counsel are qualified and

26   experienced in conducting class action litigation.  *See* Representative Plaintiffs' Counsel's Firm

27   Résumés (Cantor Decl., Exs. A-G).   Further, proposed Class Counsel have thoroughly and

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 18 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    efficiently identified and investigated the claims in this lawsuit and the facts that support those

2    claims.  *See In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002) (a court

3    evaluating adequacy of Counsels' representation may examine "the attorneys' professional

4    qualifications, skill, experience, and resources . . . [and] the attorneys' demonstrated performance

5    in the suit itself.").  Finally, there is no conflict between Representative Plaintiffs' interests and

6    the interests of other Class Members—Representative Plaintiffs and Class Members are seeking

7    redress from what is essentially the same injury.

8                    **2.       The Settlement Class Satisfies The Requirements of Rule 23(b)(3)**

9            Certification under Rule 23(b)(3) is appropriate "'whenever the actual interests of the

10   parties can be served best by settling their difference in a single action.'"  *Hanlon*, 150 F.3d at

11   1022 (quoting 7A C.A. Wright, A.R. Miller, & Kane, Federal Practice & Procedure § 1777

12   (2d ed. 1986)).  There are two fundamental conditions to certification under Rule 23(b)(3): (1)

13   questions of law or fact common to the members of the class predominate over any questions

14   affecting only individual members; and (2) a class action is superior to other available methods

15   for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3); *Local Joint*

16   *Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162-63

17   (9th Cir. 2001); *Hanlon*, 150 F.3d at 1022.  Rule 23(b)(3) encompasses those cases "'in which a

18   class action would achieve economies of time, effort, and expense, and promote . . . uniformity

19   of decision as to persons similarly situated, without sacrificing the procedural fairness or

20   bringing about other undesirable results.'"  *O'Donovan v. Cashcall, Inc.*, No. 08-cv-03174, 2011

21   U.S. Dist. Lexis 131868, at *32 (N.D. Cal. Nov. 15, 2011) (quoting *Amchem*, 521 U.S. at 615).

22                   **a.       Common Questions Predominate Over Individual Issues**

23           The Rule 23(b)(3) predominance inquiry "'tests whether proposed classes are sufficiently

24   cohesive to warrant adjudication by representation.'"  *Grayson v. 7-Eleven, Inc.*, No. 09-cv-1353,

25   2012 U.S. Dist. Lexis 42880, at *13 (S.D. Cal. Mar. 28, 2012) (quoting *Amchem*, 521 U.S. at

26   623).  "When common questions present a significant aspect of the case and they can be resolved

27

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 19 -

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Vedachalam v. Tata Consult. Servs.*, No. 06-cv-0963, 2012 U.S. Dist. Lexis 46429, at *32 (N.D. Cal. Apr. 2, 2012) (quoting *Hanlon*, 150 F.3d at 1022).

The predominance requirement is easily satisfied here.   As discussed above, Representative Plaintiffs allege that they and other Class Members are entitled to the same legal remedies based upon the same alleged wrongdoing by Clearwire – exposure to the same alleged false and misleading advertising claims.   Plaintiffs allege that all of the advertisements convey the same advertising message—i.e., that Clearwire's Internet service will be of a specified quality.   The central issues for every Class Members are whether Clearwire's advertising and marketing campaign conveyed this message to the reasonable consumer and whether the claim is false and misleading.   These two issues predominate because they would have to be decided in every trial brought by individual class members and can be proven or disproven with the same class wide evidence.   Under these circumstances, the requirements of Rule 23(b)(3) are satisfied.

### b.     A Class Action is the Superior Method to Settle this Controversy

Rule 23(b)(3) sets forth the relevant factors for determining whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These factors include: (i) the class members' interest in individually controlling separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by or against class members; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (iv) the likely difficulties in managing a class action.   Fed. R. Civ. P. 23(b)(3); *see Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190-92 (9th Cir. 2001). "[C]onsideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (citations omitted); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (finding

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 20 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

the superiority requirement may be satisfied where granting class certification "will reduce litigation costs and promote greater efficiency").

Application of the Rule 23(b)(3) "superiority" factors shows that a class action is the preferred procedure for this Settlement.  The amount of damages to which an individual Class Member would be entitled is not large.  *See Zinser*, 253 F.3d at 1191; *Wiener v. Dannon Co., Inc.,* 255 F.R.D. 658, 671 (C.D. Cal. 2009).  It is neither economically feasible, nor judicially efficient, for the hundreds of thousands of Class members to pursue their claims against Clearwire on an individual basis.  *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980); *Hanlon*, 150 F.3d at 1023.  Additionally, the fact of settlement eliminates any potential difficulties in managing the trial of this action as a class-action.  *See Amchem*, 521 U.S. at 620 (when "confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").  As such, under the circumstances presented here, a class-wide settlement is clearly superior to any other mechanism for adjudicating the case.

## V.   PROPOSED SCHEDULE OF EVENTS

The Court's entry of the proposed Order for Preliminary Approval would, among other things, (i) direct notice of the Settlement to potential members of the Class; and (ii) schedule a hearing to consider whether the Settlement should be approved as being fair, reasonable, and adequate (the "Settlement Fairness Hearing").  As such, the Order for Preliminary Approval sets certain deadlines, which the Representative Plaintiffs recommend for insertion into the Order for Notice and Hearing as follows:

|  | **Suggested Deadline** |
| --- | --- |
| Deadline for the Claims Administrator to cause the Notice and the Proof of Claim to be mailed to Class Members who can be identified with reasonable effort (Order Granting Preliminary Approval, ¶ 5 & ¶ 13(a)) | Within **5 weeks** after preliminary approval |

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

| | |
|---|---|
| Deadline for Plaintiffs' Class Counsel to submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for attorneys' fees and reimbursement of expenses (Order Granting Preliminary Approval, ¶ 12(c) & ¶ 13(d)) | Within **11 weeks** after preliminary approval |
| Deadline for filing and serving objections to the Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses (Order Granting Preliminary Approval, ¶ 12(a)-(b) & ¶ 13(c)) | Within **14 weeks** after preliminary approval |
| Deadline for requesting exclusion from the Class (Order Granting Preliminary Approval, ¶ 8 & ¶ 13(b)) | Within **14 weeks** after preliminary approval |
| Deadline for Plaintiffs' Class Counsel to submit their papers in response to any objections (Order Granting Preliminary Approval, ¶ 12(d) & ¶ 13(e)) | Within **17 weeks** after preliminary approval |
| Settlement Hearing (Order Granting Preliminary Approval, ¶ 4 & ¶ 13(f)) | At the Court's convenience, on or after **18 weeks** after preliminary approval |
| Deadline for Class Members to submit Proofs of Claim (Order Granting Preliminary Approval, ¶ 13(g)) | Within **two weeks** after date of Settlement Hearing |

## VI.    CONCLUSION

Representative Plaintiffs respectfully request that the Court preliminarily approve the Settlement.

Dated: August 6, 2012                              Respectfully Submitted,


LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
By: s/ *Clifford Cantor*
Clifford Cantor, WSBA #17893
627 208th Ave. SE
Sammamish, WA 98704-7033

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.                              - 22 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Tel: (425) 868-7813
Fax: (425) 732-3752
Email: cliff.cantor@comcast.net

Counsel for represented Plaintiffs in *Dennings* Action

MILBERG LLP
By:  s/ *Peter Seidman*
Peter Seidman
One Penn Plaza
New York, NY  10119-0165
Tel:  (212) 594-5300
Fax:  (212) 868-1229
Email:  pseidman@milberg.com

Counsel for represented Plaintiffs in *Dennings* Action

REESE RICHMAN LLP
By:  s/ *Michael R. Reese*
Michael R. Reese
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:  (212) 579-4625
Fax:  (212) 253-4272
Email:  mreese@reeserichman.com
             krichman@reeserichman.com

Counsel for represented Plaintiffs in *Dennings* Action

TYCKO & ZAVAREEI LLP
By:  s/ *Cliff Cantor* for Jonathan Tycko, with authorization
Jonathan K. Tycko
2000 L Street, N.W., Ste. 808
Washington, D.C.  20036
Tel:  (202) 973-0900
Fax:  (202) 973-0950
Email:  jtycko@tzlegal.com

Counsel for represented Plaintiffs in *Minnick* Action

PETERSON WAMPOLD ROSATO LUNA KNOPP
Felix Gavi Luna
1501 Fourth Avenue, Ste. 2800
Seattle, Washington 98101
Tel:  (206) 624-6800
Fax:  (206) 682-1415

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Email: luna@pypfirm.com

Counsel for represented Plaintiffs in *Minnick* Action

AUDET & PARTNERS, LLP
Michael McShane
221 Main Street, Ste. 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568.2556
Email: MMcShane@audetlaw.com

Counsel for Plaintiff in *Newton* Action

BAILLON THOME JOZWIAK MILLER &
WANTA LLP
By:  s/ *Cliff Cantor* for Bryce Miller, with authorization
Bryce Miller
222 S. Ninth St., Ste. 2955
Minneapolis, MN  55402
Tel:  (612) 252-3570
Fax:  (612) 252-3571
Email: bmiller@baillonthome.com

Counsel for Plaintiff in *Newton* Action

## Certificate of Service

I certify that, on August 6, 2012, I caused the foregoing, along with Exhibit 1 (the Agreement) together with the Cantor declaration and the proposed preliminary approval order, to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

s/ *Cliff Cantor*

PLS.' UNOPPOSED MOT. FOR PRELIM. APPROV.
No. C10-1859 JLR

- 24 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752