1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CLEARWIRE CORPORATION,

Defendant.

Case No. C10-1859-JLR

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

NOTE ON MOTION CALENDAR: Wednesday, December 19, 2012 at 3:00 p.m.

ORAL ARGUMENT REQUESTED

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................... 2

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 3

ANALYSIS...................................................................................................................... 3

I.      THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND
        ADEQUATE AND SHOULD BE APPROVED ................................................ 3

        A.      The Strength of Class Representatives' Cases and the Substantial
                Settlement Benefits, When Balanced Against the Risk, Expense,
                Complexity, and Likely Duration of Further Litigation, Supports Approval
                of the Settlement ..................................................................... 5

                1.      Complexity of Proof of Liability and Damages......................... 5

                2.      Expense and Duration of Further Litigation ............................ 6

        B.      Representative Plaintiffs Have Engaged in Sufficient Discovery and Have
                Conducted a Thorough Investigation to Identify the Strengths and
                Weaknesses of Their Case and the Propriety of Settlement ................... 8

        C.      The Recommendations of Experienced Counsel after Extensive Litigation
                and Arm's-Length Settlement Negotiations Favor the Approval of the
                Settlement .............................................................................. 9

        D.      The Risks of Maintaining the Class Action through Trial Weigh in Favor
                of Approval of the Settlement................................................... 11

        E.      The Initial Reaction to the Proposed Settlement Supports the Settlement ........... 11

II.     THE NOTICE PLAN APPROVED BY THE COURT SATISFIES DUE
        PROCESS AND HAS BEEN FULLY AND SUCCESSFULLY IMPLEMENTED ........ 12

III.    CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER.................................. 15

        A.      The Proposed Settlement Class Meets the Requirements of Rule 23(a) .............. 15

        B.      The Proposed Settlement Class Satisfies Rule 23(b)(3) ....................... 16

CONCLUSION................................................................................................................ 18

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

# Table of Authorities

CASES

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) .................................................................................................17

*In re Apollo Grp., Inc. Sec. Litig.,*
    No. 04-2147, 2008 WL 3072731 (D. Ariz. Aug. 4, 2008),
    *rev'd*, 2010 WL 5927988 (9th Cir. Jun. 23, 2010) ...................................................6

*Armstrong v. Davis,*
    275 F. 3d 849 (9th Cir. 2001) .................................................................................11

*AT&T Mobility LLC v. Concepcion,*
    131 S. Ct. 1740 (2011) ...........................................................................................2, 5

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ...................................................................................17

*In re Bluetooth Headset Prods. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) ...................................................................................10

*Facebook, Inc. v. Pac. Nw. Software, Inc.,*
    640 F.3d 1034 (9th Cir. 2011) ...................................................................................4

*Fulford v. Logitech, Inc.,*
    No. 08-2041, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010)..............7, 14

*Glass v. UBS Fin. Servs., Inc.,*
    No. 06-4068, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) ...................12

*Gong-Chun v. Aetna Inc.,*
    No. 09-1995, 2012 WL 2872788 (E.D. Cal. Jul. 12, 2012) .......................................9

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ..........................................................................3, 4, 16

*Lane v. Facebook, Inc.,*
    696 F.3d 811, 2012 WL 4125857 (9th Cir. 2012) .......................................3, 4, 8, 11

*Linney v. Cellular Alaska P'ship,*
    151 F.3d 1234 (9th Cir. 1998) ....................................................................................4

*Lo v. Oxnard European Motors, LLC,*
    No. 11-1009, 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) ......................................9

*In re Lupron Mktg. & Sales Practices Litig.,*
    228 F.R.D. 75 (D. Mass. 2005)................................................................................14

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- ii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ...................................................................6, 9, 12

*Nichols v. Smithkline Beecham Corp.,*
   No. 00-6222, 2005 WL 950616 (E.D. Pa. Apr. 22, 2005) ......................................15

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) .................................................................................4, 5

*In re Omnivision Techs., Inc.,*
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ............................................9 BA_Cite_422

*Phillips Petroleum Co. v. Shutts,*
   472 U.S. 797 (1985) ..................................................................................................17

*Robbins v. Koger Props., Inc.,*
   116 F.3d 1441 (11th Cir. 1997) .................................................................................6

*Rodriguez v. W. Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) ...................................................................3, 4, 9, 11

*Valentino v. Carter-Wallace, Inc.,*
   97 F.3d 1227 (9th Cir. 1996) ...................................................................................17

*Vasquez v. Coast Valley Roofing, Inc.,*
   266 F.R.D. 482 (E.D. Cal. 2010) ...............................................................................8

*Wal-Mart Stores, Inc. v. Dukes,*
   131 S. Ct. 2541 (2011) ..............................................................................................15

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
   MDL No. 551, 1988 WL 158947 (W.D. Wash. Jul. 28, 1988) ......................*passim*

*White v. Experian Info. Solutions, Inc.,*
   803 F. Supp. 2d 1086 (C.D. Cal. 2011) ...................................................................12

**STATUTES & RULES**

28 U.S.C. § 1715.........................................................................................................14

Fed. R. Civ. P. 23...............................................................................................*passim*

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

**PRELIMINARY STATEMENT**

Plaintiffs respectfully move for final approval of the class action settlement that this Court preliminarily approved on August 24, 2012. The proposed Settlement is the product of serious, informed, hard-fought, non-collusive negotiations and is fair, reasonable, and adequate. The Settlement will resolve this case as well as *Minnick v. Clearwire US, LLC*, No. C09-912 MJP (which is dismissed and on appeal) and *Newton v. Clearwire Corp.*, No. 2:11-cv-00783-WBS-DAD (E.D. Cal. 2011) (the "Actions").[1]

The Settlement Agreement and Release of Claims dated August 6, 2012 ("Agreement") [dkt. 61-1] provides for payments or credits to class members who submit a valid claim form. It also provides for enhanced disclosures about network management policies, and changes to Clearwire's Early Termination Fee ("ETF") practices.

The Settlement was reached after two days of mediation with the assistance of the former Chief Magistrate Judge in the Northern District of California, Edward A. Infante of JAMS, and many months of additional negotiations. Clearwire continuously and vigorously denied any liability and has asserted a number of defenses. Conversely, plaintiffs advanced the Settlement Class's position and were fully prepared to continue to litigate rather than accept a settlement that was not in the best interests of the Settlement Class. All parties were represented by counsel with extensive experience in consumer class actions.

Prior to entering into the Settlement, plaintiffs became fully conversant with the strengths and weaknesses of the Actions. Plaintiffs, through their counsel, were in a position to appraise the benefits of a settlement now—relative to the risks and expenses of continued litigation. These risks included the possibilities that individual arbitration would be compelled, the Actions would be dismissed at the pleading stage (as was *Minnick*), a class would not be certified, or liability or damages would not be established.

---

[1] Throughout this motion, "plaintiffs" or "parties" excludes Mr. Robert Prior. Mr. Prior's counsel lost contact with him, were unable to relocate him, and finally withdrew from representing him. Mr. Prior has given no indication of opposing or supporting this motion.

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1    Plaintiffs, through Class Counsel, having carefully considered and evaluated the relevant

2    legal authorities and evidence to support the claims asserted against Clearwire; the likelihood of

3    prevailing on these claims; the risk, expense, and duration of continued litigation; and the likely

4    appeals and subsequent proceedings necessary if plaintiffs did prevail against Clearwire at trial,

5    have concluded that the Settlement is a favorable result for the Class.

6    While plaintiffs believed they had strong cases, the Actions were certainly not without

7    risk in terms of the range of possible recoveries or recovering anything at all.  Clearwire

8    vigorously disputed the validity of plaintiffs' claims.  The *Minnick* Court dismissed all of the

9    *Minnick* plaintiffs' claims.  On appeal, one major portion of that dismissal has all but affirmed.

10   There are motions to dismiss and to compel individual arbitration either pending or waiting in

11   the wings in the *Dennings* and *Newton* Actions, and no doubt in the *Minnick* Action too if it gets

12   remanded for further proceedings.  Even if plaintiffs manage to avoid the impact of *AT&T*

13   *Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and the motions to dismiss, Clearwire

14   would continue to vigorously litigate its other defenses.  The proposed Settlement eliminates the

15   risks associated with continued litigation and eliminates the substantial possibility that, after

16   more years of litigation, the Settlement Class might recover nothing.

17   The settlement of this litigation was achieved through the substantial efforts of plaintiffs,

18   who through hard-fought negotiations with Clearwire were able to achieve a significant

19   monetary recovery for Eligible Claimants as well as enhanced disclosures about network

20   management policies, and changes to Clearwire's ETF collection policies.  The Settlement was

21   accomplished only when plaintiffs were satisfied that the recovery and timing of the specific

22   benefits for the Settlement Class compared very favorably to the risks of continuing to litigate.

23   *See* Joint Decl. ¶ 12.

24   Although the deadline for objecting or requesting exclusion from the Settlement Class is

25   November 30, 2012, to date Class Counsel have received only six objections and have been

26   informed by the settlement administrator of only 279 requests for exclusion.  A relatively small

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

number of objections to the Settlement and requests for exclusion from the Settlement Class is evidence that the Settlement represents a good result and should be approved.

For all of the reasons discussed in this motion and the Joint Declaration, plaintiffs respectfully submit that the Court should approve the Settlement.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A detailed description of the factual and procedural background of the Actions, as well as the efforts of Class Counsel on behalf of the Settlement Class that resulted in the Settlement of the Actions, is set forth in the Joint Declaration.  For brevity's sake, it is not repeated here.

### ANALYSIS

### I.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED

"A district court's approval of a class-action settlement must be accompanied by a finding that the settlement is 'fair, reasonable, and adequate.'"  *Lane v. Facebook, Inc.*, 696 F.3d 811, 2012 WL 4125857, at *3 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)).

"[T]he district court … must evaluate the fairness of a settlement as a whole, rather than assessing its individual components."  *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).  "[T]he question whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect …"  *Id.* (citing *Hanlon*, 150 F.3d at 1027).  "[A] district court's only role in reviewing the substance of [a] settlement is to ensure that is 'fair, adequate, and free from collusion.'"  *Id.* (citing *Hanlon*, 150 F.3d at 1027).  *Accord*, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (finding "the negotiated amount [to be] fair and reasonable . . .  There is no evidence of fraud, overreaching, or collusion.").

"[A] court is not required to 'reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

settlements.'" *Rodriguez*, 563 F.3d at 964 (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)); *see also In re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *3 (W.D. Wash. Jul. 28, 1988) ("In determining whether to approve this settlement, the Court does not reach any conclusions as to the outcome of contested factual issues. . . . [T]his Court will not attempt to evaluate the likelihood of plaintiffs' success at trial.").

Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation. As the Ninth Circuit has observed, "[t]here are also very important policies that favor giving effect to agreements that put an end to the expensive and disruptive process of litigation." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1039 (9th Cir. 2011); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (noting "the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned") (internal quotation marks omitted); *Officers for Justice*, 688 F.2d at 625 ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation."). These policies favoring settlement apply here: In lieu of additional difficult class litigation, the parties agreed on a resolution and the Settlement Class can be compensated.

When evaluating the fairness of a class action settlement, courts in the Ninth Circuit are instructed to balance the following factors:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026 (quoting *Officers for Justice*, 688 F.2d at 625); *see also Lane*, 2012 WL 4125857, at *4 (referring to these as the "*Hanlon* factors"). These factors are not "an exhaustive list of relevant considerations"; and "[t]he relative degree of importance to be

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 4 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

attached to any particular factor" may vary from case to case.  *Officers for Justice*, 688 F.2d at 625.

### A.   The Strength of Class Representatives' Cases and the Substantial Settlement Benefits, When Balanced Against the Risk, Expense, Complexity, and Likely Duration of Further Litigation, Supports Approval of the Settlement

#### 1.   Complexity of Proof of Liability and Damages

Plaintiffs believe they could have proved that Clearwire made material misrepresentations and omissions about the Internet speed/quality it could provide to customers and that those misrepresentations or omissions caused customers to contract with Clearwire for services, only to be hit with ETFs if they cancelled due to unacceptable service.  Clearwire, however, adamantly denies liability and has continuously asserted from the outset of the Actions that they possess defenses to all claims.  *See* Joint Decl. ¶¶ 52, 73.

Plaintiffs recognize that Clearwire's motion to dismiss was granted in the *Minnick* Action, Clearwire's motions to compel arbitration in the *Dennings* and *Newton* Actions were not decided, no findings were made as to the suitability of the Actions for class treatment other than for settlement purposes, and no ultimate finding of liability or damages can ever be assured.  All three Actions had a higher probability of success when they were first filed than they had once the Supreme Court decided *Concepcion*.  *See* Joint Decl. ¶ 52.

Plaintiffs also faced considerable risks in establishing the essential elements of their claims.  For example, their claims under state consumer protection statutes require showing that Clearwire's advertising was misleading.  Clearwire has consistently contested this and was able to get the *Minnick* Action dismissed on the pleadings.  There is a possibility that this Court and/or the *Newton* court would agree with the court in *Minnick*.  *See* Joint Decl. ¶¶ 54-59.

Clearwire continues to raise a number of defenses to plaintiffs' claims including that plaintiffs would not be able to establish that Clearwire's advertisements were misleading and/or that, by means of Clearwire's Terms of Service, plaintiffs agreed to be subjected to Clearwire's practices.  *See* Joint Decl. ¶¶ 60-63.

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

A jury might find Clearwire's arguments persuasive.  Moreover, in order to prove some of their allegations, plaintiffs would have to rely on the testimony of Clearwire employees and customers about matters that occurred several years ago.  The longer this litigation takes, the greater the risk that witnesses' memories would fade.  In sum, plaintiffs would have faced considerable risks in proving liability had the Settlement not been reached.

Further, plaintiffs faced the considerable risk that they would not be able to establish causation and damages.  The parties' respective experts would no doubt reach opposite conclusions on these issues.  It is impossible to predict what the finder of fact would decide regarding causation and damages or whether that result would be upheld.  *See* Joint Decl. ¶ 64. *See also In re Apollo Grp., Inc. Sec. Litig.*, No. 04-2147, 2008 WL 3072731, at *6 (D. Ariz. Aug. 4, 2008), *rev'd*, 2010 WL 5927988 (9th Cir. June 23, 2010) (overturning jury award of approximately $280 million as a matter of law because the evidence at trial was insufficient to establish loss causation); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (overturning $81 million jury verdict because no reasonable jury could have concluded that defendant's misleading representations caused the plaintiff's loss).

This Settlement is a good result when weighed against these risks of continuing to litigate.  This factor favors approval.

### 2. Expense and Duration of Further Litigation

The immediacy and certainty of recovery is a factor for the Court to balance in determining whether this proposed Settlement is fair, adequate, and reasonable.  *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *4 ("[T]he Court finds that the best interests of the class are served by assuring that amount to the class now, before it is subjected to the vagaries of litigation."); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (internal citations omitted).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1    Here, Clearwire has demonstrated a commitment to defend this litigation through and

2    beyond trial, if necessary, and is represented by well-respected and highly capable counsel.  If

3    not for this Settlement, the litigation would have continued to be fiercely contested by all parties,

4    and the expense and time of continuing litigation would have been substantial.  *See In re Wash.*

5    *Pub. Power Supply*, 1988 WL 158947, at *2 (approving settlement and noting the "zealous

6    advocacy displayed by counsel on both sides"); *Fulford v. Logitech, Inc.*, No. 08-2041, 2010

7    U.S. Dist. LEXIS 29042, at *10-11 (N.D. Cal. Mar. 5, 2010) (noting that "[c]ontinued litigation

8    . . . would likely be expensive and lengthy.  The Settlement avoids a lengthy trial that likely

9    would have involved testimony by numerous witnesses and experts.  It also avoids the likely

10   appeal process that could continue for many months or even years after entry of a judgment.").

11   In all three Actions, each side would require additional document discovery and review,

12   depositions, and expert reports and discovery.  The Settlement, if approved, avoids the time and

13   expense that would be necessary in order to process and analyze that additional information.  *See*

14   Joint Decl. ¶ 53.

15   After completion of fact and expert discovery, Clearwire's expected motion for summary

16   judgment would have to be briefed and argued, a pre-trial order would have to be prepared,

17   proposed jury instructions would have to be submitted, and motions *in limine*, including *Daubert*

18   motions, would have to be filed and argued.  Substantial time and expense would be expended in

19   preparing the Actions for trial.  The trials themselves would be long, expensive, and uncertain—

20   and no matter the outcome, appeals would be likely.  *See* Joint Decl. ¶¶ 65-66.

21   Even if plaintiffs prevailed at trial, the appeals process could span several years, during

22   which the Settlement Class would receive no distribution from any damage award.  In addition,

23   an appeal from any verdict would carry the risk of reversal, in which case the Settlement Class

24   would receive no recovery.  *See* Joint Decl. ¶¶ 67.

25   At this juncture, the Settlement results in an immediate and substantial tangible recovery,

26   without the risk, expense, and delay of further litigation.  *See In re Wash. Pub. Power Supply*,

27   1988 WL 158947, at *4 (finding settlement to be in the "best interests of the class . .  before it is

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: 732-3752

subjected further to the vagaries of litigation"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) ("It has been held proper to take the bird in hand instead of a prospective flock in the bush.") (Internal citations omitted).  This factor likewise favors approval.

**B.      Representative Plaintiffs Have Engaged in Sufficient Discovery and Have Conducted a Thorough Investigation to Identify the Strengths and Weaknesses of Their Case and the Propriety of Settlement**

The stage of the proceedings and the amount of discovery completed is another factor that courts consider in determining the fairness, reasonableness, and adequacy of a settlement, and it weighs in favor of approval.  *Lane*, 2012 WL 4125857, at *4 (noting that "the extent of discovery completed and the stage of the proceedings" are relevant inquiries).  Plaintiffs thoroughly investigated their allegations and conducted sufficient discovery and analysis to enable them to intelligently agree to the Settlement.  For instance:

- Plaintiffs, through their counsel, reviewed and analyzed Clearwire's publicly available advertisements and other publicly available information regarding Clearwire, including numerous articles, informal online complaints, and information concerning potential financial difficulties from SEC filings and newspaper articles.  Class Counsel also interviewed numerous customers and former employees and of Clearwire with first-hand knowledge of the events that led to these Actions.  The *Newton* plaintiffs, after a motion to compel discovery, obtained some documents bearing on enforceability of Clearwire's arbitration clauses.  All plaintiffs collectively conducted pre-mediation discovery, especially of information that was important to intelligently reach a settlement; and all plaintiffs collectively conducted post-mediation discovery prior to entering into the Agreement.

- Plaintiffs, through their counsel, conducted in-depth legal research pertinent to the claims and defenses asserted.  They also devoted substantial effort to analyzing

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

the legal theories asserted and legal theories that they chose not to assert, in an effort to present the strongest cases possible under the circumstances.

*See* Joint Decl. ¶¶ 69-70.

Prior to entering into the Agreement, plaintiffs had a full understanding of the strengths and weaknesses of their claims, as well as the difficulties they would have faced in obtaining a more favorable result after continued litigation.  This factor supports approval of the Settlement.

C.     **The Recommendations of Experienced Counsel after Extensive Litigation and Arm's-Length Settlement Negotiations Favor the Approval of the Settlement**

As the Ninth Circuit has observed, "[t]his circuit has long deferred to the private consensual decision of the parties" and their counsel in settling an action.  *Rodriguez*, 563 F.3d at 965; *see also In re Wash. Pub. Power Supply*, 1988 WL 158947 at *3 ("Class counsel are experienced in securities class action litigation, and their recommendation for approval is based on a thorough understanding of the strengths and weaknesses of their case from both a factual and legal standpoint.  Their recommendation is entitled to great weight."); *Gong-Chun v. Aetna Inc.*, No. 09-1995, 2012 WL 2872788, at *16 (E.D. Cal. Jul. 12, 2012) ("In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.") (citing *Nat'l Rural Telecomms.*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation")).

Where, as here, a proposed class settlement has been reached after arm's-length negotiation conducted by capable counsel, it is presumptively fair.  *See Rodriguez*, 563 F.3d at 965 ("[The Ninth Circuit] put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Lo v. Oxnard European Motors, LLC*, No. 11-1009, 2011 WL 6300050, at *6 (S.D. Cal. Dec. 15, 2011) (holding that a "presumption of reasonableness is warranted based on Plaintiff's counsel's ample experience in class action litigation, . . . as well as the fact that the parties engaged in arm's-length negotiations"); *In re Omnivision Techs., Inc.*,

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR                                          - 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.") (internal quotation marks omitted).

Throughout the parties' vigorous negotiation, there was no collusion.  Joint Decl. ¶¶ 29-33.  The Ninth Circuit has advised district courts about signs of potential collusion in a class action settlement.  These signs include:

> (1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded, (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds …, and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (citations and internal quotation marks omitted).  These signs do not point to collusion here:  (1) The Settlement Class will receive a considerable benefit, with no upper limit placed on Clearwire's financial obligation to pay valid claims.  Class Counsel are not benefiting disproportionately.  (2) While Clearwire agreed not to oppose plaintiffs' motion for fees (subject to the dollar limit expressed in the Agreement), this is commonplace; this factor alone does not outweigh the evidence of no collusion.  And, (3) No amount of unawarded attorneys' fees will revert back to Clearwire.  Any unawarded amount is available to increase the amount distributed to Eligible Claimants.  *See* Waiver (Dkt. 68); Joint Decl. ¶¶ 102.

Class Counsel, having carefully considered and evaluated, among other things, the relevant legal authorities and evidence to support the claims asserted against Clearwire; the likelihood of prevailing on these claims; the risk, expense, and duration of continued litigation; and the likely appeals and subsequent proceedings necessary if plaintiffs were to prevail against Clearwire at trial, have concluded that the Settlement is a favorable result for the Settlement Class.  This litigation was settled only after Class Counsel considered the risks of continued litigation and engaged in extensive settlement negotiations, including formal sessions with a well-respected independent mediator, the former Chief Magistrate Judge of the U.S. District

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

Court, Northern District of California, Edward A. Infante of JAMS.  Weight should be given to the opinion of experienced counsel that the Settlement is in the best interest of the Settlement Class.  *See* Joint Decl. ¶¶ 72-77.

### D.    The Risks of Maintaining the Class Action through Trial Weigh in Favor of Approval of the Settlement

"[T]he risk of maintaining class action status throughout the trial" is a factor that should be considered in approving settlement.  *Lane*, 2012 WL 4125857, at \*4.

If litigation continues in the Actions, the biggest risk facing most plaintiffs and proposed settlement class members is that is they would be forced to individually arbitrate their claims.  If this occurs, they are likely not going to be able to vindicate their rights because individual arbitrations would be too costly.[2]  *See* Joint Decl. ¶ 78.

Even if plaintiffs survive Clearwire's motions to compel arbitration and to dismiss, Clearwire would likely assert defenses against class certification.  *See* Joint Decl. ¶ 58.

And if a class were certified, there is no guarantee it would stay certified.  Under Rule 23, a court may exercise its discretion to re-evaluate the appropriateness of class certification at any time.  *See Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001) (noting that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court"); *see also Rodriguez*, 563 F.3d at 966 ("[a] district court may decertify a class at any time.").

Accordingly, the risk of failing to maintain a class through trial is significant and weighs in favor of the Settlement.

### E.    The Initial Reaction to the Proposed Settlement Supports the Settlement

A relatively small number of objections to the Settlement and requests for exclusion from the Settlement Class supports final approval.  *See, e.g., Rodriguez*, 563 F.3d at 967 ("The court

---

[2]    Certain customers may be permitted to bring claims in small claims court but this would likewise be too time consuming and costly given the amounts at stake.

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

had discretion to find a favorable reaction to the settlement among class members given that, of 376,301 putative class members to whom notice of the settlement had been sent, 52,000 submitted claims forms and only fifty-four submitted objections.").[3]

This motion is being filed and posted on the settlement website well before the objection deadline so that Settlement Class Members have a chance to read it and comment on it.

The deadline for submitting objections is November 30, 2012.  Although that date has not yet passed, as of the date of this motion, only six objections have been received by Law Offices of Clifford A. Cantor, P.C.  *See* Joint Decl. ¶¶ 15, 43, 81, 133.  Yet notice was sent to over 3 million members of the Settlement Class.  Declaration of Jennifer M. Keough of Garden City Group ("Keough Decl.") ¶¶ 10-13.

Similarly, the deadline for requesting exclusion from the Settlement Class is November 30, 2012.  Again, that date has not yet passed.  To date, the Settlement Administrator has received 279 requests for exclusion.  *See* Keough Decl. ¶ 19.  The reaction of the Settlement Class to date has been favorable and supports final approval of the Settlement.

## II.   THE NOTICE PLAN APPROVED BY THE COURT SATISFIES DUE PROCESS AND HAS BEEN FULLY AND SUCCESSFULLY IMPLEMENTED

On August 24, 2012, the Court entered the its Preliminary Approval Order.  (Dkt. 64). That order set a schedule for transmitting notice by email and/or postcard directly to members of

---

[3]    *See also In re Wash. Pub. Power Supply*, 1988 WL 158947, at *3 (noting that there were fewer than ten written objections from a class of more than 24,000 and holding that "[t]he reaction of the class members to the proposed settlement is also an important factor in evaluating the fairness of the settlement"); *White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086, 1099-1100 (C.D. Cal. 2011) (holding that a positive reaction by the class "overall" supported settlement even when objectors and opt-outs existed); *Nat'l Rural Telecomms.*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Glass v. UBS Fin. Servs., Inc.*, No. 06-4068, 2007 U.S. Dist. LEXIS 8476, at **15-16 (N.D. Cal. Jan. 26, 2007) (approving settlement with opt-out rate of approximately 2%).

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR                                          - 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1    the Settlement Class and posting the Long-Form Notice and Claim Form to a settlement website,

2    the address of which was conspicuously identified in the email and postcard notices.  The

3    administrator carried out this plan.  *See* Keough Decl.

4        The email notice contained live links directly to the settlement website and to the claim

5    form and the postcard notice contained the Internet address of the settlement website.  The email

6    and postcard notices also included a toll-free telephone number to obtain information from the

7    administrator and pertinent information about the Settlement in summary form.  The Long-Form

8    Notice on the settlement website included not only the toll-free number to the administrator but

9    also the name and address for Class Counsel Cantor.  From this information, Class Counsel

10   Cantor responded to hundreds of inquiries about the settlement or Claim Form, *See* Exhibit B to

11   Compendium of Declarations ¶ 3b; and so far the administrator has logged over 13,000 calls to

12   its toll-free information number.  *See* Keough Decl. ¶ 18.

13       The settlement administrator disseminated notice to consumers who fall within the

14   Settlement Class definition by email and/or postal address on file in Clearwire's records.  *See*

15   Keough Decl. ¶¶ 9-13.  Over 3,600,000 notices were sent by these two methods.  *See Id.* ¶¶ 10,

16   13.  This is considerably more than the estimated number of members of the Settlement Class.

17   *Id.* at ¶ 10 (in last sentence).  Each of these notices provided key information about the

18   Settlement, including the opportunity to object or opt out and the date of the Settlement Hearing;

19   and directed consumers to the settlement website at www.denningssettlement.com, which

20   contains detailed information about the Actions and the Settlement.  Copies of the email and

21   postcard summary notices are attached to the Keough Declaration as Exhibits E and F.

22       The settlement website provides consumers with detailed information about the

23   settlement's terms; subscribers' rights in connection with the settlement; the ability to easily

24   participate in the settlement (either by a streamlined Internet claim process or, at the user's

25   option, by downloading a claim form and mailing it back); and the date, time, and location of the

26   Settlement Hearing, at which the Court will consider final approval of the Settlement.  *See*

27   Keough Decl. ¶ 16.  Copies of the Claim Form (Internet version and downloadable version) are

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR                    - 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1   attached to the Keough Declaration as Exhibits H and I.

2       At the joint request of Class Counsel and Clearwire, the settlement administrator took

3   steps to ensure that, in an Internet search for "clearwire settlement" using any of the top search

4   engines (e.g., Google, Bing, Yahoo, Ask), the settlement website appears at least on the first

5   page of search results.  The administrator accomplished this.  Keough Decl. ¶ 17.

6       The Long-Form Notice describes the nature, history and status of the Actions, sets forth

7   the Settlement Class definition, describes the class claims and issues, explains the right of people

8   who would be in the Settlement Class to exclude themselves from it as well as the deadline and

9   procedure for doing so, and warns of the binding effect of the Settlement, if approved, on people

10   who stay in the Settlement Class.  The Long-Form Notice describes the Settlement and the

11   benefits that, if approved, will be distributed among the Settlement Class.  It sets out the amount

12   of attorneys' fees and expenses, plus Class Representative service awards, that Class Counsel

13   intend to seek in connection with final settlement approval.  It summarized the reasons the

14   Parties are proposing the settlement.  It provides contact information for Class Counsel.  The

15   Long-Form Notice discloses the date, time and place of the Settlement Hearing, and the

16   procedures for objecting to the settlement and appearing at the hearing.  The contents of the

17   Long-Form Notice therefore satisfy all applicable requirements.  This Long-Form Notice is

18   attached to the Keough Declaration as Exhibit G.

19       Clearwire also provided notice of this Settlement to state and federal officials in

20   accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(a), mailing

21   the CAFA notice package to all appropriate recipients.  Keough Decl. ¶ 8.

22       Garden City estimates that the email and mailed notice effort reached 94.6% of potential

23   Settlement Class Members.  *See* Keough Decl. ¶ 14  Given the size of the Settlement Class, the

24   Notice Program approved and implemented here was clearly appropriate.  Numerous courts have

25   approved notice programs that reached a comparable or lower percentage of class members.  *See*,

26   *e.g., Fulford,* 2010 U.S. Dist. LEXIS 29042 at **3-4 (approving e-mail and mail notice plan

27   based on registration records with 85% reach); *In re Lupron Mktg. & Sales Practices Litig.*, 228

PLS.'S MOT. FOR FINAL APPROVAL
No. C10-1859 JLR

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

F.R.D. 75, 85 (D. Mass. 2005) (approving combined direct mail and publication notice program that reached 80% of class members); *Nichols v. Smithkline Beecham Corp.*, No. 00-6222, 2005 WL 950616, at *10 (E.D. Pa. Apr. 22, 2005) (approving notice program where publication reached 81.9% of class members).

The parties endeavored to carry out an effective and robust notice program that satisfies the requirements of constitutional due process, Rule 23, and all applicable case law; and respectfully submit that they have done so.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER

Plaintiffs request that the Court certify the proposed Settlement Class consisting of all persons and entities who (a) purchased Clearwire's retail services between November 14, 2004, and February 27, 2012, and (b) provided Clearwire with a billing address in the United States. As this Court held in its Preliminary Approval Order, this case meets the prerequisites for class certification under Rule 23(a): numerosity, commonality, typicality, and adequate representation. In addition, the case satisfies the requirements of Rule 23(b)(3).  *See* Preliminary Approval Order dated August 24, 2012 (Dkt. 64) at 2:24 - 4:4.

### A.      The Proposed Settlement Class Meets the Requirements of Rule 23(a)

The Settlement Class is so numerous that joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1).  The Settlement Class numbers in the millions.  Keough Decl. ¶ 10. This satisfies the numerosity requirement of Rule 23(a).

There are also questions of law common to the proposed Settlement Class.  Fed. R. Civ. P. 23(a)(2).  Commonality exists when one or more questions are "capable of classwide resolution" and are "apt to drive the resolution of the litigation."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal citations omitted).   In the absence of class certification and settlement, each individual Settlement Class Member would be forced to litigate core common issues of law and fact, including (1) whether Clearwire's clause requiring individual arbitration is enforceable; (2) whether Clearwire's advertising, which was reasonably uniform until recently, was misleading; (3) Clearwire's Terms of Service demonstrate that all subscribers

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813   •   Fax: 732-3752

1  consented to shaping; and (4) whether Clearwire improperly assessed ETFs.  These questions are

2  capable of classwide resolution and are apt to drive the resolution of the litigation.  Thus, the

3  Settlement Class satisfies the commonality requirement of Rule 23(a)(2).

4  The Class Representatives' claims are likewise typical of those of the Settlement Class.

5  Fed. R. Civ. P. 23(a)(3).  "[R]epresentative claims are 'typical' if they are reasonably co-

6  extensive with those of absent class members; they need not be substantially identical."  *Hanlon*,

7  150 F.3d at 1020.  The typicality requirement is satisfied here because the claims of the Class

8  Representatives and other members of the Settlement Class are reasonably coextensive.  Every

9  Settlement Class Member purchased wireless services from Clearwire and was subjected to the

10  same set of practices.

11  Finally, the Class Representatives[4] are adequate because they have no known claims

12  antagonistic to other members of the Settlement Class.  Fed. R. Civ. P. 23(a)(4).  Likewise, the

13  Class Representatives engaged attorneys with extensive experience in the area of consumer class

14  litigation who have successfully prosecuted numerous class actions and other complex litigation

15  on behalf of injured consumers in this District and across the country.  Class Counsel vigorously

16  and skillfully pursued this litigation, securing a settlement that is in the Settlement Class's best

17  interests.

18  **B.     The Proposed Settlement Class Satisfies Rule 23(b)(3)**

19  In addition to meeting the prerequisites of Rule 23(a), the requirements of Rule 23(b)(3)

20  are satisfied.  Common questions of law or fact predominate in this case and a class action is the

21  _____

22  [4]     The Class Representatives listed in the Preliminary Approval Order [Dkt. 64] at
paragraph 2(c) inadvertently included Eva Girod.  Ms. Girod was not in the definition of
Representative Plaintiffs in the Agreement at paragraph 1.16 ["Representative Plaintiffs" means
23  (a) Michael Bobowski; (b) Alyson Burn; (c) Steven Cockayne; (d) Brian Crawford; (e) Dan
Dazell; (f) Angelo Dennings; (g) Cheyenne Fegan; (h) Sharon Floyd; (i) Gregory Guerrier; (j)
24  Johanna Koskinen; (k) Elena Munoz-Alazazi; (l) Elaine Powell; (m) Alia Tsang; (n) Kyle
Williams; (o) Chad Minnick; (p) Linda Stephenson; (q) Stephen Reimers; (r) Donald Schultz; (s)
25  Corey Jelinski; (t) Victoria Bartley; (u) Christopher Cuhel; (v) Karen Grefsrud; (w) Rita
Mcvicker; (x) Glenn Reynolds; and (y) Sharon Newton] and she should not have been listed as a
26  Class Representative in the Preliminary Approval Order.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

1    superior, if not the only, method available to fairly and efficiently litigate these claims.

2        Where a complaint alleges a common course of conduct of misrepresentations,

3    omissions, and other wrongdoings that affect all class members in the same manner, common

4    questions predominate.  *Blackie v. Barrack*, 524 F.2d 891, 905-08 (9th Cir. 1975).  The most

5    important issues in this litigation are common, not individual.  These include, among others,

6    whether subscribers must individually arbitrate their claims; whether Clearwire's advertising

7    (which was reasonably uniform until recently) was misleading; whether, by means of

8    Clearwire's Terms of Service, all subscribers consented to the challenged practices; and whether

9    Clearwire's ETF practices were wrongful.

10       Rule 23(b)(3) also requires the Court to determine that "a class action is superior to other

11   available methods for fairly and efficiently adjudicating the controversy."  A class action is

12   superior where "classwide litigation of common issues will reduce litigation costs and promote

13   greater efficiency."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).  The

14   parties propose that, by approval of the Settlement as a class action, there will be no further

15   litigation—thereby avoiding any inquiries into potential management problems.  *See, e.g.,*

16   *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).  Alternatives include thousands of

17   individual cases alleging identical misconduct—which will scarcely promote efficiency; or

18   having or no cases at all due to the prohibitive cost of individual cases—which under Rule

19   23(b)(3) is not considered a method of "adjudicating" the controversy.  *See, e.g., Phillips*

20   *Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (where "claims averag[e] about $100 per

21   plaintiff[,] most of the plaintiffs would have no realistic day in court if a class action were not

22   available.").

23       Resolution of the claims through the proposed Settlement Class is superior to any other

24   available method of adjudication.  Accordingly, certification of the Settlement Class under Rule

25   23(b)(3) is appropriate.

26

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

**CONCLUSION**

For all the reasons set forth above and in the Joint Declaration, plaintiffs respectfully submit that the proposed Settlement is fair, reasonable, and adequate and warrants this Court's final approval.

Dated: November 8, 2012                    Respectfully submitted,

                                           By: *s/ Cliff Cantor*
                                           Cliff Cantor, WSBA # 17893
                                           LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                           627 208th Ave. SE
                                           Sammamish, WA 98074
                                           Tel:    (425) 868-7813
                                           Fax:    (425) 732-3752
                                           Email: cliff.cantor@comcast.net

                                           MILBERG LLP
                                           Peter Seidman
                                           One Penn Plaza
                                           New York, NY 10119
                                           Tel:    (212) 594-5300
                                           Fax:    (212) 868-1229
                                           Email: pseidman@milberg.com

                                           REESE RICHMAN LLP
                                           Kim E. Richman
                                           875 Ave. of the Americas, 18th Fl.
                                           New York, NY  10001
                                           Tel:    (212) 579-4625
                                           Fax:    (212) 253-4272
                                           Email: krichman@reeserichman.com

                                           Counsel for plaintiffs in *Dennings* [5]

                                   *        *        *

                                           PETERSON WAMPOLD ROSATO
                                              LUNA KNOPP
                                           Felix Gavi Luna
                                           1501 Fourth Ave., Ste. 2800
                                           Seattle, WA 98101

---

[5]      *See supra* at 1 n.1.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

Tel:     (206) 624-6800
Fax:     (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:     (202) 973-0900
Fax:     (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

*          *          *

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:     (415) 568-2555
Fax:     (415) 568-2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:     (612) 252-3570
Fax:     (612) 252-3571
Email: bmiller@baillonthome.com

Counsel for plaintiffs in *Newton*

**Class Counsel**

**Certificate of Service**

I certify that, on November 8, 2012, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752