THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | | |
|---|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) | **CLASS ACTION**  Case No. C10-1859-JLR  OBJECTION TO PROPOSED CLASS SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES |
| Plaintiffs, | ) ) | NOTE ON MOTION CALENDAR: Wednesday, December 19, 2012 at 3:00 p.m. |
| v. | ) ) ) | |
| CLEARWIRE CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

Objector Gordon B. Morgan is a class member. His address is 4701 Ayers St., Ste. 105, Corpus Christi, Texas 78415; his phone is (281) 733-4097. A true and correct copy of his mailed notice is attached as Exhibit 1; a true and correct copy of his claim form is attached as Exhibit 2.

Objector Jeremy De La Garza is a class member. His address is 5334 Everhart, Suite 203, Corpus Christi, Texas 78411; his phone is (361) 688-2383. A true and correct copy of his mailed notice is attached as Exhibit 3; a true and correct copy of his claim for is attached as Exhibit 4.

This settlement is illusory and violates Rule 23 and Ninth Circuit precedent. The Court should reject it for three independent reasons. At a minimum, the fee request must be reduced.

First, the settlement is structured as a "claims made" settlement. Such settlements are designed to artificially deflate the payout by defendants and maximize the fees recovered by the class counsel. As any settlement administrator will testify, when a defendant requires parties to file claims, the claims rate will usually be in the one percent range. A $10 check issued to a class member is not the same thing as the possibility that a class member will request a $10 check, and should not be treated as of equal economic value, when the first procedure benefits the whole class and the latter procedure is likely to produce benefit to only 1% of the class. The parties are deliberately hiding from this court any disclosure of the amount the class will actually receive in the settlement; indeed, they violate Rule 23(h) by failing to disclose to the class the basis of their claim that the "percentage of the recovery" approach meets what they admit is the Ninth Circuit's 25% benchmark. Docket No. 71 at 13-14. Moreover, they seek to hide this information from the court by scheduling the claims deadline after the fairness hearing. This violates *In re Bluetooth Prod. Liab. Litig.*: a district court must have before it the data to make "necessary calculations" to calculate the "benefit obtained for the class." 654 F.3d 935, 945 (9th Cir. 2011). In reality, the class is likely to recover only about $1 million, half of what the attorneys are recovering. As class action expert Ted Frank wrote on his blog,

> But Clearwire won't be systematically refunding its customers; class members have to fill out a claim form. Class members who are current customers will get credits on their account after filling out a claim form. Under some generous assumptions (say, 1.3 million current customers with a 2% claims rate and an average claim of $50 that gets entirely used, and 1 million former customers with a 0.5% claim rate and an average claim of $50), Clearwire will settle for about $3.25 million, and the attorneys will get 60% of that. It's almost certain that class recovery will not

OBJECTION TO PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. C10-1859-JLR - 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

reach the $6 million figure to justify a $2 million fee under the
Ninth Circuit's 25% benchmark rule.

*See* Ted Frank, "*Dennings v. Clearwire Corporation* class action settlement," Point of Law (Oct.

17, 2012), available at http://www.pointoflaw.com/archives/2012/10/dennings-v-clearwire-

corporation-class-action-settlement.php. Indeed, the settlement is even worse than Frank

indicates; any uncashed checks will revert to the defendant.

Second, the settlement has two of the three indicia of impermissible *Bluetooth* self-

dealing. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011);

*McClintoc v. Lithia Motors, Inc.*, No. C11-859RAJ (W.D. Wash. Jan. 12, 2012). First, the fees

are disproportionate to the relief the class will receive, a number that the parties are

impermissibly hiding from the court and the class. Class counsel's lodestar claims are irrelevant:

a lodestar is a ceiling, not a floor, and any lodestar must be justified by a cross-check against the

percentage of recovery under *Bluetooth*: counsel's fee cannot "dwarf class recovery." 654 F.3d at

945. Given that the class will likely collect far less than the $6 million required to justify the $2

million requested, the result is disproportionate, unless the court reduces the fee award. *See also*

*Dennis v. Kellogg* (9th Cir. Sep. 4, 2012). Secondly, the settlement contains a clear sailing

provision without any offsetting relief to the class. Contrary to class counsel's claim, the issue in

*Bluetooth* is not just collusion, but whether there is "a breach of fiduciary duty owed the class

during settlement" because the class counsel "allowed pursuit of their own self-interests and that

of certain class members to infect the negotiations" at the expense of their putative clients. *Id.* at

946-47. Thus, contrary to class counsel's claims, merely satisfying the *Churchill* factors is

insufficient to merit settlement approval. *Id.* at 946. We can add another sign of self-dealing not

discussed by *Bluetooth*: class counsel negotiated for itself a "quickpay provision" that requires

the defendant to pay class counsel before the class is entitled to a single dollar—perhaps as much

OBJECTION TO PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. C10-1859-JLR - 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

as two years in advance. This alone merits a reduction in the fee request to compensate the class for the time value of money.

Third, the settlement impermissibly assigns $2 million to the Milberg law firm for it to allocate among other law firms. Settlement § 4.02. It is illegal for a settlement to delegate the Rule 23(h) award in such a manner. *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008) (striking down such a delegation even when overseen by a court in an *ex parte* proceeding). Here, the settlement does not even provide the fig-leaf of the *ex parte* proceeding that *High Sulfur* deemed impermissible. If individual law firms have secretly agreed to accept less than the lodestar alleged to this court, that money should go to the class, rather than the law firm with the power to pull the strings.

Even if the settlement is approved, and the court decides to disregard the command of *Bluetooth* and *Dennis* that fees may not be disproportionate to the *recovery* of the class (as opposed to a hypothetical fictional possible recovery), the fees must be reduced. Class counsel is claiming an entitlement to a multiplier, but all of its precedent has been superseded by the Supreme Court's command in *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), that multipliers are only appropriate in extraordinary circumstances.

Morgan and De La Garza reserve the right to have counsel appear at the fairness hearing, and to cross-examine any witnesses introduced in support of the settlement and fee request. Morgan and De La Garza join and adopt any other objections filed that are not inconsistent with this one.

OBJECTION TO PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. C10-1859-JLR - 4

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

1

Dated this 30th day of November, 2012.

2

By: s/ Donald W. Heyrich

3
        Donald H. Heyrich, WSBA No. 23091

4
        HEYRICH KALISH MCGUIGAN PLLC
        1325 Fourth Avenue, Suite 540

5
        Seattle, WA 98101
        Telephone: 206-838-2504

6
        Fax: 206-260-3055
        E-mail: DHeyrich@hkm.com

7

8
        /s/ Christopher A. Bandas
        Christopher A. Bandas (*Pro Hac Vice Pending*)

9
        Texas State Bar No. 00787637
        BANDAS LAW FIRM, P.C.

10
        500 North Shoreline, Suite 1020
        Corpus Christi, Texas 78401-0353

11
        Telephone (361) 698-5200
        Facsimile (361) 698-5222

12

13
        *ATTORNEYS FOR APPELLANTS*
        *GORDON B. MORGAN AND*

14
        *JEREMY DE LA GARZA*

15

16

17

18

19

20

21

22

23

24

25

26

27

OBJECTION TO PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. C10-1859-JLR - 5

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

**PROOF OF SERVICE**

I certify that a true and correct copy of the foregoing document has been forwarded to all

counsel via CM-ECF filing on this the 30th day of November 2012.

Clifford A. Cantor *(Also sent via First Class Mail, postage pre-paid)*
Law Offices of Clifford A. Cantor
627 208th Ave, SE
Sammamish, WA 98074

MILBERG LLP
Peter E. Seidman
Joshua Keller
One Penn Plaza
New York, NY 10119-0165

Fees Richman LLP
Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th FL.
New York, NY 10169

*Attorneys for Represented Plaintiffs*

Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue, Ste. 2200
Seattle, WA 98101-3045

*Attorneys for Clearwire Corporation*

                                    *s/ Heidi M. Powell*
                                    Heidi M. Powell, Paralegal

OBJECTION TO PROPOSED CLASS SETTLEMENT
AND AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. C10-1859-JLR - 6

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

# EXHIBIT 1

**Clearwire customers: If you paid for retail services from Clearwire Corp. between Nov. 14, 2004, and Feb. 27, 2012, you could be entitled to benefits under a class action settlement.**

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

This is an official court notice from the United States District Court for the Western District of Washington at Seattle.
*Dennings v. Clearwire,*
No. 2:10-cv-01859-JLR

Clearwire Litigation
Settlement Administrator
c/o GCG
P.O. Box 9910
Dublin, OH 43017-5810

Presorted
First Class Mail
U.S. Postage
**PAID**
S. Hackensack, N.J.
Permit No. 1460

CLW0235497377



Claim No: CLW03997930

Control No: 0253642490

*****AUTO**SCH 5-DIGIT 78415
GORDON MORGAN
4701 AYERS ST
STE 105
CRP CHRISTI TX 78415-1420

This notifies you of a proposed settlement of three class actions against Clearwire.

Clearwire's records show you are a member of the Plaintiff Settlement Class. Plaintiffs claim Clearwire misrepresented its Internet service speeds by failing to disclose it might restrict its customers' Internet speeds and that Clearwire provided poor Internet and phone service, engaged in misleading advertising, and imposed early termination fees ("ETFs") that prevented customers from terminating because of poor service. *Clearwire denies any wrongdoing and has asserted many defenses.* In agreeing to settle, Clearwire does not admit any wrongdoing.

As part of the proposed settlement, Clearwire will provide payments or credits to Class Members who submit a valid Claim Form. For details on the calculation of the dollar amounts of these payments/credits, go to www.DenningsSettlement.com. Clearwire will also enhance disclosures about network management policies and change its ETF collection policies.

*TO RECEIVE A PAYMENT UNDER THE SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM BY January 9, 2013.*

If you want to exclude yourself from this Settlement, you must send a written request specifically stating that you request exclusion to *Clearwire Litigation* Settlement Administrator, c/o GCG, P.O. Box 9910, Dublin, OH 43017-5810 postmarked *no later than November 30, 2012.*

If you remain a Class Member, you may object to the Settlement by writing to the Court and sending copies to Counsel no later than November 30, 2012. Full details on how to object or exclude yourself can be found at www.DenningsSettlement.com.

The Court will hold a hearing on December 19, 2012, at 3:00 p.m. to consider whether to approve the Settlement and award attorneys' fees and expenses as requested, in an amount not to exceed $2 million. You or your lawyer may ask to appear and speak at your own expense, but you don't have to. The full text of the Long-form Notice and a downloadable Claim Form are available at www.DenningsSettlement.com. The website also explains the Settlement terms in more detail. Call 1-888-277-8960 or write to *Clearwire Litigation* Settlement Administrator, c/o GCG, P.O. Box 9910, Dublin, OH 43017-5810 to request the Long-form Notice and Claim Form. This Notice is only a summary.

EXHIBIT 1

# EXHIBIT 2

## Dennings v. Clearwire Corporation

Thank you. Your claim has been successfully submitted. Please retain this confirmation for your records.

Claim #: 3997930
Control #: 0253642490

Dated: 2012-11-30 13:23:38

[ Print ]

PRIVACY POLICY | ©2012 GCG | ALL RIGHTS RESERVED
CMH-IIS1

EXHIBIT 2

# EXHIBIT 3

**From:** denningssettlement@tgcginc.com
**Date:** September 21, 2012, 5:13:31 AM CDT
**To:** jdremax@me.com
**Subject: Dennings v. Clearwire Corporation Case No: 2:10-cv-01859-JLR - Notice of Proposed Class Action Settlement**
**Reply-To:** denningssettlementDoNotReply@tgcginc.com

### Clearwire customers: If you paid for retail services from Clearwire Corp. between Nov. 14, 2004, and Feb. 27, 2012, you could be entitled to benefits under a class action settlement.

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.*

This is an official court notice from the United States District Court for the Western District of Washington at Seattle.

*Dennings v. Clearwire*, No. 2:10-cv-01859-JLR

This notifies you of a proposed settlement of three class actions against Clearwire.

Clearwire's records show you are a member of the Plaintiff Settlement Class. Plaintiffs claim Clearwire misrepresented its Internet service speeds by failing to disclose it might restrict its customers' Internet speeds and that Clearwire provided poor Internet and phone service, engaged in misleading advertising, and imposed early termination fees ("ETFs") that prevented customers from terminating because of poor service. **Clearwire denies any wrongdoing and has asserted many defenses.** In agreeing to settle, Clearwire does not admit any wrongdoing.

As part of the proposed settlement, Clearwire will provide payments or credits to Class Members who submit a valid Claim Form. For details on the calculation of the dollar amounts of these payments/credits, go to **www.DenningsSettlement.com**. Clearwire will also enhance disclosures about network management policies and change its ETF collection policies.

***TO RECEIVE A PAYMENT UNDER THE SETTLEMENT, YOU MUST <u>SUBMIT A CLAIM FORM</u> BY JANUARY 9, 2013 (<u>https://secure.gcginc.com/clw/logon.aspx</u>). Your claim and control numbers for filing a claim online are 4101458 and 0050451040, respectively.***

If you want to exclude yourself from this Settlement, you must send a written request specifically stating that you request exclusion to *Clearwire Litigation* Settlement

1

EXHIBIT 3

Administrator, c/o GCG, P.O. Box 9910, Dublin, OH, 43017-5810 postmarked *no later than November 30, 2012.*

If you remain a Class Member, you may object to the Settlement by writing to the Court and sending copies to Counsel no later than **November 30, 2012**. Full details on how to object or exclude yourself can be found at **www.DenningsSettlement.com**.

The Court will hold a hearing on *December 19, 2012*, at **3:00 p.m.** to consider whether to approve the Settlement and award attorneys' fees and expenses as requested, in an amount not to exceed $2 million. You or your lawyer may ask to appear and speak at your own expense, but you don't have to. The full text of the Long-form Notice and a downloadable Claim Form are available at **www.DenningsSettlement.com**. The website also explains the Settlement terms in more detail. Call (1-888-277-8960) or write to *Clearwire Litigation* Settlement Administrator, c/o GCG, P.O. Box 9910, Dublin, OH, 43017-5810 to request the Long-form Notice and Claim Form. This Notice is only a summary.

Your claim number is: 4101458

Your control number is: 0050451040

United States District Court for the Western District of Washington at Seattle has ordered this email to be sent. If you wish to UNSUBSCRIBE from future email messages from the Settlement Administrator with regard to this Settlement, please click on this link.

**EXHIBIT 4**

11/30/12 10:02 AM

## Dennings v. Clearwire Corporation

Thank you. Your claim has been successfully submitted. Please retain this confirmation for your records.

Claim #: 4101458
Control #: 005045104D

Dated: 2012-11-30 11:01:30

Print

PRIVACY POLICY | © 2012 GCG | ALL RIGHTS RESERVED
CMDI-US3

https://secure.gcginc.com/claimPrintWindow.aspx

Page 1 of 1

EXHIBIT 4