The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859-JLR<br><br>**PLAINTIFFS' MOTION TO ALLOW DEPOSITIONS OF OBJECTORS GORDON B. MORGAN AND JEREMY DE LA GARZA**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, December 21, 2012 |

**NATURE OF MOTION**

Plaintiffs move for an order allowing them to take the depositions of Mr. Gordon B. Morgan and Mr. Jeremy De La Garza, who filed a joint objection to the proposed Settlement on the last day of the period for opting out or objecting.

These two objectors' counsel, Mr. Christopher A. Bandas, has been recognized as a "serial" objector with suspect motives:

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

> [A]ttorney Christopher Bandas, a "professional" or "serial" objector [is] located in Corpus Christi, Texas. … Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (footnote omitted).

Plaintiffs' purpose of taking depositions of Mr. Morgan and Mr. De La Garza is to determine whether they are "'improperly attempting to hijack the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified legal fees.'" *Id.* at 533 n.4 (internal quotation marks omitted).

Accordingly, plaintiffs seek an order permitting them to serve subpoenas (in substantially the form attached to this motion) on these two gentlemen and take their depositions. If this Court grants leave to take their depositions, plaintiffs intend to have the subpoenas issued by the court for the district where the depositions will be taken—i.e., where the objectors live. *See* Fed. R. Civ. P. 45(a)(2)(B).

## GROUNDS FOR MOTION

Plaintiffs recognize the importance and value of objections as a part of class action settlement procedure. Plaintiffs do not routinely take depositions of objectors and have not sought to take depositions of any of the other six objectors to the proposed settlement here.

However, the objection of Mr. Morgan and Mr. De La Garza bears some indication that it was not intended seriously to assist this Court in improving the result for the class. *See infra* at 4. Coupled with Mr. Bandas's history as described in case law, plaintiffs are forced to confront at least the possibility that the objection was submitted for an improper purpose.

The Federal Judicial Center has advised courts to "watch out … for canned objections from professional objectors who seek out class actions to extract a fee by lodging generic, unhelpful protests." Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges*, at p. 15 (Federal Judicial Center, 2d ed. 2009), available

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

at http://www.fjc.gov/public/pdf.nsf/lookup/classgd2.pdf/$file/classgd2.pdf.  Such objectors and/or counsel "are a pariah to the functionality of class action lawsuits, as they maraud proposed settlements—not to assess their merits on some principled basis—but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process." *Snell v. Allianz Life Ins. Co. of N. Am.*, No. Civ. 97-2784 RLE, 2000 WL 1336640, at *9 (D. Minn. Sep. 8, 2000).

To get to the bottom of these issues, courts often allow depositions of such objectors. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. at 533 & 534 (N.D. Cal. 2012) (the court analyzed the possibility that objector Hull might be represented by or connected to Mr. Bandas, then ruled: "It is hereby ordered that objector Sean Hull shall appear for a deposition not to exceed four hours in length"); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. M:07-cv-1819-CW, 2011 U.S. Dist. LEXIS 112915, at *27 (N.D. Cal. Sep. 23, 2011) ("Plaintiffs' Motion To Compel Discovery From Objectors is hereby GRANTED. Objectors Barbara Cochran and Kelsey Foligno shall each appear for a deposition not to exceed three hours in length").

**A.     Brief Description of the Settlement and Reaction by Class**

The proposed settlement here is the product of the combined negotiating power of the plaintiffs in three separate cases filed as class actions.  The complaints together alleged, inter alia, deceptive advertising, wrongful shaping of Internet speeds, and wrongful levying of ETFs.

In the face of steep legal hurdles that could bar any recovery whatsoever, plaintiffs collectively negotiated a settlement that provides relief to every eligible claimant, with no arbitrary cap on Clearwire's exposure.  Plaintiffs also negotiated a streamlined and simplified online claims process to increase actual payments to members of the Settlement Class.  *See* Keogh Decl. Ex. I (dkt. 70) (online submission; no research or documentation required; simple true/false check boxes).  The Settlement also provided for enhanced disclosures about network management policies, and changes to Clearwire's Early Termination Fee ("ETF") practices— including Clearwire's complete abandonment of further ETFs for subscribers who have one- or

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

two-year contracts and who seek to terminate due to quality or speed of service. Joint Decl. ¶ 9 (under "ETF Waiver") (dkt. 73).

The proposed Settlement is the product of serious, informed, hard-fought, non-collusive negotiations under the supervision of a highly respected mediator; and is fair, reasonable, and adequate. Joint Decl. ¶¶ 30, 54, 72-77, 86 (dkt. 73).

Plaintiffs were informed by the administrator that, on December 2, 2012, only 382 would-be members of the Settlement Class requested exclusion. Cantor Decl. ¶ 3. Only 8 members submitted objections (with Mr. Morgan and Mr. De La Garza filing a joint objection, for a total of 7 objections). Cantor Decl. ¶ 4. The fraction of people requesting exclusion or objecting is miniscule by any measure. That this fraction is so small supports final approval. *E.g.*, *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

**B.   Indications of Potentially Improper Motives**

There are several indications or at least warning signs of potentially improper motives in this instance.

*One*, the objectors are identified as "APPELLANTS GORDON B. MORGAN AND JEREMY DE LA GARZA." Obj. at 5:13 (dkt. 76). Whether "APPELLANTS" was written intentionally or copied from a previous "form," this raises a suspicion that the objectors' real motive is to appeal and they do not particularly care about assisting this Court or the class.

*Two*, the objectors appear to have devoted little time or effort to their objection. Lawyers who want to be persuasive when citing cases ordinarily include "pin" page citations and quotations (or other explanations) of why the case is relevant. This helps assure the Court that the case actually supports the proposition for which it is cited. The objectors' (or their counsel's) failure to do this in several instances may be a sign that they do not care and are simply trying to obtain standing to appeal.

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1    For example, the objectors cite *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517
2    F.3d 220 (5th Cir. 2008) for the proposition that it is "illegal" for the parties to agree in a
3    settlement that the defendants will satisfy a fee award with a single check made out to one law
4    firm.  Plaintiffs know of no law supporting such a proposition in the Ninth Circuit, and the
5    objectors certainly point to none.[1]

6    As another example, the objectors cite *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010) as a
7    "supersed[ing]" precedent that "multipliers are only appropriate in extraordinary circumstances."
8    Obj. at 4:16-18.  Yet *Perdue* does not "supersede" class counsel's discussion of multipliers.  The
9    case is part of long line of cases starting with *City of Burlington v. Dague*, 505 U.S. 557, 567
10   (1992) in which the Court ruled as follows as a matter of statutory interpretation:  "[W]e hold
11   that enhancement for contingency is not permitted under the fee-shifting statues at issue."
12   Plaintiffs did not sue under any federal statute, fee-shifting or otherwise.  The state statutes and
13   common-law principles that plaintiffs sued under do permit multipliers.

14   *Three*, the objectors hypothesize that the settlement "is likely to produce a benefit to only
15   1% of the class."  Obj. at 2:6-10.  Yet the record discloses the number of claims as of November
16   4, 2012—several days before plaintiffs filed their final approval papers—from which it can
17   readily be determined that the claims rate even at that time was 2½ times what the objectors
18   hypothesized.  *See* Keough Decl. ¶ 20 (dkt. 70).  And this does not count the financial benefit to
19   current subscribers who have contracts that they wish to terminate for reasons of speed or
20   quality, for whom Clearwire will waive future ETFs.

21   Plaintiffs make these points not to argue the facts or the law but simply to observe a
22   degree of nonchalance in preparing the objection that supports the possibility that its intent is to
23   lead to an appeal and not to assist the Court or the class.

24   Plaintiffs can explore this possibility in short depositions of the two objectors.

---

[1]   It does not appear to plaintiffs that *In re High Sulfer* itself supports the proposition for which the objectors cited it, but it is difficult to tell because the objectors provided no quotation or even a "pin" page citation.

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR
- 5 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

**CONCLUSION**

Plaintiffs respectfully request an order granting leave to take the depositions of Mr. Gordon B. Morgan and Mr. Jeremy De La Garza, pursuant to subpoenas in substantially the form attached.

Dated: December 6, 2012              Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email: cliff.cantor@comcast.net

MILBERG LLP
Peter Seidman
One Penn Plaza
New York, NY 10119
Tel:    (212) 594-5300
Fax:    (212) 868-1229
Email: pseidman@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:    (212) 579-4625
Fax:    (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings* [2]

\*     \*     \*

PETERSON WAMPOLD ROSATO
   LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800

---

[2] In this context, the phrase "plaintiffs in *Dennings*" does not include Mr. Prior, whom counsel do not represent.

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

Seattle, WA 98101
Tel:    (206) 624-6800
Fax:   (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:    (202) 973-0900
Fax:   (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

\*     \*     \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:    (415) 568-2555
Fax:   (415) 568.2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:    (612) 252-3570
Fax:   (612) 252-3571
Email: swanta@baillonthome.com

Counsel for plaintiffs in *Newton*

**Class Counsel**

Certificate of Service

I certify that, on December 6, 2012, I caused the foregoing motion with attachments, a proposed order, and the declaration of Cliff Cantor to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893

PLS.' MOT. TO ALLOW OBJECTIONS
No. C10-1859 JLR

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752