1

2

3

4

The Honorable James L. Robart

5

6

7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

8

9

10

11

12

13

14

MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,

15

Plaintiffs,

16

17

v.

CLEARWIRE CORPORATION,

18

19

Defendant.

Case No. C10-1859-JLR

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT (dkt. 69) and FOR FEES, EXPENSES, AND SERVICE AWARDS (dkt. 71)**

NOTE ON MOTION CALENDAR: Wednesday, December 19, 2012 at 3:00 p.m.

ORAL ARGUMENT REQUESTED

20

21

22

23

24

25

26

27

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     EXCLUSIONS.................................................................................... 2

III.    OBJECTIONS.................................................................................... 2

       A.     Chong objection .................................................................... 3

       B.     Abel objection ...................................................................... 3

       C.     Lynch objection .................................................................... 3

       D.     Holmes objection ................................................................. 3

       E.     Olmstead objection .............................................................. 4

       F.     Reed objection .................................................................... 4

       G.     Morgan & De La Garza objection ........................................ 4

             1.     The fee request is reasonable and should be granted.................................. 6

             2.     There is no "quick pay" provision ............................. 9

             3.     It is not "illegal" for all fees to paid by a single check ............................ 10

             4.     Multipliers are permissible ...................................... 11

IV.     CONCLUSION................................................................................... 12

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

- i -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

# TABLE OF AUTHORITIES

**CASES**

*Adams v. AllianceOne Receivables Mgmt.*,
No. 08- 248 (S.D. Cal. Aug. 16, 2012) ...................................................................6

*Arthur v. Sallie Mae, Inc.*,
No. 10-198, 2012 WL 4076119 (W.D. Wash. Sept. 17, 2012)...............................11

*Chavez v. Blue Sky Natural Beverage Co.*,
No. 12-16520 (9th Cir. Dec. 11, 2012) ..................................................................5

*City of Burlington v. Dague*,
505 U.S. 557 (1992)..............................................................................................12

*Cotton v. City of Eureka*,
No. 08-4386, --- F. Supp. 2d ---, 2012 WL 3670704 (N.D. Cal. Aug. 24, 2012)....................4

*Ellis v. Naval Air Rework Facility*,
87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ......................4

*Franco v. Ruiz Food Prods., Inc.*,
No. 10-2354, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012).................................2

*Hartless v. Clorox Co.*,
273 F.R.D. 630 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir. 2012)..................8

*Hopson v. Hanesbrands Inc.*,
No. 08-0844, 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) ..................9

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
No. 02-5575, 2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. Apr. 6, 2006) ...................3

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ..................................................................................9

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
281 F.R.D. 531 (N.D. Cal. 2012)............................................................................5

*In re High Sulfur Content Gasoline Prods. Liab. Litig.*,
517 F.3d 220 (5th Cir. 2008) ................................................................................11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. 07-md-1827, 2011 WL 7575004 (N.D. Cal. Dec. 27, 2011) ...........................10

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009)............................................................11

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

- ii -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: 732-3752

*Perdue v. Kenny A.*,
    130 S. Ct. 1662 (2010)......................................................................................11, 12

*Snell v. Allianz Life Ins. Co. of N. Am.*,
    No. 97-2784, 2000 WL 1336640 (D. Minn. Sep. 8, 2000)..........................................6

*Williams v. MGM-Pathe Commc'ns Co.*,
    129 F.3d 1026 (9th Cir. 1997) ...................................................................................9

*Wing v. Asarco Inc.*,
    114 F.3d 986 (9th Cir. 1997) .....................................................................................6

**OTHER AUTHORITIES**

Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket
    Guide for Judges* (Federal Judicial Center, 2d ed. 2009), *available at*
    http://www.fjc.gov/public/pdf.nsf/lookup/classgd2.pdf/$file/classgd2.pdf..............................6

Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 Vand. L. Rev. 1623 (2009)................10

Fed. R. Civ. P. 23(e)(1).................................................................................................3

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

- iii -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1

## I.    PRELIMINARY STATEMENT

2       The proposed Settlement is the product of the combined negotiating power of the

3 plaintiffs in three cases filed as class actions.  The complaints alleged, inter alia, deceptive

4 advertising, wrongful shaping of Internet speeds, and wrongful levying of Early Termination

5 Fees ("ETFs").

6       In the face of steep legal hurdles that could have barred any recovery whatsoever,

7 plaintiffs negotiated a settlement that provides relief to every eligible claimant, with no arbitrary

8 cap on Clearwire's exposure.  They also negotiated a streamlined online claims process to

9 increase the likelihood that members of the Settlement Class ("Class Members") would submit

10 claims.  *See* Keogh Decl. Ex. I (dkt. 70) (online submission; no research or documentation

11 required; simple true/false check boxes).  The Settlement further provides for enhanced

12 disclosures about network management policies, and changes to Clearwire's ETF practices —

13 including Clearwire's waiver of further ETFs for subscribers who have long-term contracts and

14 who terminate in the future due to quality or speed of service.  Joint Decl. ¶ 9 (under "ETF

15 Waiver") (dkt. 73).

16       The proposed Settlement is the product of serious, informed, hard-fought, non-collusive

17 negotiations under the supervision of the Hon. Edward A. Infante (Ret.), a highly respected

18 mediator; and is fair, reasonable, and adequate.  Joint Decl. ¶¶ 30, 54, 72-77, 86 (dkt. 73).

19       With the deadline for opting out or objecting now passed, only 409 would-be members of

20 the Settlement Class timely requested exclusion (plus 4 untimely requests).  Keough Suppl. Decl.

21 ¶ 20.  Only 8 members filed objections (with two objectors filing a combined objection, for a

22 total of 7 objections).  Cantor Decl. re. Objections ¶ 4 (dkt. 83).  The percentage of people

23 requesting exclusion or objecting is miniscule by any measure.

24       The actual claims rate is several times larger than the 1% that two objectors postulated.

25 Cantor Suppl. Decl. ¶¶ 7-10.  This fact appeared in the record supporting final approval.  *Id.*

26       The proposed Settlement is fair, reasonable, and adequate under the circumstances.  And,

27 the request for fees, expenses, and service awards is fair and reasonable.  Plaintiffs respectfully

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1  submit that all objections should be overruled.

2  ## II.   EXCLUSIONS

3  Only 409 would-be members of the Settlement Class timely requested exclusion.

4  Keough Suppl. Decl. ¶ 20.  Out of a class size estimated at roughly 2,733,406, this represents

5  less than 0.00015 of the class.  Cantor Suppl. Decl. ¶ 3.  That this fraction is so small supports

6  final approval.

7  ## III.   OBJECTIONS

8  Only 8 members of the Settlement Class objected.  Cantor Decl. re. Objections ¶ 4 &

9  Objs. A-G (dkt. 83).  Out of a class size estimated at roughly 2,733,406, this represents 0.000003

10  of the class.  Cantor Suppl. Decl. ¶ 4.  Again, this small fraction supports final approval.  *Franco*

11  *v. Ruiz Food Prods., Inc.*, No. 10-2354, 2012 WL 5941801, at *10 (E.D. Cal. Nov. 27, 2012)

12  ("Settlements are afforded a presumption of fairness if [, among other things,] only a small

13  fraction of the class objected.") (citing 4 William B. Rubenstein, Alba Conte, & Herbert B.

14  Newberg, *Newberg on Class Actions* § 11.41 (4th ed. 2012)).

15  More importantly, none of the objections have sufficient merit to demonstrate that the

16  Settlement is not fair, reasonable, and adequate under the circumstances, or that the requested

17  fee, expense, and service awards are not fair and reasonable.  The objections are identified here:

| Obj. | Objector(s) | Date received |
|------|-------------|---------------|
| A | Sweelin Chong | Sep. 24, 2012 |
| B | Marc W. Abel | Sep. 24, 2012 |
| C | Gary Lynch | Oct. 4, 2012 |
| D | Sean Kevin Holmes (filed at dkt. 65) | Oct. 9, 2012 |
| E | Robert Olmstead | Oct. 12, 2012 |
| F | Ken Reed | Oct. 15, 2012 |
| G | Gordon B. Morgan & Jeremy De La Garza (filed at dkt. 76) | Nov. 30, 2012 |

27  Cantor Decl. re Objections ¶ 5 (dkt. 83).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

### A.     Chong objection

Mr. Sweelin Chong objects to the Settlement because he does not think he was harmed by Clearwire's alleged conduct.  Obj. A (dkt. 83-1).  There are likely to be others like him.  For example, subscribers who used the Internet infrequently may not have been subject to shaping or, if they were, they may not have noticed.  This is not a reason to disapprove of the Settlement.

### B.     Abel objection

Mr. Marc W. Abel appears to object on the ground that the Settlement is not "fair, just, or sufficient in light of Clearwire's misconduct."  Obj. B, ¶ 1 (dkt. 83-2).  In other words, he would like more.  While we too may wish we could have obtained even more relief for the class, Abel's conclusory objection provides no specifics as to why the class consideration is inadequate and why the Court should deny the Settlement.  "Courts routinely approve settlements over [such] conclusory objections."  *In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. 02-5575, 2006 U.S. Dist. LEXIS 17588, at *53 (S.D.N.Y. Apr. 6, 2006).

### C.     Lynch objection

Mr. Gary Lynch appears to object because he believes he is excluded from the class. Obj. C at 2 (dkt. 83-3).  But if he is not in the class, he has no basis (or even standing) to object, as he would not be bound by the Settlement's terms.

### D.     Holmes objection

Mr. Sean Kevin Holmes objects to the Settlement on essentially two grounds.  First, there was a "lack of notice or full disclosure by Plaintiff's [sic] … at the time this matter was introduced in Federal court."  Obj. D at 1 (dkt. 83-4).  Respectfully, this objection is based on a lack of understanding of class action procedure.  The class received appropriate and timely notice well in advance of the final settlement hearing, as required.  *See* Fed. R. Civ. P. 23(e)(1).

Mr. Holmes also appears to object to the requested attorneys' fees.  His objection does not demonstrate an understanding of the effort Class Counsel dedicated (and continue to dedicate) to achieving a substantial benefit for the class and the societal benefit that goes along with that.  *See, e.g.,* Joint Decl. ¶¶ 12-14, 19-33, 40 (dkt. 73).  *See also Cotton v. City of Eureka,*

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1   No. 08-4386, --- F. Supp. 2d ---, 2012 WL 3670704, at *17 (N.D. Cal. Aug. 24, 2012)

2   ("Conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees.").

3        **E.**     **Olmstead objection**

4        Mr. Robert Olmstead objects to the Settlement on the ground that it does not specifically

5   compensate him for the time he spent on the telephone with Clearwire customer service.  Obj. E

6   (dkt. 83-5).  As with the Abel objection, it would be ideal (from plaintiffs' perspective) if the

7   Class Members were made whole for all alleged losses resulting from Clearwire's conduct.  The

8   fact remains, however, that given the significant hurdles involved in this case and the risks

9   attendant with the litigation, *see, e.g.,* Joint Decl. ¶¶ 52-68 (dkt. 73), Class Counsel believe the

10  Settlement is a good result under the circumstances.  As with any settlement, "[a]s a quid pro quo

11  for not having to undergo the uncertainties and expenses of litigation, the plaintiffs must be

12  willing to moderate the measure of their demands."  *Ellis v. Naval Air Rework Facility*, 87

13  F.R.D. 15, 19 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

14       **F.**     **Reed objection**

15       Mr. Ken Reed takes a *caveat emptor* approach, believing that Class Members are not

16  entitled to any recovery because if a Class Member was "dissatisfied with [Clearwire's] service,

17  or felt [Clearwire was] not providing the promised services, [the class member] was free to

18  discontinue the agreement."  Obj. F at 1 (dkt. 83-6).  Absent this litigation, even if Class

19  Members could simply cancel their contracts — which they generally could not do without

20  paying an ETF, *see* Joint Decl. ¶ 16 (dkt. 73) — they would not be compensated for the alleged

21  misleading advertising, shaping, and quality issues during the period when they were Clearwire

22  subscribers.  In addition, Mr. Reed's negative reaction to Class Counsel fails to recognize the

23  substantial efforts class counsel dedicated (and continue to dedicate) to achieving the best

24  possible result for the Class.  Obj. F at 2.  *See, e.g.,* Joint Decl. ¶¶ 12-14, 19-33, 40 (dkt. 73).

25       **G.**     **Morgan & De La Garza objection**

26       Mr. Gordon B. Morgan and Mr. Jeremy De La Garza object on several grounds.  They

27  contend (1) the fee request is too high and/or disproportionate; (2) "quick pay" provisions are

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR

- 4 -

improper; (3) it is "illegal" for all fees to be paid by a single check to Milberg LLP; and (4) multipliers are not allowed.  Obj. G (dkt. 83-7).  These arguments lack merit.

Mr. Morgan and Mr. De La Garza fail to accompany their factual assertions with citations to evidence, fail to acknowledge contrary evidence already in the record, and fail to accompany many case citations with quotations or even "pin" page cites.  This nonchalance may be a sign that the objectors and/or their counsel do not really care about convincing the Court; instead, they want a foot in the door so they have standing to appeal.  It is telling that, at the end of their objection, Mr. Morgan and Mr. De La Garza are identified as "APPELLANTS."  Obj. G at 5:13 (dkt. 83-7).  The word "APPELLANTS"—whether deliberate, accidental, or left over from some previous "form"—may accurately portray what was on the drafter's mind.

These objectors' counsel, Mr. Christopher A. Bandas, is widely recognized as a "serial" objector with suspect motives:

> [A]ttorney Christopher Bandas, a "professional" or "serial" objector [is] located in Corpus Christi, Texas.  …  Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (footnote omitted).

Just yesterday, the Ninth Circuit dismissed an appeal in which Mr. Bandas represented an objector to a settlement, writing:  "[T]his appeal is dismissed for failure to file the opening brief on appeal in this case."  Order at 1, *Chavez v. Blue Sky Natural Beverage Co.*, No. 12-16520 (9th Cir. Dec. 11, 2012), in Compendium of Court Filings, Exs. 7-8.  Given Mr. Bandas's documented history, his failure to file an appellate brief in the Ninth Circuit should, at a minimum, raise questions about his motives here.

A number of other cases in which Mr. Bandas objected are cited in Appendix A at the end of this reply.

The Federal Judicial Center has advised courts to "watch out … for canned objections

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR                                             - 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

1   from professional objectors who seek out class actions to extract a fee by lodging generic,

2   unhelpful protests."  Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action*

3   *Litigation: A Pocket Guide for Judges*, 15 (Federal Judicial Center, 2d ed. 2009), *available at*

4   http://www.fjc.gov/public/pdf.nsf/lookup/classgd2.pdf/$file/classgd2.pdf.  Such objectors, like

5   Mr. Bandas here, have been called "a pariah to the functionality of class action lawsuits, as they

6   maraud proposed settlements—not to assess their merits on some principled basis—but in order

7   to extort the parties, and particularly the settling defendants, into ransoming a settlement that

8   could otherwise be undermined by a time-consuming appeals process."  *Snell v. Allianz Life Ins.*

9   *Co. of N. Am.*, No. 97-2784, 2000 WL 1336640, at *9 (D. Minn. Sep. 8, 2000).

10   In addition, objector Mr. Morgan — one of Mr. Bandas's clients — may himself be a

11   professional objector.  As recently as August 16, 2012 he objected to a settlement in *Adams v.*

12   *AllianceOne Receivables Mgmt.*, No. 08- 248 (S.D. Cal.).  On October 25, 2012, he filed a notice

13   of appeal to the Ninth Circuit.  *See* Compendium of Court Filings, Exs. 2-3.

14   Regardless, Mr. Morgan and Mr. De La Garza's arguments in this case have no merit.

15   **1.      The fee request is reasonable and should be granted**

16   Approving a fee request is a matter of the Court's discretion and judgment.  *E.g., Wing v.*

17   *Asarco Inc.*, 114 F.3d 986, 988 (9th Cir. 1997) (fee award reviewed for abuse of discretion,

18   reversible only if a court commits "a clear error of judgment").  No matter how reasonable a fee

19   request is — and Class Counsel believe their request is fair and reasonable — it is always

20   possible for an objector to argue that it should be lower.  But the objectors' arguments in this

21   case need not detain the Court long.

22   One sign that Class Counsel's fee request is fair and reasonable is this:  The $2 million

23   figure to which the parties ultimately agreed as a maximum that Clearwire would pay for fees,

24   expenses, and service awards was a "mediator's proposal" made by Judge Infante.  Cantor Suppl.

25   Decl. ¶ 5.  This occurred only after a two-day mediation and months of follow-up negotiation

26   under Judge Infante's supervision.  *Id.*; *see also* Joint Decl. ¶¶ 29-33 (dkt. 73).  Judge Infante is a

27   highly respected mediator who is not known as a purveyor of unfair or collusive settlements.

PLS.'S REPLY iso FINAL APPROVAL
No. C10-1859 JLR                                         - 6 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

1

Another sign that Class Counsel's fee request is reasonable is that, when measured

2

against counsel's efforts through early November 2012 only, the request would result in a

3

multiplier of 1.035 — mere hundredths above 1.0.  *See* Joint Decl. ¶¶ 93-95, 99, 122 (dkt. 73).

4

By the time of final judgment, it is likely that the multiplier will be fractional or "negative,"

5

meaning that Class Counsel are requesting a fee that is likely to be less than their ordinary

6

billings for this contingent-fee case.  *See* Joint Decl. ¶¶ 124-125 (dkt. 73).

7

Yet another sign that Class Counsel's fee request is reasonable is that the amount of the

8

request, as a percentage of only the most easily quantifiable amounts *made available* under the

9

Settlement, is *significantly* less than the Ninth Circuit's 25% benchmark for common-benefit

10

awards.  *See* Joint Decl. ¶¶ 50, 131 (dkt. 73).

11

Mr. Morgan and Mr. De La Garza hypothesize that the settlement "is likely to produce a

12

benefit to only 1% of the class."  Obj. G at 2:6-10.  They offer no support for this.[1]  The papers

13

filed in support of the settlement disclosed the actual number of claims as of November 4, 2012,

14

from which it can readily be determined that the claims rate was already considerably higher

15

than what the objectors hypothesized … and is still growing.  *See* Keough Decl. ¶ 20 (dkt. 70);

16

Cantor Suppl. Decl. ¶¶ 7-10.

17

There were 72,388 claims submitted as of November 4, 2012.  Keough Decl. ¶ 20, dkt.

18

70.  This fact appeared in the record at the time the objection was filed, *id.*, and represented a

19

claims rate of 2.65% at that time.  Cantor Suppl. Decl. ¶ 8.

20

There were 79,066 claims submitted as of December 9, 2012.  Keough Suppl. Decl. ¶ 22.

21

This represents a claims rate of almost 3% as of that date.  Cantor Suppl. Decl. ¶ 9.  This

22

suggests about $4 million in claimed benefits so far.  Cantor Suppl. Decl. ¶ 11.  The deadline for

23

submitting claims is still almost a month away.  Prelim. Approv. Order ¶¶ 10, 13(g) (dkt. 64).

24

These claims figures do not take into account that many Class Members will receive a

25

26

[1]     Mr. Morgan and Mr. De La Garza cite to statements about this Settlement made by well-known objector Mr. Ted Frank, Obj. G at 2:21 (dkt. 83-7), yet Mr. Frank has not objected here.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

direct financial benefit even without submitting a claim:  If current subscribers have fixed-term contracts that they wish to terminate in the future for reasons of speed or quality, Clearwire will waive the ETFs.  Joint Decl. ¶ 9 (under "ETF Waiver") (dkt. 73).  This benefit cannot be quantified with certainty because one cannot know the future behavior of Clearwire's current subscribers.  But, *if* subscribers with fixed-term contracts terminate in the future at the same pro-rata rate as they terminated in the past, and *if* those terminations are based on quality or speed of service, Class Counsel have calculated that the dollar amount of ETFs to be avoided in the future will be up to $1.4 million, starting in January 2013.  Cantor Suppl. Decl. ¶ 12.

Nor do the claims figures count the value of non-monetary prospective relief agreed to in the Settlement.  *See* Joint Decl. ¶ 9 (dkt. 73).  Mr. Morgan and Mr. De La Garza's misinformed hypothesis underestimates the claims rate by a factor of three, and does not count other significant financial and non-financial benefits that the Settlement provides, which do not require submitting a claim.

Based on just the estimated dollar value of the benefits already claimed and the estimated dollar value of the ETFs to be avoided — without considering non-monetary relief or the fact that claims keep increasing — Class Counsel's fee request is approximately 25% of Clearwire's total monetary settlement *payments* (including ETFs waived).  *See* Cantor Suppl. Decl. ¶¶ 13-15.

So Class Counsel's fee request passes muster under this approach that Mr. Morgan and Mr. De La Garza advocate — i.e., conducting a 25% cross-check against the amount *claimed* as opposed to the amount made *available* — even though this approach appears to be one that is not used or even allowed in the Ninth Circuit.

When cross-checking a fee request against the percentage-of-the-benefit 25% benchmark, it is the amount or value *made available* to the class, not the amount actually *claimed*, that is relevant to the analysis.  "Under Ninth Circuit law, it is an abuse of discretion to base the percentage recovery on the amount of claimed funds rather than the entire settlement fund."  *Hartless v. Clorox Co.*, 273 F.R.D. 630, 643 n.3 (S.D. Cal. 2011), *aff'd in part*, 473 F. App'x 716 (9th Cir. 2012); *Hopson v. Hanesbrands Inc.*, No. 08-0844, 2009 U.S. Dist. LEXIS 33900, at

1  *32 (N.D. Cal. Apr. 3, 2009) ("The appropriate measure of the fee amount is against the

2  potential amount available to the class, not a lesser amount reflecting the amount actually

3  claimed by the members.") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 477-82 (1980)).  In

4  this Circuit, a district court abuses its discretion when it considers only the amount claimed:

5  "We conclude that the district court abused its discretion by basing the fee on the class members'

6  claims against the fund rather than on a percentage of the entire fund or on the lodestar."

7  *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (footnote omitted).

8         Mr. Morgan and Mr. De La Garza attempt to liken this case to *In re Bluetooth Headset*

9  *Prod's Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011).  In *Bluetooth*, "[t]he settlement agreement

10 … provides the class $100,000 in *cy pres* awards and zero dollars for economic injury, while

11 setting aside up to $800,000 for class counsel …"  *Id.*  "[T]he disparity between the value of the

12 class recovery and class counsel's compensation raises at least an inference of unfairness …"  *Id.*

13        But Mr. Morgan and Mr. De La Garza's *Bluetooth* comparison falls flat.  This Settlement

14 provides the class with a very substantial sum, such that the requested fee award is *significantly*

15 less than the Ninth Circuit's 25% benchmark for common-benefit awards, based on the amounts

16 made available.  *See* Joint Decl. ¶¶ 50, 131.  Even focusing only on the amount already claimed

17 and/or to be claimed, it is multiples larger than the requested fee award.  The disparity in

18 *Bluetooth* between the class recovery and the requested fee does not exist here.  There was no

19 collusion in the negotiations.  *See* Joint Decl. ¶¶ 30-33 (dkt. 73); Cantor Suppl Decl. ¶ 5.

20        Class Counsel's request for fees — consisting of the amount remaining from $2 million

21 after deduction of service awards and reimbursement of expenses — is reasonable and

22 appropriate under any of the common measures.

23                **2.      There is no "quick pay" provision**

24        Mr. Morgan and Mr. De La Garza's objection about a "quickpay provision" appears to be

25 recycled from some previous objection; there is no quick-pay provision in this Settlement.  They

26 argue, without citation or support:

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: 732-3752

> We can add another sign of self-dealing not discussed by *Bluetooth*: class
> counsel negotiated for itself a "quickpay provision" that requires the
> defendant to pay class counsel before the class is entitled to a single
> dollar—perhaps as much as *two years in advance*. This alone merits a
> reduction in the fee request to compensate the class for the time value of
> money.

Obj. G at 3:24 – 4:2 (dkt. 83-7) (emphasis added). But neither the Class Members nor Class

Counsel will receive checks until after all appeals, if any, are resolved.

The Settlement provides: "If Final Approval occurs, Clearwire shall pay to Class Counsel

the total amount approved by the Court …" Agreement at ¶ 2.03 (dkt. 61-1). The term "Final

Approval" is defined as occurring 31 days after judgment if there is no appeal and otherwise at

the end of appellate review. *Id.* ¶ 1.05(c). It is simply wrong that Class Counsel could get paid

"as much as two years in advance."[2]

Even if there were a quick-pay provision, federal courts "routinely approve settlements

that provide for payment of attorneys' fees prior to final disposition in complex class actions."

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827, 2011 WL 7575004, at *1 (N.D.

Cal. Dec. 27, 2011) (collecting cases). "[Q]uick-pay provisions can reduce the 'holdout tax' that

blackmail objectors can extract in class action litigation." Brian T. Fitzpatrick, *The End of

Objector Blackmail?*, 62 Vand. L. Rev. 1623, 1625-26 1642-45 (2009). A "holdout tax" may be

exactly what Morgan and De La Garza seek. This portion of their objection lacks merit.

### 3.   It is not "illegal" for all fees to paid by a single check

Mr. Morgan and Mr. De La Garza contend it is "illegal" for the parties to agree that a fee

award to all counsel will be made by a single check to Milberg LLP. Obj. G at 4:4 (dkt. 83-7).

---

[2]   Clearwire will "pay or credit each Eligible Claimant … on or before the Distribution
Date," *see* Agreement ¶ 2.01 (dkt. 61-1), which is defined to be 90 days after Final Approval, *id.*
¶ 1.02. Clearwire will "distribute attorneys' fees, costs, expenses, and Representative Plaintiff
service awards" within 15 business days after Final Approval. *Id.* ¶ 4.02. This minor disparity
in deadlines (90 days vs. 15 business days) is due to the vast amount of "data crunching" that
needs to be done before determining Eligible Claimant's benefits, especially with regard to
monthly shaping — not to mention the huge number of checks that need to be issued. This lends
no support to the objectors' suggestion that Class Counsel could be paid "as much as two years
in advance."

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

They cite *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220 (5th Cir. 2008).

It does not appear to plaintiffs that *In re High Sulfur* supports the objectors' proposition.[3] More importantly, plaintiffs know of no law supporting such a proposition in the Ninth Circuit or any district court in the Ninth Circuit, and the objectors certainly point to none.

In this Circuit and District, it is routine for fee awards to be paid by a single check and allocations to be made without the need for court action. *See, e.g., Arthur v. Sallie Mae, Inc.*, No. 10-198, 2012 WL 4076119, at *3 (W.D. Wash. Sep. 17, 2012) (Robart, J.) ("The Court authorizes the Class Counsel firm of Lieff Cabraser Heimann & Bernstein, LLP to allocate the fee award among the Plaintiffs' firms."); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1331 (W.D. Wash. 2009) (Coughenour, J.) ("The Court authorizes the co-lead counsel firms of Lieff Cabraser Heimann & Bernstein, LLP and Gary, Naegele & Theado, LLC, to allocate the fee award among the Class Counsel firms.").

This portion of Mr. Morgan and Mr. De La Garza's objection is without merit.

### 4. Multipliers are permissible

With respect to multipliers, Mr. Morgan and Mr. De La Garza contend that "all of [class counsel's] precedent has been superseded by the Supreme Court's command in *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), that multipliers are only appropriate in extraordinary circumstances." Obj. G at 4:16-18 (dkt. 83-7). This argument misses the mark.

First, if the Court grants Class Counsel's full fee request, there will be little or no multiplier; it is likely that any multiplier will be fractional or "negative." *See* Joint Decl. ¶¶ 95-100 (as of the dates specified in the separate counsel declarations near the beginning of November, 2012, the multiplier was 1.035 — mere *hundredths* above 1.0 — based on counsel's ordinary and reasonable rates, with additional effort still to be devoted including "working on the motion for final approval, preparing a reply brief if appropriate, preparing for and participating in

---

[3] There is no dispute among counsel as to fee allocation. *See* Joint Decl. ¶ 88 (dkt. 73).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813   ●   Fax: 732-3752

1  the final settlement hearing, continuing to respond to class members who make inquiries by

2  telephone, email, or mail; and overseeing the settlement administration").[4]

3      Second, *Perdue* does not "supersede" class counsel's discussion of multipliers.  *Perdue* is

4  part of long line of cases starting with *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), in

5  which the Court ruled, as a matter of statutory interpretation:  "[W]e hold that enhancement for

6  contingency is not permitted under the fee-shifting statues at issue."  In *Perdue*, the Court held

7  that, in "the calculation of an attorney's fee, under federal fee-shifting statutes, … [w]e have

8  stated in previous cases that such an increase is permitted in extraordinary circumstances, and we

9  *reaffirm* that rule."  130 S. Ct. at 1669 (emphasis added).  So *Perdue*, a <u>2010</u> case that reaffirms a

10 long-standing rule, cannot "supersede" class counsel's analysis that includes cases from <u>2011</u>.

11 *See* Fee Mot. at 11:19-22 (dkt. 71) (citing 2011 cases).

12     Third, plaintiffs here did not sue under any federal statute, fee-shifting or otherwise, so

13 the *City of Burlington* line of cases, including *Perdue*, are not on point.  The state statutes and

14 common-law principles that plaintiffs sued under here *do* permit multipliers.  *See* Fee Mot. at

15 App'x A (dkt. 71 at p. 25 of 27) (citing state-law cases).

16     This portion of Mr. Morgan and Mr. De La Garza's objection is likewise without merit.

17                                **IV.   CONCLUSION**

18     Plaintiffs respectfully submit that the Court should (i) overrule all seven objections;

19 (ii) grant final approval to the proposed Settlement as fair, reasonable, and adequate; and

20 (iii) grant the request for fees, expenses, and service awards.

21

22 Dated: December 12, 2012                    Respectfully submitted,

23                                    By:   __s/ Cliff Cantor_____
                                           Cliff Cantor, WSBA # 17893
24                                         LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

---

25 [4]      Even if rates were adjusted to what Judge Pechman deemed suitable in 2011, the

26 multiplier as of the dates of counsel's separate declarations would have been only 1.248, with
   considerably more effort devoted and to be devoted.  Joint Decl. ¶¶ 95, 128-29.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

627 208th Ave. SE
Sammamish, WA 98074
Tel:     (425) 868-7813
Fax:     (425) 732-3752
Email: cliff.cantor@comcast.net

MILBERG LLP
Peter Seidman
Joshua Keller
One Penn Plaza
New York, NY 10119
Tel:     (212) 594-5300
Fax:     (212) 868-1229
Email: pseidman@milberg.com
           jkeller@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:     (212) 579-4625
Fax:     (212) 253-4272
Email: krichman@reeserichman.com

*Counsel for plaintiffs in Dennings* [5]

\*        \*        \*

PETERSON WAMPOLD ROSATO
    LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:     (206) 624-6800
Fax:     (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:     (202) 973-0900
Fax:     (202) 973-0950
Email: jtycko@tzlegal.com

---

[5]     The listed counsel in *Dennings* do not represent Mr. Robert Prior.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: 732-3752

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Counsel for plaintiffs in Minnick*

\*  \*  \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel: (415) 568-2555
Fax: (415) 568.2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel: (612) 252-3570
Fax: (612) 252-3571
Email: bmiller@baillonthome.com

*Counsel for plaintiffs in Newton*

Class Counsel

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

# APPENDIX A

**Recent examples of cases in which Mr. Christopher Bandas filed objections without obtaining additional benefits for the class**

1.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827 (N.D. Cal.) (objection filed by Erwin, Santana, and Rest, represented by Bandas, on 10/9/2012 at dkt. 6932) [*see* Compendium of Court Filings, Ex. 1]

2.  *Chavez v. Blue Sky Natural Beverage Co.*, No. 06-6609 (N.D. Cal.) (objection filed by Santana on 4/23/2012 at dkt. 312; reply [arguing that Bandas was representing Santana behind the scenes] on 4/27/2012 at dkt. 313; settlement approved on 6/1/2012 at dkt. 318; Santana filed notice of appeal on 6/26/2012 at dkt. 319); No. 12-16520 (9th Cir.) (Bandas entered notice of appearance for objector Santana on 7/26/2012 at dkt. 2; order dismissing appeal on 12/11/2012 at dkt. 8) [*see* Compendium of Court Filings, Exs. 4-8]:

    > [T]his appeal is dismissed for failure to file the opening brief on appeal in this case.  Counsel for appellant is directed to notify immediately his/her client in writing regarding this dismissal.

3.  *Embry v. ACER Am. Corp.*, No. 09-1808, 2012 WL 3777163, at *2 (N.D. Cal. Aug. 29, 2012) (footnotes omitted):

    > [T]he Court finds that Objector Bandas' failure to comply with the Court's July 31 Order and August 22 Order [requiring Bandas to either post an appellate bond or dismiss his appeal] warrants a finding that Objector is in contempt, and imposes the sanction of striking Objector's objection to the Final Settlement.  …  The Clerk of Court shall send a copy of this Order to the Ninth Circuit, where Objector's appeal is pending.

4.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (footnote omitted):

    > [A]ttorney Christopher Bandas, a 'professional' or 'serial' objector [is] located in Corpus Christi, Texas.  …  Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.

5.  *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 320, 333 (3d Cir. 2011) (en banc) (in appeal by objector Petrus represented by Bandas, Third Circuit affirmed district court's approval of settlement).

6.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-1819 (N.D. Cal.) (objection filed by Folignio on Aug. 25, 2011 at dkt. 1382; shortly, it turned out that

APPENDIX A
No. C10-1859 JLR

- i -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

Folignio appeared to have been represented by Bandas, *see* dkt. 1395 at 3:17-18) [*see* Compendium of Court Filings, Exs. 9-10]

7.   *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. 06- 2069, (N.D. Cal.) (objectors Clemente and Wells, represented by Darrell Palmer and Bandas, filed objection on 9/7/2010 at dkt. 408; withdrew objection on 11/6/2010 at dkt. 426) [*see* Compendium of Court Filings, Exs. 11-12]

8.   *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 06- 0225, 2010 WL 786513, at **1-2 (D. Nev. Mar. 8, 2010):

> [T]he Court finds that the objections are not supported by law or the facts and are indeed meritless. … Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class. … On or before March 29, 2010, Objector Jessica Gaona through her attorneys Christopher Bandas and Lisa Rasmussen, shall post an appeal bond … in the amount of $500,000.

9.   *Hall v. Pedernales Elec. Coop., Inc.*, 278 S.W.3d 536, 552 (Tex. App. 2009) (an appeal by objector Hall represented by Bandas):

> [W]e overrule each issue that was properly preserved on appeal [and] affirm the trial court's judgment in its entirety.

10.   *In re Cellphone Termination Fee Cases*, 180 Cal. App. 4th 1110 (Dec. 31, 2009), an appeal by objector Anand represented by Bandas, in a portion of the opinion not certified for publication (internal quotation marks omitted) [*see* Compendium of Court Filings, Ex. 13]:

> [I]t appears Anand contends the trial court abused its discretion in determining the amount of fees awarded to plaintiffs.[17]
>
> > [17] Oddly, Anand's opening brief is copied in large part from Sprint's opening brief, even though Sprint does not contend the trial court erred in determining the amount of fees awarded to plaintiffs.
>
> … The trial court was the best judge of the value of professional services rendered in the case. … The trial court's judgment is affirmed. [Decision at 21, Part II.]

11.   *Mussmann v. Wal-Mart Stores, Inc.*, No. LACV-27486, (Iowa Dist. Ct., Clinton County, Iowa), Order regarding Terry Healy's Objection and Motion to Intervene (Oct. 13, 2009) [*see* Compendium of Court Filings, Ex. 14]:

> Mr. Healy became involved in this lawsuit after being contacted by attorney Jim Roth at the request of Texas attorney Christopher Bandas.

APPENDIX A
No. C10-1859 JLR

- ii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

Attorney Bandas has filed objections in other similar lawsuits filed in other states.  Mr. Bandas is a professional objector counsel.  [Order at 3 ¶ 6.]

Mr. Healy knew from the first conversation with Mr. Roth that "Mr. Bandas was behind this" and that "Mr. Bandas was doing this all across the country."  [*Id.* at 5 ¶ 11.]

Neither attorney Bandas, nor attorney Roth advised Mr. Healy that attorney Bandas had been found by a Florida court in the *Ouellette* Order to be engaging in a conspiracy with his clients and co-counsel to extort money from class members and class counsel, through a similar practice of objecting to the proposed settlement in the Florida Wal-Mart lawsuit. [*Id.* at 6 ¶ 14.]

In the Missouri Wal-Mart lawsuit, attorney Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in 'good conscience … continue to work toward the strategic objectives outlined … by Mr. Bandas."  Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission *pro hac vice*.  This did not dissuade attorney Bandas as he filed his Notice of Appeal (with new local counsel) on July 2, 2009.  [*Id.* at 8 ¶ 20.]

[T]he merits of the objection appear to be of little consequence to the professional objector; causing delay in the settlement process generates their fees and payments, not proving to the trial court that the proposed settlement is inappropriate.  …  Upon filing the notice of appeal, the professional objector simply waits for class counsel to succumb to the pressure and pay the extorted fees in return for dismissing the appeal and releasing the settlement funds.  [*Id.* at 10 ¶ 24.]

The Court is concerned that attorney Bandas is seeking to wrongfully use the class action settlement and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole.  …  The Court cannot escape the conclusion that the withdrawn objection was designed, at some point in the settlement approval or possible appeal process, to generate unwarranted fees or payments for attorney Bandas and those he recruited.  [*Id.* at 12-13 ¶ 27.]

12.   *Yoo v. Wendy's Int'l., Inc.*, No. 07- 4515 (C.D. Cal.) (objector Walsh, represented by Bandas, filed objection on 2/13/2009 at dkt. 76; revised approval of settlement on 3/13/2009 at dkt. 89; notice of appeal filed on 4/8/2009 at dkt. 94); appeal voluntarily dismissed on 10/26/2009 at dkt. 105) [*see* Compendium of Court Filings, Exs. 15-18]

APPENDIX A
No. C10-1859 JLR

- iii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Certificate of Service

I certify that, on December 12, 2012, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893

CERT. OF SERVICE
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752