The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859 JLR<br><br>CANTOR SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT (dkt. 69) and FOR FEES, EXPENSES, AND SERVICE AWARDS (dkt. 71)<br><br>NOTE ON MOTION CALENDAR: Wednesday, December 19, 2012 |

I, Cliff Cantor, declare as follows:

1.    I am the principal of Law Offices of Clifford A. Cantor, P.C.  I am competent to testify and base this declaration on my personal knowledge and the records of my law firm.

2.    In *Dennings*, my firm is one of counsel for plaintiffs (except for Mr. Prior).  This Court, in its Order Granting Preliminary Approval dated August 24, 2012, appointed my firm as one of class counsel.  *See* Prelim. Approv. Order at 3:26 – 4:2 (dkt. 64).

3.    Members of the Settlement Class who wished to request exclusion were directed

CANTOR DECL. re. OBJECTIONS
No. C10-1859 JLR

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  to send their requests to the settlement administrator, The Garden City Group (GCG). *See*
2  Prelim. Approv. Order at 5:12 (dkt. 64). GCG attested that it received 409 timely requests for
3  exclusion (plus 4 untimely requests). *See* Keough Suppl. Decl. ¶ 20. Previously, Clearwire
4  produced discovery estimating that "the class size is roughly 2,733,406." Thus, the 409 people
5  who timely requested exclusion constitute less than 0.00015 of the class [$409 \div 2{,}733{,}406 =$
6  $0.0001496$].

7      4.    Members of the Settlement Class who wished to object to the Settlement were
8  directed to send their objections to me. *See* Prelim. Approv. Order at 6:17 (dkt. 64). I received
9  seven objections: six on behalf of one person each; and one on behalf of two people. Thus,
10 there were eight objectors. *See* Cantor Decl. re Objections ¶ 4 (dkt. 83). The eight people who
11 objected constitute less than 0.000003 of the class. [$8 \div 2{,}733{,}406 = 0.000002968$].

12     5.    I attested in a previous declaration that the parties' negotiations leading up to this
13 settlement were lengthy and hard-fought. Joint Decl. ¶ 30 (dkt. 73). I also described the two-day
14 mediation before the Hon. Edward A. Infante (Ret.) of JAMS and the months of follow-up
15 negotiation under Judge Infante's supervision. *Id.* ¶¶ 30-33. During that negotiation, the figure
16 that the parties ultimately agreed on as a maximum that Clearwire would pay for fees, expenses,
17 and service awards — $2,000,000 in aggregate — was a "mediator's proposal" that Judge
18 Infante made, to which the parties agreed.

19     6.    Mr. Gordon B. Morgan and Mr. Jeremy De La Garza, represented by Mr.
20 Christopher Bandas, assert as follows in their objection:

> "As any settlement administrator will testify, when a defendant requires parties to file claims, the claims rate will usually be in the one percent range. … [T]he latter procedure is likely to produce benefit to only 1% of the class. … In reality, the class is likely to recover only about $1 million ….

Obj. G at 2:5-19 (dkt. 83-7).

    7.    Mr. Gordon B. Morgan and Mr. Jeremy De La Garza's assertion about a 1% claims rate is not what is actually happening here.

CANTOR DECL. re. OBJECTIONS
No. C10-1859 JLR
- 2 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

8.     "As of November 4, 2012, GCG [Garden City Group] had received 72,488 timely claims." Keough Decl. ¶ 20 (dkt. 70). Clearwire produced discovery estimating that "the class size is roughly 2,733,406." Thus, as of November 4, 2012, the claims rate was 2.65% [72,488 ÷ 2,733,406 = 0.0265, or 2.65%].

9.     This rate has been growing as more claims get submitted, and presumably it will continue to grow until the deadline for submitting claims. As of December 9, 2012, GCG had received 79,066 claims. Keough Suppl. Decl. ¶ 22. Thus, as of December 9, 2012, the claims rate was 2.89% [79,066 ÷ 2,733,406 = 0.0289, or 2.89%], close to 3%.

10.    A claims rate of exactly 3% would amount to 82,002 claims [2,733,406 x 0.03 = 82,002]. The deadline for submitting and/or postmarking claims, as shown on the settlement website (www.denningssettlement.com), is January 9, 2013. Extrapolating from information in weekly reports that I received from GCG, it seems probable to me that the claims rate by the January 9, 2012 deadline will be in excess of 3%.

11.    Mr. Gordon B. Morgan and Mr. Jeremy De La Garza's objection quotes a blog by Mr. Ted Frank, whom they label a "class action expert." In the quoted language, Mr. Frank uses an average claim amount of $50 for this Settlement. Applying Mr. Frank's $50 figure (of which I do not have independent knowledge) to the 79,066 claims as of December 9, 2012 yields an amount payable as a result of those claims that could be roughly $3,953,300 [$50 x 79,066 = $3,953,300]. Applying Mr. Frank's $50 figure to 82,002 claims — which I consider to be a probable floor (*see supra* at ¶ 10) by January 9, 2013 — yields an amount payable as a result of those claims that could be roughly $4,100,100 [$50 x 82,002 = $4,100,100].

12.    These $4 million figures do not take into account that many Settlement Class members will receive a direct financial benefit even without filing a claim: If current subscribers have fixed-term contracts that they wish to terminate in the future for reasons of speed or quality, Clearwire will waive the ETFs. Joint Decl. ¶ 9 (under "ETF Waiver") (dkt. 73). This benefit is impossible to quantify with certainty because one cannot know the behavior of Clearwire's subscribers in the future. However, *if* subscribers with fixed-term contracts terminate in the

CANTOR DECL. re. OBJECTIONS
No. C10-1859 JLR

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  future at the same pro-rata rate as they terminated in the past, and *if* those terminations are based
2  on quality or speed of service, I have calculated that the dollar amount of ETFs to be avoided in
3  the future would be up to $1,418,518 starting in January 2013.  My calculations are based on
4  confidential data received from Clearwire in discovery.  That data and my calculations are
5  available to be filed under seal or reviewed in camera if the Court requests.

6        13.     Thus, the amount that Clearwire will or could actually pay or forego as a result of
7  this Settlement is the sum of (i) $3,953,300 as of December 9, 2012 [or $4,100,100 as an
8  estimated floor as of January 9, 2013], using Mr. Frank's estimate of $50 per claim; plus (ii) an
9  estimated $1,418,518 in ETFs waived; plus (iii) a combined $2,000,000 for fees, expenses, and
10 service awards, if the Court grants Class Counsel's motion; plus (iv) Clearwire's notice and
11 administration costs, which I do not know.  This amounts to $7,371,818 as of December 9, 2012
12 [or $7,518,618 as an estimated floor as of January 9, 2013], exclusive of notice and
13 administration costs.

14       14.     The amount that Class Counsel requested as a fee award is the balance remaining
15 from $2,000,000 after deduction of (i) the amount approved for service awards and (ii) the
16 amount approved for reimbursement of expenses.  Fee Mot. at 1 (dkt. 71).  If the Court grants all
17 amounts as requested, the fee award will be $1,893,616.  *See, e.g.,* Joint Decl. ¶ 99 (dkt. 73).

18       15.     Class Counsel pointed out that such an award is appropriate under the usual
19 approaches.  *See* Fee Mot. at 4-14 (dkt. 71).  The last approach was a percentage-of-the-benefit
20 cross-check.  *Id.* at 13-14.  Based on case law, it appears to me to be appropriate to judge fees
21 based on 25% of the amount *available* to the class as a result of the settlement as opposed to
22 25% of the amount actually *claimed*.  *See* Fee Mot. at 6:15 (dkt. 71); Reply at 8:23 – 9:9.  These
23 cases include *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.2d 1026 (9th Cir. 1997) ("We
24 conclude that the district court abused its discretion by basing the fee on the class members'
25 claims against the fund rather than on a percentage of the entire fund or on the lodestar.") and its
26 progeny.  Nevertheless, the requested fee award is about 25% of even the amount that Clearwire
27 will or could *pay*.  [$1,893,616 ÷ $7,518,618 = 0.2519, or 25.19%].  This calculation excludes

CANTOR DECL. re. OBJECTIONS
No. C10-1859 JLR

- 4 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

notice and administration expenses that Clearwire is bearing.  It also excludes not-easily-quantifiable programmatic or injunctive aspects of the Settlement.  *See, e.g.,* Joint Decl. ¶ 9 (dkt. 73).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2012

*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email: cliff.cantor@comcast.net

Certificate of Service

I certify that, on December 12, 2012, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893

CANTOR DECL. re. OBJECTIONS
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752