The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859-JLR<br><br>CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND RESPONSE TO OBJECTIONS<br><br>*Note on Motion Calendar*:<br>December 19, 2012 |

Clearwire Corporation files this brief in support of Plaintiffs' Motion for Final Approval of Settlement [Dkt. 69]. Because Clearwire expects Plaintiffs to address the few objections in detail, this brief will offer only a broad perspective on the posture of this case at the time the parties mediated to the proposed settlement. In particular, Clearwire will respond to the claim by objectors Morgan and De La Garza that "[t]his settlement is illusory and violates Rule 23 and Ninth Circuit precedent," Obj. [Dkt. 76] at 2:1, an absurd objection that ignores the hurdles to recovery Plaintiffs faced at the time of settlement.

CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND
RESPONSE TO OBJECTIONS (No. C10-1859-JLR) — 1
DWT 20790393v2 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The class has expressed an exceptional degree of approval for this settlement. Pursuant to the Court's Order Granting Preliminary Approval [Dkt. 64], Garden City Group ("GCG") delivered more than 3 million notices to potential class members [Dkt. 70 ¶¶ 12-14], i.e., every Clearwire retail subscriber in the United States during the class period. More than 79,000 class members responded by filing claims. *See* Keough Suppl. Decl. [Dkt. 85] ¶ 22. (The claims period has not closed.) By contrast, only six class members objected to the settlement—and the objections generally lack merit on their face.[1] One objector (Lynch, Dkt. 83, Obj. C) claims the class definition "is worded to exclude me from the injured class," so he lacks standing to object; another (Abel, Dkt. 83, Obj. B) complains about customer service but admits he never paid an ETF and "everything was disclosed to me" on the topic of managed speeds; a third objector (Holmes, Dkt. 83, Obj. D) calls Plaintiffs' counsel "dirtbag sharks" and asks for a $2,000 incentive award; and a fourth objector (Olmstead, Dkt. 83, Obj. E) expresses no discontent with the negotiated settlement terms—he simply wishes a deal could have been negotiated awarding "$10 to each group member for each telephone call made to Clearwire's customer service representatives." None of these objections offers any reasoned basis to question whether the settlement provides class members with a fair, reasonable, and adequate resolution.

Objectors Morgan and De La Garza, on the other hand, retained counsel and filed a four-page objection labeling the settlement "illusory." The objection cites cases and makes arguments framed in terms of legal principles. But the objection says nothing at all about the factual and procedural context of this case, which makes clear the settlement is far from illusory:

***First***, the objectors ignore the substantial likelihood that this Court, as well as the courts in *Minnick* and *Newton*, would have enforced Clearwire's arbitration clause, which requires individual arbitration and waives ***any*** right to engage in a class action. By the time the parties

---

[1] A seventh class member, Chong (Dkt. 83, Obj. A), returned a class notice marked as an objection but bearing the notation: "Not harmed by allegations. This should be dismissed." And another class member, Reed (Dkt. 83, Obj. F), likewise believes the case lacks merit: "As a 'Class Member,' I paid my monthly service charge to Clearwire for years, knowing full well what capabilities I was purchasing. If at any time I was dissatisfied with their service, or felt they were not providing the promised services, I was free to discontinue the agreement. … I do not feel that my rights as a consumer were violated (except by this settlement) or that Clearwire misrepresented the services they were providing."

CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND
RESPONSE TO OBJECTIONS  (No. C10-1859-JLR) — 2
DWT 20790393v2 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

mediated, Clearwire had fully briefed its motion to compel individual arbitration in *Newton*, which was awaiting decision—and would have precluded any recovery outside individual arbitration. *See Newton v. Clearwire Corp.*, No. 2:11-cv-00783-WBS –DAD (E.D. Cal. Dec. 1, 2011) (Dkt. No. 37) (Clearwire's Reply in Supp. of Mot. to Compel Arbitration). Similarly, even before the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), Clearwire filed two motions in this case to compel individual arbitration for those plaintiffs who resided in states that enforced clauses of that nature. *See* Dkt. 16 (Jan. 13, 2011), 26 (Mar. 31, 2011). After *Concepcion*, Clearwire would have expanded its motions before this Court to reach plaintiffs in states that refused to enforce class action waivers before the *Concepcion* decision. *See, e.g., Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012) (post-*Concepcion*, enforcing individual arbitration and class action waiver in agreement governed by Washington law). In short, given the substantial likelihood that this Court and the *Newton* court would have enforced the class action waiver, the proposed settlement provides a fair, reasonable, and adequate outcome to the class by affording an immediate recovery for perceived shortcomings in Clearwire's service *without* the need for individual arbitration.

*Second*, the objectors ignore the procedural posture in *Minnick*, which substantially favored Clearwire. Judge Pechman dismissed *Minnick* in its entirety on the pleadings. *See Minnick v. Clearwire US, LLC,* 683 F. Supp. 2d 1179 (W.D. Wash. 2010). On appeal, the Ninth Circuit certified to the Washington Supreme Court the question whether, as Judge Pechman ruled, Clearwire's early termination fee ("ETF") amounted to an enforceable alternative performance provision. *See Minnick v. Clearwire US, LLC,* 636 F.3d 534 (9th Cir. 2011). The Washington Supreme Court agreed with Clearwire (and Judge Pechman) that its ETF provision amounted to an alternative performance option that properly allowed customers to avoid term contractual obligations upon payment of a lump sum to Clearwire. *See Minnick v. Clearwire US, LLC,* 174 Wn.2d 443 (2011). Given this posture, former customers had little hope of recovering their ETFs in *Minnick*. In these circumstances, a recovery of 50% of paid ETFs offers a generous outcome for class members who choose to make a claim.

CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND
RESPONSE TO OBJECTIONS  (No. C10-1859-JLR) — 3
DWT 20790393v2 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

***Third***, absent a settlement, this case presented management difficulties that would have precluded trial on a class basis—an issue objectors simply ignore. No class member could recover without showing Clearwire delivered service inferior to what that class member understood Clearwire would deliver. In a litigated case, the need for individual proof and testimony as to expectations and service experiences would have made a class action unmanageable and preclude recovery on a class basis. The proposed settlement, however, allows class members to recover by making a sworn statement, in a streamlined online submission, that (a) Clearwire's service departed from what they understood they would receive and (b) they believe Clearwire (rather than factors outside Clearwire's control) was responsible for the perceived service shortcomings. Roughly 2.9% of the proposed class (i.e., 79,066 claims out of about 2,733,000 class members, *see* Cantor Suppl. Decl. ¶ 8) have thus far submitted claims attesting to those prerequisites to recovery. By making the opportunity to file a claim available to all class members, the settlement delivers fair, reasonable, and adequate value.

On this record, the Court should reject the objectors' unsupported claim that the proposed settlement offers only "illusory" benefits; the Court should instead grant final approval.

Respectfully submitted this 12th day of December, 2012.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Clearwire Corporation*

By:     s/ *Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Kenneth E. Payson, WSBA #26369
   John A. Goldmark, WSBA #40980
   1201 Third Avenue, Suite 2200
   Seattle, Washington  98101-3045
   Tel: (206) 622-3150
   Fax: (206) 757-7700
   E-mail: steverummage@dwt.com
           kenpayson@dwt.com
           johngoldmark@dwt.com

CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND
RESPONSE TO OBJECTIONS  (No. C10-1859-JLR) — 4
DWT 20790393v2 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system; and I hereby certify that I have mailed by United States Postal Service a copy of the document to the following non CM/EFC participant: Robert Prior, 2016 E. 6th Street, Vancouver, WA 98661.

DATED this 12th day of December, 2012.

s/ *Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
E-mail:  steverummage@dwt.com

CLEARWIRE'S REPLY IN SUPPORT OF FINAL APPROVAL AND RESPONSE TO OBJECTIONS  (No. C10-1859-JLR) — 5
DWT 20790393v2 0065187-001078

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700