THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CLEARWIRE CORPORATION,<br><br>        Defendant. | Case No. C10-1859-JLR<br><br>OBJECTIONS TO THE SUBPOENA FOR DOCUMENTS<br><br>NOTE ON MOTION CALENDAR: Wednesday, December 19, 2012  at 3:00 p.m. |

Gordon Morgan and Jeremy De La Garza, through counsel, serve these objections to the subpoena for documents in accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure as follows:

The following documents have been sought by subpoena from Messrs. Morgan and De La Garza (Exhibits A and B attached hereto):

Any documentation supporting the matters set forth in your Objection to the Proposed Class Settlement and Award of Attorneys' Fees and Expenses (Document 76 in the above-captioned matter), as well as any and all documents related to any objection to a settlement you have ever filed, either through counsel or pro se, including any and all documents related to any compensation, financial or otherwise, promised and/or paid in connection with such an objection.

Messrs. Morgan and De La Garza object as follows to the above requests:

1.      The request for "[a]ny documentation supporting the matters set forth in your Objection…" is overly broad, vague and ambiguous.

2.      The request for "any and all documents related to any objection to a settlement you have ever filed…including any and all documents related to any compensation…" is likewise overly broad, vague and ambiguous.

3. The request for "any and all documents related to any objection to a settlement you have ever filed…including any and all documents related to any compensation…" also seeks irrelevant evidence related to other class action settlements where Messrs. Morgan and De La Garza may have objected. Moreover, because the document request is framed in terms of "any and all documents related to any objection to a settlement you have ever filed…" it could also be construed as directly seeking attorney client privileged communications, attorney work product, and documents protected by other privileges and immunities. Objection is made to the extent this document request could require disclosure of privileged or other protected information, the extent of which cannot be fully determined due to the vague and ambiguous nature of the request. Objection is also made that production of any documentation related to other objections subjects the witnesses to undue burden and expense, particularly in light of the irrelevant nature of the request for documents related to other objections. Objection is also made to the extent that the document request could be construed as seeking documents that contain sensitive business information, that are trade secrets or contain confidential information; again, due to the extremely broad nature of the request, it is impossible at this juncture to determine with any specificity which documents are sought and therefore which confidential information may be implicated.

4. The subpoena does not allow sufficient time to comply with the document request. The subpoenas compelling the production of documents were served on Messrs. Morgan and De La Garza on December 13, 2012. The deadline for the production of documents was originally December 18, 2012, but the deposition date was changed to accommodate the witnesses' schedules to December 17, 2012. The deadline for the production of documents was not changed from December 18, 2012. There are only 2 business days between the date of service of the subpoena – December 13 – and the date for compliance

with the document request portion of the subpoena – December 18.  That is insufficient time for a non-party to comply with the document request and objection is made on that basis.  It should be noted that as a courtesy to class counsel, these objections are being served a day early, as the document production (and therefore this objection) is not due until December 18, 2012.

5.   Messrs. Morgan and De La Garza reserve their right to object with more specificity as to individual documents and to produce a privilege log if necessary given the lack of clarity in the requests.

Dated this the 17th day of December 2012.

Respectfully submitted,

By:   *s/ Donald W. Heyrich*
Donald H. Heyrich, WSBA No. 23091
HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: DHeyrich@hkmlegal.com


/s/ Christopher A. Bandas
Christopher A. Bandas (*Admitted Pro Hac Vice)*
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone (361) 698-5200
Facsimile (361) 698-5222

ATTORNEYS FOR APPELLANTS
GORDON B. MORGAN AND
JEREMY DE LA GARZA

1

**PROOF OF SERVICE**

2

I certify that a true and correct copy of the foregoing document has been forwarded to all

3   counsel via CM-ECF filing on this the 17th day of December 2012.

4   Clifford A. Cantor
Law Offices of Clifford A. Cantor

5   627 208th Ave, SE
Sammamish, WA 98074

6

7   MILBERG LLP
Peter E. Seidman

8   Joshua Keller
One Penn Plaza

9   New York, NY 10119-0165

10
Fees Richman LLP

11  Michael R. Reese
Kim E. Richman

12  875 Avenue of the Americas, 18th FL.
New York, NY 10169

13

14  Attorneys for Represented Plaintiffs

15  Stephen M. Rummage
Kenneth E. Payson

16  John A. Goldmark
1201 Third Avenue, Ste. 2200

17  Seattle, WA 98101-3045

18
Attorneys for Clearwire Corporation

19                                              */s/ Christopher A. Bandas*
                                               Christopher A. Bandas

20

21

22

23

24

25

26

27

28