The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859 JLR<br><br>PLAINTIFFS' DEPOSITION INFORMATION ABOUT OBJECTORS MORGAN AND DE LA GARZA |

In its Order granting Plaintiffs' motion to take the depositions of objectors Gordon Morgan and Jeremy De La Garza, the Court recognized that "Plaintiffs have demonstrated legitimate concerns regarding whether the objections made by Mr. Morgan and Mr. De La Garza are serious and whether their attorney is a so-called 'professional objector.'" [Dkt. 82.]

Mr. Morgan's and Mr. De La Garza's depositions were taken yesterday, December 17, 2012. Sadly, those depositions unequivocally demonstrate that the objection filed under Mr. Morgan's and Mr. De La Garza's names was entirely driven by their serial-objector counsel.

Although legitimate objectors exercising their right to object to a settlement play a valuable role in ensuring that a settlement is fair, reasonable, and adequate, the depositions of

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Mr. Gordon and Mr. De La Garza show that these objectors merely function as members of a stable of individuals used by their serial-objector attorney. Neither objector could testify as to why the Settlement is unfair. Neither objector has any understanding of the basis of their objection (other than, in Mr. De La Garza's case, the generalized and frankly uninformed opinion that lawyers get paid too much). In fact, neither objector even bothered to read the objections that were filed on their behalf and knew nothing of the contents. As they have done in other cases where they objected to a settlement, Mr. De La Garza and Mr. Gordon simply received a notice of a class settlement and "let Chris handle it."

### A. Mr. Gordon is Not a Serious Objector

Until April 2012, Mr. Gordon was a practicing attorney for many years. *See* Cantor Decl. re. Depositions, Ex. A, Morgan Dep. at 21:22-22:7; 26:13-20 (Dec. 17, 2012). He testified that, when he received the postcard class settlement notice, he sent it to Mr. Bandas because Mr. Bandas "handles these types of case[s] and [he] didn't really understand what was going on with it." *Id*. at 8:11-22. Other than the claim form and the postcard notice, Mr. Morgan never read any document relating to the settlement of this litigation. *Id*. at 9:13-10:9; 17:14-25; 18:21-24. Mr. Morgan also has no understanding for the basis of his objection, as he just "let [Mr. Bandas] handle it." *Id*. at 10:13-16. Mr. Morgan has never bothered to read or understand the objection that is in his name, *see id*. at 11:7-14; and never even saw it until the day of his deposition, *id.* at 17:13. Tellingly, Mr. Morgan admitted that he himself has no objection to the terms of the settlement: When asked, "[D]o you have any, at this point you yourself, do you have any objection to the terms of the settlement?," he testified without equivocation, "No." Morgan Dep. at. 10:17-20 (followed by his counsel's speaking objection).

Mr. Morgan's testimony suggests that he seeks to become a professional objector. Mr. Gordon testified that he objected to another settlement involving *AllianceOne*. *Id*. 13:5-8. (This objection and subsequent appeal is included in the record here at dkt. 87-2 and 87-3.) Just as with his objection in this case, he could not articulate anything about the *AllianceOne* settlement or the substance of his objection in that case. *See* Morgan Dep. at 13:11-14:7. And like with his

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  objection in this case, Mr. Bandas represents Mr. Morgan in *AllianceOne*. *Id*. In addition, as
2  with the objection in this case, Mr. Morgan indicated that Mr. Bandas drafted Mr. Morgan's
3  *AllianceOne* objection and signed Mr. Morgan's name on it. *Id*. at 20:2-7.
4  Unlike this case, however, Mr. Morgan's *AllianceOne* objection was filed *pro se*, and
5  was "ghostwritten" by Mr. Bandas. *See* dkt. 87-2. Numerous courts—including courts in
6  California where *AllianceOne* was pending—have recognized that this type of conduct is
7  improper. *See, e.g., Ayvazian v. The Moore Law Group*, No. 12-1506, 2012 WL 2411181, *4
8  (C.D. Cal. Jun. 26, 2012) ("The Court reminds the Plaintiff that the practice of 'ghostwriting'
9  violates the rules of professional conduct, and undermines the litigant's status as *pro se*. . . . The
10 likelihood that the impermissible practice of ghostwriting was used in the present Complaint is
11 but another factor in support of the Court's decision to grant sanctions under Rule 11.");
12 *Makreas v. The Moore Law Group*, No. 11-2406, 2012 WL 1458191, at *3 (N.D. Cal. Apr. 26,
13 2012) (citation omitted) ("numerous courts have held the practice of ghostwriting is not
14 permitted in the federal courts. … [W]here [an] attorney authored [a] brief that [a] pro se party
15 signed, both [the] pro se party and attorney had made a 'misrepresentation to [the] court'").
16 **B.    Mr. De La Garza is Not a Serous Objector**
17 Mr. De La Garza found out about the Settlement when he received an email notice.
18 Cantor Decl. re. Depositions, Ex. B, De La Garza Dep. at 8:3-8 (Dec. 17, 2012). After receiving
19 the email notice, he contacted Mr. Bandas without familiarizing himself at all with the terms of
20 the settlement. *Id*. at 8:9-16. As of his deposition, Mr. De La Garza still knew nothing about the
21 terms of the settlement and had only reviewed the email notice and the claim form he submitted.
22 *Id*. at 12:7-14; 17:6-12. Nor could he articulate anything about the settlement that he would
23 change to make it better. *Id*. at 12:15-18. After several improper speaking objections by Mr.
24 Bandas, Mr. De La Garza stated that his personal opinion is that the Settlement is objectionable
25 because attorneys get paid a lot of money. *Id*. at 12:19-15:9. Other than this vague and general
26 response, Mr. De La Garza admitted that he knew nothing about the attorneys' fees in this case.
27 *Id*. at 15:7-13. Mr. De La Garza had no other opinion of the Settlement. *Id*. at 15:23-16:7.

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR
- 3 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   Like Mr. Morgan, Mr. De La Garza's testimony suggests that he too is on his way to
2   becoming a professional objector.  Recently, Mr. De La Garza objected to settlement involving
3   Nokia.  *Id*. at 8:17-24.  Mr. Bandas represented him in connection with that objection.  *Id*. Just as
4   with his objection in this case, he could not articulate anything about the substance of his Nokia
5   objection, or even any details about that objection.  *Id*. at 9:9-11:25.  When asked about the result
6   of Mr. De La Garza's Nokia objection, such as whether Mr. De La Garza was paid money as a
7   result of the settlement or even whether Mr. De La Garza signed a settlement agreement in
8   connection with his objection in Nokia, Mr. Bandas instructed Mr. De La Garza not to answer on
9   the basis that settlement was privileged and confidential:

10      "Q. (by Mr. Tycko [one of class counsel])  Were you paid money as a result of that
11      settlement?
12          Mr. Bandas:  Don't answer any questions regarding settlement because it's
13          privileged and confidential.
14          . . .
15          Mr. Bandas:  It's not an objection.  It's an instruction.  I told him not to
16          answer the question.
17          Mr. Tycko:  Well, how is the terms of the settlement covered by
18          attorney/client privilege?
19          Mr. Bandas:  You can ask your next question.  I'm not going to –
20          Mr. Tycko:  Well, I'm trying to understand the basis for your instruction
21          because I don't think it's a proper instruction, unless there's actually something
22          covered by attorney/client privilege.
23          . . .
24      Q. (By Mr. Tycko):  Okay.  Did you sign a settlement agreement with somebody as a
25      result of the objection that you filed in the Nokia case?
26          Mr. Bandas:  Don't answer any questions regarding settlement in that case.
27   De La Garza Dep. at 10:2-11:18.

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR
- 4 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   Upon Mr. Bandas's instruction, Mr. De La Garza did not answer. *Id*. Yet if Mr. De La
2 Garza and/or his counsel received payment as part of a Nokia settlement, it is relevant to their
3 motives for filing an objection here. Whatever business Mr. De La Garza and his counsel are in,
4 evidently it is top secret.

5   The depositions establish that neither Mr. Morgan nor Mr. De La Garza is a serious
6 objector; their attorney is a professional objector counsel; and Mr. Morgan and Mr. De La Garza
7 are becoming professional objectors in their own right.

**Conclusion**

9   For the reasons demonstrated here and in Plaintiffs' Reply, Plaintiffs respectfully submit
10 that the Court should (i) overrule the objection of Mr. Gordon and Mr. De La Garza; (ii) grant
11 final approval to the proposed settlement as fair, reasonable, and adequate; and (iii) grant the
12 request for fees, expense, and service awards.

Dated: December 18, 2012        Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:   (425) 868-7813
Fax:   (425) 732-3752
Email: cliff.cantor@comcast.net

MILBERG LLP
Peter Seidman
One Penn Plaza
New York, NY 10119
Tel:   (212) 594-5300
Fax:   (212) 868-1229
Email: pseidman@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY 10001
Tel:   (212) 579-4625

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR
- 5 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Fax:     (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings* [1]

\*     \*     \*

PETERSON WAMPOLD ROSATO
   LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:     (206) 624-6800
Fax:     (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:     (202) 973-0900
Fax:     (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

\*     \*     \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:     (415) 568-2555
Fax:     (415) 568.2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:     (612) 252-3570

---

[1] In this context, the phrase "plaintiffs in *Dennings*" does not include Mr. Prior, whom counsel do not represent.

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Fax:    (612) 252-3571
Email: swanta@baillonthome.com

Counsel for plaintiffs in *Newton*

**Class Counsel**

Certificate of Service

    I certify that, on December 18, 2012, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

                                          s/ *Cliff Cantor*
                                          Cliff Cantor, WSBA # 17893

PLS.' SUPPL. INFO. ABOUT OBJECTORS
No. C10-1859 JLR

- 7 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752