Exhibit B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

```
MICHAEL BOBOWSKI, ALYSON BURN,) CASE NO. C-10-1859 JLR
STEVEN COCKAYNE, BRIAN        )
CRAWFORD, DAN DAZELL, ANGELO  )
DENNINGS, CHEYENNE FEGAN,     )
SHARON FLOYD, GREGORY GUERRIER)
JOHANNA KOSKINEN, ELENA MUNOZ-)
ALAZAZI, ELAINE POWELL, ROBERT)
PRIOR, ALIA TSANG, AND KYLE   )
WILLIAMS, on behalf of        )
themselves and all others     )
similarly situated,           )
Plaintiffs                    )
                              )
V.                            )
                              )
CLEARWIRE CORPORATION,        )
Defendant                     )
```

---

ORAL DEPOSITION OF
JEREMY DE LA GARZA
Volume 1 of 1
December 17, 2012

---

ORAL DEPOSITION OF JEREMY DE LA GARZA, produced as a witness at the instance of the PLAINTIFF, and duly sworn, was taken in the above-styled and numbered cause on December 17, 2012 from 1:48 P.M. to 2:18 P.M., before Sylvia D. Trevino, CSR No. 2733 in and for the State of Texas, reported by Stenographic method, at the offices of U.S. Legal Support, 802 N. Carancahua, Corpus Christi, Texas, pursuant to the Federal Rules of Civil Procedure, Notice and any provisions stated on the record.

1                       A P P E A R A N C E S

2

   ATTORNEY FOR THE PLAINTIFFS, GORDON MORGAN & JEREMY DE LA
3  GARZA

4            Christopher Bandas
             THE BANDAS LAW FIRM
5            500 N. Shoreline, Ste. 1020
             Corpus Christi, Tx  78401-0353
6            (361) 698-5200

7
   CLASS ACTION ATTORNEY:
8
             Johnathan K. Tycko
9            TYCKO & ZAVAREEI
             2000 L. St. N.W. Ste. 808
10           Washington, D.C. 20036
             (202) 973-0900
11           fax (202) 973-0950
             jtycko@tzlegal.com
12
   ATTORNEY FOR DEFENDANT, CLEARWIRE CORPORATION:
13 (Telephonically)

14           John Goldmark
             DAVIS, WRIGHT, TREMAINE
15           1201 Third Avenue
             Seattle, Washington 98101
16           Tel:  (206) 757-8068
             johngoldmark@dwt.com

17

18

19

20

21

22

23

24

25

1                            INDEX

2
   Witness Name                                              Page
3     Direct By Mr. Tycko . . . . . . . . . . . . . . . . . 4
      Cross By Mr. Goldmark . . . . . . . . . . . . . . . 18
4     Reporter's Certificate  . . . . . . . . . . . . . . 26

5                          EXHIBITS

6
   No.    Description                                       Page
7   1     Agreement                                          17
    2     Notice of Deposition                               18
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Sylvia Trevino (101-186-621-0444)                3a4dc788-223d-465d-8ad0-b4ab033b1dca

Page 4

1              JEREMY DE LA GARZA,
2      having been first duly sworn, testified as follows:
3                    E X A M I N A T I O N
4   BY MR. TYCKO:
5      Q    Could you state your full name and your address for
6   the record?
7      A    My name is Jeremy Brandon De La Garza.  My address
8   is 5334 Everhart Road, Suite 203, Corpus Christi, Texas 78411.
9      Q    And how are you currently employed?
10     A    I'm self-employed.
11     Q    What kind of work do you do?
12     A    I own a real estate company and am a realtor in the
13  State of Texas.
14     Q    When you say a real estate company, what does that
15  mean?
16     A    Real estate company.  Remax, Century 21, for
17  instance.  Real estate company.
18     Q    Do you do anything -- do you act as real estate
19  agent for people?
20          MR. BANDAS:  Hold on a second.  Were you
21  finished giving your answer before he cut you off?
22          THE WITNESS:  Yeah.
23     Q    (BY MR. TYCKO)  Just trying to understand what you
24  do.  So you're a real estate agent; is that right?
25     A    Real estate agent.

Page 8

1 against Clearwire?

2     A    No, sir.

3     Q    And how did you find out about the settlement that
4 brings us here today?

5     A    I was e-mailed with it.

6     Q    That was an e-mail you got from Clearwire or from
7 the settlement administrator?

8     A    Yes.

9     Q    And what did you do after you received that e-mail?

10     A    I contacted the Bandas law firm.

11     Q    Did you read the e-mail when you got it?

12     A    I glanced over the header and that was about it.

13     Q    Did you do anything to familiarize yourself with the
14 terms of the settlement?

15     A    No. I contacted my attorney at that time and relied
16 on his advice.

17     Q    Had you used Mr. Bandas as your attorney in other
18 matters?

19     A    One other time, yes; I have.

20     Q    And what type of matter was that?

21     A    That was a Nokia settlement.

22     Q    Was that also a matter in which you filed an
23 objection?

24     A    Yes; it was.

25     Q    Do you recall what the Nokia settlement was about?

Page 9

```
 1                  MR. BANDAS:  Are you asking the underlying
 2   case?
 3                  MR. TYCKO:  Yeah.
 4       Q    (BY MR. TYCKO)  What the issue was in that case?
 5       A    I don't know.  Something with the cell phone
 6   quality, I believe, of a cell phone.
 7       Q    And did you own a Nokia cell phone at some point?
 8       A    Yes; I did.
 9       Q    Do you recall when it was that you filed your
10   objection to that settlement?
11       A    No; I don't.
12       Q    Was it within the last couple of years?
13       A    Within the last couple of years; yes.
14       Q    Do you recall what court that was in?
15       A    No, sir; I do not.
16       Q    Do you recall what the substance of your objections
17   were?
18       A    No; I do not.
19       Q    Do you recall that there was some problem with the
20   settlement that you were objecting to?
21       A    No; I do not.
22       Q    Do you know what the results of your objections was?
23                  MR. BANDAS:  At this point, I'm going to
24   instruct the witness not to answer.  The result was a
25   privileged and confidential settlement, the terms of which
```

Page 10

1   cannot be revealed.
2        Q    (BY MR. TYCKO)  Were you paid money as a result of
3   that settlement?
4              MR. BANDAS:  Don't answer any questions
5   regarding settlement because it's privileged and confidential.
6              MR. TYCKO:  Was the settlement agreement itself
7   subject to confidentiality, because the terms of the
8   settlement wouldn't be privileged.
9              MR. BANDAS:  I'm not the witness.  I instructed
10  my client and --
11             MR. TYCKO:  I'm trying to understand the basis
12  for your objection.
13             MR. BANDAS:  It's not an objection.  It's an
14  instruction.  I told him not to answer the question.
15             MR. TYCKO:  Well, how is the terms of the
16  settlement covered by attorney/client privilege?
17             MR. BANDAS:  You can ask your next question.
18  I'm not going to --
19             MR. TYCKO:  Well, I'm trying to understand the
20  basis for your instruction because I don't think it's a proper
21  instruction, unless there's actually something covered by
22  attorney/client privilege.
23             MR. BANDAS:  File your motion; do what you got
24  to do.  I instructed the witness not to answer because it's a
25  privileged and confidential settlement; okay?

```
 1                MR. TYCKO:  That's what I'm trying to
 2   understand.  Are you saying that the terms of the settlement
 3   itself are confidential.
 4                MR. BANDAS:  I'm going to take it, if you ask
 5   me that question again, that you have no other questions for
 6   this witness and we'll be done.
 7                MR. TYCKO:  You can take whatever position you
 8   want but I'm entitled to ask you to explain the basis for your
 9   objection; okay?  Because if I am going to file a motion, I'd
10   like there to be a record so that I understand what your
11   position is.
12                MR. BANDAS:  It's on the record.  You can read
13   it when you get a copy of the transcript.
14        Q    (BY MR. TYCKO)  Okay.  Did you sign a settlement
15   agreement with somebody as a result of the objection that you
16   filed in the Nokia case?
17                MR. BANDAS:  Don't answer any questions
18   regarding settlement in that case.
19        Q    (BY MR. TYCKO)  Are you going to follow your
20   lawyer's instruction?
21        A    Yes; I'm going to follow my attorney's instructions
22   at this point as far as any other questions with that goes.
23        Q    Do you know if the Court in the Nokia case ever
24   ruled on the substance of your objection?
25        A    No; I do not.
```

Page 12

1  Q    Now, other than the Nokia matter, had you ever filed
2  an objection in any other class lawsuit?
3  A    No; I had not.
4  Q    And had you ever used Mr. Bandas as your attorney in
5  any other matter?
6  A    No; I had not.
7  Q    Let's go back to the time that you got the e-mail
8  notice relating to the settlement in the Clearwire case.  Did
9  you at that point in time do anything to familiarize yourself
10 with the terms of the settlement?
11 A    No; I did not.
12 Q    Do you know anything about the terms of the
13 settlement sitting here today?
14 A    No; I do not.
15 Q    Is there something about the settlement that you
16 would change to make it better?
17 A    I don't know about the settlement.  As far as I rely
18 on my attorney's advice for what I'm -- for the settlement.
19 Q    Is there something about the settlement that you're
20 dissatisfied with?
21         MR. BANDAS:  Objection.  Asked and answered.
22 Just answered that question.
23         THE WITNESS:  Going to rely on my attorney's
24 advice for how I proceed with this.
25 Q    (BY MR. TYCKO)  Well, just -- can you tell me in

1  your own words is there something about the settlement that
2  you think should be changed or that you're dissatisfied with?
3              MR. BANDAS:  He just told you in his own words
4  so asking it a second time for his own words in a different
5  way isn't going to work.
6       Q    (BY MR. TYCKO)  Can you answer the question?
7       A    I'm going to follow my attorney's advice on this --
8       Q    He hasn't told you not to answer.
9              MR. BANDAS:  He given you an answer before,
10 which was --
11             MR. TYCKO:  That's a leading instruction,
12 Chris.
13             MR. BANDAS:  -- and you're harassing
14 the witness with the same question.
15             MR. TYCKO:  I'm not harassing the witness.
16 You're interfering with my examination, Mr. Bandas.
17             MR. BANDAS:  No, no, no.  When you ask the same
18 question over and over and over again hoping to get a
19 different answer, that's called harassment, and I'm simply
20 putting it on the record.
21             THE WITNESS:  The same answer for that
22 question.
23      Q    (By MR. TYCKO)  Okay.  So your answer is you're not
24 able to tell me anything that you find problematic with the
25 settlement; is that right?

Page 14

1  A  No.

2              MR. BANDAS: Okay. Wait. Time out. You
3  changed the question before --
4              MR. TYCKO: Okay. Let me ask -- Withdrawn.
5  Withdrawn.
6  Q   (BY MR. TYCKO) Is there anything about the
7  settlement that you can tell me sitting here today that you
8  find objectionable?
9              MR. BANDAS: Other than what he's already filed
10 in the pleadings, or are you asking him personally or are you
11 asking him to refer to the pleadings?
12             MR. TYCKO: Personally.
13             MR. BANDAS: Okay. Jeremy, before you answer
14 this, be careful not to reveal any communications between you
15 and me. So you can answer his question and offer a personal
16 opinion without disclosing what you and I talked about. You
17 can tell him that you have a personal opinion. You don't have
18 to have one, but you can one. And if you have one, tell him
19 what it is.
20             THE WITNESS: Could you repeat the question,
21 please?
22 Q   (BY MR. TYCKO) Yes. Do you have a personal opinion
23 about whether there is something in the settlement that you
24 found objectionable?
25             MR. BANDAS: Subject to the same objections, go

Page 15

```
 1   ahead and answer.
 2                  THE WITNESS:  Attorneys getting paid quite a
 3   bit of money on it.
 4       Q    (BY MR. TYCKO)  Okay.  The attorneys representing
 5   who?
 6       A    The class action lawsuit.
 7       Q    Okay.  And what do you know about how much the
 8   attorneys are getting paid?
 9       A    Just that it's a lot.  I don't.  I just --
10       Q    Do you know?
11       A    I don't know.
12       Q    Do you know how much the attorneys are getting paid?
13       A    No.
14       Q    So how do you know it's too much?
15            MR. BANDAS:  You asked him for personal
16   opinion.  If you have a basis --
17                  THE WITNESS:  Just based on -- seems like what
18   the attorneys get paid on a class action lawsuit, they get
19   paid a lot.
20       Q    (BY MR. TYCKO)  Just generally?
21       A    Generally; yes.  Not specifically.  That is my
22   personal opinion answering your question.
23       Q    So other than -- other than what the attorneys are
24   getting paid, do you have any other personal opinions about
25   the settlement?
```

1    A    I don't know much about it.

2          MR. BANDAS: Okay. Just to be clear, you're not asking him to tell you what's in his pleadings. Just personal opinions separate and apart from what's in the pleadings. Is that what you're asking?

6          MR. TYCKO: Yes.

7          THE WITNESS: No; I don't.

8    Q    (BY MR. TYCKO) Did you file a claim in the Clearwire settlement?

10    A    Yes; I did.

11    Q    And do you recall when you did that?

12    A    No; I do not.

13    Q    Do you recall how you did it?

14    A    Electronically.

15    Q    Was that through the settlement website?

16    A    I believe so; yes. Online. As best I can say.

17    Q    Have you ever seen the actual settlement agreement?

19    A    That's the 60-page document you said from sitting in here prior to -- I'm guessing, no; I did not look at 60 pages of a settlement agreement.

22    Q    Let me just show it to you and you can tell me if you've ever seen this document before. I'm handing the witness the settlement agreement and release of claims in the Clearwire case. Have you seen this document before?

```
 1      A    I don't know if I saw the top of it or if I didn't
 2   see the top of it.  If I did, I did not read all 60 pages of
 3   it.  If I did see it, it -- maybe this was on the first page
 4   of that e-mail you all sent.  I'm not sure.  I don't know.  So
 5   that's the best, most honest answer I can give you.
 6      Q    Okay.  Fair enough.  So you don't recall reading
 7   anything outside of the e-mail; is that right?
 8      A    I don't know on that.
 9      Q    Well, do you -- are there other documents relating
10   to this case that you read other than the e-mail notice that
11   you received and the claims form that you prepared?
12      A    No.  That's all, I believe.
13      Q    Let me hand you what's been marked as Exhibit 1 of
14   this deposition.  Have you seen this document before?
15      A    Yes; I have.
16      Q    And is that an agreement that you entered into with
17   Mr. Bandas' law firm?
18      A    Appears to be; yes.
19      Q    Is that your signature that appears on the last
20   page?
21      A    Last page is my signature.
22      Q    Do you recall when you entered into that
23   agreement?
24      A    No.  I mean, I recall going over it.  I don't know
25   the day.  I don't know -- I know it was midday one day, but
```

```
 1                UNITED STATES DISTRICT COURT

 2               WESTERN DISTRICT OF WASHINGTON

 3                        AT SEATTLE

 4
    MICHAEL BOBOWSKI, ALYSON BURN,) CASE NO. C-10-1859 JLR
 5  STEVEN COCKAYNE, BRIAN        )
    CRAWFORD, DAN DAZELL, ANGELO  )
 6  DENNINGS, CHEYENNE FEGAN,     )
    SHARON FLOYD, GRERY GUERRIER, )
 7  JOHANNA KOSKINEN, ELENA MUNOZ-)
    ALAZAZI, ELAIN POWELL, ROBERT )
 8  PRIOR, ALIA TSANG, AND KYLE   )
    WILLIAMS, on behalf of        )
 9  themselves and all others     )
    similarly situated,           )
10  Plaintiffs                    )
                                  )
11  V.                            )                         )
                                  )
12  CLEARWIRE CORPORATION,        )
    Defendant                     )
13
    ---------------------------------------------------------
14                     ORAL DEPOSITION OF
                       JEREMY DE LA GARZA
15                       Volume 1 of 1
                       December 17, 2012
16  ---------------------------------------------------------

17         I, Sylvia D. Trevino, Certified Shorthand Reporter

18  in and for the State of Texas, hereby certify to the

19  following:

20         That the witness, JEREMY DE LA GARZA, was duly sworn

21  by the officer and that the transcript of the oral deposition

22  is a true record of the testimony given by the witness;

23         That the deposition transcript was submitted on

24  December 18, 2012, to the witness or to the attorney for the

25  witness for examination, signature and return to Sylvia D.
```

```
 1   Trevino by January 17, 2013;

 2              That the amount of time used by each party at the

 3   deposition is as follows:

 4              Johnathan Tycko - (0:22)

 5              John Goldmark - (0:08)

 6              That pursuant to information given to the deposition

 7   officer at the time said testimony was taken, the following

 8   includes counsel for all parties of record:

 9   ATTORNEY FOR THE PLAINTIFFS, GORDON MORGAN & JEREMY DE LA
     GARZA
10
                Christopher Bandas
11              THE BANDAS LAW FIRM
                500 N. Shoreline, Ste. 1020
12              Corpus Christi, Tx  78401-0353
                (361) 698-5200
13

14   CLASS ACTION ATTORNEY:

15              Johnathan K. Tycko
                TYCKO & ZAVAREEI
16              2000 L. St. N.W. Ste. 808
                Washington, D.C. 20036
17              (202) 973-0900
                fax (202) 973-0950
18              jtycko@tzlegal.com

19   ATTORNEY FOR DEFENDANT, CLEARWIRE CORPORATION:
     (Telephonically)
20
                John Goldmark
21              DAVIS, WRIGHT, TREMAINE
                1201 Third Avenue
22              Seattle, Washington 98101
                Tel:  (206) 757-8068
23              johngoldmark@dwt.com

24

25
```

Page 28

```
 1              I further certify that I am neither counsel for,
 2   related to, nor employed by any of the parties or attorneys in
 3   the action in which this proceeding was taken, and further
 4   that I am not financially or otherwise interested in the
 5   outcome of the action.
 6              Further certification requirements pursuant to Rule
 7   203 of TRCP will be certified to after they have occurred.
 8              Certified to by me on December 18, 2012.
 9
10                         _____
                           Sylvia D. Trevino, CSR 2733
11                         Expiration Date: 12/31/12
                           U.S. Legal Support
12                         Firm Registration No. 343
                           5910 N. Central Expressway, Ste. 100
13                         (214) 741-6001 - (214)741-6824 (f)
14   Job No. 136957
15                              - - -
16            FURTHER CERTIFICATION UNDER RULE 203 TRCP
17   ----------------------------------------------------------
18            The original deposition was/was not returned to the
19   deposition officer on _____;
20            If returned, the attached Changes and Signature page
21   contains any changes and the reasons therefor;
22            If returned, the original deposition was delivered
23   to _____, Custodial Attorney;
24            That $_____is the deposition officer's charges to
25   the PLAINTIFF for preparing the original deposition transcript
```

1   and any copies of exhibits;

2            That the deposition was delivered in accordance with

3   Rule 203.3, and that a copy of this certificate was served on

4   all parties shown herein and filed with the Clerk.

5            Certified to by me this _____day of _____,

6   2012.

7

                                  _____
8                                 Sylvia D. Trevino, CSR 2733
                                  Expiration Date:  12/31/12
9                                 U.S. Legal Support
                                  Firm Registration No. 343
10                                5910 N. Central Expressway, Ste. 100
                                  (214) 741-6000 (214) 714-6824 (f)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25