The Honorable James L. Robart

1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7           WESTERN DISTRICT OF WASHINGTON

8                    AT SEATTLE

9  MICHAEL BOBOWSKI, ALYSON BURN,        Case No. C10-1859-JLR
   STEVEN COCKAYNE, BRIAN CRAWFORD,
10 DAN DAZELL, ANGELO DENNINGS,
   CHEYENNE FEGAN, SHARON FLOYD,
11 GREGORY GUERRIER, JOHANNA             **PLAINTIFFS' MOTION**
   KOSKINEN, ELENA MUNOZ-ALAZAZI,        **FOR APPEAL BOND**
12 ELAINE POWELL, ROBERT PRIOR, ALIA
13 TSANG, and KYLE WILLIAMS, on behalf of
   themselves and all others similarly situated,   NOTE ON MOTION CALENDAR:
14                                         Friday, March 8, 2013
15
16                   Plaintiffs,
17
        v.
18
   CLEARWIRE CORPORATION,
19
                    Defendant.
20
21
22
23
24
25
26
27

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**Table of Contents**

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL BACKGROUND ......................................................................................1

III.    ARGUMENT ................................................................................................................2

        A.      An Appeal Bond is Necessary in this Matter ...........................................2

                1.      Appellants' Financial Ability Weighs in Favor of Requiring a Bond ........3

                2.      Risk of Non-Payment Weighs in Favor of Requiring a Bond ....................4

                3.      The Merits of the Appeal Weigh in Favor of Requiring a Bond ................5

        B.      The Amount of the Bond Should Be $41,150 ...........................................6

                1.      Rule 39(e) Costs ............................................................................7

                2.      Additional Settlement Administration Expenses .........................................8

                3.      Expenses *Not* Requested as Part of the Bond Amount ...............................9

                        a.      Plaintiffs do not seek to include their own incremental time or expenses for responding to class members .....................................9

                        b.      Plaintiffs do not seek to include delay or interest expenses...........10

                        c.      Plaintiffs do not seek to include attorneys' fees ...........................11

IV.     NATURE OF ORDER REQUESTED ...........................................................................11

V.      CONCLUSION................................................................................................................12

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR
- i -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

# Table of Authorities

## Cases

*Azizian v. Federated Dep't Stores, Inc.*, 499 F. 3d 950 (9th Cir. 2007) ...............................2, 7, 11

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ....................................................................6

*Conroy v. 3M Corp.*,
    2006 U.S. Dist. Lexis 96169 (N.D. Cal. 2006) ....................................................10

*Embry v. ACER Amer. Corp.*,
    No. 09-1808, 2012 WL 2055030 (N.D. Cal. Jun. 5, 2012)...............................3, 5

*Embry v. ACER Amer. Corp.*,
    No. 09-1808, slip op. (N.D. Cal. Jul. 31, 2012)........................................3, 7, 11

*Embry v. ACER Amer. Corp.*,
    No. 09-1808, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012) ................................3

*Fleury v. Richemont North Amer., Inc.*,
    No. 05-4525, 2008 WL 4780033 (N.D. Cal. Oct. 21, 2008) ............................2, 5

*Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1027 (9th Cir. 1998) ....................................5

*In re Initial Pub. Offering Sec. Litig.*,
    728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010)......................................................3, 7

*In re Magsafe Apple Power Adapter Litig.*,
    No. 09-1911, 2012 WL 2339721 (N.D. Cal. May 29, 2012)..............................3, 4, 5, 11

*In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*,
    No. 11-2247, 2012 WL 3984542 (D. Minn. Sep. 11, 2012)............................8, 9

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litig.*,
    No. 09-2015, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011) ...............................4

*In re Wal-Mart Wage and Hour Employment Practices Litig.*,
    No. 06-225, 2010 WL 786513 (D. Nev. Mar. 8, 2010) ....................................10

*Miletak v. Allstate Ins. Co.*,
    No. 06-3778, 2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) .................................... *passim*

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- ii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**Statutes and Rules**

Fed. R. App. P. 7.................................................................................................1, 2, 10

Fed. R. App. P. 39...................................................................................................7, 8

Washington Consumer Protection Act, RCW ch. 19.86............................................11

**Other Authorities**

Fed. R. App. P. 7, 1979 advisory committee notes....................................................2

United States Courts for the Ninth Circuit, 2011 Annual Report ...................................9

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   **I.    INTRODUCTION**

2       Objectors Mr. Morgan and Mr. De La Garza, who included meritless arguments in their

3   objection, appealed this Court's Settlement Order and Final Judgment.  Both they and their

4   counsel, Mr. Bandas, appear to be "professional" objectors.[1]  Their appeal will substantially

5   delay Clearwire's distribution of monetary relief to approximately 80,000 claimants.

6       Plaintiffs ask this Court to require Mr. Morgan and Mr. De La Garza to file an appeal

7   bond, jointly and severally, to ensure payment of appellate costs in the likely event that their

8   appeal is not successful.[2]  "In a civil case, the district court may require an appellant to file a

9   bond" in "an amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.

10      Plaintiffs respectfully submit that an appeal bond of $41,150 is necessary to ensure

11  payment of appellate costs in this case.[3]  Included in this amount are (1) $2,000 in costs for

12  ordering a transcript, preparation of the excerpts of record, copying or printing, binding, filing,

13  service, and delivery of the necessary copies of a brief, appendix, and record; and (2) $39,150 in

14  incremental settlement administration charges likely to be incurred as a result of the appeal.

15      Appeal bonds are commonplace in class actions where professional objectors, such as the

16  objectors here, file appeals.  This Court should require an appeal bond as a surety against the

17  objectors' self-serving attempts to hold up the Effective Date of the settlement for years for the

18  other approximately 80,000 class members who made claims.

19

20

21  _____

22  [1]    *See* (i) dkt. 84 at 5:11-26, 6:10-13, and app'x at pp. 19-21; (ii) dkt. 87 and exhibits
23  thereto; (iii) dkt. 97 and exhibits thereto; and (iv) Decl. of Cliff Cantor in support of Mot. for
    Appeal Bond ¶ 7 & Ex. D.

24  [2]    Throughout this motion, the term "plaintiffs" does not include Mr. Robert Prior.

25  [3]    This requested bond amount is not intended to be a maximum on the amount the parties
26  may seek in recovery of costs in the appropriate circumstances.

27

PLS.' MOT. FOR APPEAL BOND                          - 1 -
No. C10-1859 JLR

## II.   FACTUAL BACKGROUND

The settlement resolves the claims in three separate actions: (i) this case; (ii) *Minnick v. Clearwire US, LLC*, No. 10-35228 (9th Cir.); and (iii) *Newton v. Clearwire Corp.*, No. C11-783 WBS-DAD (E.D. Cal.) (the "Actions").

This Court held a final-approval hearing on December 19, 2012, where all parties and other interested persons, including objectors Morgan and De La Garza, were afforded an opportunity to be heard in support of or in opposition to the settlement.  Objectors Morgan and De La Garza did not appear, either in person or through counsel, even though their Seattle local counsel's office is only a few blocks from the Courthouse.

On December 20, 2012, this Court granted final approval to the settlement and entered final judgment.  *See* Settlement Order and Final Judgment [dkt. 99].  In its order, the Court noted that it considered all objections, including the objection filed by Mr. Morgan and Mr. De La Garza; overruled those objections; and concluded the settlement was fair, reasonable, and adequate.  *Id.*

## III.   ARGUMENT

"'[T]he district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.'"  *Azizian v. Federated Dep't Stores, Inc.*, 499 F. 3d 950, 954-55 (9th Cir. 2007) (quoting Fed. R. App. P. 7).  "'The purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an unsuccessful appellant.'"  *Miletak v. Allstate Ins. Co.*, No. 06-3778, 2012 WL 3686785, *1 (N.D. Cal. Aug. 27, 2012) (original brackets omitted) (quoting *Fleury v. Richemont North Amer., Inc.*, No. 05-4525, 2008 WL 4780033, *6 (N.D. Cal. Oct. 21, 2008)).  "[T]he question of the need for a bond, as well as its amount, are left in the discretion of the trial court."  *Fleury*, 2008 WL 4780033, *6 (citing Fed. R. App. P. 7, 1979 advisory committee notes).

### A.   An Appeal Bond is Necessary in this Matter

An appeal bond is necessary here.  In making this determination, courts in the Ninth Circuit have considered the following factors:

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 2 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal.

*Miletak*, 2012 WL 3686785, *1 ("the Court finds good cause to impose an appeal bond in the amount of $60,000, which represents solely the appellate costs and administrative costs requested"); *Embry v. ACER Amer. Corp.*, No. 09-1808, 2012 WL 2055030, *1 (N.D. Cal. Jun. 5, 2012) (same three factors) ("the Court finds that a bond of $70,650 is appropriate"); *In re Magsafe Apple Power Adapter Litig.*, No. 09-1911, 2012 WL 2339721, *1 (N.D. Cal. May 29, 2012) (same three factors) (ordering bond of $15,000 per objector based on evidence that a bond "may pose significant financial hardship to Objectors").

In *Embry*, the court expressly applied these three factors to Mr. Bandas and ordered him personally to "either (1) post an appellate bond in the amount of $70,650; or (2) file a notice of dismissal of his appeal." Decl. of Cliff Cantor in support of Mot. for Appeal Bond ("Cantor Bond Decl.") ¶ 5 & Ex. B (*Embry v. ACER Amer. Corp.*, No. 09-1808, slip op. at 2-4 (N.D. Cal. Jul. 31, 2012)). Mr. Bandas did neither. As a result, the court found him in contempt and imposed the sanction of striking his objection, "which means that the Objection has no force or effect on the Final Settlement. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit, where Objector's appeal is pending." *Embry v. ACER Amer. Corp.*, No. 09-1808, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012).

The factors identified above weigh in favor of requiring Mr. Morgan and Mr. De La Garza to file an appeal bond, discussed below.

### 1.    Appellants' Financial Ability Weighs in Favor of Requiring a Bond

It is the appellants' burden to show they lack the ability to post a bond. *Miletak*, 2012 WL 3686785, *2 & n.4 (absence of objector financial records demonstrating inability to pay bond "weighs in favor of imposing an appeal bond"); *see also In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) (ability to post bond is "presumed" where objectors do not present evidence to the contrary). "[F]inancial information" is required; a mere

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

assertion as to financial ability in a declaration, without more, in insufficient and "weighs in favor of imposing a bond." *Miletak*, 2012 WL 3686785, *2 n.4.

Mr. Morgan is a retired lawyer and is currently in the business of selling oil and gas equipment. [*See* dkt. 97-2 at 4:11-15 and 27:14-25]. Mr. De La Garza "own[s] a real estate company …" [*See* dkt. 97-3 at 4:12]. There is no evidence, nor is there likely to be, that Mr. Morgan and Mr. De La Garza cannot afford to post a bond.

Even if there were "some evidence that they will have difficulty posting their respective bonds," when there is "significant risk of non-payment of costs and … lack of merit in Objectors' appeals, this factor nonetheless tips in favor of requiring a bond." *In re Magsafe*, 2012 WL 2339721, *2.

Courts do not treat pleas of poverty lightly, considering the purpose of appeal bonds. For example, in *Magsafe*, in light of "some evidence" of hardship, the court tentatively reduced a bond from $25,000 per objector to $15,000 per objector and ordered depositions to determine their ability to post a bond of $25,000 each. *In re Magsafe*, 2012 WL 2339721, *2. As another example, a court imposed a substantial appeal bond on an appellant who applied to proceed *in forma pauperis*:

> [E]ven accepting at face value Rose's affidavit submitted in conjunction with her application to proceed on appeal *in forma pauperis,* the Court concludes that Rose can afford to post a bond in the amount of $15,000. That amount would protect Plaintiffs against the possibility that Rose might refuse to pay costs in the event that her appeal is unsuccessful.

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litig.*, No. 09-2015, 2011 WL 3648508, *1 (N.D. Cal. Aug. 18, 2011).

Overall, the financial-ability factor weighs in favor of requiring a bond.

### 2.       Risk of Non-Payment Weighs in Favor of Requiring a Bond

"With regards to the second factor—the difficulty of collecting payment post-appeal— each Objector in this case resides outside of the jurisdiction of the Ninth Circuit. This factor

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

weighs heavily in favor of requiring a bond." *In re Magsafe*, 2012 WL 2339721, *2 (footnote omitted).

Otherwise, the parties may be forced to pursue expensive collection actions in Texas, where Mr. Morgan and Mr. De La Garza live.  [*See* dkt. 76 at p. 1.]  *See also In re Magsafe* 2012 WL 2339721, *2 (quoted immediately above); *Embry*, 2012 WL 2055030, *1 (justifying appeal bond in part because "Cannata resides outside of the jurisdiction of the Ninth Circuit").

This factor weighs heavily in favor of requiring a bond.

### 3.    The Merits of the Appeal Weigh in Favor of Requiring a Bond

District courts consider the merits of the appeal when evaluating whether to require an appeal bond because this factor "informs the likelihood that the appellant will lose and thus be liable for costs." *Fleury*, 2008 WL 4780033, *6.  The district court need not consider whether the appeal is frivolous; sanctions for frivolous appeals are left to the court of appeals. *Azizian*, 499 F. 3d 950, 954 ("a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous").

The record demonstrates that Mr. Morgan and Mr. De La Garza's objection is without merit and is unlikely to be successful on appeal, as explained by this Court at the time of final approval.

First, even if Mr. Morgan and Mr. De La Garza's objection had some small degree of merit, it is unlikely they will prevail on appeal because this Court's approval of the settlement will be overturned only if there has been an abuse of discretion. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1027, 1029 (9th Cir. 1998).  Given this "extremely limited" review, *id.* at 1026, and considering this Court's careful work in reviewing the settlement, it is unlikely that this Court's conclusion that the settlement is "fair, reasonable, and adequate" will be found to be an abuse of discretion.  [*See* dkt. 99.]

Even under a less deferential standard, however, the objections would not succeed on the merits.  As plaintiffs (and Clearwire) asserted in settlement-related briefing and supporting declarations submitted to this Court, Mr. Morgan and Mr. De La Garza offered no valid basis to

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  reject the reasonableness of the settlement.  [*See* dkts. 69, 70, 73, 84, 85, 86, 87, 88, 97.]

2  Mr. Morgan and Mr. De La Garza's objections were overruled by the Court at the final approval

3  hearing.  [*See* dkt. 99.]

4        Their objection made four assertions about why the Court should not approve the

5  settlement:

6          1.     Plaintiffs' counsel breached their duty by negotiating a quick-pay

7        provision that requires defendant to pay class counsel "perhaps as much as two years in

8        advance" of the class—even though there is no quick-pay provision in this settlement.

9          2.     Fee multipliers are illegal under the *City of Burlington v. Dague* line of

10        cases—even though the Clearwire litigation does not involve any federal statutory fee-

11        shifting statute.

12          3.     It is illegal for all fees to be paid by a single check to a single law firm on

13        plaintiffs' side—a theory with no support in the Ninth Circuit and that runs counter to

14        common practice.

15          4.     Objectors Morgan and De La Garza also object because they contend the

16        attorneys' fees are too high.  This is not yet an issue on appeal because the Court has not

17        made a fee award.  In any event, this objection is without merit since the settlement

18        provides that, of the amount negotiated for fees, expenses, and incentive awards, any

19        portion that the Court does not award will instead be used to increase the amount paid in

20        claims to the class.  [*See* dkt. 84 at pp. 4-12.]

21  Further, in depositions, plaintiffs learned that Mr. Morgan and Mr. De La Garza had never seen

22  "their" objection and did not personally object to the settlement.  [*See* dkt. 97.]

23        As this Court concluded in granting final approval, the relief is fair, reasonable, and

24  adequate; and therefore approval was within the Court's discretion.  This factor weighs in favor

25  of requiring an appeal bond.

26        In sum, all relevant factors favor granting plaintiffs' motion to require an appeal bond.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**B.      The Amount of the Bond Should Be $41,150**

The amount of "an appeal bond should be sufficient to cover costs on appeal . . ." *Miletak*, 2012 WL 3686785, *1.

Plaintiffs respectfully request that the appeal bond be set at $41,150.  This is an estimate of the amount required to secure costs that will likely be taxable on appeal.  *See* Cantor Bond Decl. ¶ 3; Declaration of Jennifer M. Keough of The Garden City Group, Inc. regarding Increased Administrative Costs Resulting from Appeal (Feb. 14, 2013) ("Keough Decl.) ¶ 7 (attached to Cantor Bond Decl. as Ex. A).

The $41,150 amount is calculated as the sum of (1) estimated costs of $2,000 under Rule 39 of the Federal Rules of Appellate Procedure; and (ii) additional settlement administration costs estimated at $39,150.  [$2,000 + $39,150 = $41,150.]

**1.      FRAP 39(e) Costs**

Plaintiffs estimate their Rule 39(e) costs at $2,000 and request that this figure be included in the amount of the appeal bond.

"Costs," for purposes of requiring an appeal bond, include but are not limited to those costs identified in Federal Rule of Appellate Procedure 39(e).  *Azizian*, 499 F. 3d at 958 ("We read this language to mean that costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal).  Costs allowable under Rule 39(e) include items such as preparation and transmission of the record; obtaining the reporter's transcript; and costs of producing (including "photocopying, printing, binding, filing, and service" of) the necessary copies of a brief, appendix, or the record. Fed. R. App. P. 39(e); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295.

In requiring appeal bonds, courts typically include substantial amounts for Rule 39(e) costs alone.  *E.g., Miletak*, 2012 WL 3686785, *2 (requiring a $60,000 bond, $10,000 of which was for Rule 39(e) costs); *Embry v. ACER Amer. Corp.*, No. 09-1808, slip op. at 2-4 (N.D. Cal. Jul. 31, 2012) (attached to Cantor Bond Decl. as Ex. B) (requiring **Mr. Bandas** to post a $70,650 bond, $15,000 of which was for Rule 39(e) costs).  *See also In re Initial Pub. Offering Sec.*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   *Litig.*, 728 F. Supp. 2d at 295 (as part of a $500,000 bond, the court "conclude[d] that $25,000 is

2   likely sufficient to cover these taxable costs").

3          However, the Ninth Circuit recently changed its local rules to allow for greater use of

4   ECF in the appellate process, obviating the need for as many hard copies of appellate documents.

5   Plaintiffs' counsel have not participated in an appeal to the Ninth Circuit since the rule change.

6   After studying the new Circuit rules regarding use of ECF, plaintiffs' counsel estimate that a

7   more appropriate figure is $2,000—not $10,000 or $15,000 or $25,000—for traditional Rule

8   39(e) costs.  Cantor Bond Decl. ¶ 3.  For this reason, plaintiffs request that $2,000 for Rule 39(e)

9   costs be part of the bond amount.

10                    **2.       Additional Settlement Administration Expenses**

11         Plaintiffs also request that $39,150 be included in the amount of the appeal bond as

12   security for an incremental increase in settlement administration charges while the appeal is

13   pending.

14         Courts include in appeal bonds the incremental increase in settlement administration

15   costs caused by the delay in finalizing the settlement.  *See Miletak*, 2012 WL 3686785, *2

16   (finding "good cause" supported including $50,000 in "administrative costs" incurred in order

17   "to continue to service and respond to class members' needs pending the appeal"); *In re Uponor,*

18   *Inc.*, *F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-2247, 2012 WL 3984542, * (D. Minn.

19   Sep. 11, 2012) ("the parties expect the claims administrator to charge an extra $20,000 for

20   additional administrative functions during the delay"; as a result, the court included that $20,000

21   as part of appeal bond because such costs are "reasonable and necessary" and "should be

22   shouldered by the Objectors, particularly given the tenuous nature of their arguments").

23         The settlement administrator has estimated, based on previous experience, that the appeal

24   will cause an incremental increase of approximately $2,000 to $2,500 per month in ongoing

25   settlement administration fees and expenses during the appeal period.  Keough Decl. ¶ 7,

26   attached to Cantor Bond Decl. as Ex. A.  This estimate includes

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

updating claimant address information; advanced-level address searches, if requested for undeliverable checks (because a substantial number of claimants are likely to change addresses before checks are sent out); handling class member communications (received through counsel and directly from class members); interactive voice response ("IVR") minutes; IVR monthly maintenance fees; document storage; website maintenance, including postings of new documents and updates generated during and after the appeal; and project management, quality assurance, and systems support.

Keough Decl. ¶ 7.

The average of $2,000 and $2,500 is $2,250 in expenses per month.  The median length of appeals in the Ninth Circuit is 17.4 months.  *See* Cantor Bond Decl. Ex. C (2011 Annual Report).[4]  Multiplying the average expense of $2,250 per months by 17.4 months results in expected increased charges of $39,150, payable by Clearwire.  [$2,250 x 17.4 = $39,150.]

Just as in *Miletak* and *Uponor*, these expenses are reasonable and necessary and should be borne by appellants, if they are unsuccessful.  Plaintiffs request that $39,150 be included in the amount of the appeal bond.

### 3.      Expenses *Not* Requested as Part of the Bond Amount

In this motion, plaintiffs have avoided "piling on" to the bond amount.  They have deliberately *not* requested that certain categories of expenses be included.[5]

---

[4]      The 17.4 months appears in the Ninth Circuit's 2011 annual report—the Circuit's most recent one—on page 59, in a chart at the bottom of the page (2nd column, next-to-last line), and on page 60, in the text at the left side of the page under the heading, "Median Time Intervals." The 2011 annual report is available from the Circuit's "library" web page at http://www.lb9.uscourts.gov/, last visited Feb. 14, 2013, via a link at the lower right corner of the web page under "Publications."  *See* Cantor Bond Decl. ¶ 6 & Ex. C.

[5]      Again, plaintiffs do not suggest that this motion limits in any way what the parties may seek in recoverable costs assuming the appellants are unsuccessful.

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

### a.     Plaintiffs do not seek to include their own incremental time or expenses for responding to class members

Plaintiffs, through their counsel, receive a continual stream of telephone calls and emails from class members inquiring about the settlement status and when their claims will be paid. Responding to these inquiries takes considerable effort.  Plaintiffs have not tried to quantify their own costs of communicating with class members for an additional 17.4 months and have not asked that this be included in the appeal bond.

### b.     Plaintiffs do not seek to include delay or interest expenses

Nor have plaintiffs sought to include delay damages or interest in this appeal bond, notwithstanding that some courts in this Circuit have granted bonds that included such amounts—including cases in which Mr. Bandas was involved.

For example, Judge Wilken evaluated a motion "to require Lillian Rogers and the Bandas Law Firm (collectively, Objectors) to post an appellate bond . . ." *Conroy v. 3M Corp.*, 2006 U.S. Dist. Lexis 96169, **1-2 (N.D. Cal. 2006).  Included in the request was "$239,667 in anticipated post-judgment interest to compensate for the delayed distribution of the $4.1 million cash portion of the settlement." *Id.* at *6.  The court found this appropriate and included the $239,667 in an appeal bond totaling $431,167:

> The Court hereby imposes, pursuant to Appellate Rule 7, a bond requirement in the amount of $ 431,167.00 jointly and severally on Ms. Rogers and the **Bandas Law Firm**.  No later than ten days from the date of this order, Objectors must file with the Court and serve on appellees either proof of satisfaction of the bond requirement or proof of withdrawal of their appeal.

*Id.* at *12 (emphasis added).  So too, another district court held:

> While it is difficult to calculate with mathematical precision the duration of Objectors' appeal, or the administrative costs and *interest costs* to the potentially more than 3 million class members, or other costs reasonably incurred . . ., the Court finds the sum of $500,000 per Objector to be reasonable.
>
> IT IS THEREFORE ORDERED that . . . :  On or before March 29, 2010, Objector Jessica Gaona through her attorneys **Christopher Bandas** and Lisa

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Rasmussen, shall post an appeal bond pursuant to Rule 7 of the Federal Rules
of Appellate Procedure in the amount of $500,000.

*In re Wal-Mart Wage and Hour Employment Practices Litig.*, No. 06-225, 2010 WL 786513, *2
(D. Nev. Mar. 8, 2010) (emphasis added).

Nevertheless, other courts disagree as to whether interest costs can properly be included
in an appeal bond.  For the sake of minimizing delay, plaintiffs do not want this question to
become an independent focus of the appeal.  Therefore, plaintiffs do not ask this Court to include
interest in the appeal bond.

### c.      Plaintiffs do not seek to include attorneys' fees

"[A] district court may require an appellant to secure appellate attorney's fees in a Rule 7
bond, but only if an applicable fee-shifting statute includes them in its definition of recoverable
costs, and only if the appellee is eligible to recover such fees."  *Azizian*, 499 F. 3d at 953.

In *Dennings* and *Minnick*—two of the three Actions to be settled—plaintiffs brought
claims under the Washington Consumer Protection Act, RCW ch. 19.86 ("CPA").  Though the
question may be a close one, plaintiffs conclude that, under the *Azizian* rule, the CPA expressly
allows attorneys' fees as costs, but such fees are taxable against the defendant only and not
objectors.  Again, to avoid turning this question into an independent focus of the appeal,
plaintiffs do not ask this Court to include attorneys' fees in the appeal bond.

## IV.    NATURE OF ORDER REQUESTED

When district courts in this Circuit impose appeal bonds, they typically do so in the
following manner:

1.      "On or before August 31, 2012, Objector Wilens shall either post a $60,000 bond
or file a notice of dismissal of her appeal."  *Milatek*, 2012 WL 3686785, *2.

2.      "On or before August 6, 2012, Objector Bandas shall either (1) post an appellate
bond in the amount of $70,650; or (2) file a notice of dismissal of his appeal."
*Embry*, No. 09-1808, slip op. at 5 (N.D. Cal. Jul. 31, 2012), attached to Cantor
Bond Decl. as Ex. B.

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

· 11 ·

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

3.      "On or before June 8, 2012, each Objector shall either post a $15,000 bond or file a notice of dismissal of his or her appeal." *In re Magsafe*, 2012 WL 2339721, *2. Plaintiffs seek an order containing similar language.

## V.    CONCLUSION

For the reasons set forth herein, Class Plaintiffs respectfully request that this Court require Mr. Morgan and Mr. De La Garza, jointly and severally, to either post an appeal bond of $41,150 or file a notice of dismissal of their appeal.

Dated Feb. 20, 2013                        Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email: cliff.cantor@comcast.net

MILBERG LLP
Josh Keller
One Penn Plaza
New York, NY 10119
Tel:    (212) 594-5300
Fax:    (212) 868-1229
Email: jkeller@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:    (212) 579-4625
Fax:    (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings*

*       *       *

PETERSON WAMPOLD ROSATO
      LUNA KNOPP

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

· 12 ·

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:    (206) 624-6800
Fax:    (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:    (202) 973-0900
Fax:    (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

\*       \*       \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:    (415) 568-2555
Fax:    (415) 568.2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:    (612) 252-3570
Fax:    (612) 252-3571
Email: swanta@baillonthome.com

Counsel for plaintiffs in *Newton*

**Class Counsel**

Certificate of Service

I certify that, on February 20, 2013, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893

PLS.' MOT. FOR APPEAL BOND
No. C10-1859 JLR

· 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752