THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CLEARWIRE CORPORATION,<br><br>    Defendant. | Case No. C10-1859-JLR<br><br>MEMORANDUM IN OPPOSITION TO MOTION FOR APPEAL BOND<br><br>NOTE ON MOTION CALENDAR: Friday, March 8, 2013 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' AND CLEARWIRE'S JOINDER MOTION FOR APPEAL BOND**

**Plaintiffs' Request Is Frivolous Because It Cites  
The Wrong Rule of Appellate Procedure**

The settling parties' motion to require objectors Mr. Morgan and Mr. De La Garza (collectively "Morgan") to post an appeal bond ("Pl. Mem.") is sanctionably frivolous. Not once do the parties reference the correct standard of law or the correct federal rule. Plaintiffs fail to inform this Court that *every* appellate court to consider the question of whether "costs of delay" can be included in a Rule 7 appeal bond has held that they cannot. Simply put, "costs of delay" are only

covered in a *supersedeas* bond, and a supersedeas bond is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Yet the word "supersedeas" and the relevant legal rules are entirely absent from the motion papers; moreover, they are absent from the non-binding, legally erroneous, and entirely unpersuasive district court opinions (both by the same now-retired judge) cited by the parties.

A district court does *not* have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The parties concede that they may not seek such fees in an appeal bond here.

Morgan has not sought any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines*, 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *see also, e.g., Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond);[1] *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (same, issuing order to show cause why party requesting excessive appeal bond should not be sanctioned for failing to cite to relevant precedent); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same). Requiring objectors to pay for delay "would be inappropriate because an objector has no obligation to ensure the availability of the

---

[1] As if to demonstrate how unpersuasive it is, *Embry v. ACER* cites to *Fleury* without any attempt to explain why the *Embry* court is ignoring the legal reasoning of *Fleury* that costs of delay are not part of a Rule 7 appeal bond.

judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Indeed, the fact that an objector is seeking appellate review that may lead to "correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.). Nor can this court issue an improper *supersedeas* bond in the proposed amount of $40 thousand divorced from any actual appeal costs by incorrectly calling it an appeal bond. To do so would be reversible error. *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn*, 507 F.3d 295.

The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *American President Lines*, 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met, because Morgan has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for costs of delay as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

The reason the plaintiffs fail to identify the relevant legal rule and the relevant appellate precedent is obvious: *American President Lines* demonstrates that they are simply not entitled to the relief they request. Ironically, though the parties claim to be concerned about the cost of delay, their frivolous appeal bond request, if granted, will result in *more* delay, as the parties engage in collateral litigation over the reversible error that the settling parties have asked this Court to commit.

**The Settling Parties' Frivolous and Oppressive Motion Merits Sanctions Under FRCP 11 and 28 U.S.C. § 1927.**

Fed. R. Civ. P. 11 demands that the attorney submitting any motion or other paper certify, *inter alia*, that "it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). A district court maintains jurisdiction to issue Rule 11 sanctions even after the filing of a notice of appeal. *See*

1  *Val-Land Farms, Inc. v. Third Nat'l Bank in Knoxville*, 937 F.2d 110, 1117 (6th Cir. 1991). On its
2  own initiative, a district court "may order an attorney… to show cause why conduct specifically
3  described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). When the parties seek
4  an excessive appeal bond by hiding relevant precedent, a court has the *sua sponte* authority to issue
5  an order to show cause. *Cobell v. Salazar*, 816 F. Supp. 2d 10, 16-20 (D.D.C. 2011).

6  "Rule 11 addresses the problems of frivolous filings and abuse of judicial procedures as a
7  tool for harassment." *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 949-50 (E.D.
8  Cal. 2005). "The standard governing both the 'improper purpose' and 'frivolous' inquiries is
9  objective. The subjective intent of the movant to file a meritorious document is of no moment. The
10 standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent
11 attorney admitted to practice before the district court." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d
12 1096, 1109 (9th Cir. 2003) (internal quotation omitted). "Sanctions under Rule 11 are not limited to
13 instances in which a pleading as a whole is frivolous, or of a harassing nature. Rather, sanctions may
14 be imposed for improper or unwarranted allegations even though at least one non-frivolous claim has
15 been pled if an attorney has not conducted a 'reasonable inquiry' under the circumstances of the
16 case. *Moser*, 366 F. Supp. 2d at 950 (citing *Townsend v. Holman Consulting*, 929 F.2d 1358, 1362-
17 65 (9th Cir. 1990) (en banc)).

18 As demonstrated extensively above, no competent attorney, having conducted a reasonable
19 inquiry, would have concluded that one could request a *supersedeas* bond under Fed. R. App. Proc.
20 7. As such, that aspect of the plaintiffs' motion was legally frivolous. They supported this
21 objectively baseless claim by citing two non-binding district court cases that apply the wrong legal
22 standard and ignore the relevant appellate precedent. *Cf. Hudson v. Moore Business Forms, Inc.*, 836
23 F.2d 1156 (9th Cir. 1987) (Rule 11 sanctions may be imposed where the amount of damages claimed
24 is excessive and unexplained and appears to have been made frivolously and for purpose of
25 harassment); *Cobell,* 816 F.Supp.2d at 16-20.

26 Plaintiffs' motion for and briefing in support of any appeal bond should also subject them to
27 sanctions under 28 U.S.C. § 1927, which provides that "Any attorney…who so multiplies the
28 proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "A finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolously argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." *Thomas v. Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (internal citations omitted). "[F]rivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *Id.* at 1062.

Although the settling parties' will presumably disavow any knowing misrepresentations of law or fact, their frivolous contentions were offered at least recklessly. It is implausible that class counsel's research uncovered the two unpublished district-court opinions from a single judge that failed to cite the correct rule of appellate procedure, but missed the published appellate and district-court opinions noting that Rule 7 does not permit the inclusion of costs of delay. All these acts of bad faith and/or recklessness suffice to merit § 1927 sanctions. *See Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1221 (9th Cir. 2010) (misrepresentation of "straightforward" principle of law justifies imposition of § 1927 sanctions); *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir. 1984) (finding § 1927 violation when "Counsel's briefs…contain[ed] many misrepresentations of the record and an intentional misstatement of California law"); *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir. 1986) (granting request for sanctions under §1927 where litigant "fails to discuss controlling precedent, cites decisions that were overturned on appeal, and mischaracterizes even their own affidavits"); *Premier Commercial Corp. v. FMC Corp.*, 139 F.R.D. 670, 672 (N.D. Cal. 1991) (relying on an out-of-circuit legal test that has been rejected by the Ninth Circuit is grounds for § 1927 sanctions).

Morgan's counsel has successfully appealed multiple abusive class action settlements. *In re Baby Products Antitrust Lit.*, No. 12-1165, -1166, -1167 (3d Cir. Feb. 19, 2012); *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012). The parties, plainly afraid of another meritorious appeal, are seeking to impose illegal and unconscionable burdens upon Morgan's right to appeal for improper purposes. The goal was "to make the cost of litigation so high that [Morgan] would be forced to abandon the fight." *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 683-84 (5th Cir. 1989). As

*Chapman & Cole* notes, this merits sanctions. This is especially true given the plaintiffs' and defendants' abusive briefing that fails to mention the relevant legal rule.

Moreover, it is especially egregious if the class's money was spent to pay the claims administrator to generate a declaration attempting to preclude class members from appealing. The Court should inquire how much the class administrator was paid from the settlement fund to generate this entirely irrelevant declaration, and require the parties to replenish the settlement fund from their own pockets.

The inescapable conclusion is that class counsel has violated both Rule 11 and § 1927. This Court has the discretion to hold them accountable and to order them to show cause why they should not be sanctioned. *See, e.g., Cobell*, 816 F. Supp. 2d at 16-20. Morgan suggests that the Court award sanctions in the amount of $50,000 against class counsel and defense counsel to be paid to the settlement fund to reimburse the costs of delay the parties purport to be concerned about—even as they deplete that same settlement fund to pay for a declaration to support a frivolous motion.

### There Is No Need For A $2,000 Bond.

Rule 39 costs in the Ninth Circuit are limited to ten cents a page. The claim of $2,000 in costs is plainly exaggerated, since the appellees' only expense will be paper copies of a single 14,000-word red appellees' brief. Actual costs are likely to be under $300—less than the attorney time it would take to generate a bill of costs if the appellees are spiteful enough to ask for one. Even assuming that the appellees manage to print 20,000 pages to generate that 14,000-word brief, there is no risk that Morgan will not pay a legitimate bill of costs under Rule 39. Morgan's counsel, as part of his ethical duties as an attorney, agrees that he will pay any copying costs ordered by the Ninth Circuit in the unlikely event he loses his appeal, and the settling parties present no evidence to the contrary.

### Conclusion

The motion should be denied, and the Court should give appropriate consideration to sanctioning class counsel for a bad faith, vexatious motion that flies in the face of binding law and fails to cite to the relevant rule. In no event should an appeal bond be issued in excess of $2,000.

If the court, notwithstanding Ninth Circuit precedent to the contrary, decides to order an appeal bond greater than $2,000, Morgan requests either an immediate stay of the order or an immediate denial of a stay of the order, so that he may seek Ninth Circuit review with alacrity.

Respectfully submitted,

By: *s/ Donald W. Heyrich*
Donald H. Heyrich, WSBA No. 23091
HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: DHeyrich@hkmlegal.com


/s/ Christopher A. Bandas
Christopher A. Bandas (*Admitted Pro Hac Vice*)
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone (361) 698-5200
Facsimile (361) 698-5222

ATTORNEYS FOR APPELLANTS
GORDON B. MORGAN AND
JEREMY DE LA GARZA

**PROOF OF SERVICE**

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel via CM-ECF filing on this the 1st day of March 2013.

Clifford A. Cantor
Law Offices of Clifford A. Cantor
627 208th Ave, SE
Sammamish, WA 98074

MILBERG LLP
Peter E. Seidman
Joshua Keller
One Penn Plaza
New York, NY 10119-0165

Fees Richman LLP
Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th FL.
New York, NY 10169

Attorneys for Represented Plaintiffs

Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue, Ste. 2200
Seattle, WA 98101-3045

Attorneys for Clearwire Corporation

      /s/ Christopher A. Bandas
Christopher A. Bandas (*Admitted Pro Hac Vice*)