The Honorable James L. Robart

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       WESTERN DISTRICT OF WASHINGTON

8                                  AT SEATTLE

9   MICHAEL BOBOWSKI, ALYSON BURN,              Case No. C10-1859-JLR
    STEVEN COCKAYNE, BRIAN CRAWFORD,
10  DAN DAZELL, ANGELO DENNINGS,
    CHEYENNE FEGAN, SHARON FLOYD,               **PLAINTIFFS' REPLY IN SUPPORT**
11  GREGORY GUERRIER, JOHANNA                   **OF MOTION FOR APPEAL BOND**
    KOSKINEN, ELENA MUNOZ-ALAZAZI,
12
    ELAINE POWELL, ROBERT PRIOR, ALIA
13  TSANG, and KYLE WILLIAMS, on behalf of      NOTE ON MOTION CALENDAR:
14  themselves and all others similarly situated,  Friday, March 8, 2013

15
                        Plaintiffs,
16

17       v.

18
    CLEARWIRE CORPORATION,
19
                        Defendant.
20

21

22

23

24

25

26

27

PLS.' REPLY iso MOT. FOR APPEAL BOND
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**A.      The Three Factors Favor Requiring a Bond**

Objectors' counsel is an extraordinarily prolific appealer of class settlements.  In the Ninth Circuit alone, at present he is representing class-action objectors in 11 pending appeals; and he represented objectors in 16 more Ninth Circuit appeals that recently concluded.  *See* Tycko Decl. ¶¶ 2-4 & Ex. A.

In a civil case, the district court may require the posting of an appeal bond in "an amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  The decision of whether to require a bond is subject to a well-established three-factor test.  *See* Mot. at 2:27 - 3:9 (dkt. 107) (describing 3-factor test).

Objectors Mr. Morgan and Mr. De La Garza make no arguments opposing the three factors that courts use to determine whether to impose an appeal bond under Rule 7.  Therefore, the question for the Court is not "whether" but simply "how much."

**B.      Bondable Costs Are Not Limited by FRAP 39**

Objectors argue incorrectly that "costs referred to in Rule 7 are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39 …"  Opp. at 2:9-11 (original brackets and citation omitted).  The Ninth Circuit holds otherwise:  "We read this language to mean that the costs identified in Rule 39(e) are *among*, but not necessarily the *only*, costs available on appeal."  *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) (emphasis added).

**C.      There Is No Request for a Supersedeas Bond**

Plaintiffs (joined by defendant Clearwire Corporation) seek a reasonable appeal bond under Rule 7 of the Federal Rules of Appellate Procedure.  They did not move for a supersedeas bond, and all of Objectors' arguments about supersedeas bonds are off the mark.

**D.      Courts Commonly Include Increased Administrative Costs in Appeal Bonds**

District courts in the Ninth Circuit and around the country recently and commonly have included incrementally increased administrative costs in Rule 7 appeal bonds.  As examples, plaintiffs cited *Miletak v. Allstate Ins. Co.*, No. 06-3778, 2012 WL 3686785, *2 (N.D. Cal. Aug.

PLS.' REPLY iso MOT. FOR APPEAL BOND
No. C10-1859 JLR

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

27, 2012) (finding "good cause" supported including $50,000 in "administrative costs" incurred in order "to continue to service and respond to class members' needs pending the appeal") and *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-2247, 2012 WL 3984542, **4-5 (D. Minn. Sep. 11, 2012) ("the parties expect the claims administrator to charge an extra $20,000 for additional administrative functions during the delay"; as a result, the court included that $20,000 as part of appeal bond because such costs are "reasonable and necessary" and "should be shouldered by the Objectors, particularly given the tenuous nature of their arguments"). Mot. at 8:14-22 (dkt. 107).

Other examples include *Heekin v. Anthem, Inc.*, No. 05-1908, 2013 WL 752637, **1-2 (S.D. Ind. Feb. 27, 2013) ("In class action cases, … bonds are used to cover excess administrative costs that otherwise would not have been incurred. … The Court concludes that in this case, like those cited above, the excess administrative costs created by the delay incident to the appeal, can be characterized as a 'cost of appeal' under Rule 7"); *In re Nutella Marketing and Sales Practices*, No. 11-1086, 2012 WL 6013276, **2-3 (D.N.J. Nov. 20, 2012) ("I therefore conclude that administrative costs can be secured by a Rule 7 bond." These include "expenses related to the settlement website, and fees and expenses incurred by Rust Consulting, Inc., the administrator for the settlement.").

In yet another recent example involving Mr. Bandas himself, plaintiffs moved for an appeal bond that included $55,650 of the same sort of settlement-administrator charges at issue here. *Embry v. ACER Am. Corp.*, No. 09-1808, (i) Motion for Appeal Bond at 5:19, 9:20, 17:4-12 (N.D. Cal. Mar. 23, 2012) (dkt. 232) and (ii) Declaration of Amy L. Lake Regarding Additional Claims Administration Costs Resulting from Appeal at 2:15-22 & 3:1-16 (N.D. Cal. Mar. 23, 2012) (dkt. 232-2). *See* Second Cantor Decl. Exs. E & F, filed herewith.

The *ACER* court awarded the appeal bond against Mr. Bandas, specifically including the $55,650 for "maintaining contact with class members for the duration of an appeal" and "$15,000 in costs associated with preparing the record for appeal." *See Embry v. ACER Am.*

*Corp.*, No. 09-1808, slip op. at 4 & n.12 (N.D. Cal. Jul. 31, 2012), previously submitted as Cantor Decl. Ex. B (dkt. 108-2).[1]

In short, courts commonly award appeal bonds that include settlement administrators' expected additional charges.

**E.     $2,000 for FRAP 39 Costs Is Reasonable**

Finally, Objectors challenge the $2,000 figure for traditional Rule 39 costs, identifying copying at 10¢ per page as the only legitimate cost. Opp. at page 5 of 8 [unnumbered] at line 15-24.  But other costs include "the preparation and transmission of the record" and "the reporter's transcript, if needed …" Fed. R. App. P. 39.  Courts also allow "printing, binding, filing, and service" costs. *See* Mot. at 7:18-22.  The $2,000 figure is reasonable—and is even more reasonable given that plaintiffs and defendant are separate appellees who will have to file separate appellate papers presenting their respective points of view.

**F.     Conclusion**

Plaintiffs respectfully request that this Court require Mr. Morgan and Mr. De La Garza, jointly and severally, to either post an appeal bond of $41,150 or file a notice of dismissal of their appeal.

Dated Mar. 8, 2013                     Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email: cliff.cantor@comcast.net

---

[1]     The *Embry* court excluded "delay damages," or interest costs, from the bond amount. *Embry v. Acer Am. Corp.*, No. 09-1808, 2012 WL 2055030, *2 (N.D. Cal. Jun. 5, 2012).  Though other district courts have included delay damages or interest expenses in Rule 7 appeal bonds, plaintiffs expressly did not seek that type of costs in their motion.  Mot. at 10 (dkt. 107).

PLS.' REPLY iso MOT. FOR APPEAL BOND
No. C10-1859 JLR                     - 3 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

MILBERG LLP
Josh Keller
One Penn Plaza
New York, NY 10119
Tel:     (212) 594-5300
Fax:     (212) 868-1229
Email: jkeller@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:     (212) 579-4625
Fax:     (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings*

\*      \*      \*

PETERSON WAMPOLD ROSATO
    LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:     (206) 624-6800
Fax:     (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:     (202) 973-0900
Fax:     (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

\*      \*      \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Tel:   (415) 568-2555
Fax:   (415) 568.2556
Email: mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:   (612) 252-3570
Fax:   (612) 252-3571
Email: swanta@baillonthome.com

Counsel for plaintiffs in *Newton*

**Class Counsel**

Certificate of Service

I certify that, on Mar. 8, 2013, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752