UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, et al., | CASE NO. C10-1859JLR |
| Plaintiffs, | ORDER GRANTING MOTION FOR APPEAL BOND |
| v. | |
| CLEARWIRE CORPORATION, | |
| Defendant. | |

Before the court is Plaintiffs' motion for appeal bond in this class action lawsuit against Clearwire Corporation ("Clearwire"), which joins in the motion (Dkt. ## 107, 110). The case has settled, and the court has already granted final approval of the settlement. Now, several class members who have been accused of being "professional objectors" are appealing the settlement order. This motion seeks to require the purported professional objectors to post an appeal bond. The court GRANTS Plaintiffs' motion, concluding that a bond is warranted under Federal Rule of Appellate Procedure 7.

ORDER- 1

## I. BACKGROUND

This is a class action against internet service provider Clearwire brought by a putative class of Clearwire customers. The class alleges that Clearwire engaged in "throttling," the intentional slowing of its customers' internet speeds at peak times. (*See* Am. Compl. (Dkt. # 23) ¶ 2.) In addition, some Plaintiffs allege that they were unfairly charged an early termination fee when they tried to terminate their contract with Clearwire. (*Id.* ¶ 3.) The class seeks to recover monetary damages and to have Clearwire's actions declared unconscionable. (*Id.* at 26.) The parties have already reached a settlement agreement and, on December 20, 2012, the court approved it over the objections of, among others, class members Gordan Morgan and Jeremy De La Garza. (*See* 12/19/12 Min. Entry (Dkt. # 98).)

Plaintiffs accuse Mr. Morgan, Mr. De La Garza, and their attorney of being professional objectors who seek personal gain by obstructing the case. (Mot. at 5.) In a previous order, the court granted Plaintiffs' motion to depose Mr. Morgan and Mr. De La Garza, finding that "Plaintiffs [had] demonstrated legitimate concerns regarding whether the objections made by Mr. Morgan and Mr. De La Garza are serious and whether their attorney is a so-called 'professional objector.'" (12/11/12 Order (Dkt. # 84).) Plaintiffs eventually deposed Mr. Morgan and Mr. De La Garza and learned that Mr. Morgan had no personal objection to the settlement, neither of them had read the settlement agreement or their own objections to it, and both have worked with the same attorney on other class action cases. (*See* Memorandum (Dkt. # 97), Exs. A, B (depositions of Mr. Morgan and Mr. De La Garza).)

Mr. Morgan and Mr. De La Garza have filed a notice of appeal of the class settlement order and final judgment. (Not. of Appeal (Dkt. # 101).) In this motion, Plaintiffs ask the court to impose an appeal bond of $41,150.00. (*See* Mot.)

## II. ANALYSIS

Under Federal Rule of Appellate Procedure 7, district courts can impose an appeal bond to ensure payment of costs on appeal. Fed. R. App. P. 7. Courts consider several different factors to decide whether an appeal bond is appropriate, including (1) the merits of the appeal; (2) the risk that the appellant would not pay costs in the event the appeal loses; (3) the appellant's financial ability to post a bond; and (4) whether there is any evidence of bad faith or vexatious conduct. *See, e.g., In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Cv. 5575, 2007 WL 2741033 at *2 (S.D.N.Y. Sept. 20, 2007).

Each of the factors listed above favors imposing an appeal bond. First, with respect to the merits of the appeal, the court has already examined and overruled Mr. Morgan and Mr. De La Garza's objections to the settlement at the final approval hearing, finding them to be without merit. (*See* 12/19/12 Min. Entry.) Second, there is a risk of non-payment of appeal costs given that both objectors live in Texas, and it may therefore be difficult to enforce a cost order imposed upon them. Third, it appears that the objectors are able to pay an appeal bond. Mr. Morgan is a retired lawyer and is in the business of selling oil and gas equipment (Memorandum Ex. A at 5, 20), and Mr. De La Garza owns a real estate company. (*Id.* Ex. B at 5.) Neither has presented evidence that they would be unable to pay. Finally, Plaintiffs have presented evidence that Mr. Morgan and Mr. De La Garza had vexatious intent in filing their notice of appeal, and Mr.

Morgan and Mr. De La Garza have done nothing to rebut or dispute this evidence. (*See* Memorandum, Exs. A, B (depositions of Mr. Morgan and Mr. De La Garza).) Thus, all factors favor an appeal bond, and the court concludes that a bond is appropriate.

It remains only to determine how much. Rule 7 allows courts to impose a bond for "costs on appeal" but does not define "costs." Fed. R. App. P. 7. Courts have interpreted "costs" broadly in the context of class settlements to include increased expenses in settlement administration, administrative costs, and interest on the settlement that would have accrued during appeal. *See, e.g., In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 815, 817 (6th Cir. 2004); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006).

Plaintiffs request for a $41,150.00 appeal bond is reasonable. Their request includes $2,000.00 for the cost of acquiring a transcript and filing documents with the court and $39,150.00 in increased costs of administering the settlement as a result of the appeal. (*See* Mot. at 11.) With regard to the $2,000.00 request, Plaintiffs have produced testimonial evidence that, in the past, this figure would have been much higher but that $2,000.00 is now reasonable in light of recent rule changes in the Ninth Circuit that reduce the number of papers that need to be filed on appeal. (Decl. of Cliff Cantor (Dkt. # 108) ¶ 3.) Mr. Morgan and Mr. De La Garza present no evidence to rebut this. Having reviewed the evidence submitted by Plaintiffs, the court concludes that $2,000.00 is reasonable. Plaintiffs' request for $39,150.00 in administrative fees is also reasonable. As explained above, courts have interpreted Rule 7 broadly to include increased expenses in settlement administration and administrative costs. *See Cardizem*, 391 F.3d at 815,

ORDER- 4

817. Plaintiffs calculated their figure of $39,150.00 by multiplying the estimated monthly increase in settlement administration costs ($2,250.00) by the median length of a Ninth Circuit appeal (17.4 months) to arrive at a total of $39,150.00. (*See* Mot. at 13.) This is a sound methodology that is supported by evidence. (*See* Cantor Decl. Ex. A ¶ 7, Ex. C at 3.) Once again, Mr. Morgan and Mr. De La Garza present no evidence whatsoever to rebut it. Accordingly, the court concludes that Plaintiffs' figures are reasonable.

### III. CONCLUSION

The court GRANTS Plaintiffs' motion for appeal bond (Dkt. ## 107, 110) and orders Mr. Morgan and Mr. De La Garza to either (1) post a bond in the amount of $41,150.00 or (2) dismiss their notice of appeal.

Dated this 11th day of March, 2013.

JAMES L. ROBART
United States District Judge