The Honorable James L. Robart

1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7               WESTERN DISTRICT OF WASHINGTON

8                          AT SEATTLE

9   MICHAEL BOBOWSKI, ALYSON BURN,          Case No. C10-1859-JLR
10  STEVEN COCKAYNE, BRIAN CRAWFORD,
    DAN DAZELL, ANGELO DENNINGS,            **SUPPLEMENTAL INFORMATION IN**
11  CHEYENNE FEGAN, SHARON FLOYD,           **SUPPORT OF CLASS COUNSEL'S**
    GREGORY GUERRIER, JOHANNA               **RENEWED MOTION FOR**
12  KOSKINEN, ELENA MUNOZ-ALAZAZI,          **ATTORNEYS' FEES AND EXPENSES**
13  ELAINE POWELL, ROBERT PRIOR, ALIA
    TSANG, and KYLE WILLIAMS, on behalf of
14  themselves and all others similarly situated,
15                                          NOTE ON MOTION CALENDAR:
                   Plaintiffs,              Friday, April 12, 2013
16
17       v.
18
    CLEARWIRE CORPORATION,
19
                   Defendant.
20

21

22

23

24

25

26

27

28

**Table of Contents**

I.     PRELIMINARY STATEMENT ........................................................................ 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ....................................... 2

III.   THE RELIEF PROVIDED BY THE SETTLEMENT ......................................... 2

       A.     Monetary Amount Made Available ........................................................ 3

       B.     Monetary Amount To Be Reimbursed..................................................... 3

       C.     Programmatic Relief (non-quantifiable) ................................................ 5

IV.    THE COURT SHOULD AWARD ATTORNEYS' FEES AND EXPENSES ................. 5

       A.     Class Counsel Are Entitled to an Award of Attorneys' Fees and Expenses........... 5

       B.     Washington Law Recognizes the Lodestar and Percentage Methods ................... 6

       C.     Counsel Previously Briefed All Relevant Factors to the Extent Known ............... 7

       D.     The Fee Request Is Reasonable under the Lodestar Methodology....................... 7

       E.     The Fee Request Is Reasonable under a Percentage Cross-Check ...................... 9

       F.     The Fee Request Is Not the Product of Collusion..................................... 11

       G.     Class Counsel's Requested Expenses Are Reasonable and Proper ................... 11

       H.     Awarding Attorneys' Fees and Expenses in Class Actions is an Important
              Means of Protecting the Rights of Consumers ...................................... 12

V.     CONCLUSION............................................................................. 12

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1

**Table of Authorities**

2

**Federal Cases**

3

*Amchem Prods., Inc. v. Windsor*,

4
    521 U.S. 591 (1997)................................................................................12

5

*Amunrud v. Sprint Comm'ns Co. L.P.*,

6
    No. 10-57, 2012 WL 443751 (D. Mont. Feb. 10, 2012)................................9

7

*Arthur v. Sallie Mae, Inc.*,
    No. 10-198, 2012 WL 4076119 (W.D. Wash. Sep. 17, 2012).........................11

8

*Boeing Co. v. Van Gemert*,

9
    444 U.S. 472 (1980).....................................................................................9

10

*Camacho v. Bridgeport Fin., Inc.*,

11
    523 F.3d 973 (9th Cir. 2008) .........................................................................6

12

*Estrella v. Freedom Fin. Network, LLC*,
    No. 09-3156, 2012 WL 4645012 (N.D. Cal. Oct. 1, 2012) .......................11

13

*Garcia v. Gordon Trucking, Inc.*,

14
    No. 10-324, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012).........................10

15

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,

16
    No. 05-05437, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008) ...............8

17

*Hartless v. Clorox Co.*,
    273 F.R.D. 630 (S.D. Cal. 2011) ................................................................9

18

19

*Hopson v. Hanesbrands Inc.*,
    No. 08-0844, 2009 U.S. Dist. Lexis 33900 (N.D. Cal. Apr. 3, 2009) ......9

20

*In re Bluetooth Headset Prods. Liab. Litig.*,

21
    654 F.3d 935 (9th Cir. 2011) ....................................................................11

22

*In re Mego Fin. Corp. Sec. Litig.*,

23
    213 F.3d 454 (9th Cir. 2000) ....................................................................10

24

*Lewis v. Anderson*,
    692 F.2d 1267 (9th Cir. 1982) ....................................................................6

25

26

*Lopez v. Youngblood*,
    No. 07-474, 2011 U.S. Dist. Lexis 99289 (E.D. Cal. Sep. 2, 2011) .........4

27

*Mangold v. Cal. Public Util. Comm'n*,

28
    67 F.3d 1470 (9th Cir. 1995) ....................................................................5

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES
No. C10-1859 JLR

- ii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

*Mills v. Elec. Auto-Lite Co.*,
   396 U.S. 375 (1970)...................................................................................6

*Pelletz v. Weyerhaeuser Co.*,
   592 F. Supp. 2d 1322 (W.D. Wash. 2009)......................................5, 6, 7, 8

*Schiller v. David's Bridal, Inc.*,
   No. 10-616, 2012 WL 2117001 (E.D. Cal. Jun. 11, 2012)....................10

*Singer v. Becton Dickinson & Co.*,
   No. 08-821, 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010).....................10

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
   904 F.2d 1301, 1311 (9th Cir. 1990) .........................................6

*South Ferry LP #2 v. Killinger*,
   No. 04-1599 (W.D. Wash. Jun. 5, 2012) ....................................10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................4, 10, 12

*Stern v. Gambello*,
   480 Fed. Appx. 867 (9th Cir. 2012).........................................9

*Vasquez v. Coast Valley Roofing, Inc.*,
   266 F.R.D. 482, 492 (E.D. Cal. 2010) ....................................10

*Wade v. Minatta Transp. Co.*,
   No. 10-2796, 2012 WL 300397 (N.D. Cal. Feb. 1, 2012)......................10

*Williams v. MGM-Pathe Commc'ns Co.*,
   129 F.3d 1026 (9th Cir. 1997) .............................................9

**State Cases**

*Bowles v. Wash. Dep't of Ret. Sys.*,
   121 Wn. 2d 52, 72 (Wash. 1993)............................................6, 7

*City of Seattle v. Okeson*,
   137 Wn. App. 1051, 2007 WL 884827 (Wash. App. 2007)...................7

*Clausen v. Icicle Seafoods, Inc.*,
   174 Wn. 2d 70 (Wash. 2012) ...............................................6

*Keyes v. Bollinger*,
   31 Wn. App. 286 (Wash. App. 1982) ..........................................9

*Weiss v. Bruno*,
   83 Wn. 2d 911 (Wash. 1974) ...............................................6

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Statutes**

28 U.S.C. § 1332 ..............................................................................................5

RCW § 19.86.090 .............................................................................................5

**Other Authorities**

Alba Conte, *Attorney Fee Awards* (3d ed. 2004) ..........................................12

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

## I.   PRELIMINARY STATEMENT

Class Counsel respectfully submit this supplemental information and renew their motion for an award of attorneys' fees and expenses [Dkt. 71] in connection with the successful prosecution of three Actions against Clearwire: *Dennings*, *Newton*, and *Minnick*.[1]  The Class Representatives, acting through Class Counsel and on behalf of the Settlement Class, negotiated the Settlement of these Actions.  At a hearing on December 19, 2012, the Court determined that the Settlement was fair, reasonable, and adequate and granted final approval.  [Dkt. 99].

Class Counsel apply to this Court for:

- an award of $1,887,792.91 as reasonable attorneys' fees; and

- an award reimbursing them for their reasonable expenses of $62,207.09.

The Agreement resulted from many months of hard-fought, arm's-length negotiations between the parties, with substantial assistance from Edward A. Infante, former Chief Magistrate Judge of the U.S. District Court, Northern District of California — a respected mediator with significant experience in mediating complex class actions like this.  With oversight from Judge Infante and after the parties reached agreement on the non-fee aspects of the Settlement, the Parties began negotiating the fee-related aspects of the Settlement.

The amount of the fee request is pursuant a "mediator's proposal" that Judge Infante made and to which all parties agreed, subject to Court approval.  [Dkt. 86 at 2:15-18].  The amount requested is less than lodestar.  Class Counsel spent a total of 4,265.2 hours on this litigation, for an aggregate lodestar of $2,048,563 (with an appeal yet to be briefed and argued).  See Suppl. Compendium of Counsel Decls., Ex. A.  The $1,887,792.91 they request as a fee award represents a multiplier of 0.92 — i.e., a fractional or "negative" multiplier.  [$1,887,792.91 ÷ $2,048,563 = 0.92].

Based on the result achieved, significant risks of litigation, the skill required to achieve the result in light of these risks, and the contingent nature of the fee, the awards requested are fair

---

[1]      Capitalized terms have the same meanings as in the Settlement Agreement and Release of Claims dated August 6, 2012 ("Agreement") [Dkt. 61-1].

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES                                    - 1 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1  and reasonable and merit the Court's approval.

2  **II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

3          A description of the factual and procedural background of the Actions, as well as the

4  efforts of Class Counsel on behalf of the Settlement Class, is set forth in the Joint Declaration

5  (Nov. 8, 2012) [Dkt. 73].

6          On December 19, 2013, the Court held a Fairness Hearing.  [Dkt. 98].  The Court ruled

7  that the Settlement was fair, reasonable, and adequate and granted final approval.  *See* Settlement

8  Order and Final Judgment at 1 [Dkt. 99].  The Court also awarded a total of $50,000 in incentive

9  awards to the 25 Class Representatives.  *Id.* at 7.  The Court deferred ruling on fees and expenses

10  until the claims submittal period was closed and the amount of  Eligible Claimants' settlement

11  entitlements were calculated.  [Dkts. 104, 106].

12          Two objectors then appealed the settlement approval.  [Dkt. 101].  Plaintiffs filed a

13  motion for an appeal bond [Dkt. 107], which Clearwire joined [Dkt. 110].  The Court granted the

14  motion.  [Dkt. 117].  Plaintiffs also filed a motion for summary affirmance with the Ninth

15  Circuit.  That motion is pending.  *See* Cantor Decl. ¶ 3 (signed Mar. 21, 2013).

16  **III.    THE RELIEF PROVIDED BY THE SETTLEMENT**

17          Notice of the Settlement reached 94.6% of the Settlement Class, to the best estimate of

18  Garden City Group.  [Dkt. 85 at 3:7.]  The Notice pointed recipients to a streamlined Internet

19  claim form [Dkt. 70 at p. 54], by clicking on a link within the email notice ("*SUBMIT A CLAIM*

20  *FORM*" [Dkt. 70 at 31]) or by going to the URL of the claim form as printed in both the email

21  notice and mailed notice [Dkt. 70 at p. 31, 35].

22          The Settlement Class had roughly 2,733,406 members.  [Dkt. 86 at 2:4.]  Of those people,

23  83,840 submitted timely claims and 59 submitted late claims.  Keough Decl. re. Calculation of

24  Distribution Amount ¶ 5 (signed Mar. 20, 2013) ("Keough Decl. re Calc.").  This represents a

25  claims rate of about 3.1%.  [83,840 ÷ 2,733,406 = 0.0307].[2]

26  ───────────────

27  [2]      *Accord*, Dkt. 86 at ¶ 9 ("as of December 9, 2012, the claims rate was 2.89%").  Of the 2.7
   million class members, there were 8 objectors, or less than 0.000003 of the class [Dkt. 86 at

28  2:11]; and 409 people who opted out, or less than 0.00015 of the class [Dkt. 86 at 2:4].

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES                              - 2 -
No. C10-1859 JLR

The claims calculation process is now nearly complete.[3]  At this point, the Settlement will have the following results.

### A.      Monetary Amount Made Available

The Settlement does not contain an upper limit or cap on the amount that Clearwire may be required to reimburse.  Rather, the Settlement obligates Clearwire to pay (or credit) all claims validly submitted.  [Dkt. 61-1 at §§ 2.01, 1.03].

In confidential discovery, Clearwire provided data to plaintiffs showing (i) the numbers of subscribers "shaped" to certain speeds for at least one hour in every relevant month; (2) the numbers of subscribers subjected to shaping where Clearwire's records do not specify the speed or duration of the shaping, who are treated differently in the Settlement; and (3) and the number of subscribers who paid ETFs and the total amount paid.  From that data, plaintiffs could estimate the amount available as a result of the Settlement.

Without relying on confidential data, the Settlement makes available minimum payments of either $7 or $14 (depending on the date the customer first subscribed) for all class members who requested reimbursement for impaired speed.  [Dkt. 61-1 at ¶ 1.03].  Considering that the claims payments for 3.1% of the class are about $1.25 to $1.35 million (*see infra* at 4 at ¶¶ 1, 2, 4), the amount made *available* to the class could be as high as thirty-three times that amount. Class Counsel's fee request, as a percentage of the quantifiable monetary benefits available to the class, is significantly less than the Ninth Circuit's 25% benchmark common-benefit fee award.[4]  [*See* Dkt. 15 at ¶ 50].

### B.      Monetary Amount To Be Reimbursed

The monetary amount that Clearwire will actually pay (by payment, credit, or waiver) is

---

[3]      We use the word "nearly" because the settlement administrator received 5,874 claims for which Clearwire cannot determine who the customer is; and 67 claims that were not signed. Keough Decl. re Calc. at ¶¶ 7, 16, 17.  For those 5,941 people, the administrator is contacting the claimant asking for more information and/or a signature.  *Id.* ¶¶ 16, 17.  The average value of all other claims is $16.02.  *Id.* ¶ 15.  From that average, the value of the claims to be reprocessed can be estimated at $95,175.  [5,941 x $16.02 = $95,174.82].

[4]      The data and calculations are available to be filed under seal if requested.

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES
No. C10-1859 JLR

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

about $5.3 million, which is the sum of the following components:

| | | |
|---|---|---|
| 1. | $1,134,927. | Known reimbursement for 76,199 "shaping" or speed/quality claims.  *See* Keough Decl. re Calc. ¶ 14; Decl. of Anderson, Andersen, & Jacobson (to be submitted).  [These figures result in an average of $14.89 for speed/quality claims.] |
| 2. | 114,009.68 | Known reimbursement for 2,331 ETF claims.  *See* Keough Decl. re Calc. ¶ 8; Decl. of Anderson, Andersen, & Jacobson. [These figures result in an average of $48.91 for ETF claims.] |
| 3. | 1,418,518. | ETFs that Clearwire has already waived or will waive for class members without submitting a claim, estimated [Dkt. 61-1 at § 5.03; Dkt. 86 at 3:25 - 4:5] |
| 4. | 95,174.82 | Reimbursement for 5,941 claims returned to claimants for further information and subsequent processing, estimated (avg. $16.02) (*see supra* at n.3) |
| 5. | 0. | Unknown increase resulting from claims dispute procedure. [*See* Dkt. 61-1 at §§ 4.05, 4.07, 4.08] |
| 6. | 50,000. | Incentive awards to 25 Class Representatives, already approved.  [Dkt. 99] |
| 7. | 513,519. | Notice and administration charges, excluding additional charges to be incurred as a result of appeal.  [*See* Decl. of Keough re Garden City Group's Fees & Expenses for Settlement Admin. ¶ 5 (Mar. 20, 2013) (mid-point of range)] |
| 8. | 62,207.09 | Requested for reimbursement of litigation expenses |
| 9. | 1,887,792.91 | Available for attorneys' fees; remainder, if any, to be used to increase Eligible Claimants' reimbursements on a pro rata basis.  [Dkt. 68; Dkt. 61-1 at § 4.02]. |
| | $5,276,148.50 | **TOTAL** [5] |

---

[5]     When courts choose to use the percentage method for determining fees, "[f]ees and class administration costs are included in determining the size of the fund." *Lopez v. Youngblood*, No. 07-474, 2011 U.S. Dist. Lexis 99289, *33 (E.D. Cal. Sep. 2, 2011) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003)).

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES
No. C10-1859 JLR

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

## C.      Programmatic Relief (non-quantifiable)

Under the Settlement, Clearwire has been providing and will continue to provide two types of programmatic relief, neither of which can be reduced to a dollar value but each of which has provided a meaningful benefit to present class members and future customers.

10.      Clearwire will change its advertising in the manner described in the Agreement.  (*See* Dkt. 61-1 at § 5.01 for details).  As one example, notwithstanding that Clearwire continuously maintained its advertising was appropriate, post-settlement use of the word "unlimited," as shown in Exhibit A (pre-settlement screen print, inserted on the next page), will now include conspicuous disclosures regarding network management policies.

11.      For two years following February 27, 2012, if Clearwire reinstates fixed-term contracts with ETFs, Clearwire will "instruct its customer service representatives not to charge customers an ETF if they withdraw from their contract for reasons expressly related to quality or speed of service.  Upon discovery of an ETF charged to a customer in violation of its instructions to its customer service representatives …, Clearwire will refund that ETF."  [Dkt. 61-1 at § 5.02.]  This relief is distinct from Clearwire's waiver of existing contractual ETFs, quantified above.  In Dkt. 61-1, compare § 5.02 with § 5.03 ("ETF Waiver").

## IV.     THE COURT SHOULD AWARD ATTORNEYS' FEES AND EXPENSES

### A.      Class Counsel Are Entitled to an Award of Attorneys' Fees and Expenses

Jurisdiction in these Actions is based on diversity under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The availability and amount of the fee award are considered substantive issues of state law for *Erie* purposes.  *Mangold v. Cal. Public Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (state law applies to "the method of calculating the fees").

"Because Washington is the forum state, Washington law should be applied to the determination of an appropriate fee award."  *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D. Wash. 2009).  Under Washington law, counsel are entitled to an award of attorneys' fees and expenses under two doctrines:

First, the plaintiffs in the Actions collectively asserted claims under certain state

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752



Exhibit A

1   consumer-protection statutes that expressly authorize fee-shifting, including Washington's

2   Consumer Protection Act ("CPA").  *See* RCW § 19.86.090 (CPA action may include "the costs

3   of the suit, including a reasonable attorney's fee"); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

4   973, 978 (9th Cir. 2008) ("In order to encourage private enforcement of the law," some statutes

5   provide that "prevailing parties may recover their attorneys' fees from the opposing side.").

6        Second, as a result of this Settlement, Class Counsel created a substantial benefit for the

7   Settlement Class.  *E.g.*, *Weiss v. Bruno*, 83 Wn. 2d 911, 913 (Wash. 1974) (en banc) (equity

8   allows attorneys' fees in "situations where a litigant confers [a] substantial benefit on an

9   ascertainable class"); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392-95 (1970) (courts award the

10  cost of litigating "in cases where the litigation has conferred a substantial benefit on the members

11  of an ascertainable class"); *Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982) (the

12  "substantial benefit doctrine … permits a plaintiff to recover attorneys' fees if his action has

13  conferred a substantial benefit upon a class").

14       **B.    Washington Law Recognizes the Lodestar and Percentage Methods**

15       "Washington law … recognizes both the lodestar method and the percentage of the fund

16  methods for determining appropriate attorneys' fees."  *Pelletz*, 592 F. Supp. 2d at 1325 (citing

17  *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn. 2d 52, 72 (Wash. 1993) (en banc)).

18       Under the lodestar method, the court

19       > multipl[ies] the total number of hours reasonably expended in the litigation by the
20       > reasonable hourly rate.  Once the lodestar has been calculated, the court may
         > adjust the fee to reflect factors not considered yet.  The two categories for
21       > adjustment are based on whether the fee was contingent on the outcome and the
22       > quality of work performed.

23  *Clausen v. Icicle Seafoods, Inc.*, 174 Wn. 2d 70, 81 (Wash. 2012) (en banc).

24       Under the percentage method, the court

25       > sets attorney fees by calculating the total recovery secured by the attorneys and
26       > awarding them a reasonable percentage of that recovery, often in the range of 20
         > to 30 percent.  …  [T]he "benchmark" award is 25 percent of the recovery
27       > obtained.  Under special circumstances, this figure can be adjusted upward or
28       > downward …

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

*Bowles*, 121 Wn. 2d at 72 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  When using the percentage method, Washington courts have looked to the Ninth Circuit for analysis of "special circumstances."  *See, e.g., City of Seattle v. Okeson*, 137 Wn. App. 1051, 2007 WL 884827, *8 (Wash. App. 2007) (unpublished).

"The choice between lodestar and percentage calculation depends on the circumstances …" *Bowles*, 121 Wn. 2d at 72 (original brackets omitted).  In these respects, relevant Washington law on fees resembles and/or is derived from federal law.

**C.    Counsel Previously Briefed All Relevant Factors to the Extent Known**

In connection with final approval of the Settlement, Class Counsel moved for fees, expenses, and service awards.  [Dkt. 71]  In that motion, counsel briefed all relevant factors to the extent known at that time, including the result achieved, the risks of litigation, the skill required, the contingent nature of the fee, and awards in similar cases.  Counsel respectfully request that the Court review that motion.  [Dkt. 71].  To avoid redundancy, counsel will discuss supplemental information and its effect here.

**D.    The Fee Request Is Reasonable under the Lodestar Methodology**

Class Counsel recommend the lodestar methodology for determining fees in this litigation.  The reasons are these:

First, there is a significant difference between the amount of monetary relief that the Settlement made available and the amount that will actually be paid.  This may make it difficult to apply the percentage method.  *See, e.g., Pelletz*, 592 F. Supp. 2d at 1325 ("Settlement relief will be paid on a claims made basis with no cap to the relief available, so the total value of the Settlement is difficult to monetize.  Thus, the requested attorneys' fees do not lend themselves to a percentage of the fund analysis.").

Second, the Settlement has resulted in significant programmatic changes by Clearwire for the benefit of class members and future customers.  This too does not readily lend itself to a percentage analysis.

Under a lodestar analysis, Class Counsel spent a total of 4,265.2 hours on this litigation so far, for a total aggregate lodestar of $2,048,563 (with an appeal yet to be briefed and argued).

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES
No. C10-1859 JLR

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1    The $1,887,792.91 that they request as a reasonable fee award is less than their lodestar.  It

2    represents a fractional or "negative" multiplier of 0.92.  *See supra* at 1: 23.

3         Details relating to each firm's time and expenses are contained in the Compendium of

4    Declarations [Dkt. 74] and the Supplemental Compendium of Declarations.  Counsel also

5    anticipate spending significant time on the pending appeal.

6         The number of hours expended by Class Counsel is reasonable in light of the nature of

7    the Actions, the complexity of the issues involved, and that the Settlement will resolve three

8    different Actions (with three sets of counsel) that plaintiffs combined for purposes of settlement

9    to obtain greater negotiating strength and leverage.  [Dkt. 73 at ¶ 29].  Class Counsel sought to

10   avoid duplication of effort by counsel.  [*Id.* ¶ 92].  Moreover, Class Counsel have reviewed their

11   time records and eliminated certain entries in the exercise of billing judgment.  [*Id.*]

12        The hourly rates of Class Counsel that were used to generate the lodestar are reasonable

13   and appropriate.  *See* Dkt. 73 at ¶ 127.  The lodestar calculation includes time expended by

14   attorneys and, in some instances, professional support staff.  *See Grays Harbor Adventist*

15   *Christian Sch. v. Carrier Corp.*, No. 05-5437, 2008 WL 1901988, at *5 (W.D. Wash. Apr. 24,

16   2008) ("The Ninth Circuit and Washington courts recognize that substantive case-related work

17   performed by paralegals and other non-attorney staff may be included in the calculation of

18   recoverable lodestar.").

19        Reasonable hourly rates are determined by reference to the prevailing market rates

20   charged by attorneys of comparable skill and experience in the community.  *See Pelletz*, 592 F.

21   Supp. 2d at 1326-27 (approving hourly rates of firms from New York, Illinois, Ohio,

22   Washington, D.C., and Seattle as reasonable based on the work performed in each of the

23   respective relevant communities by attorneys of similar skill, experience and reputation); *see*

24   *also Grays Harbor*, 2008 WL 1901988, at *3 (approving hourly rates of New York, California,

25   and Seattle firms and a lodestar of 1.24).  The relevant legal community should appropriately be

26   the market for class action firms with the skill and resources to undertake litigation of this

27   magnitude.  [*See* Dkt. 73 at ¶ 127]; *see also Pelletz*, 592 F. Supp. 2d at 1326-27.

28        If the Court were to cap hourly rates at $525, the recalculated lodestar would be reduced

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES                    - 8 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1   to $1,933,146.  Cantor Decl. ¶ 4 (Mar. 21, 2013).  If the Court were to use hourly rates of $525

2   for partners, $261 for associates, and $145 for support staff, the recalculated lodestar would be

3   reduced further to $1,724,294.  *Id.* at ¶ 5.  Under these scenarios, an award of $1,887,792.91

4   would represent a multiplier of either 0.98 or 1.09, respectively, easily within the range typically

5   awarded in contingency-fee consumer class actions.  *Id.* at ¶¶ 4-5.

6           And, under the Washington's Consumer Protection Act, there is no requirement of any

7   particular proportion between monetary recovery and reasonable fees calculated under the

8   lodestar method.  "An [attorneys' fee] award is not unreasonable merely because it exceeds the

9   damages awarded …"  *Keyes v. Bollinger*, 31 Wn. App. 286, 297 (Wn. App. 1982).

10          In sum, the requested attorneys' fees are within the range of what courts in this District

11  and Circuit award in class actions such as this one.  The requested amount for attorneys' fees is

12  reasonable under the lodestar methodology and should be approved.

13          **E.       The Fee Request Is Reasonable under a Percentage Cross-Check**

14          When district courts conduct a percentage fee analysis, it is the amount or value made

15  available to the class, not the amount actually claimed, that is relevant.  *Williams v. MGM-Pathe*

16  *Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (footnote omitted) (per curiam) ("We

17  conclude that the district court abused its discretion by basing the fee on the class members'

18  claims against the fund rather than on a percentage of the entire fund or on the lodestar."); *Stern*

19  *v. Gambello*, 480 Fed. Appx. 867, 870 (9th Cir. 2012) ("nor was it error to consider, in cross-

20  checking the fees against the recovery, the potential recovery rather than the claims actually

21  made") (citing *MGM-Pathe*).  Various district courts have followed this approach.[6]  Counsel

22

23  ─────────────────────
    [6]    *See Amunrud v. Sprint Comm'ns Co. L.P.*, No. 10-57, 2012 WL 443751, *2 (D. Mont.
    Feb. 10, 2012) ("it is appropriate to base the percentage on the gross cash benefits available for
24  class members to claim, plus the additional benefits conferred on the class by Sprint's separate
    payment of attorney's fees and expenses, and the expenses of administration"); *Hartless v.*
25  *Clorox Co.*, 273 F.R.D. 630, 643 n.3 (S.D. Cal. 2011) ("Under Ninth Circuit law, it is an abuse
    of discretion to base the percentage recovery on the amount of claimed funds rather than the
26  entire settlement fund."); *Hopson v. Hanesbrands Inc.*, No. 08-844, 2009 U.S. Dist. Lexis 33900,
    *32 (N.D. Cal. Apr. 3, 2009) ("The appropriate measure of the fee amount is against the
27  potential amount available to the class, not a lesser amount reflecting the amount actually
28                                                                                  (continued...)

1   have identified no Washington case law on this point.

2          As discussed above, Class Counsel's fee request, as a percentage of just the quantifiable

3   monetary benefits available to the Settlement Class, is significantly less than the Ninth Circuit's

4   25% benchmark common-benefit class counsel fee award.  *Supra* at 3:3-18.  The Court could

5   approve the amount of the fee request on this basis alone.

6          Even if the Court were to compare the amount of the fee request to only the monetary

7   benefits actually paid or to be paid, it would amount to 35.78%.  [$1,887,792.91 ÷ $5,276,148.50

8   = 0.3578].  While this is higher than the benchmark, there are "relevant circumstances" justifying

9   the deviation:  When courts use the percentage method for determining fees, non-quantifiable

10  injunctive relief is a "relevant circumstance" in determining an appropriate fee percentage.

11  *Staton v. Boeing Co.*, 327 F.3d 938, 945-46 (9th Cir. 2003) (when using the percentage method,

12  non-quantifiable relief is a "'relevant circumstance' in determining what percentage of the

13  common fund class counsel should receive as attorneys' fees, rather than as part of the fund

14  itself").

15         And, "there is often an inverse relationship between the size of the fund and the

16  percentage awarded for fees"; the recovery has "no direct relationship to the efforts of counsel."

17  *Wade v. Minatta Transp. Co.*, No. 10-2796, 2012 WL 300397, *1 (N.D. Cal. Feb. 1, 2012).

18         Considering that the Settlement requires programmatic changes that Clearwire has put

19  into effect for the benefit of the class and the public [*see supra* at 5 (Part III.C)] and the Actions

20  required considerable effort, a percentage cross-check of 35.78% of the monetary benefits

21  actually paid or to be paid is reasonable.[7]

22         (...continued from previous page)

23  claimed by the members.") (citing *Boeing Co. v. Van Gemert,* 444 U.S. 472, 477-82 (1980)).

24  [7]     *Accord*, Final Order Approving Class Action Settlement and Awarding Attorneys' Fees
    and Expenses at 9, *South Ferry LP #2 v. Killinger*, No. 04-1599 (W.D. Wash. Jun. 5, 2012)

25  (29%) [previously submitted as Dkt. 71-1]; *Garcia v. Gordon Trucking, Inc.*, No. 10-324, 2012
    WL 5364575, **3, 10 (E.D. Cal. Oct. 31, 2012) (33%); *Schiller v. David's Bridal, Inc.*, No. 10-

26  616, 2012 WL 2117001,*20 (E.D. Cal. Jun. 11, 2012) (32.1%); *Singer v. Becton Dickinson &*

27  *Co.*, No. 08-821, 2010 WL 2196104, **2, 9 (S.D. Cal. Jun. 1, 2010) (33⅓%); *Vasquez v. Coast*

28  *Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (33.3%); *In re Mego Fin. Corp. Sec.*

                                                                              (continued...)

SUPPL. INFO. iso RENEWED MOT.
FOR FEES AND EXPENSES                        - 10 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1     As an example, in another case pending at the time the Supreme Court decided

2  *Concepcion* (as here), the court granted a motion to compel arbitration, then approved a $2

3  million settlement out of which "all administrative costs, costs of suit, and attorneys' fees would

4  be paid …" *Estrella v. Freedom Fin. Network, LLC*, No. 09-3156, 2012 WL 4645012, **1-2, 4

5  (N.D. Cal. Oct. 1, 2012).  With no injunctive relief, the court approved fees of 33⅓%.  *Id.* at *4.

6     **F.     The Fee Request Is Not the Product of Collusion**

7     The requested amount for attorneys' fees is not the product of collusion.  *Cf. In re*

8  *Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011).  The parties'

9  negotiation was strictly at arm's length throughout, guided by a respected mediator.  Joint Decl.

10  at ¶¶ 13, 30-33, 39, 106-107 [Dkt. 73].  The parties did not even broach the subject of fees until

11  after the benefits to the Settlement Class were agreed upon and the mediator orally declared that

12  no further potential conflict existed regarding negotiation of fees.  Joint Decl. ¶ 32 [Dkt. 73].

13  There was no hint of trade-off of lesser benefits for the Settlement Class in exchange for greater

14  fees.  *Id.* at ¶¶ 32, 106-107.  Then, the parties ultimately agreed to a mediator's proposal

15  regarding fees, subject to Court approval.  Cantor Suppl. Decl. at ¶ 5 [Dkt. 86].

16     Unlike in *Bluetooth*, any amount of Class Counsel's request that the Court does not

17  award will be distributed proportionately to the Eligible Claimants.  [Dkt. 68].  Class Counsel's

18  fee request is not the product of collusion.[8]

19     **G.     Class Counsel's Requested Expenses Are Reasonable and Proper**

20     Class Counsel request that the Court allow reimbursement of $62,207.09 in reasonable

21  litigation expenses.  *See* Dkt. 53 at ¶¶ 97, 135 (summary).  These expenses are set forth in the

22  Compendium of Declarations [Dkt. 74] and updated in the Supplemental Compendium.

23     In class-action settlements, courts routinely allow reimbursement of expenses incurred.

24

25     (...continued from previous page)
26  *Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (upholding 33⅓%).
   [8]     The Settlement contains what *Bluetooth* described as a "clear sailing" provision [Dkt. 61-
27  1 at § 2.03], which seems unimportant when any amount not awarded will revert directly to the
   Settlement Class, not to Clearwire.  *See Bluetooth*, 654 F.3d at 947.
28

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

1  *E.g., Arthur v. Sallie Mae, Inc.*, No. 10-198, 2012 WL 4076119, *2 (W.D. Wash. Sep. 17, 2012)

2  (Robart, J.) ("The Ninth Circuit allows recovery of pre-settlement litigation costs in the context

3  of class action settlement.") (citing *Staton*, 327 F.3d at 974).  As one commentator observed,

4  "[t]he prevailing view is that expenses are awarded in addition to the fee percentage."  Alba

5  Conte, *Attorney Fee Awards* § 2:08 (3d ed. 2004).

6       Class Counsel's expenses include fees charged by experts, consultants, and mediation

7  services; costs of legal and factual research; filing/witness fees; transportation charges; costs

8  associated with photocopies, printing, and scanning of documents; postage and telephone

9  charges; and costs of messengers and express services.  These expenses were reasonably incurred

10  in light of the work performed, the issues presented, and the results obtained.  The expenses for

11  which Class Counsel seek reimbursement are the type of expenses routinely charged to hourly

12  paying clients.  [*See* Dkt. 53 ¶¶ 135-137].

13       Counsel's request for expense reimbursement is reasonable and should be approved.

14  **H.    Awarding Attorneys' Fees and Expenses in Class Actions is an Important
           Means of Protecting the Rights of Consumers**

16       An appropriate fee award in a case such as this is necessary to ensure that consumer

17  rights are protected.  The Supreme Court explained:

18            The policy at the very core of the class action mechanism is to overcome the
             problem that small recoveries do not provide the incentive for any individual
19            to bring a solo action prosecuting his or her rights.  A class action solves this
20            problem by aggregating the relatively paltry potential recoveries into
             something worth someone's (usually an attorney's) labor.
21

22  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (citation omitted).

23       Contingency fee litigation is always risky.  Despite this risk, Class Counsel secured an

24  appropriate result for the Settlement Class in this litigation.  Class Counsel respectfully submit

25  that their request for fees and expenses be granted.

26  **V.    CONCLUSION**

27       Class Counsel respectfully request that the Court grant awards of $1,887,792.91 for

28  attorneys' fees and $62,207.09 for reasonable litigation expenses.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752

Ultimately, the amount of attorneys' fees must be reasonable.  If the Court chooses to award less than the amount requested, Counsel ask the Court to order that the difference be used to increase proportionately the amount paid or credited to each Eligible Claimant, pursuant to the parties' agreement.  [*See* Dkt. 68].

Dated March 25, 2013.                    Respectfully submitted,

                                         By: *s/ Cliff Cantor*
                                         Cliff Cantor, WSBA # 17893
                                         LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                         627 208th Ave. SE
                                         Sammamish, WA 98074
                                         Tel:    (425) 868-7813
                                         Fax:    (425) 732-3752
                                         Email: cliff.cantor@comcast.net

                                         MILBERG LLP
                                         Josh Keller
                                         One Penn Plaza
                                         New York, NY 10119
                                         Tel:    (212) 594-5300
                                         Fax:    (212) 868-1229
                                         Email: jkeller@milberg.com

                                         REESE RICHMAN LLP
                                         Kim E. Richman
                                         875 Ave. of the Americas, 18th Fl.
                                         New York, NY  10001
                                         Tel:    (212) 579-4625
                                         Fax:    (212) 253-4272
                                         Email: krichman@reeserichman.com

                                         Counsel for plaintiffs in *Dennings*
                                         (except for plaintiff Robert Prior)

                                         *        *        *

                                         PETERSON WAMPOLD ROSATO
                                            LUNA KNOPP
                                         Felix Gavi Luna
                                         1501 Fourth Ave., Ste. 2800
                                         Seattle, WA 98101
                                         Tel:    (206) 624-6800

1

Fax:    (206) 682-1415
Email: luna@pypfirm.com

2

3

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:    (202) 973-0900
Fax:    (202) 973-0950
Email: jtycko@tzlegal.com

4

5

6

7

Counsel for plaintiffs in *Minnick*

8

*        *        *

9

10

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:    (415) 568-2555
Fax:    (415) 568-2556
Email: mmcshane@audetlaw.com

11

12

13

14

BAILLON THOME JOZWIAK
    & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:    (612) 252-3570
Fax:    (612) 252-3571
Email: bmiller@baillonthome.com

15

16

17

18

19

Counsel for plaintiffs in *Newton*

20

21

**Class Counsel**

22

23

**Certificate of Service**

24

I certify that, on the date stamped above, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

25

26

27

*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893

28

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: 732-3752