Christopher A. Bandas (*Admitted Pro Hac Vice*)
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas  78401
Telephone:  361-698-5200
Facsimile:  361-698-2222

Donald H. Heyrich
WSBA No. 23091
HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055

*Attorneys for Appellants*
*Gordon Morgan and Jeremy De La Garza*

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>    Defendant. | Case No. C10-1859-JLR<br><br>The Honorable James L. Robart<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD OBJECTORS IN CONTEMPT |

MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO HOLD OBJECTORS IN CONTEMPT
Case No. C10-1859-JLR

### I. Contempt Is Inappropriate Because Objectors Have Obeyed the Court's Order.

Plaintiffs' motion is only for civil contempt, but civil contempt is unavailable here. The Court ordered objectors to dismiss their appeal from the settlement approval. Objectors have dismissed their appeal from the settlement approval. *See* Exhibit 1. Civil contempt sanctions are "penalties designed to compel future compliance with a court order" and "are considered to be coercive and avoidable through obedience." *Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). Because objectors have obeyed the court order, there is nothing to coerce, and contempt is inappropriate. Indeed, it would be sanctionable if plaintiffs do not remove their motion from the calendar.

Nor are there any grounds to compensate plaintiffs, because plaintiffs have not suffered any consequences from the delay in compliance with the order. Plaintiffs filed no paper briefs in the Ninth Circuit, and thus have no appellate costs. Fed. R. App. Proc. 38. "Delay costs" are not costs under Fed. R. App. Proc. 7 or Fed. R. App. Proc. 38 (*see* Section II.a, *infra*), and, in any event, any delay in the distribution of settlement funds arose because the Court did not issue an attorney-fee order allocating the settlement fund until May 3, 2013. Dkt. 127. Under the settlement, even now there has not been final approval because of the possibility of separate and independent appeals from the collateral attorney-fee order. Settlement ¶1.05.[1] The appeal from

---

[1] The attorneys' fee order contradicts Ninth Circuit law and prejudices the class because it bases the fee on an impermissible calculation of the benefit to the class as the *estimated potential* benefit to the class of claims that they may bring (Dkt. 127 at 6 ¶ 3), rather than the *actual* benefit to the class. *In re HP Inkjet Printer Litig.* (9th Cir. May 15, 2013); *accord In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). In short, the Ninth Circuit and the Third Circuit have each adopted as law precisely the objection objectors brought here and the Court disregarded.

MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO HOLD OBJECTORS IN CONTEMPT
Case No. C10-1859-JLR

the final judgment caused no delay or costs to plaintiffs whatsoever because it was dismissed before "Final Approval" has occurred under the settlement. Any delay plaintiffs faced was felt because of their delay in producing claims data, not because of an appeal that was dismissed before the "Final Approval" date.

## II.     Contempt Would Be *Ultra Vires* Because the Appeal Bond Order Was Invalid.

Objectors never had the opportunity to move to stay the appeal bond order in this court or challenge the appeal bond in the Ninth Circuit because the appeal was mooted by a mysterious order summarily affirming the settlement approval order. But had objectors done so, they would have prevailed because the appeal bond order was *ultra vires* for two separate and independent reasons. ***Every*** appeals court—including the Ninth Circuit—to consider orders relating to such appeal bonds and the failure to post such appeal bonds has stayed the appeal bond order and refused to enforce the putative contempt. *E.g.*, *In re Wal-mart Wage & Hour Employment Practices Litig.*, No. 10-15516 (9th Cir. Jun. 3, 2010) (*citing Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007)) (attached as Exh. 2); *Heekin v. Anthem, Inc.*, No. 13-1477 (7th Cir. Mar. 27, 2013) (attached as Exh. 3). Simply put, in the Ninth Circuit, a district court has no authority to enforce an appeal-bond order. *Azizian*, 499 F.3d at 961. Plaintiffs can point to no binding appellate authority to the contrary, and can only cite to district-court decisions that violate the law and fail to reconcile their *ultra vires* decisions with *Azizian*.

### a.     The Rule 7 Appeal Bond Order Improperly Included Rule 8 Costs.

The Court's order incorrectly included *supersedeas* costs of delay in a Rule 7 appeal bond. But *supersedeas* costs are only available in a *supersedeas* bond, which is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). A district court does ***not*** have any "inherent or rule-based power" to impose an

appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The parties conceded that they may not seek such fees in an appeal bond here.

Because objectors did not seek any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines*, 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *see also, e.g., Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond); *Schulken v. Washington Mut. Bank*, 2013 U.S. Dist. LEXIS 48175 (N.D. Cal. Apr. 2, 2012) (same); *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (same, issuing order to show cause why party requesting excessive appeal bond should not be sanctioned for failing to cite to relevant precedent). Requiring objectors to pay for delay "would be inappropriate because an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Indeed, the fact that an objector is seeking appellate review that may lead to "correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.). Nor can this court issue an improper *supersedeas* bond in the proposed amount of $40 thousand divorced from any actual appeal costs by

appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The parties conceded that they may not seek such fees in an appeal bond here.

Because objectors did not seek any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines*, 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *see also, e.g., Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond); *Schulken v. Washington Mut. Bank*, 2013 U.S. Dist. LEXIS 48175 (N.D. Cal. Apr. 2, 2012) (same); *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (same, issuing order to show cause why party requesting excessive appeal bond should not be sanctioned for failing to cite to relevant precedent). Requiring objectors to pay for delay "would be inappropriate because an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Indeed, the fact that an objector is seeking appellate review that may lead to "correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.). Nor can this court issue an improper *supersedeas* bond in the proposed amount of $40 thousand divorced from any actual appeal costs by

incorrectly calling it an appeal bond. To do so would be reversible error. *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn*, 507 F.3d 295; *see also Wal-mart Wage & Hour, supra*.

The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *American President Lines*, 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met, because Morgan has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for costs of delay as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19.

Indeed, the inappropriateness of this Court's order is demonstrated by the fact that it **relied upon** *Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 (N.D Cal. Oct. 21, 2008) (Appeal Bond Order at 1), yet ignored *Fleury*'s holding that delay costs do not belong in a Rule 7 appeal bond.

### b. The Order to Dismiss the Appeal Violated Ninth Circuit Law.

When an appellant does not post an appeal bond, this is not a question for a district court. "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." Fed. R. App. Proc. 3(a)(2); *Azizian*, 499 F.3d at 961. "[A]n appellant is not required to post a Rule 7 bond to perfect its appeal." *Azizian*, 499 F.3d at 961. Rather, the remedy is for the appellee to make a motion to dismiss in the Ninth Circuit. *Id.* at 961-62. The Ninth Circuit then applies a discretionary four-part test in deciding whether to dismiss the appeal. *Id.*

A district-court order to dismiss an appeal, even in the alternative, directly contravenes *Azizian* and Fed. R. App. Proc. 3. It is thus necessarily outside the scope of a district court's

powers to order or coerce the dismissal of an appeal or the payment of an appeal bond. *Azizian* states as much: "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." 499 F.3d at 961 (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). The Seventh Circuit agrees with the Second and Ninth Circuits. "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (Easterbrook J.) (*citing Crawford*, 201 F.3d at 881). While *Booth Trust* and *Crawford* are cases about Rule 24 intervention, the principle is all the more compelling here: if a district court cannot deny a motion to intervene to shield a decision from appellate review, it certainly does not have the authority to go even further and forbid an appellant from appealing at all.

Because *Azizian* holds that the power to determine the consequence of failing to post an appeal bond rests solely with the Ninth Circuit, this Court has no authority to issue a contempt order of any sort relating to the appeal bond order.

## Conclusion

The motion is moot: objectors have complied with the order. In any event, a district court in the Ninth Circuit has no jurisdiction to enforce an appeal-bond order, and the relief plaintiffs ask is *ultra vires*. The motion must be denied, and it would be reversible error to do otherwise.

DATED:  May 20, 2013  Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Christopher A. Bandas
　　　　　　　　　　　　　　　　　Christopher A. Bandas (*Admitted Pro Hac Vice*)
　　　　　　　　　　　　　　　　　Texas State Bar No. 00787637
　　　　　　　　　　　　　　　　　BANDAS LAW FIRM, P.C.

500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone: 361-698-5200
Facsimile: 361-698-2222

Donald H. Heyrich, WSBA No. 23091
HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
Telephone: 206-838-2504
Facsimile: 206-260-3055
E-mail: DHeyrich@hkm.com

*Attorneys for Appellant Jeremy De La Garza and Gordon Morgan*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via U.S.P.S. First Class mail, postage prepaid, to the following participants at the address listed below:

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

Joshua Keller
MILBERG LLP
48th Floor
One Pennsylvania Plaza
New York, NY 10019-0165

DATED this 20th day of May 2013.

                                                  /s/ Christopher A. Bandas
                                                  Christopher A. Bandas