The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859-JLR<br><br>**CLASS PLAINTIFFS' MOTION FOR APPEAL BOND IN CONNECTION WITH OBJECTORS' SECOND APPEAL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, June 28, 2013 |

PLS.' MOT. FOR APPEAL BOND — OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**Table of Contents**

I.   INTRODUCTION ...........................................................................................................1

II.  FACTUAL BACKGROUND ........................................................................................2

III. ARGUMENT ..................................................................................................................3

    A.   An Appeal Bond is Necessary in this Matter ......................................................3

        1.   Appellants' Financial Ability Weighs in Favor of Requiring a Bond .........4

        2.   Risk of Non-Payment Weighs in Favor of Requiring a Bond .....................5

        3.   The Merits of the Appeal Weigh in Favor of Requiring a Bond .................6

        4.   Evidence Bad Faith or Vexatious Conduct Weighs in Favor of
            Requiring a Bond ........................................................................................7

    B.   The Amount of the Bond Should Be $41,150 ......................................................8

        1.   Rule 39(e) Costs ..........................................................................................8

        2.   Additional Settlement Administration Expenses ........................................9

        3.   Expenses *Not* Requested as Part of the Bond Amount .............................10

            a.   Plaintiffs do not seek to include their own incremental time or
                expenses for responding to class members ....................................11

            b.   Plaintiffs do not seek to include delay or interest expenses ...........11

            c.   Plaintiffs do not seek to include attorneys' fees .............................12

V.   CONCLUSION .............................................................................................................12

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- i -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

# Table of Authorities

### Cases

*Azizian v. Federated Dep't Stores, Inc.*, 499 F. 3d 950 (9th Cir. 2007) ............................3, 6, 8, 12

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ................................................................................6

*Conroy v. 3M Corp.*,
   No. 00-2810, 2006 U.S. Dist. Lexis 96169 (N.D. Cal. 2006)............................................11

*Embry v. ACER Amer. Corp.*,
   No. 09-1808, 2012 WL 2055030 (N.D. Cal. Jun. 5, 2012)..................................................5

*Embry v. ACER Amer. Corp.*,
   No. 09-1808, slip op. (N.D. Cal. Jul. 31, 2012)...............................................................4, 5

*Embry v. ACER Amer. Corp.*,
   No. 09-1808, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012) ..............................................4

*Fleury v. Richemont North Amer., Inc.*,
   No. 05-4525, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) ...........................................3, 6

*Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1027 (9th Cir. 1998) .......................................................6

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   No. 02-5575, 2007 WL 2741033 (S.D.N.Y. Sept. 20, 2007) ..............................................3

*In re Initial Pub. Offering Sec. Litig.*,
   728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010)..................................................................4, 8, 9

*In re Magsafe Apple Power Adapter Litig.*,
   No. 09-1911, 2012 WL 2339721 (N.D. Cal. May 29, 2012)...........................................3, 4

*In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*,
   No. 11-2247, 2012 WL 3984542 (D. Minn. Sep. 11, 2012).........................................9, 10

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litig.*,
   No. 09-2015, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011) ..............................................5

*In re Wal-Mart Wage and Hour Employment Practices Litig.*,
   No. 06-225, 2010 WL 786513 (D. Nev. Mar. 8, 2010) ....................................................12

*Miletak v. Allstate Ins. Co.*,
   No. 06-3778, 2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) ................................. *passim*

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- ii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**Statutes and Rules**

Fed. R. App. P. 7 ................................................................................................................ 3, 6, 11

Fed. R. App. P. 39 ....................................................................................................................8, 9

Washington Consumer Protection Act, RCW ch. 19.86 ............................................................12

**Other Authorities**

Fed. R. App. P. 7, 1979 advisory committee notes ......................................................................3

United States Courts for the Ninth Circuit, 2011 Annual Report ...............................................10

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- iii -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

## I.     INTRODUCTION

Class Plaintiffs move for another order requiring objectors Mr. Morgan and Mr. De La Garza, who have now appealed a second time, to post an appeal bond of $41,150 or dismiss their second appeal within ten days.

On March 11, 2013, the Court ordered Mr. Morgan and Mr. De La Garza to post a bond of $41,150 or dismiss their first appeal.  *See* Order Granting Motion for Appeal Bond at 5:9-11 [dkt. 117] ("Bond Order").  The objectors never posted the bond.

Meanwhile, Class Plaintiffs[1] moved the Ninth Circuit to summarily affirm.  On April 22, 2013, the Ninth Circuit granted summary affirmance on the ground that "the questions raised in this appeal are so insubstantial as not to require further argument."  [*See* dkt. 126].  At that point, Class Plaintiffs assumed that the objectors' failure to post the bond was moot.  But the objectors then petitioned the Ninth Circuit for rehearing while ignoring the Bond Order.  [Dkt. 128-1 at ¶ 3].  This caused Class Plaintiffs to move for contempt for failure to post the bond.  [Dkt. 128].

Just before the objectors' response to the contempt motion was due, the objectors instead moved the Ninth Circuit to dismiss their appeal (which was already dismissed by summary affirmance).  The Ninth Circuit construed this as a motion to voluntarily withdraw their request for a rehearing and granted it.  [*See* dkt. 130 at 2:10-13].

Once the appeal was resolved, on June 3, 2013 this Court denied the motion for contempt, writing:  "[T]here is nothing left to argue about since this case has been disposed of entirely."  Order Denying Motion for Contempt at 2:8-15 (Jun. 3, 2013) [dkt. 130].

On the same day that the Court ruled on the contempt motion—June 3, 2013—Mr. Morgan and Mr. De La Garza filed a new notice of appeal [dkt. 132], this time appealing the Court's Order Granting Motion for Attorney's Fees and Expenses.  [*See* dkt. 127 ("Fee Order")].

The objectors' second appeal is now pending.  For purposes of this motion for a bond,

---

[1]     Throughout this motion, the term "Class Plaintiffs" does not include Mr. Robert Prior.

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL                              - 1 -
No. C10-1859 JLR

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Class Plaintiffs' arguments are essentially the same as they were with respect to the first appeal.

The Court previously ordered the objectors to post an appeal bond of $41,150 or dismiss their appeal because (i) the objectors' underlying objections were without merit; (2) there was a "risk of non-payment of appeal costs given that both objectors live in Texas, and it may therefore be difficult to enforce a cost order imposed upon them"; (3) the objectors appeared to had the ability to pay an appeal bond; and (4) there was evidence presented that the objectors "had vexatious intent in filing their notice of appeal ..." Bond Order at 3:12-22 [dkt. 117].

For those same reasons, the Court should again order the objectors to post an appeal bond of $41,150 or dismiss their second appeal within ten days. Plaintiffs respectfully submit that an appeal bond of $41,150 is necessary to ensure payment of appellate costs in this case.[2]

## II.  FACTUAL BACKGROUND

The settlement resolves the claims in three separate actions: (i) this case—i.e., *Dennings*; (ii) *Minnick v. Clearwire US, LLC*, No. 10-35228 (9th Cir.); and (iii) *Newton v. Clearwire Corp.*, No. C11-783 WBS-DAD (E.D. Cal.) (the "Actions").

This Court held a final approval hearing on December 19, 2012 where all parties and interested persons, including the objectors, were afforded an opportunity to be heard in support of or in opposition to the settlement. The objectors did not appear, either in person or through counsel, even though their Seattle counsel's office is only a few blocks from the Courthouse.

On December 19, 2012, the Court granted final approval to the settlement and entered final judgment. *See* Settlement Order and Final Judgment [dkt. 99] ("Settlement Order").

In the Settlement Order, the Court wrote that it considered all objections, including the

---

[2] Included in this amount are (i) $2,000 in costs for obtaining the transcript of the final approval hearing, preparation of the excerpts of record, copying or printing, binding, filing, service, and delivery of the necessary copies of a brief, appendix, and record; and (2) $39,150 in incremental settlement administration charges likely to be incurred as a result of the appeal. This requested bond amount is not intended to be a maximum on the amount the parties may seek in recovery of costs in the appropriate circumstances.

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 2 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  portion of the objection filed by the objectors concerning attorney fees; and overruled those

2  objections. *Id.* at 3-4.  The Court "deferred ruling on class counsel's motion for attorneys' fees

3  and expenses on the ground that, under the Settlement, the claims filing period was still open and

4  the results of claims processing was a factor that the court could consider in deciding the amount

5  of the award."  Fee Order at 2:7-10 [dkt. 127].  On March 27, 2013, Class Counsel renewed their

6  motion for attorneys' fees and expenses [dkt. 120], which the Court granted on May 3, 2013.

7  *See* Fee Order [dkt. 127].  The Objectors never filed any response or opposition to the renewed

8  motion for attorneys' fees and expenses.

9  **III.    ARGUMENT**

10    "'[T]he district court may require an appellant to file a bond or provide other security in

11  any form and amount necessary to ensure payment of costs on appeal.'"  *Azizian v. Federated*

12  *Dep't Stores, Inc.*, 499 F. 3d 950, 954-55 (9th Cir. 2007) (quoting Fed. R. App. P. 7).  "'The

13  purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an

14  unsuccessful appellant.'"  *Miletak v. Allstate Ins. Co.*, No. 06-3778, 2012 WL 3686785, *1 (N.D.

15  Cal. Aug. 27, 2012) (original brackets omitted) (quoting *Fleury v. Richemont North Amer., Inc.*,

16  No. 05-4525, 2008 WL 4680033, *6 (N.D. Cal. Oct. 21, 2008)).  "[T]he question of the need for

17  a bond, as well as its amount, are left in the discretion of the trial court."  *Fleury*, 2008 WL

18  4680033, *6 (citing Fed. R. App. P. 7, 1979 advisory committee notes).

19        **A.    An Appeal Bond is Necessary in this Matter**

20        An appeal bond is necessary here.  In making this determination, courts in the Ninth

21  Circuit have considered the following factors:

22
>       (1) the merits of the appeal; (2) the risk that the appellant would not pay costs
>       in the event the appeal loses; (3) the appellant's financial ability to post a
23      bond; and (4) whether there is any evidence of bad faith or vexatious conduct.

24  Bond Order at 3:7-10 [dkt. 117] (citing *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No.

25  02-5575, 2007 WL 2741033 at *2 (S.D.N.Y. Sept. 20, 2007)); *see also Miletak*, 2012 WL

26  3686785, *1 ("the Court finds good cause to impose an appeal bond in the amount of $60,000,

27

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL                - 3 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   which represents solely the appellate costs and administrative costs requested"); *Embry v. ACER*
2   *Amer. Corp.*, No. 09-1808, 2012 WL 2055030, *1 (N.D. Cal. Jun. 5, 2012) (three factors) ("a
3   bond of $70,650 is appropriate"); *In re Magsafe Apple Power Adapter Litig.*, No. 09-1911, 2012
4   WL 2339721, *1 (N.D. Cal. May 29, 2012) (three factors) (ordering bond of only $15,000 per
5   objector based on evidence that a bond "may pose significant financial hardship to Objectors").

6       In *Embry*, the court expressly applied these three factors to Mr. Bandas (objectors'
7   counsel here) and ordered him personally to "either (1) post an appellate bond in the amount of
8   $70,650; or (2) file a notice of dismissal of his appeal." Cantor Decl. in support of Mot. for
9   Appeal Bond ("Cantor Bond Decl." [dkt. 108] ¶ 5 & Ex. B [dkt. 108-2] (*Embry v. ACER Amer.*
10  *Corp.*, No. 09-1808, slip op. at 2-4 (N.D. Cal. Jul. 31, 2012)). Mr. Bandas did neither. As a
11  result, the court found him in contempt and imposed the sanction of striking his objection,
12  "which means that the Objection has no force or effect on the Final Settlement. The Clerk of the
13  Court shall send a copy of this Order to the Ninth Circuit, where Objector's appeal is pending."
14  *Embry v. ACER Amer. Corp.*, No. 09-1808, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012).

15      Just as this Court held in its Bond Order, the factors identified above weigh in favor of
16  requiring the objectors to file an appeal bond.

17          **1.    Appellants' Financial Ability Weighs in Favor of Requiring a Bond**

18      It is the appellants' burden to show they lack the ability to post a bond. *Miletak*, 2012
19  WL 3686785, *2 & n.4 (absence of objector financial records demonstrating inability to pay
20  bond "weighs in favor of imposing an appeal bond"); *see also In re Initial Pub. Offering Sec.*
21  *Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) (ability to post bond is "presumed" where
22  objectors do not present evidence to the contrary). "[F]inancial information" is required; a mere
23  assertion as to financial ability in a declaration, without more, in insufficient and "weighs in
24  favor of imposing a bond." *Miletak*, 2012 WL 3686785, *2 n.4.

25      Mr. Morgan is a retired lawyer and is currently in the business of selling oil and gas
26  equipment. [*See* dkt. 97-2 at 4:11-15 and 27:14-25]. Mr. De La Garza "own[s] a real estate
27  company …" [*See* dkt. 97-3 at 4:12]. There is no evidence, nor is there likely to be, that the

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL                - 4 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Objectors cannot afford to post a bond.  *Accord*, Bond Order at 3:18-20 [dkt. 117].  Even if there were "some evidence that they will have difficulty posting their respective bonds," when there is "significant risk of non-payment of costs and … lack of merit in Objectors' appeals, this factor nonetheless tips in favor of requiring a bond."  *In re Magsafe*, 2012 WL 2339721, *2.

Courts do not treat pleas of poverty lightly, considering the purpose of appeal bonds.  For example, in *Magsafe*, in light of "some evidence" of hardship, the court tentatively reduced a bond from $25,000 per objector to $15,000 per objector and ordered depositions to determine their ability to post a bond of $25,000 each.  *In re Magsafe*, 2012 WL 2339721, *2.  As another example, a court imposed a substantial appeal bond on an appellant who applied to proceed *in forma pauperis*:

> [E]ven accepting at face value Rose's affidavit submitted in conjunction with her application to proceed on appeal *in forma pauperis,* the Court concludes that Rose can afford to post a bond in the amount of $15,000.  That amount would protect Plaintiffs against the possibility that Rose might refuse to pay costs in the event that her appeal is unsuccessful.

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litig.*, No. 09-2015, 2011 WL 3648508, *1 (N.D. Cal. Aug. 18, 2011).

Overall, the financial-ability factor weighs in favor of requiring a bond.

### 2. Risk of Non-Payment Weighs in Favor of Requiring a Bond

"With regards to the second factor—the difficulty of collecting payment post-appeal—each Objector in this case resides outside of the jurisdiction of the Ninth Circuit.  This factor weighs heavily in favor of requiring a bond."  *In re Magsafe*, 2012 WL 2339721, *2 (footnote omitted).  *Accord*, Bond Order at 3:15-17 [dkt. 117].

Otherwise, the parties may be forced to pursue expensive collection actions in Texas, where Mr. Morgan and Mr. De La Garza live.  [*See* dkt. 76 at p. 1.]  *See also In re Magsafe* 2012 WL 2339721, *2 (quoted immediately above); *Embry*, 2012 WL 2055030, *1 (justifying appeal bond in part because "Cannata resides outside of the jurisdiction of the Ninth Circuit").

This factor weighs heavily in favor of requiring a bond.

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

### 3. The Merits of the Appeal Weigh in Favor of Requiring a Bond

District courts consider the merits of the appeal when evaluating whether to require an appeal bond because this factor "informs the likelihood that the appellant will lose and thus be liable for costs." *Fleury*, 2008 WL 4680033, *6. The district court need not consider whether the appeal is frivolous; sanctions for frivolous appeals are left to the court of appeals. *Azizian*, 499 F. 3d 950, 954 ("a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous").

Mr. Morgan's and Mr. De La Garza's objection is without merit and is unlikely to be successful on appeal, as explained by this Court at the time of final approval.

First, even if Mr. Morgan's and Mr. De La Garza's objection had some small degree of merit, it is unlikely the objectors will prevail on appeal because a district court's award of attorney's fees is reviewed for abuse of discretion. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998). Given this Court's careful work in considering the fee request, it is unlikely that the Fee Order will be found to be an abuse of discretion. *See* Fee Order [dkt. 127].

Even under a less deferential standard, the objection to the fee award would not succeed on the merits. Mr. Morgan and Mr. De La Garza's objection made four assertions as to why the Court should not approve the request:

    1. Class Plaintiffs' counsel breached their duty by negotiating a quick-pay provision that requires defendant to pay class counsel "perhaps as much as two years in advance" of the class—even though there is no quick-pay provision in this settlement.

    2. Fee multipliers are illegal under the *City of Burlington v. Dague* line of cases—even though the Clearwire litigation does not involve any federal statutory fee-shifting statute.

    3. It is illegal for all fees to be paid by a single check to a single law firm on plaintiffs' side—a theory with no support and that runs counter to common practice.

    4. Objectors also contend the attorneys' fees are too high. Yet this Court rejected this argument in the Settlement Order [*see* dkt. 99 at 4] and also found the

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

requested attorneys' fees to be reasonable under the circumstances of this litigation. *See* Fee Order at 12:7-12, 18:1-19:9 [dkt. 127].

That none of these assertions have merit weighs in favor of requiring an appeal bond.

### 4. Evidence Bad Faith or Vexatious Conduct Weighs in Favor of Requiring a Bond

Mr. Morgan's and Mr. De La Garza's meritless arguments and other conduct demonstrate that they have no serious objection to the fee award and that they and their counsel are professional objectors.[3]

In depositions, plaintiffs learned that Mr. Morgan and Mr. De La Garza had never seen "their" objection and did not personally object to the settlement. [Dkt. 97 & attached testimony]. Although Mr. De La Garza vaguely stated that attorneys get paid a lot of money, he knew nothing about the attorneys' fees in this case. *Id*.

Evidence also suggests Mr. Morgan and Mr. De La Garza have no intention to pursue their appeal through a Ninth Circuit decision. Mr. De La Garza recently objected to a settlement involving Nokia; and Mr. Morgan recently objected to a settlement involving AllianceOne. [*See* dkt. 97-3 at 8:17-10:25 (Nokia); dkt. 87-2 (AllianceOne)]. In each instance, Mr. Morgan and Mr. De La Garza were represented by Mr. Bandas. [Dkt. 97-3 at 8:17 (Nokia); 2nd Cantor Bond Decl. at ¶ 3 & Ex. A at p. 2 (AllianceOne Ninth Cir. Docket)]. In the *AllianceOne* case, Mr. Morgan and Mr. Bandas voluntarily dismissed the appeal on February 1, 2013, before any appellate brief was filed. 2nd Cantor Bond Decl. at ¶ 3 & Ex. A (Feb. 1, 2013 docket entry). As for the objection involving Nokia, because Mr. Bandas instructed his client not to answer basic questions about that objection, the circumstances surrounding it remain shrouded in mystery.

---

[3] *See* (i) dkt. 84 at 5:3-26, 6:10-13, and ECF pp. 19-21; (ii) dkt. 87 and exhibits thereto; (iii) dkt. 97 and exhibits thereto; (iv) Cantor Bond Decl. [dkt. 108] ¶ 7 & Ex. D [*LivingSocial*]; and (v) Cantor Decl. iso Mot. for Appeal Bond in Connection with Objectors Second Notice of Appeal ¶__ & Ex.__ [*AllianceOne*] ("2nd Cantor Bond Decl.").

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL                - 7 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Dkt. 97-3 at 8:17-10:25.  Mr. Bandas stated on the record that Mr. De La Garza settled his objection involving Nokia.  [*See* dkt. 97:3 at 9:24-25 ("[t]he result was a privileged and confidential settlement")].

Additional evidence of Mr. Morgan's and Mr. De La Garza's vexatious conduct relates to this Court's Bond Order.  Mr. Morgan and Mr. De La Garza never posted a bond and instead instigated further proceedings in the Ninth Circuit.  It was only after they faced Class Plaintiffs' motion for contempt that they moved to voluntarily dismiss their first appeal—over two months after this Court issued the Bond Order.

The objectors' bad faith and vexatious conduct weighs in favor of requiring a bond.

### B. The Amount of the Bond Should Be $41,150

The amount of "an appeal bond should be sufficient to cover costs on appeal . . ." *Miletak*, 2012 WL 3686785, *1.  Class Plaintiffs respectfully request that the appeal bond be set at $41,150.  This is an estimate of the amount required to secure costs that will likely be taxable on appeal.  *See* Cantor Bond Decl. ¶ 3 [dkt. 108]; Keough Decl. ¶ 7 [dkt. 108-1].

The $41,150 amount is calculated as the sum of (1) estimated costs of $2,000 under Rule 39 of the Federal Rules of Appellate Procedure; and (ii) additional settlement administration costs estimated at $39,150.  [$2,000 + $39,150 = $41,150.]

#### 1. FRAP 39(e) Costs

Class Plaintiffs estimate their Rule 39(e) costs at $2,000 and request that this figure be included in the amount of the appeal bond.  "Costs," for purposes of requiring an appeal bond, include but are not limited to those costs identified in Federal Rule of Appellate Procedure 39(e). *Azizian*, 499 F. 3d at 958 ("We read this language to mean that costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal).  Costs allowable under Rule 39(e) include items such as preparation and transmission of the record; obtaining the reporter's transcript; and costs of producing (including "photocopying, printing, binding, filing, and service" of) the necessary copies of a brief, appendix, or the record.  Fed. R. App. P. 39(e); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295.

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 8 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

In requiring appeal bonds, courts typically include substantial amounts for Rule 39(e) costs alone. *E.g., Miletak*, 2012 WL 3686785, *2 (requiring a $60,000 bond that included $10,000 for Rule 39(e) costs). *See also In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295 (as part of a $500,000 bond, the court "conclude[d] that $25,000 is likely sufficient to cover these taxable costs").

However, the Ninth Circuit recently changed its local rules to allow for greater use of ECF in the appellate process, obviating the need for as many hard copies of appellate documents. Class Plaintiffs' counsel have not participated in an appeal to the Ninth Circuit since the rule change. After studying the new Circuit rules regarding use of ECF, Class Plaintiffs' counsel estimate that a more appropriate figure is $2,000—not $10,000 or $25,000—for traditional Rule 39(e) costs. Cantor Bond Decl. ¶ 3 [dkt. 108]. For this reason, Class Plaintiffs request that $2,000 for Rule 39(e) costs be part of the bond amount.

### 2. Additional Settlement Administration Expenses

Class Plaintiffs also request that $39,150 be included in the amount of the appeal bond as security for an incremental increase in settlement administration charges while the appeal is pending.

Courts include in appeal bonds the incremental increase in settlement administration costs caused by the delay in finalizing the settlement. *See Miletak*, 2012 WL 3686785, *2 (finding "good cause" supported including $50,000 in "administrative costs" incurred in order "to continue to service and respond to class members' needs pending the appeal"); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-2247, 2012 WL 3984542, * (D. Minn. Sep. 11, 2012) ("the parties expect the claims administrator to charge an extra $20,000 for additional administrative functions during the delay"; as a result, the court included that $20,000 as part of appeal bond because such costs are "reasonable and necessary" and "should be shouldered by the Objectors, particularly given the tenuous nature of their arguments").

The settlement administrator has estimated, based on previous experience, that the appeal will cause an incremental increase of approximately $2,000 to $2,500 per month in ongoing

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752


settlement administration fees and expenses during the appeal period. Keough Decl. ¶ 7 [dkt. 108-1]. This estimate includes

> updating claimant address information; advanced-level address searches, if requested for undeliverable checks (because a substantial number of claimants are likely to change addresses before checks are sent out); handling class member communications (received through counsel and directly from class members); interactive voice response ("IVR") minutes; IVR monthly maintenance fees; document storage; website maintenance, including postings of new documents and updates generated during and after the appeal; and project management, quality assurance, and systems support.

*Id.* ¶ 7 [dkt. 108-1].

The average of $2,000 and $2,500 is $2,250 in expenses per month. The median length of appeals in the Ninth Circuit is 17.4 months. *See* Cantor Bond Decl. Ex. C [dkt. 108-3] (2011 Annual Report).[4] Multiplying the average expense of $2,250 per months by 17.4 months results in expected increased charges of $39,150, payable by Clearwire. [$2,250 x 17.4 = $39,150.]

Just as in *Miletak* and *Uponor*, these expenses are reasonable and necessary and should be borne by appellants, if they are unsuccessful. Class Plaintiffs request that $39,150 be included in the amount of the appeal bond.

### 3. Expenses *Not* Requested as Part of the Bond Amount

In this motion, Class Plaintiffs have avoided "piling on" to the bond amount. They have deliberately *not* requested that certain categories of expenses be included.[5]

---

[4] The 17.4 months appears in the Ninth Circuit's 2011 annual report—the Circuit's most recent one—on page 59, in a chart at the bottom of the page (2nd column, next-to-last line), and on page 60, in the text at the left side of the page under the heading, "Median Time Intervals." The 2011 annual report is available from the Circuit's "library" web page at http://www.lb9.uscourts.gov/, last visited Feb. 14, 2013, via a link at the lower right corner of the web page under "Publications." *See* Cantor Bond Decl. ¶ 6 [dkt. 108].

[5] Again, Class Plaintiffs do not suggest that this motion limits in any way what the parties may seek in recoverable costs assuming the appellants are unsuccessful.

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

### a. Class Plaintiffs do not seek to include their own incremental time or expenses for responding to class members

Class Plaintiffs, through their counsel, receive a continual stream of telephone calls and emails from class members inquiring about the settlement status and when their claims will be paid. Responding to these inquiries takes considerable time. Class Plaintiffs have not tried to quantify their own costs of communicating with class members for an additional 17.4 months and have not asked that this be included in the appeal bond.

### b. Class Plaintiffs do not seek to include delay or interest expenses

Nor have Class Plaintiffs sought to include delay damages or interest in this appeal bond, notwithstanding that some courts in this Circuit have granted bonds that included such amounts—including cases in which Mr. Bandas was involved.

For example, Judge Wilken evaluated a motion "to require Lillian Rogers and the Bandas Law Firm (collectively, Objectors) to post an appellate bond . . ." *Conroy v. 3M Corp.*, No. 00-2810, 2006 U.S. Dist. Lexis 96169, \*\*1-2 (N.D. Cal. 2006). Included in the request was "$239,667 in anticipated post-judgment interest to compensate for the delayed distribution of the $4.1 million cash portion of the settlement." *Id.* at \*6. The court found this appropriate and included the $239,667 in an appeal bond totaling $431,167:

> The Court hereby imposes, pursuant to Appellate Rule 7, a bond requirement in the amount of $ 431,167.00 jointly and severally on Ms. Rogers and the **Bandas Law Firm**. No later than ten days from the date of this order, Objectors must file with the Court and serve on appellees either proof of satisfaction of the bond requirement or proof of withdrawal of their appeal.

*Id.* at \*12 (emphasis added). So too, another district court held:

> While it is difficult to calculate with mathematical precision the duration of Objectors' appeal, or the administrative costs and *interest costs* to the potentially more than 3 million class members, or other costs reasonably incurred . . ., the Court finds the sum of $500,000 per Objector to be reasonable.
>
> IT IS THEREFORE ORDERED that . . . :  On or before March 29, 2010, Objector Jessica Gaona through her attorneys **Christopher Bandas** and Lisa

PLS.' MOT. FOR APPEAL BOND — OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 11 -

Rasmussen, shall post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of $500,000.

*In re Wal-Mart Wage and Hour Employment Practices Litig.*, No. 06-225, 2010 WL 786513, *2 (D. Nev. Mar. 8, 2010) (emphasis added).

Nevertheless, other courts disagree as to whether interest costs can properly be included in an appeal bond. For the sake of minimizing delay, Class Plaintiffs do not want this question to become an independent focus of the appeal. Therefore, Class Plaintiffs do not ask this Court to include interest in the appeal bond.

### c.     Class Plaintiffs do not seek to include attorneys' fees

"[A] district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond, but only if an applicable fee-shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees." *Azizian*, 499 F. 3d at 953.

In *Dennings* and *Minnick*—two of the three Actions to be settled—plaintiffs brought claims under the Washington Consumer Protection Act, RCW ch. 19.86 ("CPA"). Though the question may be a close one, Class Plaintiffs conclude that, under the *Azizian* rule, the CPA expressly allows attorneys' fees as costs, but such fees are taxable against the defendant only and not objectors. Again, to avoid turning this question into an independent focus of the appeal, Class Plaintiffs do not ask this Court to include attorneys' fees in the appeal bond.

## V.     CONCLUSION

Class Plaintiffs respectfully request that this Court require Mr. Morgan and Mr. De La Garza to either post an appeal bond of $41,150 or dismiss their second appeal within ten days.

Dated June 13, 2013                          Respectfully submitted,

By: *s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:   (425) 868-7813
Fax:   (425) 732-3752
Email: cliff.cantor@comcast.net

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

MILBERG LLP
Josh Keller
One Penn Plaza
New York, NY 10119
Tel:   (212) 594-5300
Fax:   (212) 868-1229
Email: jkeller@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:   (212) 579-4625
Fax:   (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings*

      \*     \*     \*

PETERSON WAMPOLD ROSATO
   LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:   (206) 624-6800
Fax:   (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:   (202) 973-0900
Fax:   (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

      \*     \*     \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 13 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

```
Tel:    (415) 568-2555
Fax:    (415) 568.2556
Email:  mmcshane@audetlaw.com

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
222 S. Ninth St., Ste. 2955
Minneapolis, MN 55402
Tel:    (612) 252-3570
Fax:    (612) 252-3571
Email:  swanta@baillonthome.com
```

Counsel for plaintiffs in *Newton*

**Class Counsel**

Certificate of Service

I certify that, on June 13, 2013, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

<u>s/ *Cliff Cantor*</u>
Cliff Cantor, WSBA # 17893

PLS.' MOT. FOR APPEAL BOND —
OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752