# BANDAS LAW FIRM, P.C.
Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

March 20, 2013

*Via Email*: cliff.cantor@comcast.net
Clifford A. Cantor
LAW OFFICES OF CLIFFORD CANTOR
627 208th Avenue SE
Sammamish, Washington 98074

*Via Email*: jkeller@milberg.com
MILBERG LLP
Joshua Keller
One Pennsylvania Plaza
New York, New York 10119

*Via Email*: krichman@reeserichman.com
REESE RICHMAN LLP
Kim E. Richman
875 Avenue of the Americas
18th Floor
New York, New York 10169

*Via Email*: steverummage@dwt.com
Davis Wright Tremaine LLP
Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue
Suite 2200
Seattle, Washington 9810

Re:   Case No. C10-cv-1859JLR; *Michael Bobowski, et. al. v. Clearwire Corporation*

Dear Counsel:

The Court granted the earlier motion for appeal bond based on the theory that our appeal was brought in bad faith, but this is incorrect. My clients' objection is legitimate. It directly invokes the problems with your clients' settlement as addressed in *In re Bluetooth, Dennis v. Kellogg,* and similar cases. No "witch hunt" about "professional objectors" changes the merits of this objection or the shortcomings of the settlement.

So there are no further misunderstandings about my clients' intent, please accept the following proposal: **_My clients will stipulate to an injunction in the trial court precluding them from withdrawing their objection or any appeal of their objection without trial court approval of the terms of any such withdrawal_**.

If you or your clients are truly concerned about the possibility that the Objectors or any lawyer representing them is leveraging anyone with a meritless objection for money, rather than the possibility that their objection would be successful either in the trial court or on appeal, then you would simply agree to this stipulated injunction.

While Fed. R. Civ. Proc. 23(e)(5) precludes an objector from withdrawing his or her objection without court approval, there is no parallel provision in the Federal Rules of Appellate Procedure.

Nevertheless, please understand that my clients will stipulate to the proposed injunction, notwithstanding the fact that there is no appellate rule that requires this.

Please know that I am committed to prosecuting meritorious objections to their appellate conclusion and success, as I have done in other cases:

- In *Dennis v. Kellogg* (9th Cir. Sep. 4, 2012), I was counsel of record in a successful appeal of a court's approval of a class action settlement.

- In *In re Baby Products Antitrust Litig.*, No. 12-1165, No. 12-1166, and No. 12-1167 (3d Cir.), I was counsel of record in reversing the district court's decision.

- In *In re Online DVD Antitrust Rental Litig.*, No. 12-15705 et al. (9th Cir.), in which we have filed appeal and are pursuing the case to written opinion.

Please be clear that I am not seeking money for myself or for my clients to withdraw their objection in this case, and that my clients will continue to prosecute their objection on behalf of themselves with the assistance of counsel.

If either class counsel or defense counsel refuses this stipulation, then it will conclusively establish that neither is being disingenuous to the extent of claims of concern that I or my clients are pursuing a meritless objection.

If both class counsel and defense counsel are truly concerned about the possibility of "vexatious" intent, neither would continue to engage in expensive motion practice, but would simply agree to this stipulation.

Your stipulation to an injunction as proposed here would moot the need for any further "witch hunt" into whether the objection is "vexatious" or not. It is patently meritorious, and that cannot be further gainsaid.

Again, your refusal to stipulate to this injunction demonstrates that your fear is not of supposed motives, but of the merits of this objection and protecting a multi-million dollar fee award and unfair class action settlement from Ninth Circuit scrutiny.

Please let me know by close of business Friday, June 6th, whether you will agree to the proposed stipulation. I look forward to your responses.

Best regards,

Christopher Bandas