Christopher A. Bandas (Admitted *Pro Hac Vice*)
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
 (361) 698-5200
 (361) 698-5222 Facsimile
cbandas@bandaslawfirm.com

Donald H. Heyrich
WSBA No. 23091
HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
206-838-2504
206-260-3055 Facsimile
DHeyrich@hkmlegal.com

*ATTORNEYS FOR APPELLANTS*
*GORDON B. MORGAN AND*
*JEREMY DE LA GARZA*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> CLEARWIRE CORPORATION, <br><br> *Defendant*. | Case No. C10-1859-JLR <br><br> Honorable James L. Robart <br><br> MEMORANDUM IN OPPOSITION TO MOTION FOR APPEAL BOND |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR APPEAL BOND IN CONNECTION WITH OBJECTORS' SECOND APPEAL**

**Plaintiffs' Request Contradicts Ninth Circuit Law.**

Plaintiffs request an illegal appeal bond that improperly includes items outside the scope of Fed. R. App. Proc. 7; the proposed appeal bond order has the additional problem of being *ultra vires*, by purporting to order an appellant to dismiss an appeal, when the Ninth Circuit has explicitly held that it has the discretion to permit an appeal to go forward even if an appeal bond is not posted. *Azizian v. Federated Dept. Stores*, 499 F.3d 950, 961-62 (9th Cir. 2007). A district court may not, as plaintiffs have requested, "impermissibly encumber appellants' right to appeal." *Id.* at 961 (quotation and citation omitted). For these reasons alone, the appeal bond motion must be denied.

It is worth noting, however, that plaintiffs have proven that their factual contentions are false. Though plaintiffs accuse appellants of appealing in bad faith and bad purposes ("no intention to pursue their appeal through a Ninth Circuit decision"), the appellants offered to stipulate to an injunction barring them from settling their appeal for money. *See* Exh. 1 (Letter of Christopher Bandas of June 20, 2013). The plaintiffs refused to agree to the stipulation. *See* Exh. 2 (Letter of Cliff Cantor of June 21, 2013). Indeed, Mr. Bandas was attorney of record in two notable cases that, when seen through to appeal, resulted in reversal of the trial courts' decisions. *See Dennis v. Kellogg Co.,* 697 F.3d 858 (9th Cir. 2012); *see In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). Plaintiffs demonstrate that their fear is not of a bad-faith appeal brought for money, but that the appeal will reduce their excessive attorneys' fee.

And there is little doubt that the Ninth Circuit will find error in the attorneys' fee. The argument of appellants in this case has been adopted by both *In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3rd Cir. 2013) and *In re HP Inkjet Printer Litig.*, No. 11-16097 (9th Cir. 2013). The Ninth Circuit would have to contradict its own precedents and create a circuit split to affirm here. The appeal is not only good faith, but meritorious.

Furthermore, whether an appeal is frivolous is decided by courts of appeal, not the trial court. *Azizian,* 499 F.3d at 960-61; *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). The Fifth Circuit held that a district court abused its discretion when basing the amount of an

2

MEMORANDUM IN OPPOSITION TO
MOTION FOR APPEAL BOND                                               Case No. C10-1859-JLR

appeal bond on its determination of the probable denial of an appeal by the appeals court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007).

If the 9th Circuit determines that Appellants' appeal is frivolous, it has the option of taking action at that time. For this Court to impose the requested bond would be *ultra vires*.

**Plaintiffs' Request for "Settlement Administration Expenses" Is Frivolous**

**Because It Cites the Wrong Rule of Appellate Procedure.**

The settling parties' motion to require objectors Mr. Morgan and Mr. De La Garza (collectively "Appellants" or "Objectors") to post an appeal bond ("Pl. Mot.") is sanctionably frivolous, because it includes $39,150 of costs that are not Fed. R. App. Proc. 7 costs.

Though plaintiffs allege they are not requesting costs of delay, the additional costs of settlement administration are, despite plaintiffs' claims to the contrary, very clearly, costs of delay, and costs of delay incurred only because of plaintiffs' contract with a third party. *Every* appellate court to consider the question of whether "costs of delay" can be included in a Rule 7 appeal bond has held that they cannot. Simply put, costs of delay are not available under Fed. R. App. Proc. 7: Simply put, "costs of delay" are only covered in a *supersedeas* bond, and a supersedeas bond is only available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Yet the word "supersedeas" and the relevant legal rules are entirely absent from the motion papers; moreover, they are absent from the non-binding, legally erroneous, and entirely unpersuasive district court opinions cited by the parties. Indeed, when plaintiffs sought to include identical administrative costs in an appeal bond in *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011), the district court issued an order to show cause why plaintiffs should not be sanctioned for the request.

A district court does *not* have any "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be

3

assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The parties concede that they may not seek such fees in an appeal bond here.

Appellants have not sought any stay of judgment, so this court is without authority to issue a *supersedeas* bond. *American Presidential Lines*, 779 F.2d at 717-18; *see generally In re American Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 695 F. Supp. 2d 157, 162 (E.D. Pa. 2010) (citing cases where *supersedeas* bond for appellant-objectors denied); *see also, e.g., Fleury v. Richemont North America, Inc.*, 2008 WL 4680033 at *7 (N.D Cal. Oct. 21, 2008) (cost of delay not appropriately part of appeal bond) (cited by plaintiffs); *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, *12 (S.D.N.Y. Sept. 19, 2007) (same); *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011) (same, issuing order to show cause why party requesting excessive appeal bond should not be sanctioned for failing to cite to relevant precedent); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at *9 (S.D.N.Y. Mar. 5, 2010) (same). Requiring objectors to pay for administrative costs delay "would be inappropriate because an objector has no obligation to ensure the availability of the judgment; the defendants, and not the objector, are charged with implementing the settlement." *American Investors Life*, 695 F. Supp. 2d at 162. Indeed, the fact that an objector is seeking appellate review that may lead to "correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Svcs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (Easterbrook, J.). Nor can this court issue an improper *supersedeas* bond in the proposed amount of $40 thousand divorced from any actual appeal costs by incorrectly calling it an appeal bond. To do so would be reversible error. *American Presidential Lines*, 779 F.2d at 717-18; *Vaughn*, 507 F.3d 295.

The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal that may (but might not) result in an appeal's dismissal (*Azizian*, 499 F.3d at 961-62), while an appellant can choose to forgo paying a *supersedeas* bond with impunity. *American President Lines*, 779 F.2d at 717-18. But there is no question that the requirements for Fed. R. App. Proc. 8 are not met, because Appellants have not sought a stay of this Court's ruling.

4

MEMORANDUM IN OPPOSITION TO
MOTION FOR APPEAL BOND                                                                 Case No. C10-1859-JLR

1  Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the
2  rules of federal procedure and require a bond for costs of delay as a precondition for appeal.
3  *American President Lines*, 779 F.2d at 718-19.

4  The reason the plaintiffs fail to identify the relevant legal rule and the relevant appellate
5  precedent is obvious: *American President Lines* demonstrates that they are simply not entitled to the
6  relief they request. Ironically, though the parties claim to be concerned about the cost of delay, their
7  frivolous appeal bond request, if granted, will result in *more* delay, as the parties engage in collateral
8  litigation over the reversible error that the settling parties have asked this Court to commit.

9  **Any Order to Dismiss the Appeal Would Violate Ninth Circuit Law.**

10  Plaintiffs request that Appellants post the appeal bond or, in the alternative, dismiss their
11  appeal. If an appellant does not post an appeal bond, the question of consequence is not for a district
12  court. "An appellant's failure to take any step other than the timely filing of a notice of appeal does
13  not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers
14  appropriate, including dismissing the appeal." Fed. R. App. Proc. 3(a)(2); *Azizian*, 499 F.3d at 961.
15  "[A]n appellant is not required to post a Rule 7 bond to perfect its appeal." *Azizian*, 499 F.3d at 961.
16  Rather, the remedy is for the appellee to make a motion to dismiss in the Ninth Circuit. *Id.* at 961-62.
17  The Ninth Circuit then applies a discretionary four-part test in deciding whether to dismiss the
18  appeal. *Id.*

19  A district-court order to dismiss an appeal, even in the alternative, directly contravenes
20  *Azizian* and Fed. R. App. Proc. 3. It is thus necessarily outside the scope of a district court's powers
21  to order or coerce the dismissal of an appeal or the payment of an appeal bond. *Azizian* states as
22  much: "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated."
23  499 F.3d at 961 (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)). The Seventh Circuit
24  agrees with the Second and Ninth Circuits. "A district judge ought not try to insulate his decisions
25  from appellate review by preventing a person from acquiring a status essential to that review."
26  *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (Easterbrook J.) (*citing*
27  *Crawford*, 201 F.3d at 881). While *Booth Trust* and *Crawford* are cases about Rule 24 intervention,
28

5

MEMORANDUM IN OPPOSITION TO
MOTION FOR APPEAL BOND                                                  Case No. C10-1859-JLR

1   the principle is all the more compelling here: if a district court cannot deny a motion to intervene to
2   shield a decision from appellate review, it certainly does not have the authority to go even further
3   and forbid an appellant from appealing at all.

4       Objectors will prevail in a challenge to the appeal bond in the Ninth Circuit because an
5   appeal bond order would be *ultra vires*. **Every** appeals court—including the Ninth Circuit—to
6   consider orders relating to such appeal bonds and the failure to post such appeal bonds has stayed the
7   appeal bond order and refused to enforce the putative contempt. *E.g.*, *In re Wal-mart Wage & Hour*
8   *Employment Practices Litig.*, No. 10-15516 (9th Cir. Jun. 3, 2010) (*citing Vaughn v. Am. Honda*
9   *Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007)) (attached as Exh. 3); *Heekin v. Anthem, Inc.*, No.
10  13-1477 (7th Cir. Mar. 27, 2013) (attached as Exh. 4). Simply put, in the Ninth Circuit, a district
11  court has no authority to enforce an appeal-bond order. *Azizian*, 499 F.3d at 961. Plaintiffs can point
12  to no binding appellate authority to the contrary, and can only cite to district-court decisions that
13  violate the law and fail to reconcile their *ultra vires* decisions with *Azizian*.

14      Because *Azizian* holds that the power to determine the consequence of failing to post an
15  appeal bond rests solely with the Ninth Circuit, this Court has no authority to issue a contempt order
16  of any sort relating to the appeal bond order.

17                            **Appellants Have Offered a Stipulated Injunction**
18                     **Precluding Withdrawal of Appeal Without Trial Court Approval.**

19      Federal Rule of Civil Procedure 23(e)(5) precludes an objector from withdrawing his or her
20  objection without court approval, but there is no parallel provision in the Federal Rules of Appellate
21  Procedure. Although not required to by any appellate rule, Appellants offered to "stipulate to an
22  injunction in the trial court precluding them from withdrawing either objection or any appeal of
23  either objection without trial court approval of the terms of any such withdrawal" (attached as
24  Exhibit 1). Any concern Plaintiffs had regarding the alleged lack of merit in Appellants' prosecution
25  of this case or the supposed bad faith of the appeal could have been allayed through agreement to
26  this stipulation. Yet plaintiffs refused to agree to this stipulation. Exh. 2. The refusal shows that their
27  allegations of bad faith are made in bad faith: plaintiffs' concern is not that appellants are hoping to
28

force a settlement of a meritless appeal, but that appellants are bringing a meritorious appeal that will substantially reduce their excessive attorney-fee award.

**Appellants Are Willing to Post a $2,000 Bond**.

Appellants' counsel has never refused to pay his fair share of a costs award, and there is no evidence that there would be any risk of non-payment in the unlikely event that plaintiffs are entitled to $0.10/page of copying for their appellate briefs. But appellants are willing to post a $2,000 bond if the Court orders one.

**If the Court Grants the Motion, Appellants Request a Stay**.

Any appeal bond over $2,000, however, and any appeal bond order that includes a demand of posting the bond or dismissing the appeal, would violate Ninth Circuit law. If the Court grants such a motion, appellants will need to seek relief in the Ninth Circuit; appellate rules require appellants to first seek a stay here. To expedite matters, and minimize delay, the appellants request that, if plaintiffs' motion is granted, the issued order explicitly state that either the ruling is stayed while Ninth Circuit review is sought or that the motion for stay is denied so that appellants can immediately turn to the Ninth Circuit for review of what would be an *ultra vires* order.

**Conclusion**

For the foregoing reasons, the motion should be denied. No appeal bond should be issued in any amount greater than $2,000. The request for an order to dismiss the appeal is illegal; plaintiffs provide no support in their papers how they can reconcile this frivolous request with *Azizian*, and the Court should consider *sua sponte* sanctions if they cannot make a colorable argument why *Azizian* does not preclude such an order.

If the court, notwithstanding Ninth Circuit precedent to the contrary, decides to order an appeal bond greater than $2,000, Appellants request either an immediate stay of the order or an immediate denial of a stay of the order, so that he may seek Ninth Circuit review with alacrity.

| | | |
|---|---|---|
| Date: June 24, 2013 | | Respectfully submitted, |
| | By: | /s/ *Christopher A. Bandas* |
| | | Christopher A. Bandas (Admitted *Pro Hac Vice*) |
| | | Texas State Bar No. 00787637 |
| | | BANDAS LAW FIRM, P.C. |
| | | 500 North Shoreline, Suite 1020 |
| | | Corpus Christi, Texas 78401-0353 |
| | | Telephone (361) 698-5200 |
| | | Facsimile (361) 698-5222 |
| | | |
| | | /s/ *Donald W. Heyrich* |
| | | Donald H. Heyrich, WSBA No. 23091 |
| | | HEYRICH KALISH MCGUIGAN PLLC |
| | | 1325 Fourth Avenue, Suite 540 |
| | | Seattle, WA 98101 |
| | | 206-838-2504 |
| | | 206-260-3055 Facsimile |
| | | DHeyrich@hkmlegal.com |
| | | |
| | | *ATTORNEYS FOR APPELLANTS* |
| | | *GORDON B. MORGAN AND* |
| | | *JEREMY DE LA GARZA* |

MEMORANDUM IN OPPOSITION TO
MOTION FOR APPEAL BOND

Case No. C10-1859-JLR

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via USPS First Class mail to the following participants, postage prepaid, at the addresses listed below:

Clifford A. Cantor
Law Offices of Clifford A. Cantor
627 208th Ave, SE
Sammamish, WA 98074

MILBERG LLP
Peter E. Seidman
Joshua Keller
One Penn Plaza
New York, NY 10119-0165

Reese Richman LLP
Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th FL.
New York, NY 10169

Attorneys for Represented Plaintiffs

Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue, Ste. 2200
Seattle, WA 98101-3045

Attorneys for Clearwire Corporation

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

          /s/ *Christopher A. Bandas*
          Christopher A. Bandas