# EXHIBIT 2

LAW OFFICES OF
# CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033

Tel: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@outlook.com

June 21, 2013

Re: Objection of Mr. Morgan and Mr. De La Garza in
*Dennings v. Clearwire Corp.*, No. C10-1859 JLR (W.D. Wash.)

Dear Chris:

Thank you for your letter dated March 20, 2013 (attached) that you emailed to us yesterday afternoon, June 20, 2013 (see attached email). The letter requests a response by the close of business on June 6, 2013, two weeks before you sent it. We were preparing a response today when we noticed that, just now—less than 24 hours after sending us the letter—you filed it with the district court via ECF so that Judge Robart, the Ninth Circuit, and judges in future cases can have access to your self-serving remarks.

The factual premises you recite in the first paragraph of your letter appear to be incorrect. As we read Judge Robart's previous order requiring that your clients post an appeal bond, it was based on analysis of four factors, only one of which involved the issue of bad faith or vexatious conduct. And, your contention that your "clients' objection is legitimate" is belied by their sworn testimony that they personally had not read the settlement, did not know what was involved, had little-to-no personal objections to the settlement, and had not seen the objection you filed.

Your letter also indicates that you are committed to prosecuting meritorious objections to their appellate conclusion. There are a number of instances of which we are aware that you did not bother to file an appellate brief and, instead, dismissed the appeal. Further, we observe that your client did not file an appellant brief in *In re Baby Products Antitrust Litigation*, which the Third Circuit also observed. We also note that, regrettably, your history indicates a number of cases in which you seem to have sought money to stop objecting. For example, it appears that right now, you are suing various lawyers/law firms for what appears to be failure to pay you a large sum that you contend they promised you in exchange for dropping an objection. *In re Bandas*, No. D-1-GN-10-002277 (Dist. Ct., Travis County, Tex.). *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*,

Mr. Chris Bandas
June 21, 2013
Page 2 of 2

281 F.R.D. 531, 533 (N.D. Cal. 2012) ("Bandas is … improperly attempting to 'hijack' the settlement of the Actions from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate, and unspecified 'legal fees.'").

Your letter also intimates that our motives are, in part, to protect an "unfair class action settlement from Ninth Circuit scrutiny." It should scarcely need repeating that Judge Robart determined that the class action settlement was fair, not unfair; your clients appealed that decision; and the Ninth Circuit granted summary affirmance over your clients' opposition, concluding: "[T]he questions raised in this appeal are so insubstantial as not to require further argument." Order, No. 13-35038 (9th Cir. Apr. 22, 2013). Your arguments that the settlement is unfair already got Ninth Circuit scrutiny.

It is class counsel's view that, through a long and difficult process, they negotiated the best result for the class in this litigation. Given that view, your attempts to hold up the settlement are contrary to the class's best interest. For that reason, we cannot make any agreement with you as to whether your second appeal is proper. Why would we want an injunction preventing you from dismissing an appeal that we contend is meritless?

In our view, your first appeal and second appeal were/are meritless; they should never have been filed in the first place; and your second appeal should be dismissed.

Respectfully yours,

*Cliff Cantor* (signature)

Clifford Cantor
on behalf of Class Counsel

Attachments:
1. Letter from Mr. Bandas (dated Mar. 20, 2013; sent Jun. 20, 2013)
2. Email from office of Mr. Bandas with attached letter

# Cliff Cantor

| | |
|---|---|
| **From:** | Karen Andersen <kandersen@bandaslawfirm.com> |
| **Sent:** | Thursday, June 20, 2013 1:09 PM |
| **To:** | 'cliff.cantor@comcast.net'; 'jkeller@milberg.com'; 'krichman@reeserichman.com'; 'steverummage@dwt.com' |
| **Cc:** | Chris Bandas |
| **Subject:** | Dennings v. Clearwire Corporation; letter re: stipulation |
| **Attachments:** | clearwire.letter to counsel re stipulation 6-20-2013 EXECUTED.pdf |

Dear Counsel:

Attached please find correspondence from Mr. Bandas regarding the above referenced matter.

If you should have any questions, please feel free to contact our office.

Thank you,
Karen Andersen
Bandas Law Firm
500 North Shoreline Blvd
Suite 1020
Corpus Christi, Texas 78401
phone: 361-698-5200
fax: 361-698-5222

1

# BANDAS LAW FIRM, P.C.
## Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

March 20, 2013

*Via Email*: cliff.cantor@comcast.net
Clifford A. Cantor
LAW OFFICES OF CLIFFORD CANTOR
627 208th Avenue SE
Sammamish, Washington 98074

*Via Email*: krichman@reeserichman.com
REESE RICHMAN LLP
Kim E. Richman
875 Avenue of the Americas
18th Floor
New York, New York 10169

*Via Email*: jkeller@milberg.com
MILBERG LLP
Joshua Keller
One Pennsylvania Plaza
New York, New York 10119

*Via Email*: steverummage@dwt.com
Davis Wright Tremaine LLP
Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue
Suite 2200
Seattle, Washington 9810

Re:   Case No. C10-cv-1859JLR; *Michael Bobowski, et. al. v. Clearwire Corporation*

Dear Counsel:

The Court granted the earlier motion for appeal bond based on the theory that our appeal was brought in bad faith, but this is incorrect. My clients' objection is legitimate. It directly invokes the problems with your clients' settlement as addressed in *In re Bluetooth, Dennis v. Kellogg,* and similar cases. No "witch hunt" about "professional objectors" changes the merits of this objection or the shortcomings of the settlement.

So there are no further misunderstandings about my clients' intent, please accept the following proposal: *<u>My clients will stipulate to an injunction in the trial court precluding them from withdrawing their objection or any appeal of their objection without trial court approval of the terms of any such withdrawal</u>*.

If you or your clients are truly concerned about the possibility that the Objectors or any lawyer representing them is leveraging anyone with a meritless objection for money, rather than the possibility that their objection would be successful either in the trial court or on appeal, then you would simply agree to this stipulated injunction.

While Fed. R. Civ. Proc. 23(e)(5) precludes an objector from withdrawing his or her objection without court approval, there is no parallel provision in the Federal Rules of Appellate Procedure.

Nevertheless, please understand that my clients will stipulate to the proposed injunction, notwithstanding the fact that there is no appellate rule that requires this.

Please know that I am committed to prosecuting meritorious objections to their appellate conclusion and success, as I have done in other cases:

- In *Dennis v. Kellogg* (9th Cir. Sep. 4, 2012), I was counsel of record in a successful appeal of a court's approval of a class action settlement.

- In *In re Baby Products Antitrust Litig.*, No. 12-1165, No. 12-1166, and No. 12-1167 (3d Cir.), I was counsel of record in reversing the district court's decision.

- In *In re Online DVD Antitrust Rental Litig.*, No. 12-15705 et al. (9th Cir.), in which we have filed appeal and are pursuing the case to written opinion.

Please be clear that I am not seeking money for myself or for my clients to withdraw their objection in this case, and that my clients will continue to prosecute their objection on behalf of themselves with the assistance of counsel.

If either class counsel or defense counsel refuses this stipulation, then it will conclusively establish that neither is being disingenuous to the extent of claims of concern that I or my clients are pursuing a meritless objection.

If both class counsel and defense counsel are truly concerned about the possibility of "vexatious" intent, neither would continue to engage in expensive motion practice, but would simply agree to this stipulation.

Your stipulation to an injunction as proposed here would moot the need for any further "witch hunt" into whether the objection is "vexatious" or not. It is patently meritorious, and that cannot be further gainsaid.

Again, your refusal to stipulate to this injunction demonstrates that your fear is not of supposed motives, but of the merits of this objection and protecting a multi-million dollar fee award and unfair class action settlement from Ninth Circuit scrutiny.

Please let me know by close of business Friday, June 6th, whether you will agree to the proposed stipulation. I look forward to your responses.

Best regards,

Christopher Bandas