The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI, ELAINE POWELL, ROBERT PRIOR, ALIA TSANG, and KYLE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant. | Case No. C10-1859-JLR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPEAL BOND IN CONNECTION WITH OBJECTORS' SECOND APPEAL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, June 28, 2013 |

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1   Plaintiffs, in their motion for a second appeal bond, established that the four factors[1] that
2 may be considered in determining whether to impose such a bond favor doing so here.  Pls' 2nd
3 Mot. 3:19-8:9 [dkt. 134].  The objectors-appellants responded with nothing to suggest otherwise.
4 Objs' 2nd Opp. [dkt. 138].  Instead, the objectors-appellants simply rehashed their unsuccessful
5 opposition [dkt. 112] to plaintiffs' first motion for an appeal bond.

**A.     The Objectors' Rehashed Arguments Should Be Rejected**

On February 20, 2013, plaintiffs moved this Court to require objectors Mr. Morgan and Mr. De La Garza to post an appeal bond [dkt. 107] in connection with the objectors' first appeal in this case.  The Court granted the motion [dkt. 117].  Plaintiffs now moved for a similar order in connection with the objectors' second appeal.

Not a single circumstance has changed with respect to the law or facts concerning requiring a bond under Rule 7 of the Federal Rules of Appellate Procedure.  The only conceivable difference is that the Ninth Circuit has now summarily affirmed this Court's final approval order in which this Court overruled all of the objectors' objections [dkt. 99, 126].  The Ninth Circuit ruled that "the questions raised in this appeal are so insubstantial as not to require further argument."  Order, No. 13-35038 (9th Cir. Apr. 22, 2013) [dkt. 126].

The objectors oppose plaintiffs' second bond motion by making arguments that are nearly identical to those in their opposition to plaintiffs' first bond motion.  For example, in their first opposition, the objectors unsuccessfully argued that the administrative costs sought as part of the appeal bond were "frivolous."  *See* Objs' 1st Opp. 1:22-3:19 [dkt. 112].  The objectors make the same argument here.  Objs' 2nd Opp. at 3:5-5:8 [dkt. 138].  To avoid redundancy, plaintiffs incorporate their previous arguments.  Pls' 1st Reply at 1:13-3:4 [dkt. 113].  Suffice it to say that

---

[1]     The factors that this Court previously used are "(1) the merits of the appeal; (2) the risk that the appellant would not pay costs in the event the appeal loses; (3) the appellant's financial ability to post a bond; and (4) whether there is any evidence of bad faith or vexatious conduct." Order Granting Motion for Appeal Bond at 3:6-11 ("Bond Order") [dkt. 117].

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL                - 1 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  a number of district courts have ordered such bonds; the objectors' arguments did not persuade
2  this Court the first time; and their arguments are not enhanced simply by repetition.
3        As another example, the objectors previously incorrectly characterized the bond that
4  plaintiffs sought as a supersedeas bond.  *See* Objs' 1st Opp. at 1:22-3:19 [dkt. 112].  The
5  objectors rehash the same arguments again.  *See* Objs' 2nd Opp. at 3:15-5:8 [dkt. 138].  Plaintiffs
6  seek a reasonable appeal bond under FRAP Rule 7; they do not seek a supersedeas bond; and the
7  objectors' arguments in this regard are off the mark.

8  **B.     The Objectors Are Not Likely To Obtain Reversal of the Fee Order on Appeal**

9        The objectors contend that two cases require reversal of this Court's fee order: *In re Baby*
10 *Prod's Antitrust Litig.*, 708 F.3d 163 (3rd Cir. 2013) and *In re HP Inkjet Printer Litig.*, No. 11-
11 16097, 2013 WL 1986396 (9th Cir. May 15, 2013).  The objectors offered no quotes or page
12 citations.  Plaintiffs studied these two cases and find no support whatsoever for reversal of the
13 fee order, nor do the objectors point to any with specificity.

14 **C.     The Order that Plaintiffs Seek Would Not Violate Ninth Circuit Law**

15       Plaintiffs moved for an order requiring the objectors to either post an appeal bond or
16 dismiss their appeal.  Courts in the Ninth Circuit, including the Court in this very case, have
17 issued such orders.  *See Milatek v. Allstate Ins. Co.*, No. 06-3778, 2012 WL 3686785, *2 (N.D.
18 Cal. Aug. 27, 2012); *In re Magsafe Apple Power Adapter Litig.*, No. 09-1911, 2012 WL
19 2339721, *2 (N.D. Cal. May 29, 2012); Cantor Bond Decl. [dkt. 108] ¶ 5 & Ex. B [dkt. 108-2]
20 (*Embry v. ACER Amer. Corp.*, No. 09-1808, slip op. at 2-4 (N.D. Cal. Jul. 31, 2012)); Bond
21 Order at 5:9-11.
22       The objectors make a "straw man" argument that the district court cannot enforce an
23 order to dismiss an appeal.  If plaintiffs' motion is granted, and objectors fail to comply with this
24 Court's order, the Court has the ability to hold the objectors in contempt and strike their
25 objection.  *See In re Magsafe Apple Power Adapter Litig.*, No. 09-1911, 2012 WL 3686783, at
26 *2 (N.D. Cal. Aug. 22, 2012) (finding an objector in contempt for failure to post a bond or file a
27 notice of dismissal of his appeal and imposing "the sanction of striking Objector's objection to

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL                - 2 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

the Final Settlement."); *Embry v. ACER Amer. Corp.*, No. 09-1808, 2012 WL 3777163, at *2 (N.D. Cal. Aug. 29, 2012) (same). Whether the Ninth Circuit would dismiss objectors' appeal for failure to comply with this Court's order is not at issue here.

**C.    Objectors' Self-Serving "Offer" to Stipulate To an Injunction Does Not Eliminate Their Bad Faith and/or Vexatious Conduct**

Objectors' counsel is the quintessential "professional objector." In the Ninth Circuit alone, he has representing class-action objectors in 27 appeals. *See* Reply Decl. of Cantor ¶ 4 & Ex. A (list). In very few of them did the objectors file appellant briefs. *Id.* ¶ 5. Of his ten most recent appeals, all filed in 2013, seven are already resolved by dismissals (voluntary or otherwise). *Id.* ¶ 6 and Ex. B (orders). In none of the ten did the objectors file appellate briefs. *Id.* ¶ 6. In fact, his most recent results in the Ninth Circuit are a June 3, 2013 dismissal for failing to file an opening brief; a May 23, 2013 voluntary dismissal; and an April 24, 2013 dismissal for again failing to file an opening brief. *Id.* ¶ 6 & Ex. B (orders).

Mr. Morgan, Mr. De La Garza, and their counsel demonstrated vexatious conduct by filing an objection when Mr. Morgan personally had no objection to this settlement and neither client knew anything about it. [Dkt. 99 at 21:11-22 & 22:19-27]. They further demonstrated vexatious conduct by objecting on several grounds that were not even present in this settlement [dkt. 134 at 6:18-25]—possibly using a "canned" objection from some previous case. Counsel again demonstrated vexatious conduct by wrongly instructing Mr. De La Garza not to answer deposition questions about receiving payment as a result of a previous objection in a recent case involving Nokia. [Dkt. 99 at 23:10 – 24:4]. And again, they demonstrated vexatious conduct by ignoring this Court's previous bond order until faced with a motion for contempt. [Dkt. 130 at 2:1-7].

The objectors' assertion that bad faith or vexatious conduct is negated here by an "offer" to stipulate to an injunction that as a practical matter may be lifted at any point is unconvincing. They sent this correspondence immediately before their opposition was due to this motion, apparently with the intent of creating a record they could then rely on. [Dkt. 138-2]. It appears

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL         - 3 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  objectors' counsel filed the letter via ECF to be able to point to it and try to convince courts in
2  this and other cases that the objectors he represents are not "professional objectors" seeking a
3  quick payout.

4  Their history demonstrates the opposite. [Dkt. 84 at 5:11-26 & 19-21]. Though their
5  counsel's recent letter to plaintiffs' and defendant's counsel asserts that Mr. Bandas is
6  "committed to prosecuting meritorious objections to their appellate conclusion and success" [dkt.
7  137 at p. 2], just 2½ weeks before Mr. Bandas sent the letter, on June 3, 2013, the Ninth Circuit
8  resolved another appeal by the same counsel by dismissing it for failure to file an appellate brief.
9  *See* Reply Decl. of Cantor ¶ 6 & Ex. B. And a mere two weeks before that, on May 23, 2013,
10 another such appeal was resolved by voluntary dismissal (which plaintiffs assume was
11 accompanied by a payment). *Id.* A month before that, on April 24, 2013, the Ninth Circuit
12 resolved yet another appeal by likewise dismissing it for failure to file an appellate brief. *Id.* In
13 none of his most recent appeals did the objectors submit appellate briefs; instead they were
14 resolved by voluntary or involuntary dismissals. *Id.* at ¶ 6.

15 These actual facts cannot be squared with an asserted "commit[ment] to prosecuting
16 meritorious objections to their appellate conclusion and success" [dkt. 137 at p. 2].

17 **D.    Conclusion**

18 Plaintiffs respectfully request that this Court require Mr. Morgan and Mr. De La Garza to
19 either post an appeal bond of $41,150 or file a notice of dismissal of their second appeal within
20 ten days.

21    Dated June 28, 2013            Respectfully submitted,
22
23                                   By: *s/ Cliff Cantor*
                                     Cliff Cantor, WSBA # 17893
24                                   LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                     627 208th Ave. SE
25                                   Sammamish, WA 98074
                                     Tel:   (425) 868-7813
26                                   Fax:   (425) 732-3752
                                     Email: cliff.cantor@comcast.net
27

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL                - 4 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

MILBERG LLP
Josh Keller
One Penn Plaza
New York, NY 10119
Tel:   (212) 594-5300
Fax:   (212) 868-1229
Email: jkeller@milberg.com

REESE RICHMAN LLP
Kim E. Richman
875 Ave. of the Americas, 18th Fl.
New York, NY  10001
Tel:   (212) 579-4625
Fax:   (212) 253-4272
Email: krichman@reeserichman.com

Counsel for plaintiffs in *Dennings*

\*     \*     \*

PETERSON WAMPOLD ROSATO
   LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel:   (206) 624-6800
Fax:   (206) 682-1415
Email: luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel:   (202) 973-0900
Fax:   (202) 973-0950
Email: jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

\*     \*     \*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel:   (415) 568-2555

---

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL
No. C10-1859 JLR

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

```
                              Fax:   (415) 568.2556
                              Email: mmcshane@audetlaw.com

                              BAILLON THOME JOZWIAK & WANTA LLP
                              Shawn J. Wanta
                              222 S. Ninth St., Ste. 2955
                              Minneapolis, MN 55402
                              Tel:   (612) 252-3570
                              Fax:   (612) 252-3571
                              Email: swanta@baillonthome.com

                              Counsel for plaintiffs in *Newton*

                              **Class Counsel**
```

Certificate of Service

I certify that, on June 28, 2013, I caused the foregoing to be (i) filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record; and (ii) deposited in the U.S. mail, postage prepaid, addressed to Robert Prior, 2016 E. 6th St., Vancouver WA 98661.

                              s/ *Cliff Cantor*
                              Cliff Cantor, WSBA # 17893

---

PLS.' REPLY iso MOT. FOR APPEAL BOND
re. OBJECTORS' SECOND APPEAL      - 6 -
No. C10-1859 JLR

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752