# EXHIBIT 1

# BANDAS LAW FIRM, P.C.
Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

March 20, 2013

**Via Email: cliff.cantor@comcast.net**
Clifford A. Cantor
Law Offices of Clifford A. Cantor
627 208th Ave, SE
Sammamish, WA 98074

**Via Email: jkeller@milberg.com**
MILBERG LLP
Peter E. Seidman
Joshua Keller
One Penn Plaza
New York, NY 10119-0165

**Via Email: mreese@reeserichman.com**
Rees Richman LLP
Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th FL.
New York, NY 10169

**Via Email: steverummage@dwt.com**
Stephen M. Rummage
Kenneth E. Payson
John A. Goldmark
1201 Third Avenue, Ste. 2200
Seattle, WA 98101-3045

Re:   Case No. C10-cv-1859JLR; *Michael Bobowski, et. al. v. Clearwire Corporation.*

Dear Counsel:

The Court granted the motion for appeal bond based on the theory that our appeal was brought in bad faith. Nothing is further from the truth. We believe our appeal is meritorious, and, should the Ninth Circuit be given the fair opportunity to hear it, we will prevail—just as my clients prevailed in *Dennis v. Kellogg* (9th Cir. 2012) and in *In re Baby Products Antitrust Lit.* (3d Cir. 2013) against similarly unfair settlements.

As proof of our good faith in bringing this appeal, we are offering the following stipulation: we will agree to an injunction precluding either my clients or myself from settling our appeal without court approval if the appeal bond order is vacated. This is a no-lose opportunity for you: if you are *really* concerned that the appeal is being brought in bad faith, an injunction precluding me from settling it means that I cannot possibly profit from bringing a meritless appeal, the strategy you falsely accuse me of using.

Counsel of Record
March 20, 2013
Page 2 of 2

    Meanwhile, the Court's order is plainly legally erroneous: the very case the Court cites for the standard for appeal bond, *In re AOL Time Warner*, not only contradicts Ninth Circuit law, but **explicitly precludes including Rule 8 "delay" costs in a Rule 7 appeal bond.** Thus, the Ninth Circuit is bound to vacate the order, and all that will be accomplished is that you will waste time and money briefing two stay motions—and cause the very delay you claim to seek to avoid.

    With respect to the portion of the District Court's Order addressing the estimated $2,000 in costs, I am happy to comply with that and send any one of class counsel a check directly, to hold in your trust account, pending the outcome of this appeal.

    Finally, please let me know if you are willing to clarify your misrepresentations to the District Court about what my clients testified to in their depositions about their objections. Both Mr. Morgan and Mr. de la Garza clearly testified that they relied on legal advice and counsel in formulating their objections, which they have an absolute right to do. Yet, Mr. Tycko asked each witness if "you yourself" (separate and apart from their legal papers) had any objections. Obviously, not having personal, lay opinions about the settlement separate and apart from their legal pleadings does not, as Class Counsel misrepresents in its pleadings, equate with not having objections. Clearly they have objections. You have seen their pleadings. In any event, your efforts to misdirect the Court with sophomoric word play is disingenuous and, I believe, sanctionable.

    Please let me know by close of business Tuesday whether you will agree to any of the three proposed stipulations, as we will need to move to stay the district court's order as soon as possible, and would like to demonstrate that you have brought the appeal bond motion in bad faith because of your fear of our meritorious appeal—a fact that will be readily demonstrated if you refuse this stipulation.

Sincerely,

Christopher A. Bandas