# EXHIBIT 2

LAW OFFICES OF
# CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033

Tel: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@outlook.com

June 21, 2013

Re: Objection of Mr. Morgan and Mr. De La Garza in
*Dennings v. Clearwire Corp.*, No. C10-1859 JLR (W.D. Wash.)

Dear Chris:

Thank you for your letter dated March 20, 2013 (attached) that you emailed to us yesterday afternoon, June 20, 2013 (see attached email). The letter requests a response by the close of business on June 6, 2013, two weeks before you sent it. We were preparing a response today when we noticed that, just now—less than 24 hours after sending us the letter—you filed it with the district court via ECF so that Judge Robart, the Ninth Circuit, and judges in future cases can have access to your self-serving remarks.

The factual premises you recite in the first paragraph of your letter appear to be incorrect. As we read Judge Robart's previous order requiring that your clients post an appeal bond, it was based on analysis of four factors, only one of which involved the issue of bad faith or vexatious conduct. And, your contention that your "clients' objection is legitimate" is belied by their sworn testimony that they personally had not read the settlement, did not know what was involved, had little-to-no personal objections to the settlement, and had not seen the objection you filed.

Your letter also indicates that you are committed to prosecuting meritorious objections to their appellate conclusion. There are a number of instances of which we are aware that you did not bother to file an appellate brief and, instead, dismissed the appeal. Further, we observe that your client did not file an appellant brief in *In re Baby Products Antitrust Litigation*, which the Third Circuit also observed. We also note that, regrettably, your history indicates a number of cases in which you seem to have sought money to stop objecting. For example, it appears that right now, you are suing various lawyers/law firms for what appears to be failure to pay you a large sum that you contend they promised you in exchange for dropping an objection. *In re Bandas*, No. D-1-GN-10-002277 (Dist. Ct., Travis County, Tex.). *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*,

Mr. Chris Bandas
June 21, 2013
Page 2 of 2

281 F.R.D. 531, 533 (N.D. Cal. 2012) ("Bandas is … improperly attempting to 'hijack' the settlement of the Actions from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate, and unspecified 'legal fees.'").

Your letter also intimates that our motives are, in part, to protect an "unfair class action settlement from Ninth Circuit scrutiny." It should scarcely need repeating that Judge Robart determined that the class action settlement was fair, not unfair; your clients appealed that decision; and the Ninth Circuit granted summary affirmance over your clients' opposition, concluding: "[T]he questions raised in this appeal are so insubstantial as not to require further argument." Order, No. 13-35038 (9th Cir. Apr. 22, 2013). Your arguments that the settlement is unfair already got Ninth Circuit scrutiny.

It is class counsel's view that, through a long and difficult process, they negotiated the best result for the class in this litigation. Given that view, your attempts to hold up the settlement are contrary to the class's best interest. For that reason, we cannot make any agreement with you as to whether your second appeal is proper. Why would we want an injunction preventing you from dismissing an appeal that we contend is meritless?

In our view, your first appeal and second appeal were/are meritless; they should never have been filed in the first place; and your second appeal should be dismissed.

Respectfully yours,

*Cliff Cantor*

Clifford Cantor
on behalf of Class Counsel


Attachments:
1. Letter from Mr. Bandas (dated Mar. 20, 2013; sent Jun. 20, 2013)
2. Email from office of Mr. Bandas with attached letter