THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CLEARWIRE CORPORATION,<br><br>　　　　Defendant. | Case No. C10-1859-JLR<br><br>MOTION BY OBJECTORS GORDAN MORGAN AND JEREMY DE LA GARZA TO STAY APPEAL BOND<br><br>NOTE ON MOTION CALENDAR: Tuesday, July 9, 2013 |

**EMERGENCY MOTION BY APPELLANTS
GORDAN MORGAN AND JEREMY DE LA GARZA TO STAY APPEAL BOND**

COME NOW, Gordon Morgan and Jeremy De La Garza ("Appellants"), pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) ("FRAP"), and seek this Court's Order to stay the Court's Amended Order of July 9, 2013 stating in support as follows.

On July 8, 2013, the Court ordered Appellants to post a bond in the amount of $41,150 within five (5) days, or dismiss the appeal, or face sanctions by the court. That order was vacated by

court order (Dkt. 148) due to "typographical error" and was replaced with an amended order granting the appeal bond (Dkt. 149) filed by the Court on July 9, 2013.

Appellants Morgan and De La Garza will comply with the District Court's order pertaining to the $2,000 for the cost of acquiring a transcript and filing documents with the court. That check will arrive at the district court tomorrow, July 10, 2013.

However, Appellants respectfully submit that the remaining $39,150 in "administrative fees" (Dkt. 117) is not permitted by Ninth Circuit law, nor is the Court's command to dismiss the appeal. Appellants respectfully request that the Court stay enforcement of the July 9 Amended Order to allow the Ninth Circuit to decide the validity of the portion of the bond amounting to $39,150.

## ARGUMENT

### A Stay Is Required to Permit Review of the Court's July 9 Amended Order

The July 9 Amended Order compels performance by July 14. But, as discussed below, the Order is inconsistent with Ninth Circuit law, and the Ninth Circuit is likely to stay or vacate the order if it is considered. A stay is required so that the Ninth Circuit may review the Order without subjecting appellants to sanctions. But appellants cannot seek a stay in the Ninth Circuit until this Court rules on a motion for stay. Appellants will make a motion for stay and vacation of the appeal bond order on July 12, 2013. Appellants merely ask that the July 9 Amended Order be stayed until the Ninth Circuit rules on that motion. That motion before the Ninth Circuit has a high likelihood of success for multiple reasons:

### 1. The Bond Amount Exceeds What Rule 7 Permits Under Ninth Circuit Law.

FRAP 7 allows for posting a bond to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal.

The Court's order for an appeal bond in amount of $41,150 includes $39,150 of costs that are not allowable Fed. R. App. Proc. 7 costs, and would not be awarded if class counsel prevails on appeal.

Though plaintiffs allege they are not requesting costs of delay, the additional costs of settlement administration are, despite plaintiffs' claims to the contrary, very clearly, costs of delay, and costs of delay incurred only because of plaintiffs' contract with a third party. *Every* appellate

1 court to consider the question of whether "costs of delay" can be included in a Rule 7 appeal bond
2 has held that they cannot. Simply put, costs of delay are not available under Fed. R. App. Proc. 7;
3 rather they only available through a *supersedeas* bond, which is only available under Fed. R. App.
4 Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir.
5 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Plaintiffs did
6 not request a "supersedeas" bond. Indeed, when plaintiffs sought to include identical administrative
7 costs in an appeal bond in *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011), the district court
8 issued an order to show cause why plaintiffs should not be sanctioned for the request.

9       A district court does *not* have any "inherent or rule-based power" to impose an appeal bond
10 beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-
11 19. Moreover, the "costs referred to [in Rule 7] are simply those that may be taxed against an
12 unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be
13 assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth
14 Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as
15 costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007). The parties
16 concede that they may not seek such fees in an appeal bond here.

17       **2. The Merit of the Appeal Is Not Grounds for a Punitive Appeal Bond**

18       The Court, through reference to its March 11, 2013 order for a prior appeal bond, asserts the
19 objections were "without merit." Dkt. 117 at 3:15. Appellants disagree. As discussed in our
20 Opposition to Motion for Summary Affirmance (attached as Exhibit 3), the Court's fee order made
21 multiple reversible errors of law and fact.

22       But the dispute is irrelevant: under *Azizian*, the lack of merit of an appeal is not grounds for
23 increasing the size of an appeal bond beyond the $2,000 costs of appeal. The "question of whether,
24 or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the
25 appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose
26 sanctions including attorney's fees under Rule 38." *Azizian,* 499 F.3d at 961. *Accord In re American*
27 *President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985).

28       **3. Alleged Vexatious Intent Is Not Grounds for a Punitive Appeal Bond**

The Court accuses appellants of "vexatious intent" in the filing of their June 3, 2013 (Dkt. 131) notice of appeal. *Id.* at 3:21-4:3. Appellants dispute this for reasons previously stated, but more importantly, Ninth Circuit law does not permit imposing a punitive appeal bond because of alleged vexatious intent.

The *Fleury* Court abrogates this final prong of the analysis by citing to *Azizian*. *Fleury* at *7. The *Azizian* decision reasoned that, because the appeals court is permitted to award double costs or attorneys' fees in the instance of a bad-faith appeal, the appeals court is in the best position to address bad faith appeal – after a full review of the merits. *Fleury* at *7, citing *Azizian* 499 F.3d at 954. Thus, bad faith is not a factor here.

Additionally, although not required to do so by any appellate rule, Appellants offered in a June 20, 2013 letter to counsel (attached as Exhibit 1) to "stipulate to an injunction in the trial court precluding them from withdrawing either objection or any appeal of either objection without trial court approval of the terms of any such withdrawal." This offer to allow Appellants to make a good faith effort to dispel the concern that Appellants are pursuing a meritless objection was refused by class counsel. (attached as Exhibit 2). Letter from Counsel, 06/20/2013. Appellants offered this stipulated injunction in an effort to assure counsel of the good faith of their appeal. Plaintiffs' agreement to this stipulation would have mooted the question of any bad faith, vexatious prosecution of these Appellants' objection; that they refused to do so shows that their accusations of vexatiousness were made in bad faith.

**4. An Order to Dismiss an Appeal for Failure to Post an Appeal Bond Is *Ultra Vires***

The Ninth Circuit clearly states that "an appellant is not required to post a Rule 7 bond to perfect its appeal." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007). Simply put, *Azizian* does not permit an order to dismiss an appeal for failure to post an appeal bond, because that decision is entirely up to the discretion of the Ninth Circuit. Nor does a district court have authority to sanction an appellant for failure to dismiss an appeal.

**Conclusion**

For the foregoing reasons, Objectors respectfully request that this Court grant this motion

to stay pending resolution of a motion in the Ninth Circuit for the vacation or stay of the appellate bond ordered by this Court. Such a motion will be filed July 12, 2013.

Dated: July 9, 2013

By:     */s/ Christopher A. Bandas*
Christopher A. Bandas (Admitted *Pro Hac Vice*)
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone (361) 698-5200
Facsimile (361) 698-5222

ATTORNEYS FOR APPELLANTS
GORDON B. MORGAN AND
JEREMY DE LA GARZA

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel via CM-ECF filing on this the 9th day of July 2013. I further certify that I served the following participants in the case that are not registered CM/ECF users by first-class mail, postage prepaid.

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

    */s/ Christopher A. Bandas*
Christopher A. Bandas (*Admitted Pro Hac Vice*)