UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, KYLE WILLIAMS, BRIAN CRAWFORD, JOHANNA KOSKINEN, DAN DAZELL, ROBERT PRIOR, STEVEN COCKAYNE, CHEYENNE FEGAN, ELAINE POWELL, ELENA MUNOZ-ALAZAZI, MICHAEL BOBOWSKI, ALIA TSANG, GREGORY GUERRIER, ALYSON BURN, SHARON FLOYD, <br><br>       Plaintiffs, <br><br>       v. <br><br> CLEARWIRE CORPORATION, <br><br>       Defendant. | CASE NO. C10-1859JLR <br><br> ORDER DENYING MOTION TO STAY |

## I. INTRODUCTION

This matter comes before the court on Objectors Gordan Morgan and Jeremy De La Garza's motion (7/9/13 Mot. (Dkt. # 151)) to stay the court's order (7/9/13 Order

ORDER- 1

(Dkt. # 149)) requiring them to post an appeal bond before proceeding with their appeal (6/3/13 Not. of Appeal (Dkt. # 132)) of the court's order approving attorney's fees in connection with the final settlement (5/3/13 Order (Dkt. # 127)).  The court DENIES the motion.

## II.  BACKGROUND

The issue here arises from a class action against internet service provider Clearwire brought by a putative class of Clearwire customers.  The parties reached a settlement and Objectors—who are both class members—challenged the class settlement, claiming it was "illusory and violated Rule 23 and Ninth Circuit precedent."  (Obj. to Att. Fee Mot. (Dkt. # 76 at 2)).  After Plaintiffs accused the Objectors of being "professional objectors," this court determined that Plaintiffs had raised "legitimate concerns regarding whether the objections made by Mr. Morgan and Mr. De La Garza [were] serious and whether their attorney is a so-called 'professional objector,'" (12/11/12 Order (Dkt. # 84)), and granted Plaintiffs' motion to depose the Objectors (*id.*).  The depositions revealed that Mr. Morgan had no personal objection to the settlement, neither of them had read the settlement agreement or their own objections to it, and both had worked with the same attorney on other class action cases.  (*See* Memorandum (Dkt. # 97), Exs. A, B (depositions of Mr. Morgan and Mr. De La Garza)).  The court approved the proposed settlement and rejected the challenges raised by the Objectors.  (12/20/12 Order (Dkt. # 99)).

The Objectors appealed the order to the Ninth Circuit.  (1/18/13 Not. of App. (Dkt. # 101)).  Plaintiffs moved to obtain an order requiring an appeal bond (2/20/13 Mot. (Dkt.

ORDER- 2

# 107)) and the court granted the motion (3/11/13 Order (Dkt. # 117)). The Objectors proceeded with their appeal without complying with the bond order, and the Ninth Circuit rejected the appeal and affirmed this court's settlement order and final judgment. *See* 4/22/13 Order, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. Apr. 22, 2013). The Objectors petitioned for rehearing in the Ninth Circuit, *see* Petition for Rehearing, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 6, 2013), prompting the Plaintiffs to move for contempt for violating this court's bond order (5/9/13 Mot. (Dkt. # 128)). In response, Objectors moved to dismiss their appeal voluntarily, *see* Mot. to Dismiss Case Voluntarily, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 15, 2013), and the Ninth Circuit granted the motion, *see* 5/24/13 Order, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 24, 2013).

This court also granted class counsel's renewed motion (3/27/13 Mot. (Dkt. # 120)) for attorney's fees and expenses (5/3/13 Order (Dkt. # 127)). Continuing their pattern, Objectors appealed this order to the Ninth Circuit. (6/3/13 Not. of App. (Dkt. # 132)). The Plaintiffs moved for another order requiring an appeal bond for Objectors to proceed (6/3/13 Mot. (Dkt. # 134)) and this court granted the motion (7/9/13 Order (Dkt. # 149)). Perhaps having learned from their prior attempt to proceed with their appeal without complying with this court's bond order, the Objectors have adopted a new strategy to achieve the same result: filing an "Emergency Motion" to stay enforcement of this court's order "to allow the Ninth Circuit to decide the validity of the portion of the bond amounting to $39,150," (7/9/13 Mot. (Dkt. # 151)) and appealing the order to the Ninth Circuit (7/9/13 Not. of App. (Dkt. # 150)).

## III. JURISDICTION

Ordinarily, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Counsel v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, the "purpose [of this rule] is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously," and it is not absolute. *Id.* "The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Id.* Thus, while this court "may not materially alter the status of the case on appeal," *id.* (internal citation omitted), it may act on a motion to stay its prior order to "preserve the status quo," *see id.*

## IV. ANALYSIS

Objectors' arguments are spurious and fail to show that the appeal bond or its amount are inappropriate under these circumstances. The Objectors characterize the "additional costs of settlement administration" as "costs of delay," and contend that such costs "are not available under Fed. R. App. Proc. 7," but provide no binding authority to support this contention. (*See* 7/9/13 Mot. (Dkt. # 151) at 2-3). The Objectors also fail to provide any meaningful argument as to why these costs should be characterized as "costs of delay," which refer to the interest that accrues during the time between the settlement agreement and its distribution when the distribution is delayed by an appeal. *See Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007). The expenses used to calculate the bond amount consist of the incremental increases in ongoing settlement

ORDER- 4

administration fees and expenses during the appeal period. (2/20/13 Mot. (Dkt. # 107 at 8)). Delay expenses were explicitly excluded from the calculations. (*Id.* at 10).

The remainder of Objectors' arguments rely on a flawed interpretation of *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). The Court in *Azizian* held that appellate attorney's fees should not be included in the amount of an appeal bond as a way to deter frivolous appeals. *Id.* Attorney's fees were expressly excluded from the calculations here. (2/20/13 Mot. (Dkt. # 107) at 11). Additionally, this court's order requiring an appeal bond was put in place for the protection of the appellee and used the merits of the appeal as a factor in determining whether a bond was appropriate. (*See* 3/11/13 Order (Dkt. # 117 (citing *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Cv. 5575, 2007 WL 2741033 at *2 (S.D.N.Y. Sept. 20, 2007)))). Protection of the appellee is the very purpose of Rule 7 and this is the purpose for which this court used it. *See* Fed. R. App. P. 7.

## V. CONCLUSION

The court DENIES Objectors' motion (7/9/13 Mot. (Dkt. # 151)) to stay the court's order requiring an appeal bond (7/9/13 Order (Dkt. # 149)).

Dated this 11th day of July.

*[signature]*

JAMES L. ROBART
United States District Judge