1  Christopher A. Bandas (Admitted *Pro Hac Vice*)
   Texas State Bar No. 00787637
2  BANDAS LAW FIRM, P.C.
   500 North Shoreline, Suite 1020
3  Corpus Christi, Texas 78401-0353
   T: (361) 698-5200
4  F: (361) 698-5222

5  *Attorneys for Objectors Gordon Morgan*
   *and Jeremy De La Garza*
6

7

8                                                    THE HONORABLE JAMES L. ROBART
9

10
                    **UNITED STATES DISTRICT COURT**
11                  **WESTERN DISTRICT OF WASHINGTON**
                              **AT SEATTLE**
12

13
   MICHAEL BOBOWSKI, ALYSON BURN,          )
14 STEVEN COCKAYNE, BRIAN CRAWFORD,        ) Case No. C10-1859-JLR
   DAN DAZELL, ANGELO DENNINGS,            )
15 CHEYENNE FEGAN, SHARON FLOYD,           )
   GREGORY GUERRIER, JOHANNA               )
16 KOSKINEN, ELENA MUNOZ-ALAZAZI           ) NOTICE OF POSTING OF
17 TSANG, and KYLE WILLIAMS, on behalf of  ) APPEAL BOND OF $41,150 IN FULL;
   Themselves and all others similarly situated, ) MOTION TO VACATE ORDER
18                                         ) TO APPEAR AND SHOW CAUSE
        Plaintiffs,                        )
19                                         )
        v.                                 )
20                                         )
21 CLEARWIRE CORPORATION,                  )
                                           )
22      Defendant.                         )

23

24
         Objectors Gordon Morgan and Jeremy De La Garza ("Objectors") respectfully submit notice
25
   of the posting of an appeal bond in full in the requested amount of $41,150.00 with the Court on July
26

27

28

23, 2013. Objectors also respectfully request that the Court vacate the order to appear and show cause (Dkt. 154) issued by this Court on July 19, 2013.[1]

On July 9, 2013, the Court ordered Appellants to post a bond in the amount of $41,150, dismiss the appeal within five (5) days, or face potential sanctions. Dkt. 149. On July 9, Objectors, relying on Ninth Circuit law indicating that $39,150 of the $41,150 bond was comprised of impermissible costs, sent to this Court a check in the amount of $2,000 to timely post what Objectors believed to be the undisputed amount of the $41,150 appeal bond under Ninth Circuit law. The Court rejected Objectors' good faith attempt to post a $2,000 bond and returned the $2,000 check.

Objectors further responded to the July 9 appeal bond order by filing with this Court an emergency motion to stay that order. Dkt. 151. The emergency motion was denied on July 11, 2013. Dkt. 152. On July 11, 2013, Objectors filed a Rule 27-3 emergency motion with the Ninth Circuit requesting a stay of this Court's appeal bond order. 9th Cir. Dkt. 11-1. On July 15, 2013, the Ninth Circuit denied Objectors' July 11 motion. 9th Cir. Dkt. 14. The Court issued a July 19 order for Objectors to appear on August 1 and show cause related to their failure to post the $41,150 appeal bond.

Following the steps established in *Azizian v. Federated Dept. Stores, Inc.*, Objectors made a good faith posting of the undisputed $2,000 portion of the bond and have exercised diligence in moving in the District Court for a stay of the bond, which was refused by the District Court. 499 F.3d 950, 961-62 (9th Cir. 2007). Objectors believe that the bond order includes $39,150 of costs not allowable under Fed. R. App. Proc. 7 and contravenes the holding in *Azizian*. Moreover, Objectors' believe their appeal is meritorious, as argued in their opposition to Plaintiffs' motion for summary affirmance. 9th Cir. Dkt. 8. Furthermore, class counsel would not have been prejudiced by

---

[1] It should be noted that, while Objectors and counsel assert that they have conducted themselves in this matter in a good faith reliance upon the law, including but not limited to *Azizian*, Objectors wish to point out that local counsel Donald Heyrich was not responsible for the decision to continue the appeal in this matter nor was he responsible for the decision to originally attempt to post a $2,000 bond.

1 the failure to post an appeal bond because, among other things, their settlement includes a "quickpay clause" requiring the defendants to pay attorneys' fees to class counsel after the district court decision even though an appeal is pending.

The Court asserts as a basis for its appeal bond order that Morgan and De La Garza's objections are "without merit." Dkt. 117 at 3:15. But under *Azizian,* a lack of merit is not grounds for imposing a bond amount beyond the actual $2,000 costs of appeal. A determination of merit is "best left to the courts of appeal." *Azizian,* 499 F.3d at 961. The Ninth Circuit is also clear that the imposition by the District Courts of impermissibly high appeal bonds on the ground that the appeal *might* be found to lack merit would have the effect of "'impermissibly encumber[ing]'" the right to appeal and "'effectively preempt[ing] [the appeals] court's prerogative'" to make its own determination. *Id.*

Objectors Morgan and De La Garza complied with the District Court's order to post an appeal bond in the amount of $41,150. A check in that amount was delivered to the Court by Federal Express on July 23. *See* Exhibit 1. Objectors confirmed with the Court's finance department that the bond check was "received and posted." *See* Andersen Declaration (attached as Exhibit 2).

There was no prejudice from the nine (9) day delay in Objectors' posting of the full bond amount. The Ninth Circuit did not deny Objectors' Rule 27-3 motion until July 15, after this Court's five-day deadline to post the appeal bond by July 14. Furthermore, $41,150 is not an insignificant amount of money and it took some time to make arrangements for its transfer.

In light of fact that the full bond amount of $41,150 has been posted and accepted, Objectors respectfully request that the Court vacate or clarify its July order to appear and show cause so that Objectors and Objectors' counsel need not attend the August 1 hearing. In the alternative, Objectors would appreciate the Court's latitude in allowing Objectors and their counsel to appear for that hearing telephonically.

Dated: July 25, 2013

Respectfully submitted,

By:    */s/ Christopher A. Bandas*
Christopher A. Bandas (Admitted *Pro Hac Vice*)
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
T: (361) 698-5200
F: (361) 698-5222

*Attorneys for Objectors Gordon Morgan and Jeremy De La Garza*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel via CM-ECF filing on this the 25th day of July 2013. I further certify that I served the following participant in the case that is not registered as a CM/ECF user by USPS first-class mail, postage prepaid.

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

   */s/ Christopher A. Bandas*
Christopher A. Bandas (Admitted *Pro Hac Vice*)