UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLEARWIRE CORPORATION, <br><br> Defendant. | CASE NO. C10-1859JLR <br><br> ORDER DENYING MOTION TO VACATE |

Before the court is Objectors Gordan Morgan and Jeremy De La Garza's notice of posting of appeal bond and motion to vacate order to appear and show cause. (Mot. (Dkt. # 155).) The court recently ordered Objectors' counsel to appear in this court and show cause why they and their clients should not be sanctioned for failing to comply with a court order to post an appeal bond. (7/19/13 Order (Dkt. # 154) at 1.) Counsel for Objectors was warned in advance that failure to timely post the bond would expose him and his clients to sanctions. (*Id.*) Objectors did not post bond in a timely fashion, so the court scheduled a hearing to resolve the issue of sanctions. (7/19/13 Order.) After the

ORDER- 1

court scheduled this hearing, Objectors posted the required bond. (*See* Mot.) They now argue that sanctions are unnecessary. (*Id.*) The court disagrees. The parties did not follow the court's order, and the fact that they subsequently posted bond does not excuse their prior inappropriate conduct. Accordingly, the court DENIES Objectors' motion to vacate.

## I.  BACKGROUND

This saga began with a class action lawsuit against internet service provider Clearwire brought by a putative class of Clearwire customers. The parties to that lawsuit reached a settlement and Objectors—who are both class members—challenged the class settlement, claiming it was "illusory and violated Rule 23 and Ninth Circuit precedent." (Obj. to Att. Fee Mot. (Dkt. # 76 at 2)). After Plaintiffs accused Objectors of being "professional objectors," this court determined that Plaintiffs had raised "legitimate concerns regarding whether the objections made by Mr. Morgan and Mr. De La Garza [were] serious and whether their attorney is a so-called 'professional objector,'" (12/11/12 Order (Dkt. # 84)), and granted Plaintiffs' motion to depose the Objectors (*id.*). The depositions revealed that Mr. Morgan had no personal objection to the settlement, neither of them had read the settlement agreement or their own objections to it, and both had worked with the same attorney on other class action cases. (*See* Memorandum (Dkt. # 97), Exs. A, B (depositions of Mr. Morgan and Mr. De La Garza)). The court approved the proposed settlement and rejected the challenges raised by the Objectors. (12/20/12 Order (Dkt. # 99)).

The Objectors appealed the order to the Ninth Circuit. (1/18/13 Not. of App. (Dkt. # 101)). Plaintiffs moved to obtain an order requiring an appeal bond (2/20/13 Mot. (Dkt. # 107)) and the court granted the motion (3/11/13 Order (Dkt. # 117)). The Objectors proceeded with their appeal without complying with the bond order, and the Ninth Circuit rejected the appeal and affirmed this court's settlement order and final judgment. *See* 4/22/13 Order, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. Apr. 22, 2013). The Objectors petitioned for rehearing in the Ninth Circuit, *see* Petition for Rehearing, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 6, 2013), prompting Plaintiffs to move for contempt for violating this court's bond order (5/9/13 Mot. (Dkt. # 128)). In response, Objectors moved to dismiss their appeal voluntarily, *see* Mot. to Dismiss Case Voluntarily, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 15, 2013), and the Ninth Circuit granted the motion, *see* 5/24/13 Order, *Dennings v. Clearwire*, No. 13-35038 (9th Cir. May 24, 2013).

This court also granted class counsel's renewed motion (3/27/13 Mot. (Dkt. # 120)) for attorney's fees and expenses (5/3/13 Order (Dkt. # 127)). Continuing their pattern, Objectors appealed this order to the Ninth Circuit. (6/3/13 Not. of App. (Dkt. # 132)). Plaintiffs moved for another order requiring an appeal bond for Objectors to proceed (6/3/13 Mot. (Dkt. # 134)) and this court granted the motion (7/9/13 Order (Dkt. # 149)). Perhaps having learned from their prior attempt to proceed with their appeal without complying with this court's bond order, Objectors adopted a new strategy to achieve the same result: attempting to post a $2,000.00 bond and filing an "Emergency Motion" to stay enforcement of this court's order "to allow the Ninth Circuit to decide

ORDER- 3

the validity of the [remaining] portion of the bond amounting to $39,150," (7/9/13 Mot. (Dkt. # 151)) and appealing the order to the Ninth Circuit (7/9/13 Not. of App. (Dkt. # 150)). This court denied Objectors' Emergency Motion (7/11/13 Order (Dkt. # 152)), whereupon Objectors tried again by bringing a similar motion in the Ninth Circuit. The Ninth Circuit summarily rejected Objectors' arguments and denied their motion. (Order of USCA (Dkt. # 153).) Four days later, Objectors still had not posted bond, so the court ordered Objectors' counsel to appear and show cause why Objectors and their attorneys should not be sanctioned for failing to comply with the court's order. (7/19/13 Order.)

## II.   ANALYSIS

As demonstrated by the above recital of facts, Objectors' decision to ignore the court's appeal bond order is only the most recent episode in Objectors' ongoing procedural machinations before this court and the Ninth Circuit. Objectors' strategy this time around is consistent with their behavior in these proceedings: they appear to believe that they do not need to follow court orders until they are threatened with sanctions for failing to do so.[1] (*See generally* 7/11/13 Order (Dkt. # 152).) This is not acceptable conduct for attorneys appearing before this court.

Objectors directly disobeyed a court order. They were ordered to either post a bond within five days or else withdraw their appeal. They did neither. Instead, they

---

[1] Objectors argue that it simply "took some time to make arrangements" for the transfer of the money. (Mot. at 3.) Objectors' decision to post only $2,000.00 (in direct contravention of the court's order) belies this argument. In any event, if Objectors needed more time to make arrangements, the proper course of action would have been to move for more time, not to simply ignore the court's order.

ORDER- 4

attempted to post a $2,000.00 bond, which is not what they were ordered to do. Objectors argue that they simply "follow[ed] the steps established in *Azizian v. Federated Dept. Stores, Inc.*," 499 F.3d 950, 961-62 (9th Cir. 2007), by attempting to post the undisputed $2,000.00 portion of the bond. But *Azizian* does not "establish steps" that allow an appellant to simply ignore the portion of an appeal bond order it believes is incorrect. *See id.* To the contrary, the court in *Azizian*, on similar facts as are present in this case, seriously entertained a motion to dismiss the appeal for failing to comply with the district court's appeal bond order and instead only posting the $2,000.00 undisputed portion of the bond ordered. *Id.* The Ninth Circuit in no way condoned the appellant's behavior, it simply decided that a sanction of dismissal was inappropriate. *Id.* That certainly does not preclude lesser sanctions in the district court, particularly where Objectors' appeal appears to be frivolous and the conduct of their counsel demonstrates a general disregard for the court's orders.

Because they disobeyed a court order, Objectors and their counsel may be subject to sanctions. The fact that Objectors posted bond after being ordered to appear and face sanctions does not exonerate Objectors any more than it would exonerate a criminal defendant to return stolen property after being charged with theft. The punishable conduct has already occurred and cannot be taken back. Accordingly, Objectors' counsel have been ordered to appear in court, explain their actions, and face sanctions should the court decide to impose them. The court reaffirms its original order and DENIES Objectors' motion to vacate.

ORDER- 5

Last, Objectors' counsel requests the opportunity to appear by telephone instead of appearing in person. The court denies this request as well. If Objectors' counsel intends to litigate in the State of Washington, he must be prepared to appear in Washington when ordered to do so by the court. The nature of Objectors' behavior in these proceedings makes this sanctions hearing more appropriate for in-person resolution. For the foregoing reasons, the court DENIES Objectors' motion to vacate (Dkt. # 155).

Dated this 26th day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 6