UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, et al., | CASE NO. C10-1859JLR |
| Plaintiffs, | NOTICE TO OBJECTORS AND COUNSEL REGARDING SANCTIONS |
| v. | |
| CLEARWIRE CORPORATION, | |
| Defendant. | |

The court recently ordered counsel for Objectors Gordan Morgan and Jeremy De La Garza to appear and show cause why they should not be sanctioned for disobeying a court order. Due process requires the court to notify the party being sanctioned of the legal rule on which sanctions are to be based, the reasons for the sanctions, and the form of the potential sanctions. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-10 (9th Cir. 2005); *Mickle v. Morin*, 297 F.3d 114, 126 (2d Cir. 2002); *Rogal v. Am. Broadcasting Co., Inc.*, 74 F.3d 40, 44 (3d Cir. 1996). The court must notify the party being sanctioned that it stands accused of bad faith conduct, not merely unreasonable conduct. *In re*

ORDER- 1

*DeVille*, 361 F.3d 539, 549 (9th Cir. 2004). The court has already notified Objectors and their counsel of the reasons for the possible sanctions. (7/19/13 Order (Dkt. # 154); 7/26/13 Order (Dkt. # 156).) This order is to provide notice of the legal rule on which sanctions would be based, the form of the potential sanctions, and to notify Objectors and their counsel that they stand accused of bad faith conduct—namely, willful disobedience of a court order.

**A.   Legal rule on which sanctions are to be based**

Sanctions, if imposed, would be based on the court's inherent authority or Western District of Washington Local Rule 11(c).[1] Federal courts have inherent power to impose sanctions against attorneys and parties who willfully abuse the judicial process. *Or. RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd*, 76 F.3d 1003, 1007 (9th Cir. 1996); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These powers are necessarily inherent in the courts from the nature of their institution and are necessary to the exercise of judicial power. *Id.* (citing *United States v. Hudson*, 7 Cranch 32, 34 (1812)). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* (citing *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)). These powers are not governed by rule or statute but "by the control necessarily vested in courts to manage

---

[1] The court has authority to sanction parties or counsel under Local Rule LCR 11(c) for non-compliance with a court order: "Any attorney or party who without just cause fails to comply with . . . an order of the court . . . in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules . . . may be subject to such other sanctions as the court may deem appropriate." Local Rules W.D. Wash LCR 11(c).

ORDER- 2

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31).

Under its inherent powers, a court may sanction an attorney or party who (1) acts in "bad faith, vexatiously, wantonly, or for oppressive reasons" or (2) willfully disobeys a court order. *Chambers*, 501 U.S. at 45-46. The decision whether to impose sanctions is in the discretion of the court. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). Sanctions may be imposed against the party, against counsel, or against the entity who controls the litigation, even if not a party to the case, *Lockary v. Kayfetz*, 974 F.2d 1166, 1169 (9th Cir. 1992), and may be imposed either by motion or sua sponte. *Roadway*, 447 U.S. at 765.

Nevertheless, the court's inherent powers are not broad, but limited. These powers are "shielded from direct democratic control," so they are necessarily "limited," and "not . . . ready at an imperial hand," and must be exercised only with "restraint and discretion." *Id.* at 42; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). This is particularly true in cases where the court is "accuser, fact finder, and sentencing judge all in one." *In re Peters*, 642 F.3d 381, 384 (2d Cir. 2011). In particular, there are certain due process restraints on the court's ability to impose sanctions:

- **Notice.** The court must notify the party being sanctioned of the legal rule on which sanctions are to be based, the reasons for the sanctions, and the form of the potential sanctions. *Lasar*, 399 F.3d at 1109-10; *Mickle*, 297 F.3d at 126; *Rogal*, 74 F.3d at 44. The court must notify the party being sanctioned that it stands

ORDER- 3

accused of bad faith conduct, not merely unreasonable conduct. *DeVille*, 361 F.3d at 549.

- **Opportunity to be heard.** The court must conduct a hearing or permit briefing to determine whether sanctions are appropriate. *Lasar*, 399 F.3d at 1109-10; *Or. RSA*, 76 F.3d at 1007-08 (reversing sanctions order because no hearing held); *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (opportunity to submit briefing can satisfy due process requirements).

- **Findings.** The court must make a specific finding that the attorney or party being sanctioned acted in bad faith or willfully disobeyed a court order. *Chambers*, 501 U.S. at 44; *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 650 (9th Cir. 1997).

- **Heightened Standard of Proof.** Sanctions imposed under the court's inherent power are punitive in nature and so must be proven by clear and convincing evidence. *Shepherd v. Am. Broad. Co., Inc.*, 62 F.3d 1469, 1476-78 (D.C. Cir. 1995).

B.  **Form of sanctions**

Courts may impose many different kinds of sanctions under their inherent power, but in this case the court is only contemplating (1) censure or formal reprimand; (2) fines payable to the court or to the class; (3) attorney's fees or costs; (4) award of compensatory damages for harm suffered as a result of misconduct; (5) warnings about possible dismissal if misconduct persists; and (6) prohibition on representing future plaintiffs in same type of case without leave of court.

ORDER- 4

1     If the sanctions are monetary, the following factors will be consulted to determine
2 the appropriate amount of the sanction: (1) the nature and quality of the conduct at issue;
3 (2) who is responsible for the culpable conduct as between attorney and client; (3)
4 whether there was a pattern of wrongdoing requiring a stiffer sanction; (4) the sanctioned
5 party's ability to pay; (5) whether the opposing party was hindered or prejudiced by the
6 wrongdoer's conduct; and (6) any other mitigating or aggravating factors. *Republic of*
7 *Phlippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).

    Dated this 30th day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 5