HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, et. al, | NO. C10-1859-JLR |
| Plaintiffs, | MOTION AND SUPPORTING MEMORANDUM TO CONTINUE SHOW CAUSE HEARING |
| v. | |
| CLEARWIRE CORPORATION, | NOTED: JULY 31, 2013 |
| Defendant. | ORAL ARGUMENT REQUESTED |

### I.   MOTION TO CONTINUE

Christopher A. Bandas, by and through his counsel of record, Michael P. Iaria and Susan F. Wilk, respectfully requests a continuance of the contempt hearing currently scheduled for August 1, 2013. The motion is based on the Declaration of Michael Iaria Regarding Motion to Continue Show Cause Hearing, the accompanying memorandum of law, Mr. Bandas's Fourteenth Amendment right to due process, and his Sixth Amendment rights to the effective assistance of counsel, to compulsory process, and to a defense. In the alternative, we would be ready to proceed to a final disposition at a hearing at which only the original allegation of violating a court order and remedial, civil sanctions are in issue.

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 1

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101

## II.     PERTINENT PROCEDURAL BACKGROUND

On May 27, 2013, the Court entered an order awarding class counsel $1,950,000 in attorneys' fees and expenses. (Dkt. 127.) Objectors Jeremy De La Garza and Gordon Morgan, represented by counsel Christopher Bandas, appealed, and on July 9, 2013, the Court granted Plaintiffs' motion to require Objectors to post a $41,150 appellate bond within five days or withdraw their appeal. (Dkt. 132; 149.) The order warned that failure to comply could result in sanctions being imposed by the Court. Id. Objectors filed an emergency motion to stay the order requiring the appeal bond the same day, and submitted a check for $2,000, the portion of the bond they did not dispute. (Dkt. 151 at 2.) The Court rejected the check and denied the motion to stay by written ruling on July 11, 2013. (Dkt. 152.), On July 15, 2013, the Ninth Circuit denied Objectors Rule 27-3 motion for emergency review. (Dkt. 153.) The following day, Objectors again attempted to post $2,000 of the bond, but this check was also refused. On July 19, 2013, the Court ordered Objectors and Mr. Bandas to appear on August 1, 2013, and show cause why sanctions should not be imposed for the delay. (Dkt. 154). The show-cause order stated, in relevant part:

> To date, [Objectors] still have not complied [with the order to post the bond or withdraw the appeal].  Objectors and their counsel now face sanctions.  Accordingly, the Court ORDERS Objectors' attorneys … to appear in person and show cause why the Court should not impose sanctions.

Id. at 2.

Mr. Bandas tendered a check for the full bond amount on July 22, 2013. The check was received by the Court on July 23, 2013. (Dkt. 155-1; Dkt. 155-2.) Mr. Bandas accordingly moved to vacate the show-cause order upon proof of payment of the full bond amount. This motion the Court also denied, by written ruling on July 26, 2013. (Dkt. 156.) The Court

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING  - 2

reiterated, "[b]ecause they disobeyed a court order, Objectors and their counsel may be subject to sanctions." (Dkt. 156 at 5.) The Court also denied Mr. Bandas' request to appear telephonically at the show-cause hearing. *Id*. The following day, Mr. Bandas retained undersigned counsel to represent him at the hearing. *Declaration of Michael Iaria Regarding Motion to Continue Show Cause Hearing.*

At approximately 1:00 p.m. on July 30, 2013, almost exactly 48 hours before the scheduled hearing, the Court issued a "Notice to Objectors and Counsel Regarding Sanctions," (Dkt. 158.), which stated that it provided notice of "the legal rule on which sanctions are to be based, the reasons for the sanctions, and the form of the potential sanctions." (Dkt. 158 at 1.) In addition to subjecting Objectors to contempt proceedings for violating a court order, the Notice informed Objectors and counsel for the first time that they "stand accused" of "bad faith conduct." (Dkt. 158 at 2.) The Notice warned Objectors and counsel that they faced a host of possible sanctions, including:

> (1) censure or formal reprimand; (2) fines payable to the court or to the class; (3) attorney's fees or costs; (4) award of compensatory damages for harm suffered as a result of misconduct; (5) warnings about possible dismissal if misconduct persists; and (6) prohibition on representing future plaintiffs in the same type of case without leave of court.

(Dkt. 158 at 4.)

### III.  MEMORANDUM OF LAW IN SUPPORT OF MOTION

A. The Court's Notice Transforms the Hearing from a Civil to a Criminal Contempt Proceeding.

Where a court invokes its contempt authority, the proceeding that follows must necessarily be either civil or criminal. Since both forms of contempt impact a liberty interest of an alleged contemnor, they implicate due process, but a criminal contempt proceeding must carry

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 3

the additional protections attendant to a criminal trial: the right to compulsory process, to a defense, and to the effective assistance of counsel, the privilege against self-incrimination, the right to be free from double jeopardy, and the right to proof of the allegations beyond a reasonable doubt. *International Union, United Mineworkers of America v. Bagwell*, 512 U.S. 821, 826 (1994); *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 632 (1988).

The determination of whether contempt is civil or criminal turns solely on the "character and purpose" of the sanction involved. *Bagwell*, 512 U.S. at 827 (quoting *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 441 (1911)). The test is "what does the court primarily seek to accomplish by imposing [the sanction]?" *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

Civil contempt "is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 595 F.3d 683, 695 (9th Cir. 2010). Since a sanction imposed in a civil contempt proceeding must either remediate a complainant for his injuries or coerce compliance with an order of the court, a civil contempt finding should be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. *Id*.

The primary purpose of criminal contempt, by contrast, "is to punish past defiance of a court's judicial authority, thereby vindicating the court." *Falstaff*, 702 F.2d at 778. Thus, where a sanction is neither coercive nor compensatory, i.e., if it is a fixed penalty imposed retrospectively for a "completed act of disobedience," it is punitive, and therefore criminal. *Bagwell*, 512 U.S. at 828-29; *Hicks*, 485 U.S. at 632. "[A] 'flat, unconditional fine' totaling even

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 4

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101

as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." <u>Bagwell</u>, 512 U.S. at 529 (citation omitted). Similarly, a suspended or determinate fine where the contemnor is denied the ability to purge the fine through his compliance is also criminal. <u>Id</u>. at 529-30.

The Court's notice invokes as authority for the sanctions "the court's inherent authority or Western District of Washington Local Rule 11(c)," (Dkt. 158 at 2), which the notice interprets as empowering the Court to fine and punish Mr. Bandas for his alleged bad faith. But the source of the authority for the sanction does not determine whether the contempt proceeding is civil or criminal. Where, as here, sanctions are intended to punish an alleged contemnor and "to vindicate the authority of the court," the proceeding is criminal, and due process demands the contemnor receive the protections afforded a person accused of a crime. <u>Bagwell</u>, 512 U.S. at 827-828; <u>accord</u> <u>F.J. Hanshaw Enterprises, Inc., v. Emerald River Development, Inc.</u>, 244 F.3d 1128, 1138 (9th Cir. 2001) (finding that a sanction that was a "flat, unconditional fine," could not be avoided by future compliance, and was "punitive and intended to vindicate the court's authority and the integrity of the judicial process", was criminal, and holding that given the severity of the sanction, defendant was entitled to "the full protection of a criminal jury trial").[1]

The law distinguishes between contempt that occurs in the Court's presence (direct contempt), and contempt that does not (indirect contempt). In the case of direct contempt, the court may summarily punish the person,[2] but even where direct contempt is at issue, if the Court

---

[1] In <u>Hanshaw</u>, the Ninth Circuit rejected the claim that the sanction was civil because it was "intended 'partly to compensate for inconvenience and waste of time caused the Court,'" finding this was not the same as a compensatory sanction for losses sustained.

[2] <u>See</u> Fed. R. Crim. P. 42(3).

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 5

delays punishment, "due process requires that the contemnor's rights to notice and a hearing be respected." <u>Bagwell</u>, 512 U.S. at 832.  Here, the alleged bad faith motive for Mr. Bandas's failure timely to comply with the bond order constitutes an allegation of "indirect contempt", and, as established <u>infra</u>, requires even greater due process protections.

The Notice Regarding Sanctions identifies the proceeding as civil, the standard of proof at the proceeding as clear and convincing evidence, and the due process protections to which Mr. Bandas is entitled, at most, as notice and an opportunity to be heard.   (Dkt. 158 at 3-4.)  However, the Supreme Court has held that in a criminal contempt proceeding, our justice system affords an alleged contemnor much greater rights.

The authorities cited in the Court's notice do not compel a contrary conclusion.  For example, <u>Lasar v. Ford Motor Co.</u>, 399 F.3d 1101 (9th Cir. 2005), only permits fines payable to the court to be deemed civil if they are narrowly tailored to reimburse the court for costs directly incurred as a result of the contemnor's conduct.[3] <u>Id</u>. at 1111-1112.  In <u>Shepherd v. American Broadcasting Co., Inc.</u>, 62 F.3d 1469 (D.C. Cir. 1995), cited in the Court's notice as support for the proposition that the standard of proof at the hearing would be clear and convincing evidence, the contemnors appealed only the entry of a default judgment, so the question of whether the proceeding was civil or criminal in nature was not before the Court.  <u>Id</u>. at 1474.

The Court's notice invokes <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991), in support of the Court's "inherent authority" to punitively sanction Mr. Bandas for his alleged "bad faith", (Dkt. 158 at 2; 3), but the case dealt narrowly with the question of the inherent authority to impose attorney's fees as a sanction.  <u>See</u> <u>Chambers</u>, 501 U. S. at 46-50.  Further, like <u>Shepherd</u>,

---

[3] Mr. Bandas agrees that any costs incurred by the Court in connection with the delayed payment of the appellate bond should be tabulated by the Clerk so that he may pay them in full.

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING  - 6

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101

the case (which preceded *Bagwell* by three years) apparently did not present, and did not decide, the question whether the proceedings before it were civil or criminal, and what process was due. As already argued, the source of a court's contempt authority does not determine whether a sanction is civil or criminal in nature.

*Hanshaw* makes it clear that if the Court were to exercise its inherent contempt authority without affording Mr. Bandas greater procedural protections than are available in a civil contempt proceeding, the hearing would violate due process. *See Hanshaw*, 244 F.3d at 1139 ("We hold that when a court uses its inherent powers to impose sanctions that are criminal in nature, it must provide the same due process protections that would be available in a criminal contempt proceeding.").

Even if the sanctions to follow here were civil in nature, the authority cited in the Court's notice provides that an allegation of bad faith should entitle Mr. Bandas to an evidentiary hearing. *See Rogal v. American Broadcasting Companies, Inc.*, 74 F.3d 40, 45 (3rd Cir. 1996) (holding that an allegation of bad faith entitled the contemnor to a full evidentiary hearing, at which the alleged contemnor would "be given the opportunity to rebut the inferences that the district court drew from [the] evidence").

Again: it is the ***character*** and ***purpose*** of the sanction that determine whether contempt is civil or criminal. *Bagwell*, 512 U.S. at 827; *Gompers*, 221 U.S. at 441. Here, the majority of the proposed sanctions are punitive and their purpose is to vindicate the court's authority. Mr. Bandas is therefore entitled to the due process protections attendant to a criminal proceeding.

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 7

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101

B. <u>Counsel are not Ready to Defend Mr. Bandas on the New Bad Faith Allegation on Which he Faces Potential Criminal Sanctions</u>.

In a criminal proceeding, the amendment of an indictment 48 hours before trial to add a new, unanticipated charge carrying substantial penalties would almost certainly entitle the accused to a continuance to permit his counsel to prepare to meet the new accusation. <u>United States v. Garrett</u>, 179 F.3d 1143, 1147 (9th Cir. 1999) (holding court must consider impact upon right to counsel from denial of continuance). Here, neither the Court's July 19th show cause order nor its July 26th order denying Objectors' motion to vacate provided notice of a bad faith allegation. The new allegation of bad faith contained in its July 30th notice fundamentally alters the nature of the proceeding and the rules by which it must be adjudicated.[4] As is established by Mr. Iaria's declaration, anticipating a civil contempt proceeding at which the only allegation was that Mr. Bandas had violated a court order, counsel made reasonable choices regarding whether and how to address the issue of Mr. Bandas's good faith, and so primarily focused on other questions. <u>See</u> <u>Stone v. City and County of San Francisco</u>, 968 F.2d 850, 857 (9th Cir. 1992) (noting that intent is irrelevant to a finding of civil contempt).

In order to meet an allegation of bad faith and a possible finding of criminal contempt, counsel would need to prepare a defense, conduct an investigation, and consult witnesses. This would be true even if the proceeding did not result in criminal sanctions. In <u>Rogal</u>, <u>supra</u>, the Circuit Court held that a bad faith allegation entitled the contemnor to a full evidentiary hearing, at which the alleged contemnor would "be given the opportunity to rebut the inferences that the

---

[4] Although counsel for Mr. Bandas do not represent Objectors, one way in which the Court's Notice Regarding Sanctions has altered the calculus of the hearing is by presenting the specter of a conflict between Mr. Bandas and his clients with regard to a criminal contempt finding. Objectors, who up until this point have not sought representation for purposes of the show-cause hearing, almost certainly would need to do so to ensure their rights are fully respected.

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 8

district court drew from [the] evidence." *Rogal*, 74 F.3d at 45.  It is not possible for counsel to prepare to meet the new charges contained in the Court's notice in 48 hours at a full-blown evidentiary hearing.

Even assuming for the sake of argument that the proceeding could somehow be termed civil and not criminal, 48 hours affords counsel little time to assist Mr. Bandas to present a defense to the new bad faith allegation.  At the core of the right to procedural due process are notice and an opportunity to be heard.  *Hamdi v. Rumsfeld*, 542 U.S. 507, 533, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004).  It is equally fundamental "that these rights "be granted at a meaningful time and in a meaningful manner." *Id*. (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).  "These essential constitutional promises may not be eroded."  *Hamdi*, 542 U.S. at 533.

Mr. Bandas's opportunity to be heard on the bad faith allegations cannot be characterized as "meaningful" where his counsel have not fully investigated the evidence to support or rebut the allegation, consulted expert or lay witnesses relevant to the inquiry, prepared a defense, or investigated mitigation in the event the allegation should be deemed proven.  To go forward on the hearing on August 1st, therefore, would be to deny Mr. Bandas his core constitutional rights.  The motion to continue to should be granted.

### IV.   CONCLUSION

For the foregoing reasons, Mr. Bandas respectfully requests the motion to continue be granted.   In the alternative, we ask the Court to proceed to a final disposition at a hearing at which only the original allegation of violating a court order and the possibility of remedial, civil

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 9

sanctions are in issue.

DATED this 31st day of July, 2013.

> s/Michael Iaria and s/Susan Wilk
> Michael Iaria, WSBA 15312
> Susan F. Wilk, WSBA 28250
> Attorneys for Christopher A. Bandas
> 1113 Third Avenue, Suite 2220
> Seattle, WA 98101
> Ph: 206-235-4101
> Fax: 206-274-4939
> mpi@iarialaw.com
> sfw@iarialaw.com

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING - 10

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2013 I electronically filed the foregoing with the Clerk of the Court and also served it on opposing counsel using the CM/ECF system.

S/ Michael P. Iaria
Law Office of Michael Iaria, PLLC

MOTION AND SUPPORTING MEMORANDUM
TO CONTINUE SHOW CAUSE HEARING  - 11

Law Office of Michael Iaria, PLLC
1111 Third Avenue
Suite 2220
Seattle, WA 98101
206.235.4101