UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELO DENNINGS, et al., | CASE NO. C10-1859JLR |
| Plaintiffs, | ORDER DENYING MOTION TO CONTINUE |
| v. | |
| CLEARWIRE CORPORATION, | |
| Defendant. | |

Before the court is attorney Christopher Bandas' Motion to Continue Show Cause Hearing. (Mot. (Dkt. # 159).) The court has ordered Mr. Bandas to appear and show cause why he and his clients should not be sanctioned for disobeying a court order to post an appeal bond. (7/19/13 Order (Dkt. # 154).) Mr. Bandas now asks the court for a continuance of his show cause hearing. (*Id.*) He argues that, because this is a criminal contempt hearing, he is entitled to due process protections that, to date, he has not been afforded. (*Id.* at 1.)

ORDER- 1

Mr. Bandas is mistaken. This is not a criminal contempt proceeding, nor is it a civil contempt proceeding. The court is at a loss to understand why Mr. Bandas believes it is. The word "contempt" does not appear a single time in either the court's Order to Appear and Show Cause (*see* 7/19/13 Order) or the court's more recent order providing specific notice of the basis for possible sanctions (*see* 7/30/13 Order (Dkt. # 158)). Instead, the court's order providing notice spelled out, in no uncertain terms, that the basis for sanctions was the court's inherent sanctioning authority, not its contempt authority. (*See id.*)

Holding someone in contempt is not the same as imposing sanctions:

> We recognize that there are significant differences between the imposition of sanctions and the punishment of criminal contempt. "The court's power to impose appropriate sanctions on attorneys practicing before it 'springs from a different source than does the power to punish for criminal contempt.'" *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) ["internal citation omitted"]. Although the power of a court to punish for contempt may be "inherent," *see Ex Parte Robinson*, 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205 (1873), the power of a United States court today to impose criminal penalties for contempt of court is provided by criminal statutes. *See* 18 U.S.C. §§ 401, 402.
>
> The power to impose sanctions on attorneys is either rooted in the courts' "inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal," *Kleiner*, 751 F.2d at 1209, or provided by statutes and rules designated to implement the power. *See, e.g.*, Fed. R. Civ. P. 11 (sanctions in connection with papers presented to the court); *Eisenberg v. University of New Mexico*, 936 F.2d 1131, 1136-37 (10th Cir. 1991) (finding Fed. R. Crim. P. 42 inapplicable to Rule 11 monetary sanctions); *Donaldson v. Clark*, 819 F.2d 1551, 1558-59 (11th Cir. 1987) (en banc) (same); *Warshay v. Guinness PLC*, 750 F. Supp. 628, 640 (S.D.N.Y. 1990) (same), *aff'd,* 935 F.2d 1278 (2d Cir. 1991) (table); Fed.R.Civ.P. 37 (sanctions in connection with discovery); 28 U.S.C. § 1927 (attorneys' liability for expenses of vexatious litigation).
>
> Moreover, the consequences of an adjudication of criminal contempt are

ORDER- 2

> different from those flowing from the imposition of sanctions.  The person found guilty of criminal contempt, unlike a person on whom sanctions have been imposed, now carries a criminal conviction on his record.  Furthermore, possible punishments for contempt, unlike sanctions, include imprisonment.

*Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 129 (2d Cir. 1998).

Mr. Bandas takes the position that the court's notice to counsel regarding the basis for sanctions converted this from a civil contempt proceeding to a criminal contempt proceeding.  (*See* Mot. at 3.)  It did no such thing.  As discussed above, this is not a contempt proceeding at all.  Nor did the court's notice convert it into one.  This is a sanctions hearing, as was clearly spelled out in the court's order providing notice.  (7/30/13 Order.)  The law that applies to this case is the law of sanctions under the court's inherent authority, not the law of contempt.  Thus, most of Mr. Bandas' arguments in this motion are irrelevant because they are all directed to distinguishing between different forms of contempt and discerning the legal consequences of that distinction.

However, Mr. Bandas raises one argument that merits consideration.  He argues that the court must provide him with due process protections above and beyond those the court is already providing. (Mot. at 6-7.)  He argues that other courts, in similar cases, have provided greater protections to parties or attorneys being sanctioned given the punitive nature of sanctions that may be imposed under the court's inherent authority.  (*Id.*)  These protections include the right to an evidentiary hearing, the right to conduct an investigation, and access to compulsory process.  (*Id.* at 6-8.)  Mr. Bandas argues that this court should follow those courts' lead and give Mr. Bandas additional opportunities to present evidence and argue his case.

ORDER- 3

The court has already spelled out what it believes due process requires in this situation and has endeavored to provide that process. (*See* 7/30/13 Order.) Nevertheless, out of an abundance of caution and respect for the commands of due process, *see Mackler*, 146 F.3d at 130 ("[S]anctions and contempts raise certain similar concerns. Whether or not a finding of contempt is involved, unfairness and abuse are possible, especially if courts were to operate without any framework of rules or cap on their power to punish."), the court will permit Mr. Bandas the following additional procedural protections and opportunities to be heard:

(1) Mr. Bandas may present evidence at the show cause hearing on August 1, 2013.

(2) Mr. Bandas may submit additional briefing, after the hearing, on the issue of sanctions and may attach evidence to that briefing. The court will consider the attached evidence before deciding whether to impose sanctions. The briefing will be limited to ten pages, but the court will not impose a page limit on the attached evidence.

(3) Mr. Bandas will be given additional time to conduct an investigation before submitting briefing. The court will allow Mr. Bandas ten days in which to gather evidence. As such, the briefing with attached evidence will be due August 13, 2013. If Mr. Bandas requires more time to gather evidence, he may request additional time, but he must make this request by formal motion and must provide the court with specific and legitimate reasons why more time is necessary.

(4) If, for any reason, Mr. Bandas requires compulsory process to conduct his investigation, he may request the court's permission to use compulsory process.

Again, he must do so by formal motion and must provide specific and legitimate reasons why the particular information sought to be obtained is necessary and why substantially equivalent evidence cannot be obtained without the use of compulsory process.

In light of the above, the court DENIES Mr. Bandas' motion to continue (Dkt. # 159). The sanctions hearing will take place on August 1, 2013, as scheduled.

Dated this 31st day of July, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 5